# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**LATOYA BROWN; LAWRENCE BLACKMON
HERBERT ANTHONY GREEN; KHADAFY MANNING;
QUINETTA MANNING; MARVIN MCFIELD;
NICHOLAS SINGLETON; STEVEN SMITH; BESSIE
THOMAS; and BETTY JEAN WILLIAMS TUCKER,
individually and on behalf of a class of all other similarly
situated,**

**PLAINTIFFS**

**v.**         **CIVIL ACTION NO. 3:17-cv-347 WHB LRA**

**MADISON COUNTY, MISSISSIPPI; SHERIFF
RANDALL C. TUCKER, in his official capacity; and
MADISON COUNTY SHERIFF'S DEPUTIES JOHN,
DOES #1 through #6, in their individual capacities,**         **DEFENDANTS**

## STIPULATED PROTECTIVE ORDER

This Court, being in agreement with the Parties that certain documents and/or information produced or exchanged in the course of the above-captioned litigation may be confidential and that a protective order is necessary to expedite the flow of discovery, facilitate the prompt resolution of disputes over confidentiality, and to adequately protect information entitled to be kept confidential, does hereby enter, pursuant to the Court's authority under Fed. R. Civ. P. 26(c), this protective order establishing a procedure for the Parties' use and access to certain Confidential Information. The stipulation of the parties is subject to Local Rule 79.

IT IS HEREBY ORDERED AS FOLLOWS:

1.  "Confidential Information" shall mean all information that is produced for or disclosed to a receiving Party in this case, that any Party, in good faith, considers confidential based upon the criteria found in Rule 26 of the Federal Rules of Civil Procedure or other applicable

law and that has been so designated by that Party (the "Designating Party"). Confidential Information shall include any document so designated, as well as the substance of the information contained in the document and any description, report, summary, or statement about the substance of the information contained in the document. A Party designating a document as containing Confidential Information represents, in good faith, that the Party has maintained the confidentiality of such document and that it has not been disclosed to anyone outside of the Designating Party, and/or that if disclosure outside of the Designating Party was made, such disclosure was made by expressly informing the recipient of the confidential nature of the information and the desire of the Designating Party to maintain its confidentiality. "Document" as used herein includes, without limitation, any responses to written discovery and information produced by any Party, including records on a computer disk or other electronic storage medium. Nothing, however, shall be regarded as Confidential Information if it is information or material that is in the public domain.

2. Designation of Confidential Information shall be accomplished by, prior to producing the document, stamping or otherwise affixing the term "Confidential" or similar language to each page of the document at issue. Such marking shall notify all recipients that the Designating Party represents that the document contains "Confidential Information" under the terms of this Order and is subject to the terms of this Order. Such marking of the document will be done in such a manner as to maintain the legibility of the document. The burden of sufficiently identifying Confidential Information shall be on the Party designating the document as confidential. The Parties may designate information disclosed in depositions as Confidential Information by indicating on the record at the deposition that the testimony, or portions thereof, is confidential and is subject to the provisions of this Order. The Parties may also designate information disclosed in depositions as Confidential Information by notifying all Parties in writing

within fourteen (14) days of receipt of the transcript of the specific pages and lines of the transcript (and exhibits thereto) which should be treated as confidential. All deposition transcripts shall be treated as containing Confidential Information from the time taken until fourteen (14) days after receipt of the transcript. If no party or deponent timely designates confidential material in a deposition transcript, then none of the transcript will be treated as confidential.

3. Documents unintentionally produced without an appropriate designation may be retroactively designated, and the same procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) for privileged and trial preparation materials shall be followed. Nothing herein affects the Parties' rights to exercise the protections afforded by Fed. R. Civ. P. 26(b)(5)(B) or Fed. R. Evid. 502.

4. Any Party, at any time, may challenge the validity and applicability of the Designating Party's claim of confidentiality as to any or all materials designated as containing Confidential Information. An objection to the designation of information as Confidential Information shall be made in writing and served upon opposing counsel. After employing the procedures for resolution required by Paragraph 6.F.4 of the Case Management Order, any Party may seek relief by motion to the Court. The Designating Party has the burden to present, prove, and preserve the assertion of confidentiality. Prior to any ruling otherwise by the Court, any documents and/or information designated as containing Confidential Information shall remain confidential.

5. Confidential Information shall only be used by the Parties hereto for purposes of the prosecution or defense of the above-captioned litigation, including any and all appeals, and for no other purpose, and shall not be disclosed except in accordance herewith. However, this use is subject to the restrictions contained in Paragraph 6 below.

