Case 3:17-cv-00347-WHB-LRA   Document 55-1   Filed 10/12/17   Page 1 of 10

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

| Latoya Brown, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:17-cv-00347-WHB-LRA |
| Madison County, Mississippi; et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Jackson Police Department
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: ACLU of Mississippi<br>P.O. Box 2242<br>Jackson, MS 39225 | Date and Time:<br>10/26/2017 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/12/2017

*CLERK OF COURT*
                                        OR

_____     _____
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiffs Latoya Brown, et al.                                                                 , who issues or requests this subpoena, are:
Paloma Wu, ACLU of Mississippi, P.O. Box 2242, Jackson, MS 39225 (601) 354-3408, PWu@aclu-ms.org

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 3:17-cv-00347-WHB-LRA   Document 55-1   Filed 10/12/17   Page 2 of 10

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:17-cv-00347-WHB-LRA

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Case 3:17-cv-00347-WHB-LRA Document 55-1 Filed 10/12/17 Page 4 of 10

## SCHEDULE A

### DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their ordinary meaning.

1. The term "complaint" means any expression of disagreement or dissatisfaction, in any format, by any person, in connection with any policy, custom, practice, action, and/or inaction of or by you (as defined below) and/or MCSD personnel (as defined below), including within any performance evaluations, reviews, or referrals or processes in any personnel file.

2. The term "communication" means any oral, written, electronic, or other exchange or transmittal of words, thoughts, information, ideas or opinions to another person or entity, however made. The term "communications" shall include, without limitation, printed, typed, handwritten, or other readable documents, correspondence, memoranda, reports, contracts, drafts (both initial and subsequent), computer discs or transmissions, e-mails, instant messages, text messages, tape or video recordings, voicemails, diaries, log books, minutes, notes, studies, surveys and forecasts, and any and all copies thereof.

3. The term "concerning" means discussing, addressing, relating to, regarding, referring to, describing, evidencing, consisting of, or constituting.

4. The term "disciplinary action" means any adverse action taken by the Jackson Police Department as to any of its employees in connection with any misconduct and/or failure to follow the policies, practices, and/or procedures of the Jackson Police Department, including but not limited to (i) warnings; (ii) negative documentation in an employee's personnel file; (iii) progressive discipline or performance improvement plans; (iv) suspensions; (v) withholding

Case 3:17-cv-00347-WHB-LRA   Document 55-1   Filed 10/12/17   Page 5 of 10

of compensation and/or salary; (vi) demotions; and/or (vii) informal recommendations for behavioral changes, even if not connected to any specific disciplinary action or system.

     5.    The term "document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure and shall include, but not be limited to, any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term "document" includes communications (as defined above); training materials; MVR recordings; computer-aided dispatch ("CAD") reports; incident reports; 911 logs; records of radio traffic involving MCSD personnel; arrest reports and/or records; Uniform Crime Reports; data, information, statistics, or any other information submitted to the Federal Bureau of Investigation's Uniform Crime Reporting Program; any other reports; any other summaries; any other audio or video recordings; agreements; contracts; letters; telegrams; memoranda; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; voicemail; electronic-mail; text messages; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "document" also includes but is not limited to (i) all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original; (ii) electronically stored data in its original digital format from which information can be obtained either directly or by translation through detection devices or readers (any such document is to be produced in a reasonably legible and usable form); and (iii)

Case 3:17-cv-00347-WHB-LRA   Document 55-1   Filed 10/12/17   Page 6 of 10

information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), in its original digital format, together with instructions and all other materials necessary to use or interpret such data compilations.

6. The phrase "in connection with" means discussing, addressing, relating to, referring to, during the course of, and incident to.

7. The terms "Jackson Police Department," "you," and "your" refer to the Jackson Police Department of Jackson, Mississippi, and include, but are not limited to, any predecessors or successors, and any current or former sheriffs, deputy sheriffs, agents, attorneys, representatives, employees, and/or other persons acting or purporting to act on behalf of the Jackson Police Department of Jackson, Mississippi.

8. The term "MCSD" refers to the Madison County Sheriff's Department, and includes any predecessors or successors, as well as any current or former sheriffs, deputy sheriffs, agents, attorneys, representatives, employees and/or other persons acting or purporting to act on the MCSD's behalf. Any or all of the foregoing persons are also referred to herein as "MCSD personnel." As used herein, any reference to any actions or omissions by MCSD personnel refers to actions or omissions committed by such persons under color of law.

9. The term "person" means any natural person of any age or gender, as well as any corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

## INSTRUCTIONS

1. These instructions shall apply in interpreting the scope of the above definitions and these instructions, as well as the individual Requests below.

Case 3:17-cv-00347-WHB-LRA   Document 55-1   Filed 10/12/17   Page 7 of 10

2. Responsive documents should be produced in the manner prescribed by Rule 45 of the Federal Rules of Civil Procedure.

3. You are required to produce every document requested in your possession, custody, and/or control. Without limitation on the definition of the term "control," a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

4. If any documents are withheld based on an objection to any Request, all documents covered by that Request but not subject to the objection should be produced.

