UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| LATOYA BROWN; LAWRENCE BLACKMON; HERBERT ANTHONY GREEN; KHADAFY MANNING; QUINNETTA MANNING; MARVIN MCFIELD; NICHOLAS SINGLETON; STEVEN SMITH; BESSIE THOMAS; and BETTY JEAN WILLIAMS TUCKER, individually and on behalf of a class of all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>MADISON COUNTY, MISSISSIPPI; SHERIFF RANDALL S. TUCKER, in his official capacity; and MADISON COUNTY SHERIFF'S DEPUTIES JOHN DOES #1 through #6, in their individual capacities,<br><br>  Defendants. | Civil Action No.<br>3:17-cv-00347-WHB-LRA |

## PLAINTIFFS' MOTION TO COMPEL
## PRODUCTION OF UNREDACTED DOCUMENTS

Plaintiffs respectfully move the Court, pursuant to Fed. R. Civ. P. 37, for an order compelling Defendants to produce "computer aided dispatch" reports ("CAD Reports") in unredacted form.

1.  CAD Reports were expressly requested in Plaintiffs' First Set of Requests for Production of Documents (Aug. 2, 2017), which define the term "document" to include "computer-aided dispatch ('CAD') reports" (Definition 8) and request all documents concerning "roadblock[s]" and "checkpoint[s]" (RFP 3), "searches" (RFP 4), "entry of MCSD personnel into any home" (RFP 5), "traffic stops" (RFP 6), "pedestrian stops" (RFP 7), the "scope of the MCSD's jurisdiction and authority over each municipality and incorporated area in Madison

1

County" (RFP 1), and the "resources dedicated by the MCSD to policing each separate municipality and unincorporated area" (*id.*).

2. Defendants have objected to production of CAD Reports related to incidents other than traffic stops without redaction of the street address column on the asserted basis that "many of those addresses could be used to identify innocent victims and witnesses; we do not believe it is worthwhile to take the time to distinguish between those that threaten privacy and those that do not, so we would simply delete them all." Oct. 12, 2017 Letter from Defendants to Plaintiffs.

3. The instant Motion should be granted because the "computer aided dispatch" reports at issue are unquestionably relevant to Plaintiffs' claims and discoverable. The information Defendants seek to redact from these documents – the street addresses of the law enforcement activities identified in the reports – is itself highly relevant to Plaintiffs' claims that Defendants, as a matter of policy, target Black neighborhoods and majority-Black apartment complexes within Madison County with aggressive, suspicionless stops, searches, and detentions.

4. Defendants have failed to identify any legal basis for redacting street address information from the CAD Reports. Defendants have not argued that the information at issue is subject to any legal privilege, or that any law or regulation prohibits its disclosure, and the confidentiality and/or privacy issues Defendants raise as grounds for redaction are properly addressed by producing documents whose contents warrant confidential treatment with appropriate confidentiality designations, as contemplated by the Protective Order entered by the Court in this action. In addition, Defendants have waived any arguments against disclosure of the street address information at issue because Defendants produced have already several months

of this data – including unredacted street addresses – in response to pre-suit public records requests made by the ACLU of Mississippi.

5. Plaintiffs have separately filed a Memorandum of Law in support of this Motion and incorporate that Memorandum herein as if set forth in full.

6. This Motion is also accompanied by a Good Faith Certificate executed by the parties, as required by Local Rule 37(a).

WHEREFORE, for the reasons set forth herein and in Plaintiffs' Memorandum of Law, Plaintiffs' Motion to Compel Production of Unredacted Documents should be granted.

Respectfully submitted this 24th day of October, 2017.

                                                                                      /s/ Joshua Tom
                                                                        Joshua Tom

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP<br>Jonathan K. Youngwood (*pro hac vice*)<br>Janet A. Gochman (*pro hac vice*)<br>Isaac Rethy (*pro hac vice*)<br>Kavitha Sivashanker (*pro hac vice*)<br>Nihara K. Choudhri (*pro hac vice*)<br>Yukiu Chan (*pro hac vice*)<br>425 Lexington Avenue<br>New York, NY 10017<br>(212) 455-2000<br>jyoungwood@stblaw.com<br>jgochman@stblaw.com<br>irethy@stblaw.com<br>kavitha.sivashanker@stblaw.com<br>nchoudhri@stblaw.com<br>monica.chan@stblaw.com | AMERICAN CIVIL LIBERTIES UNION<br>OF MISSISSIPPI FOUNDATION<br>Joshua Tom (Miss. Bar No. 105392)<br>233 East Capitol Street<br>Jackson, MS 39201<br>(601) 354-3408<br>JTom@aclu-ms.org<br><br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION<br>Ezekiel Edwards (*pro hac vice* forthcoming)<br>Jeffery Robinson (*pro hac vice* forthcoming)<br>125 Broad Street<br>New York, NY 10004<br>(212) 549-2610<br>eedwards@aclu.org<br>jrobinson@aclu.org<br><br>*Attorneys for Plaintiffs* |

## **CERTIFICATE OF SERVICE**

     I, Joshua F. Tom, hereby certify that on the 24th day of October, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all parties on file with the Court.


                                          /s/ Joshua Tom_____
                                          Joshua Tom