# <u>Exhibit A</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LATOYA BROWN; et al.,                                                    PLAINTIFFS

v.                                              CIVIL ACTION NO. 3:17-cv-347 WHB LRA

MADISON COUNTY, MISSISSIPPI; et al.,                                    DEFENDANTS

## STIPULATION REGARDING PRODUCTION OF ELECTRONICALLY STORED INFORMATION AND OTHER DISCOVERY PROCEDURES

This Stipulation Regarding the Preservation and Production of Electronically Stored Information and Other Discovery Procedures ("Stipulation") shall govern the production of documents and information in the above captioned action (the "Action"). This Stipulation governs only the form of production. The parties agree to meet and confer regarding (1) scope of preservation; (2) sources of discoverable information; (3) search methodology; and (4) any other culling methods. If there is an objection based upon undue burden, the parties agree that the grounds for such objection should be supported by specific information. The parties will not seek court intervention without first attempting to resolve all disagreements in good faith and based upon all available information. Furthermore, absent special circumstances, the specifications set forth below shall govern the production of all documents, testimony, exhibits, electronically stored information ("ESI"), and any other materials and information (including, to avoid any ambiguity, any copies, summaries or derivations thereof) produced by the parties during discovery.

## I.   PROVISIONS FOR THE PRODUCTION OF HARD COPY DOCUMENTS

A.   Documents that exist solely in physical hard-copy form shall be produced in either hard copy form, or shall be converted to single-page Group IV TIFF images at 300 dpi or PDF ("image file").

B.   Any document converted and produced shall be renamed by the producing party with new file names that include a Bates number.  The Bates numbers shall be ordered sequentially.  Bates numbers, confidentiality designations, and redactions should be burned into the image files.  Image files should be provided in a self-identified "Images" folder.  The documents should be logically unitized (i.e., distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business.

C.   Optical Character Recognition ("OCR") text files shall be provided as a single text file for each document, not one text file per page.  Each file should be named with the beginning Bates number that is assigned to its corresponding document, followed by .TXT. OCR text files should be provided in a self-identified "Text" directory.  To the extent a document is redacted, OCR text files for such a document shall not contain text for redacted portions.  The settings to achieve the highest quality text should be turned on during the OCR process.

D.   Documents should be provided with Concordance-compatible image and data load files (i.e., .OPT and .DAT files) using standard Concordance delimiters.  Concordance-compatible image and data load files (*i.e.*, .OPT and .DAT files) should be provided in a self-identified "Data" folder.  The data load files should include at least the following searchable information: (1) BegBates; (2) EndBates; (3) BegAttach; (4) EndAttach; (5) Pages; (6) Volume; and (7) Custodian.  A producing party shall use its best efforts in identifying custodians.

However, the parties recognize that certain responsive documents may be produced from shared files, rather than from files in the possession of a specific individual. A producing party shall use a uniform description of a particular custodian across productions. Metadata fields and field names should be consistent across productions.

## II.    **PROVISIONS FOR THE PRODUCTION OF ESI**

A.    Absent special circumstances or specifically addressed elsewhere in this Stipulation, all ESI will be converted to single-page Group IV TIFF images at 300 dpi or PDF. Likewise, absent special circumstances, emails held electronically shall be produced as a TIFF rather than as a PDF. Image files will show any and all text and images which would be visible to the reader using the native software that created the document. For example, TIFFs of email messages should include the BCC line. Each TIFF image should be named as its corresponding Bates number. Bates numbers, confidentiality designations, and redactions should be burned into the TIFF image files. TIFF image files should be provided in a self-identified "Images" folder. Parent-child relationships (the association between e-mails and attachments) will be preserved. E-mail attachments will be consecutively produced with the parent email record.

B.    Absent special circumstances, any spreadsheet-type file (*e.g.*, .xls, .xlsx, .csv), any PowerPoint or similar presentation file (*e.g.*, .ppt, .pptx) and any photographic image, video or audio media file ("Media file") (e.g., video recording) shall be produced in its native format. Native Files should be provided in a self-identified "Natives" directory. Each Native File should be produced with a corresponding single-page TIFF placeholder image, which will contain language indicating that the document is being produced as a Native File. Native Files should be named with the beginning Bates number that is assigned to that specific record in the production.

A "NativeLink" entry for each spreadsheet should be included in the .DAT load file indicating the relative file path to each Native File on the production media.

C.      Absent special circumstances, all files shall be produced and rendered with their metadata still intact to the extent it exists.  Documents should be provided with Concordance-compatible image and data load files (i.e., .OPT and .DAT files) using standard Concordance delimiters.  Concordance-compatible image and data load files (i.e., .OPT and .DAT files) should be provided in a self-identified "Data" folder.  The parties are not obligated to populate any metadata fields if such fields cannot be extracted from a document, with the exception of the following: (1) BegBates; (2) EndBates; (3) BegAttach; (4) EndAttach; (5) Custodian; and (6) NativeLink fields (which may be populated by the party or the party's vendor).  A producing party shall use its best efforts in identifying custodians.  However, the parties recognize that certain responsive documents may be produced from shared files, rather than from files in the possession of a specific individual.  A producing party shall use a uniform description of a particular custodian across productions.  Metadata fields and field names should be consistent across productions.

D.      For each document produced in TIFF format, an extracted text file should be provided along with its corresponding TIFF image file(s) and metadata.  The file name of each extracted text file should be identical to that of the first image page of its corresponding document, followed by .TXT.  If an extracted text file is not available, an OCR text file should be provided in accordance with the specifications set forth in I.C above.

E.      The parties will meet and confer to determine the appropriate format for the production of structured data or other information stored in a database, such as ESI contained

within a proprietary or specialized database, which includes, but is not limited to, the Madison County Sheriff's Department law enforcement database.

