**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| LATOYA BROWN; LAWRENCE BLACKMON; HERBERT ANTHONY GREEN; KHADAFY MANNING; QUINNETTA MANNING; MARVIN MCFIELD; NICHOLAS SINGLETON; STEVEN SMITH; BESSIE THOMAS; and BETTY JEAN WILLIAMS TUCKER, individually and on behalf of a class of all others similarly situated,<br><br>    Plaintiffs,<br><br>       v.<br><br>MADISON COUNTY, MISSISSIPPI; SHERIFF RANDALL S. TUCKER, in his official capacity; and MADISON COUNTY SHERIFF'S DEPUTIES JOHN DOES #1 through #6, in their individual capacities,<br><br>    Defendants. | Civil Action No.<br>3:17-cv-00347-WHB-LRA |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO SERVE SUBPOENA BY ALTERNATE MEANS**

Plaintiffs respectfully submit this Reply Memorandum of Law in further support of Plaintiffs' Motion for Leave to Serve Subpoena by Alternate Means (the "Motion," ECF No. 138) and in response to Defendants' Response Brief in Opposition to Plaintiffs' Motion for Leave to Serve Subpoena by Alternate Means (the "Opposition," ECF No. 151).

**INTRODUCTION**

Defendants do not claim that authorizing service by alternate means under the present circumstances would be unfair or prejudicial; that service by certified mail is not a method of service that is reasonably calculated to provide notice; or that Plaintiffs have not diligently

attempted to personally serve former Sheriff Toby Trowbridge with a Fed. R. Civ. P. 45 subpoena (the "Subpoena") before making the instant Motion for substituted service. Instead, Defendants, who appear not to want Mr. Trowbridge to offer testimony in this case, contend that the Court lacks power to authorize service of a Fed. R. Civ. P. 45 subpoena by means other than personal service, no matter the circumstances. In so arguing, Defendants rely on a single in-Circuit district court ruling and a variety of inapposite cases that do not involve motions for leave to serve by alternate means, inaccurately claiming that this constitutes a "wealth of decisional law" in their favor. As explained in Plaintiffs' opening brief in support of this Motion and as further explained herein, Defendants are wrong, and this Court, like the many other district courts to authorize such service, has the power under the Federal Rules and Fifth Circuit law to authorize service of the Subpoena by alternate means.

Notably, Defendants also fail to offer any justification or rationale for their proposed rule, under which a party can be brought into a federal lawsuit, with all its attendant risks of personal liability, via service of a summons and complaint by means other than personal, hand-to-hand delivery, but a non-party who repeatedly evades personal service of a Rule 45 subpoena remains entirely outside the court's power. This illogical outcome is not compelled by the text of Rule 45 or by Fifth Circuit precedent, and it runs entirely contrary to the express intentions of the drafters of the Federal Rules that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Plaintiffs' Motion should be granted.

**ARGUMENT**

I.  **THIS COURT HAS THE POWER TO AUTHORIZE SERVICE BY ALTERNATE MEANS WHEN LEAVE IS REQUESTED IN ADVANCE**

The vast majority of authorities cited by Defendants have nothing to do with this Court's power to authorize service by alternate means.  Instead, they stand for the separate proposition that, absent such leave, a party should personally serve a Rule 45 subpoena on the party, with the required witness fee and mileage allowance, in order for service to be effective.  Contrary to Defendants' contentions, this does not resolve this Motion in Defendants' favor.  Numerous courts have concluded that while parties must diligently attempt personal service of Rule 45 subpoenas, if such attempts are unsuccessful, courts have the authority to authorize service by alternate means.[1]  Here, too, Plaintiffs seek leave of the court, in advance and for good cause, to "deliver[] a copy" of the subpoena to "the named person" by alternate means that are reasonably calculated to give actual notice to the witness who cannot be personally served.  Granting such relief is reasonable and appropriate under the circumstances, and Defendants' authorities do not compel a different result.

Defendants rely on two Fifth Circuit precedents, neither of which holds or suggests that the Court lacks the authority to grant the requested relief.  In *Harrison v. Prather*, the court upheld the quashing of a deposition subpoena served on counsel, rather than the "named person." 404 F.2d 267, 273 (5th Cir. 1968).  This neither construes Fed. R. Civ. P. 45(b)'s "delivery"

---

[1] *See, e.g.*, *Toni Brattin & Co. v. Mosaic Int'l, LLC*, No. 15-MC-80090-MEJ, 2015 WL 1844056, at *3 (N.D. Cal. Apr. 9, 2015) (While "Rule 45(b) requires 'delivering a copy to the named person,' which has been widely interpreted to mean personal service ... ***[t]his situation is different***.  In advance, Brattin seeks leave of Court to serve these Respondents by alternative service.") (emphasis added); *Powell v. State Farm Fire & Cas. Co.*, No. 15-13342, 2015 WL 13619425, at *1 (E.D. Mich. Dec. 23, 2015) (while personal service is required under Rule 45(b), "the Court will permit the defendant to attempt to advance its discovery regarding this witness in an economical manner by allowing the alternate service requested").