6. All persons bound by the terms of this Order shall not disclose or permit disclosure

of documents or information designated as containing Confidential Information other than pursuant to the terms of this Protective Order. Except with prior written consent of the Designating Party, none of the Confidential Information may be disclosed to any person other than a "Qualified Person," described as follows:

(a) counsel of record in this litigation and any associated counsel and/or in-house counsel and/or retained outside counsel, and any employee of such counsel, including, but not limited to, paralegal assistants and stenographic and clerical employees, as well as other personnel who provide copying or related litigation services at the request of counsel to the Parties;

(b) the Parties to this litigation, namely the named individual plaintiffs and the named defendant governmental actor, and the Parties' employees so long as the receipt of Confidential Information by such employees is necessary for the prosecution or defense of the above-captioned litigation, including any and all appeals;

(c) experts and consultants (and their staff and support personnel) consulted by Qualified Persons described in (a) above, in connection with this litigation, including any and all appeals (whether in preparation for trial or in presentation of evidence, in connection with trial, motions, testimony, evaluation, advice or otherwise in connection with the case), party witnesses (expert and/or fact), and non-party fact witnesses whose testimony is being taken either during deposition or at trial;

(d) court reporters and videographers while in the performance of their official duties, provided that these persons may retain confidential documents only as long as is necessary for the conduct of their duties in this case;

(e) copying, imaging, computer services or litigation support services, provided that said Confidential Information, including copies thereof whether in hard copy or electronic form, are retrieved by the furnishing Party upon completion of any such copying, imaging and computer services;

(f) persons whose names appear on those documents as authors or recipients thereof, or deponents in a deposition, or witnesses who may be asked to testify regarding matters related to such documents;

(g) the Court and its personnel and officers, and if the case proceeds to trial, trial witnesses and jurors, unless the Court orders otherwise;

(h) mediators or other third party neutrals in any alternative dispute resolution procedure; and

(i) any other person who is designated by written agreement of the Parties or by order of the Court after notice to the Parties and opportunity to be heard.

7. Prior to receiving any Confidential Information, each Qualified Person, as defined in Paragraph 6, except for those persons identified in Paragraphs 6(a), 6(b), and 6(g) above, shall be first furnished with a copy of this Order.

   i. Each Qualified Person, excluding those identified in Paragraphs 6(a), 6(b), and 6(g) above, must read this Order and agree to comply with its terms; and

   ii. Each Qualified Person, excluding those identified in Paragraphs 6(a), 6(b), and 6(g) above, must sign the Acknowledgment form attached hereto as Exhibit A. A copy of each signed Acknowledgment form shall be retained by the Party obtaining it. In no event shall these provisions require disclosing the identity of purely consulting witnesses.

   iii. A deponent may during any deposition be shown and examined about Confidential Information. Deponents shall not retain or copy portions of the transcript of their depositions that contain Confidential Information not provided by them or the entities they represent unless they execute the attached Exhibit A.

8. Each Qualified Person described in Paragraph 6 to whom Confidential Information is to be furnished, shown, or disclosed will use such information solely for the purpose of this litigation, including any and all appeals, and will not communicate the information, directly or indirectly, to any other person who is not a Qualified Person, including any attorneys involved in other litigation or proceeding with the Parties. All Qualified Persons who have received Confidential Information shall continue to be bound by the provisions of this Protective Order, even if no longer engaged in this litigation.

9. Confidential Information at Trial. Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence at trial or any court hearing, provided that

the proponent of the evidence gives seven (7) days advance notice to counsel for any party or other person that designated the information as confidential. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial.

10. Filing of Confidential Information on the Public Docket. If counsel for either party wishes to file Confidential Information on the public docket or otherwise make it publicly available, they shall notify opposing counsel of their intent to file or distribute such material at least seven (7) business days before doing so. Upon such notice, counsel for the parties shall confer in good faith to determine whether redactions are necessary and to agree on appropriate redactions. If they are unable to agree on appropriate redactions, then the party opposing disclosure may file a motion for a protective order pursuant to Fed. R. Civ. P. 26(c) at least five (5) days before the date on which the other party intends to file or distribute the confidential material.