5. In the event you object to any Request set forth below on the grounds that the Request is overbroad for any reason, you should respond to the Request as narrowed in a way that renders it not overbroad in your opinion, and state the extent to which you have narrowed that Request for purposes of your response.

6. In the event you object to any Request set forth below on the grounds that the Request or any term contained therein is vague, unclear, or ambiguous in any respect, you should (i) identify and explain the specific terms or phrases you believe to be vague, unclear, or ambiguous; (ii) respond to the Request as you reasonably interpret it; and (iii) specify and explain your interpretation of the Request.

7. These Requests shall be deemed to be continuing in nature so as to require supplemental productions as you obtain or discover additional documents or information between the time of the initial production and the time of trial.

8. These Requests require production of copies of original documents in the same form and in the same order as they are kept in the usual course of business. The titles or other

Case 3:17-cv-00347-WHB-LRA   Document 55-1   Filed 10/12/17   Page 8 of 10

descriptions on the boxes, file folders, bindings, or other containers in which responsive documents are kept are to be copied and reproduced in addition to the documents themselves.

9.  Each Request for documents requires the production of all documents described herein, including all drafts and non-identical copies.

10. If any document is withheld under any claim of privilege, including without limitation, the work product doctrine, attorney-client privilege, and/or any joint-defense or common interest privilege, you shall furnish a list attached to your response: (a) identifying any such document; (b) identifying the date of the document; (c) identifying the names of its author(s) or preparer(s); (d) identifying the name of each person who received the document, including, for any communications, anyone who was Cc'd or Bcc'd; (e) identifying the subject matter of the document; (f) identifying the type of privilege asserted; and (g) identifying the basis for the assertion of privilege.

11. Notwithstanding the assertion of any objections, any purportedly privileged documents containing non-privileged material must be disclosed, with the purportedly privileged portion redacted. A redaction log shall be produced contemporaneously with the document responsive to these Requests enumerating the categories of redacted information, as required for the assertion of any other claim of privilege.

12. If a document requested herein was formerly in your possession, custody, and/or control and has been transferred, lost, or destroyed, you shall submit in lieu of each document a written statement indicating whether the document: (i) was lost or is missing; (ii) has been destroyed; (iii) has been transferred, voluntarily or involuntarily, to others; or (iv) otherwise has been disposed of. In each instance, explain the circumstance of such disposition, and state the approximate date thereof.

Case 3:17-cv-00347-WHB-LRA Document 55-1 Filed 10/12/17 Page 9 of 10

13. The words "or," "and," "all," "every," "any," "each," "one or more," "including" and similar words of guidance are intended as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the Request and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope. The word "including" shall not be used to limit any general category or description that precedes it and shall be construed to mean "including but not limited to." The words "all," "every," "any," "each," and "one or more" shall include each other whenever possible to expand, not restrict, the scope of the Request.

14. Whenever necessary to bring within the scope of these Requests any information that otherwise might be construed to be outside the scope, (i) the present tense shall include the past tense and future tense, the past tense shall include the present tense and future tense, and the future tense shall include the past tense and present tense; (ii) references to the singular shall include the plural, and vice versa; and (iii) reference to any gender shall also include any other gender.

## DOCUMENT REQUESTS

1. All personnel files and documents concerning Slade Moore, including any employment evaluations, reviews, records of any disciplinary action, referrals for disciplinary action, and/or complaints contained in such files and documents.

2. All documents concerning any internal or external complaints, litigation, lawsuits, and/or regulatory inquiries by or brought against any person, including the Jackson Police Department, in connection with Slade Moore's employment with the Jackson Police Department.

Case 3:17-cv-00347-WHB-LRA   Document 55-1   Filed 10/12/17   Page 10 of 10

3. All documents concerning the arrest of Chad Calcote on or around May 24, 1997, including, but not limited to, documents concerning Slade Moore's use of force as to Chad Calcote, any injuries or harm suffered by Chad Calcote, and any complaints, lawsuits, and/or litigation brought by any person in connection with the arrest of Chad Calcote.

4. All documents concerning any communications with the MCSD, including Sheriff Randy Tucker and/or any other MCSD personnel, in connection with Slade Moore's employment with the Jackson Police Department, including, but limited to, any communications concerning Slade Moore's (i) character, (ii) policing approach, (iii) professionalism, (iv) record and/or history of the use of force, (v) record and/or history of racial discrimination; (vi) use of derogatory, offensive, and/or prohibited language toward any individual or group of individuals; and/or (vii) history and/or record of misconduct and/or disciplinary actions.

5. All documents concerning any other current or former employee of the Jackson Police Department who is now or has any time been employed by the MCSD in any capacity, including documents concerning: (i) any internal or external complaints, litigation, lawsuits, and/or regulatory inquiries by or brought against any person, including the Jackson Police Department, in connection with such current or former employee's employment with the Jackson Police Department; (ii) personnel files, including employment evaluations, reviews, records of disciplinary actions, referrals for disciplinary actions, and/or complaints contained in such files; and (iii) any communications with Sheriff Tucker and/or any MCSD personnel concerning such current or former employee's employment with the Jackson Police Department.

6. All documents concerning the MCSD's policing practices, including complaints of racially discriminatory policing and/or racial profiling by MCSD personnel.