F.    In the event that a Party needs to redact a portion of a document for which only a native file is produced, e.g., Excel and PowerPoint, the producing Party may redact such portion of the document as the producing Party deems necessary.  The redaction of the producing Party must be open and obvious so that the recipient Party is on notice that portions of the document have been redacted.  If the recipient Party wishes to challenge a redaction, the Parties will meet and confer.  If after meeting and conferring the dispute is not resolved, the recipient Party must utilize the procedures for resolution of discovery issues required by Paragraph 6.F.4 of the Case Management Order.

G.    Any encryption or password protection of any file is to be removed or the passwords provided.  If software is required to open encrypted files, the Party producing the encrypted files must provide the software or otherwise provide access.

H.    **Color**:  If an original document contains color and a party identifies that color is necessary to understand the meaning or content of the document and requests a copy of the document in color from the producing party, the producing party will act in good faith to facilitate the production of that document in color.

I.    **Compressed File Types**:  Compressed file types (i.e., .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

J.    **Encryption**:  To maximize the security of information in transit, any media on which documents are produced may be encrypted by the producing party.  In such cases, the producing party shall transmit the encryption key or password to the requesting party, under separate cover, contemporaneously with sending the encrypted media.

## III.    INADVERTENT PRODUCTION OF DOCUMENTS OR ESI

A.    A disclosure of communications, documents, things, and ESI covered by the attorney-client privilege, work product protection or governmental privileges does not operate as a waiver in this proceeding if:

1.    The disclosure is inadvertent and is made in connection with this litigation or the underlying investigation; and

2.    The holder of the privilege or protection took reasonable precautions to prevent disclosure and took reasonably prompt measures, once the holder knew or should have known of the disclosure, to rectify the error.

B.    If information produced in discovery is subject to a claim of privilege or protection as referenced above, the Party making the claim may notify any Party that received the information of the claim and the basis for it.  After being notified, a Party must make prompt and reasonable efforts to return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take prompt and reasonable steps to retrieve the information if the Party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing Party must preserve the information until the claim is resolved.

## IV.    MISCELLANEOUS

A.    This Stipulation is effective immediately.

B.    The parties shall, as necessary, meet and confer to exchange information regarding issues associated with any electronic production of discoverable ESI, including but not limited to procedures, privilege issues, issues involving redaction, and structure or document delivery mechanisms.

C.      All productions are subject to any protective order entered by the Court or agreements as to confidentiality entered into by the parties in this Action.

D.      The parties shall make good faith efforts to comply with and resolve any differences concerning compliance with this Stipulation.  If a producing party, notwithstanding their good faith efforts, cannot comply with any material aspect of this Stipulation or if compliance with such material aspect would be unreasonable, a reasonable time before the date of production, such party shall inform the requesting party in writing as to why compliance with this Stipulation is impossible or unreasonable.  No party may seek relief from the Court concerning compliance with this Stipulation unless it has conferred with other affected parties.

E.      None of the meet and confer provisions of this Stipulation shall be construed to extend the time within which a Party must respond to a discovery request; rather, such time frames shall be governed by the Federal Rules of Civil Procedure, local rules, and any Order in this Action.

F.      The terms of this Stipulation are not exhaustive.  Each Party reserves the right subsequently to request a meet and confer or, if appropriate, leave of Court to address any matters concerning discovery in this litigation which has not been addressed herein.

G.      By jointly agreeing to this Stipulation, the parties have not waived any objections they may have to productions of materials addressed herein, including, without limitation, to metadata for certain electronic documents, or objections based upon the cost or burden of production.

DATE:  October 5, 2017

**AGREED TO:**

Michael B. Wallace (MSB #6904)
Charles E. Ross (MSB #5683)
James E. Graves (MSB #102252)
Charles E. Cowan (MSB #104478)
T. Russell Nobile (MSB #100682)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi  39205-0651
Telephone: 601-968-5534
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com
trn@wisecarter.com

Rebecca B. Cowan (MSB #7735)
CURRIE JOHNSON & MYERS, P.A.
P.O. Box 750
Jackson, Mississippi  39205-0750
Telephone: 601-969-1010
bcowan@curriejohnson.com

Katie Bryant Snell (MSB# 103607)
KATIE BRYANT SNELL, PLLC
P.O. Box 3007
Madison, Mississippi 39130-3007
Telephone: 601-460-9800
katie@katiebryantsnell.com

**ATTORNEYS FOR DEFENDANTS MADISON COUNTY, MISSISSIPPI and SHERIFF RANDALL C. TUCKER, in his official capacity**

*/s/ Jonathan K. Youngwood*
Paloma Wu (MSB # 105464)
Joshua Tom (MSB #105392)
AMERICAN CIVIL LIBERTIES UNION OF MISSISSIPPI FOUNDATION
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408
PWu@aclu-ms.org
JTom@aclu-ms.org

Jonathan K. Youngwood *(pro hac vice)*
Janet A. Gochman *(pro hac vice)*
Isaac Rethy *(pro hac vice)*
Kavitha S. Sivashanker *(pro hac vice)*
Nihara K. Choudhri *(pro hac vice)*
Yukiu Chan *(pro hac vice)*
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
kavitha.sivashanker@stblaw.com
nchoudhri@stblaw.com
monica.chan@stblaw.com

Ezekiel Edwards *(pro hac vice* forthcoming)
Jeffery Robinson *(pro hac vice* forthcoming)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street
New York, NY 10004
(212) 549-2610
eedwards@aclu.org
jrobinson@aclu.org

**ATTORNEYS FOR PLAINTIFFS**