3

requirement—the aspect of the Rule at issue on this Motion—nor does it address a district court's power to authorize service by alternate means.  Similarly, *In re Dennis*, 330 F.3d 696 (5th Cir. 2003), addressed the Rule's mileage allowance requirement, not the "delivery" requirement.  In stating that the "conjunctive form of the rule indicates that proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance," *id.* at 704, the Court was addressing the need for simultaneous tendering of the witness fees and mileage allowance upon delivery; the nature of the "delivery" requirement itself was not at issue, and the Court's statement in this regard was *dicta*.  *See, e.g.*, *Johnson v. State Farm Fire & Cas., Co.*, No. CIV A 06-6248, 2006 WL 3714228, at *4 n.3 (E.D. La. Nov. 28, 2006) ("The question of whether a levee breach could be an 'accident' under Section 1369 was not presented to the Court in *Flint*, and such the notion that it was an "accident" was merely dicta as it was unnecessary to the *Flint* holding.").  And, in any event, *Dennis* certainly did not reach the issue of whether a court had the power to authorize alternate service after a party diligently attempts personal service.

Thus, it is simply not the case that Fifth Circuit precedent compels a particular result on this Motion.  Indeed, the sole authority on which Defendants rely that actually involved a motion for service of a Rule 45 subpoena by alternate means—*Ferrara v. 4JLJ, LLC*, No. 2:15-CV-182, 2016 WL 4800891 (S.D. Tex. Sept. 14, 2016)—did not resolve that motion by holding that the motion was foreclosed by precedent; instead, it conducted its own analysis of the issue and declined to authorize substituted service.  *See id.* at *1 (stating that Rule 45(b) "is silent on substituted service" and that the "Fifth Circuit has never held that substituted service of a trial subpoena is appropriate," not that Rule 45(b) precludes substituted service or that the Fifth Circuit has held that such service is inappropriate).  *Ferrara*'s analysis—which turned, at least in

part, on its conclusion that the motion at issue was untimely and that the movant had failed to exercise proper diligence, *see id.* at *2—is, of course, not binding on this Court, and Plaintiffs respectfully submit that it should not be followed.

The *Ferrara* court first reasoned, without citing any authority, that "service by certified mail … in no way guarantees that delivery is made to the witness." *Id.* This unsubstantiated criticism of the efficacy of service by certified mail is not persuasive, and is inconsistent with the holdings of the numerous courts that have concluded that certified mail is a well-established and reliable method of "delivery" to the witness that is "reasonably calculated under the circumstances to provide [the witness] with both notice and an opportunity to present objections." *Cadlerock Joint Venture, L.P. v. Adon Fruits & Vegetables Inc.*, No. 09-CV-2507 RRM RER, 2010 WL 2346283, at *4 (E.D.N.Y. Apr. 21, 2010); *see also* Plaintiffs' Mem. at 5-6 (collecting cases). Notably, Defendants do not themselves dispute the efficacy of certified mail as a means of service.

*Ferrara* also reasoned that "service under state law and other types of service are allowed" under Rule 4(e), but no similar provision exists under Rule 45. *Id.* at *2; *see also* Opp. at 3-4 (arguing that in the absence of a provision analogous to Rule 4(e), service of a Rule 45 subpoena by alternate means is not "allowed by law"). Comparisons of the highly specific service provisions of Rule 4(e) with the more general language of Rule 45(b) are, however, ambiguous at best. Indeed, courts have repeatedly relied on the language of Rule 4(e) in holding that Rule 45(b) does *not* inexorably require personal delivery under all circumstances, since Rule 4(e) generally indicates a "hand-to-hand delivery" requirement by explicitly "designating 'personal' service," while Rule 45(b) merely requires "delivery." *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011) (citing Fed. R. Civ. P. 4(e)(2)(A)

5

(specifying that a summons may be served on an individual in the United States by "delivering a copy of the summons and of the complaint to the individual *personally*" (emphasis added)) and Fed. R. Civ. P. 4(f)(2)(C)(i) (same with respect to serving an individual in a foreign country)); *cf. Doe v. Hersemann*, 155 F.R.D. 630, 631 (N.D. Ind. 1994) ( "If 'delivering ... to such person,' as stated in Rule 45(b)(1), required personal, in-hand service, then 'personally' in Rule 4(e)(1) would be pure surplusage."). Thus, this comparison does nothing to demonstrate that the drafters of the Federal Rules intended, in using the term "delivery" in Rule 45(b), to preclude courts from authorizing "delivery" by certified mail, rather than in-hand personal service, where such service could not be effectuated despite a party's diligent efforts.