11. The Parties may disclose Confidential Information to non-parties in response to a valid discovery request, subpoena, or Court order ("Legal Process"). However, the disclosing Party shall provide prompt written notice, prior to disclosure, to all Parties to this litigation of the disclosing Party's intent to disclose Confidential Information to non-parties pursuant to Legal Process. Such notification shall include a copy of the Legal Process. The disclosing Party shall promptly notify in writing the party who caused the Legal Process to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order. The burden of opposing enforcement of the Legal Process shall fall on the Designating Party. If the Designating Party timely seeks a protective

order, the Party served with the Legal Process shall not produce any information designated in this action as Confidential before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or production prior to such determination is required by law. The disclosing Party shall make reasonable efforts to ensure that any Confidential Information produced in response to Legal Process is designated as confidential in connection with such production and is produced subject to a protective order containing terms reasonably similar to the terms of this Order.  Nothing herein shall be construed as requiring the disclosing Party or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Information or to subject itself to any penalties for noncompliance with any legal process or order or to seek any relief from any Court.

12. This Order shall survive the final conclusion of this litigation, including resolution of any and all appeals, to the extent that the information contained in Confidential Information is not or does not become known to the public. Within thirty (30) days of final conclusion of this litigation and any appeal thereof, counsel shall assemble and return to the opposing Party all documents, material, and transcripts designated as "Confidential" and all copies of same, including any copies sent to each Qualified Person described in Paragraph 6; or alternatively, destroy all such information and certify in writing to the Designating Party that such destruction has occurred.

13. Any disclosure or dissemination of any Confidential Information in violation of this Order by any person subject to this Order shall entitle the aggrieved Party to seek legal and/or equitable relief.

14. Neither the agreement to, nor the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this litigation, or any other litigation.

15. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

16. Nothing in this Order shall be interpreted as limiting a Party's obligation to produce documents, materials, or information in discovery, nor shall this Order be interpreted as limiting a Party's right to refer to or use Confidential Information at any deposition, hearing, or in any oral or written submission to the Court, subject to the provisions of this Order.

17. The designation of any document, material, or information as constituting Confidential Information is intended solely to facilitate the preparation and trial of this case, and such designation shall not be an admission or agreement by any Party that the designated disclosure constitutes Confidential Information in contemplation of law.

18. Nothing contained in this Order shall preclude any Party from using its own documents or information in any manner it sees fit, or from revealing its own documents to whomsoever it chooses, without the prior consent of any other party or the Court.

19. This Order shall not limit any Party from seeking a modification of this Order or further protection from the Court, if such Party deems it necessary to do so.

20. The Parties further agree to take reasonable precautions to prevent the inadvertent or mistaken disclosure of the Confidential Information.

21. Any Party to this litigation that is added after this Order is entered shall be bound by the terms hereof and be considered a Party hereto, whether or not such additional Party has signed this Order, an Acknowledgment of Protective Order, or like instrument.

SO ORDERED, this the 6th day of September, 2017.

S Linda R. Anderson\_\_\_\_
UNITED STATES MAGISTRATE JUDGE

**AGREED TO AND SUBMITTED BY:**

/s/ James E. Graves, III
James E. Graves (MSB #102252)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651 Jackson, Mississippi 39205-0651
Telephone: 601-968-5534
mbw@wisecarter.com
jeg@wisecarter.com

**ATTORNEY FOR DEFENDANTS MADISON COUNTY, MISSISSIPPI and SHERIFF RANDALL C. TUCKER, in his official capacity.**

/s/ Joshua Tom
Joshua Tom (MSB #105392)
AMERICAN CIVIL LIBERTIES UNION OF MISSISSIPPI FOUNDATION
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408
JTom@aclu-ms.org

**ATTORNEY FOR PLAINTIFFS**

# EXHIBIT A

STATE OF _____

COUNTY OF _____

## ACKNOWLEDGMENT

I, _____, hereby acknowledge that certain information provided to me is Confidential Information subject to a Protective Order (a copy of which is attached hereto) signed by the Honorable Linda R. Anderson, United States Magistrate Judge for the Southern District of Mississippi, in Civil Action No. 3:17-cv-347 WHB LRA, and that such Order contains restrictions on my use and disclosure of such information and may contain restrictions on my activities after reviewing certain types of Confidential Information. I have read such Order, understand such Order, and agree to be bound by it.

I understand that unauthorized disclosures of Confidential Information may constitute contempt of Court.

I further agree that I shall be subject to and submit to the jurisdiction of the United States District Court for the Southern District of Mississippi for resolution of any dispute relating to my compliance with the Protective Order.

_____

Name: _____

Date: _____

Basis for disclosure: _____