Finally, Defendants argue that Plaintiffs' authorities "represent the minority approach departing from the longstanding interpretation requiring personal service." Opp. at 5 (citation and quotation omitted). Not so; the "minority position" Defendants reference is the position that parties may serve a Rule 45 subpoena *without first seeking leave of court* through non-personal service and still enforce that subpoena.[2] Plaintiffs' authorities—involving motions for leave to serve subpoenas by alternate means—necessarily proceed from the premise that Rule 45(b) subpoenas should be served personally absent prior leave of court; if the relevant jurisdictions subscribed to the "minority approach," there would be no need for those motions to have been brought in the first instance. *See, e.g.*, *OceanFirst Bank*, 794 F. Supp. 2d at 754 ("The Court is

---

[2] *See, e.g.*, *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (refusing a quash a third party subpoena served by certified mail since "[w]e see no reason to inflate the costs of litigation by ruling out this sensible option for serving a subpoena"); *E.A. Renfroe & Co., Inc. v. Moran*, No. CIV.A. 08-CV-00733RE, 2008 WL 1806200, at *6 (D. Colo. Apr. 21, 2008) ("The language of Rule 45 does not explicitly demand personal service of a subpoena, but instead it requires only that a copy be 'deliver[ed]' to the person whose attendance is sought. Such language neither strictly requires in-hand service nor prohibits alternative means of service."); *Hall v. Sullivan*, 229 F.R.D. 501, 503 (D. Md. 2005) ("[C]ases recently have challenged the wisdom of the majority view and have instead held that personal service is not required.").

persuaded by and adopts the reasoning of the courts that interpret Rule 45 to allow service of a subpoena by alternate means *once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort*.") (collecting cases) (emphasis added).[3]  Plaintiffs' authorities reasonably and appropriately construe Rule 45(b) as requiring a party to diligently attempt personal service, but also as enabling courts to authorize delivery by reasonable alternate means where warranted under the circumstances.  This measured approach is consistent with both the text of the Rules and the intentions of their drafters that the Rules be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  Defendants, who cite only a single case (*Ferrara*) that actually denies a motion for leave to serve a Rule 45 subpoena by alternate means, have in no way demonstrated that their contrary reading of Rule 45(b) represents a "majority" position, much less that their position has any merit as a matter of judicial administration or is compelled by Fifth Circuit precedent.

## II.    DEFENDANTS LACK STANDING TO OPPOSE PLAINTIFFS' MOTION

Defendants do not cite a single case holding that they have standing under these circumstances, nor do Defendants identify any concrete harm or legally cognizable injury that they would suffer from alternate service.  Defendants also cite no law for the contention that they somehow have standing to object to a subpoena or its manner of service "prospectively" where they would clearly lack standing to object after service.  Opp. at 6.  The standing inquiry looks to

---

[3] *See also, e.g.*, *Toni Brattin*, 2015 WL 1844056; *Powell*, 2015 WL 13619425; *In re: Ex Parte Application of Pro-Sys Consultants*, 16-mc-80118-JSC, 2016 WL 6025155 (N.D. Cal. Oct. 14, 2016); *Tube City IMS, LLC v. Anza Capital Partners, LLC*, No. 14 CIV. 1783 PAE, 2014 WL 6361746 (S.D.N.Y. Nov. 14, 2014); *Franklin v. State Farm Fire & Cas. Co.*, No. 09-10947, 2009 WL 3152993 (E.D. Mich. Sept. 30, 2009); *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 CIV. 9116(PGG), 2009 WL 1313259 (S.D.N.Y. May 11, 2009).

whether a party has a legally-protected interest, and this does not change based on the procedural posture of the motion or the alignment of the parties. *See, e.g.*, *United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 545 & n.8 (S.D.N.Y. 2016) (party who lacked standing to quash a subpoena also lacked standing to oppose a motion to compel; "[a]ny other result would permit a party to do indirectly … what it could not do directly"). In short, Defendants do not have standing to object to the service of a third party subpoena, and the cases cited by Plaintiffs (*see* Plaintiffs' Mem. at 6-7), are unrebutted by Defendants' response.[4]

Instead, Defendants argue that their motion should be considered, in the court's discretion, as an amicus curiae brief. Opp. at 7. This attempt to evade standing requirements should be rejected. Defendants' first authority, *Cazorla v. Koch Foods of Miss., LLC*, No. 3:10-cv-135–DPJ–FKB, 2014 WL 2163151 (S.D. Miss. May 23, 2014), is clearly inapposite. In *Cazorla*, "victim protection, anti-domestic violence, civil rights, and legal services organizations" filed a motion seeking leave of court to file an amicus brief. *Id.* at *1, 3. Defendants are not third-party amici, nor have they filed a motion seeking leave to have their brief be considered. Defendants also cite *In re GLG Life Tech. Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012), in which the court considered defendant GLG's objection to a motion to serve co-defendant Zhang (its CEO) by alternative means, characterizing the submission as one as an "amicus curiae with respect to plaintiffs' motion." *Id.* at 263, 265 (The court then rejected

---

[4] Defendants mention that in *JPMorgan Chase Bank, N.A. v. IDW Group*, 2009 WL 1313259, the district court considered (and ultimately rejected) the defendant's opposition arguments against the plaintiff's request for substituted service, and thus argue that this court should likewise consider the merits of their opposition. Opp. at 6. But the issue of standing was not raised in that case, and it is hornbook law that a case that silently assumes standing does not constitute authority on the question of standing. *See, e.g.*, *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 144 (2011). Moreover, Defendants' citation of only a single case in this regard is telling, given the wealth of authorities cited by Plaintiffs.

8

those objections and allowed alternate service, *see id.* at 268.).  In *GLG*, however, the court considered the brief "[i]n light of the close connection between GLG and Zhang," finding that "without such consideration, the Court would be hampered in issuing a ruling grounded on all the facts presented." *Id.* at 264-65 (quotations omitted).  Here, Defendants do not have any such "close connection" to this issue, and their submission does not present any "facts."  To the contrary, Defendants have maintained that they lack a connection to Mr. Trowbridge and cannot assist in effectuating service.  Thus, *GLG* provides no basis for the Court to deviate from the undisputed rule that Defendants have no standing to object with respect to the manner of service of a third party subpoena.  *See, e.g.*, *Ortiz*, 169 F. Supp. 3d at 545.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion should be granted.

Dated: January 5, 2018

By: */s/ Joshua Tom*
Joshua Tom

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP<br>Jonathan K. Youngwood (*pro hac vice*)<br>Janet A. Gochman (*pro hac vice*)<br>Isaac Rethy (*pro hac vice*)<br>Kavitha S. Sivashanker (*pro hac vice*)<br>Nihara K. Choudhri (*pro hac vice*)<br>Yukiu Chan (*pro hac vice*)<br>Brooke Jarrett (*pro hac vice*)<br>Jumin Lee (*pro hac vice*)<br>425 Lexington Avenue<br>New York, NY 10017<br>(212) 455-2000<br>jyoungwood@stblaw.com<br>jgochman@stblaw.com<br>irethy@stblaw.com<br>kavitha.sivashanker@stblaw.com<br>nchoudhri@stblaw.com<br>monica.chan@stblaw.com<br>bonnie.jarrett@stblaw.com<br>christopherjumin.lee@stblaw.com | AMERICAN CIVIL LIBERTIES UNION<br>OF MISSISSIPPI FOUNDATION<br>Joshua Tom (Miss. Bar No. 105392)<br>233 East Capitol Street<br>Jackson, MS 39201<br>(601) 354-3408<br>JTom@aclu-ms.org<br><br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION<br>Ezekiel Edwards (*pro hac vice*)<br>Jeffery Robinson (*pro hac vice* forthcoming)<br>125 Broad Street<br>New York, NY 10004<br>(212) 549-2610<br>eedwards@aclu.org<br>jrobinson@aclu.org<br><br>*Attorneys for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2018, I caused the foregoing **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO SERVE SUBPOENA BY ALTERNATE MEANS** to be electronically filed with the Clerk of the Court using the CM/ECF system, through which copies have been served to:

WISE CARTER CHILD & CARAWAY, P.A.
Michael B. Wallace (Miss. Bar No. 6904)
Charles E. Ross (Miss. Bar No. 5683)
James E. Graves (Miss. Bar No. 102252)
Charles E. Cowan (Miss. Bar No. 104478)
T. Russell Nobile (Miss. Bar No. 100682)
Post Office Box 651
Jackson, MS 39205
(601) 968-5534
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com

CURRIE JOHNSON & MYERS, P.A.
Rebecca B. Cowan (Miss. Bar No. 7735)
P.O. Box 750
Jackson, MS 39205
(601) 969-1010
bcowan@curriejohnson.com

                                              */s/ Jade Morgan*
                                              Jade Morgan