UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| LATOYA BROWN; LAWRENCE BLACKMON; HERBERT ANTHONY GREEN; KHADAFY MANNING; QUINNETTA MANNING; MARVIN MCFIELD; NICHOLAS SINGLETON; STEVEN SMITH; BESSIE THOMAS; and BETTY JEAN WILLIAMS TUCKER, individually and on behalf of a class of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MADISON COUNTY, MISSISSIPPI; SHERIFF RANDALL S. TUCKER, in his official capacity; and MADISON COUNTY SHERIFF'S DEPUTIES JOHN DOES #1 through #6, in their individual capacities,<br><br>Defendants. | Civil Action No.<br>3:17-cv-00347-WHB-LRA<br><br>**ORAL ARGUMENT**<br>**REQUESTED** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**PLAINTIFFS' MOTION TO MODIFY CASE MANAGEMENT ORDER**

Plaintiffs respectfully submit this reply memorandum of law, and the accompanying Declaration of Bryan Ricchetti, Ph.D., in further support of Plaintiffs' Motion ("Motion") to Modify the Case Management Order entered August 9, 2017 (the "Case Management Order"), as set forth in Plaintiffs' Memorandum of Law filed on December 22, 2017 (the "Opening Brief" or "Open. Br.").

Pursuant to L.U. Civ. R. 7(b)(6)(A), Plaintiffs respectfully request oral argument on this Motion.

**INTRODUCTION**

Despite opposing Plaintiffs' Motion, Defendants now agree that an extension of the deadline for filing of Plaintiffs' class certification motion is appropriate. Indeed, Defendants

expressly concede the "plausibility" of Plaintiffs' and their experts' and consultants' need for additional time to review and analyze the substantial amounts of discovery materials that have recently been produced in this complex case.  Dkt # 157 at 2 ("Opposition Brief" or "Opp."). Defendants also do not argue that the modest extension of the class certification deadline requested by Plaintiffs in the Opening Brief is unreasonable.  Plaintiffs have diligently conducted a substantial amount of discovery related to class certification to date, but—as detailed further in the Declaration of Plaintifffs' expert, Dr. Bryan Ricchetti—reviewing and analyzing the produced materials requires significant time, especially in light of the timing and manner in which Defendants produced such materials.  Given that Plaintiffs only have recently received substantial document productions from Defendants, a modest extension of the class certification motion deadline is both reasonable and appropriate.

  A short extension of the fact discovery deadline also is appropriate to ensure that Plaintiffs have sufficient time to review Defendants' recent substantial productions and allow the parties adequate time to evaluate whether additional fact discovery is necessary.  Indeed, Defendants only made their most recent production on December 29, 2017.  While Plaintiffs have worked expeditiously to review Defendants' productions, the short window between Defendants' productions and the current discovery deadline is inadequate for these purposes.  In addition, the brief extension requested by Plaintiffs will enable both parties to conduct additional depositions, if any, prior to class certification.

  Contrary to the pages of Defendants' Opposition Brief devoted to the topic, Plaintiffs do not file this motion to "disparage [D]efendants' compliance with their legal discovery obligations" (Opp. at 2) (and, of course, the instant motion practice only was necessary because Defendants initially refused to consent to the modest extension Plaintiffs have requested).  This

motion, and the relief requested therein, are in no way intended as a sanction for discovery noncompliance, and will not cause any cognizable prejudice or disadvantage to Defendants. Instead, these modest scheduling adjustments simply will ensure that Plaintiffs are afforded a minimally reasonable time to conclude class certification discovery and file their class certification motion.

Finally, in the interest of further narrowing the issues in dispute between the parties, and in light of the progress that has been made since Plaintiffs filed the Motion, Plaintiffs are willing to reduce the duration of their requested extension. Plaintiffs respectfully submit that (1) class certification-related fact discovery should be extended to February 16, 2018; and (2) the deadline for Plaintiffs to file their motion for class certification should be extended to March 14, 2018. This even more modest extension would only lengthen the deadline for class certification-related fact discovery by one month, and the deadline for Plaintiffs to file a class certification motion by approximately six weeks.

For the reasons set forth herein and in the Opening Brief, the modest extension requested by Plaintiffs should be granted.

## ARGUMENT

I. **A SIX WEEK EXTENSION OF THE DEADLINE FOR PLAINTIFFS TO MOVE FOR CLASS CERTIFICATION IS APPROPRIATE AND REASONABLE**

Defendants concede that Plaintiffs (and their experts) require reasonable time to review and analyze the discovery materials in preparing their class certification motion, and thus they *agree* that an extension of the deadline for Plaintiffs to file their class certification motion is appropriate. The only open question on this issue is the length of such extension. Here, the mere six week extension of the class certification motion deadline that Plaintiffs now request is modest and reasonable in light of the extensive volume of discovery involved in this complex case.

Indeed, Defendants argue that this large case has required a "massive" discovery effort, and repeatedly tout the volume of the produced materials in their Opposition Brief. *See, e.g.*, Opp. at 7. Plaintiffs agree with Defendants that the productions in this case are voluminous and complex; that is why the brief extension requested by Plaintiffs to review and analyze the produced materials is appropriate. *See* Open. Br. at 11-13.

Defendants also do not contest that they made many of these voluminous productions in December 2017, shortly prior to the current class certification motion deadline. Far from "offer[ing] no evidence" in support of the reasonableness of an extension, Plaintiffs' Opening Brief is replete with examples of recently-produced discovery materials provided to Plaintiffs in a cumbersome and non-compliant format that requires additional review by Plaintiffs. Open. Br. at 7-10. For example, Defendants produced the unredacted computer-aided dispatch report data ("CAD Reports") on December 29, 2017, *after* Plaintiffs filed their Opening Brief on this Motion. While Plaintiffs and their experts and consultants wasted no time "getting to work" (Opp. at 5) and promptly began reviewing these recently produced CAD Reports for approximately 118,000 incidents (and such review is ongoing), more time is required in order to conduct a measured and thorough analysis of these materials, as the accompanying declaration submitted by Plaintiffs' expert, Dr. Bryan Ricchetti, makes clear.[1] *See* Ricchetti Decl. ¶¶ 5-6.

---

[1] Plaintiffs also require time to review and analyze the Excel file "overlays" produced by Defendants to remedy the deficiencies in their original production of incident reports. Contrary to Defendants' assertion that the data in these fields is "inconsequential" and not "material to plaintiffs' claims in the case" (Opp. at 14), the Excel file "overlays" provide key data that should have been included in the original production of incident reports, including: the original code entered by the dispatcher, the disposition code (*i.e.*, a description of the resolution of the incident, whether by arrest, citation, or otherwise), and the arrival and departure times showing the duration of the officer's involvement in the incident at issue.

Nor do Defendants contest that the modest extension requested by Plaintiffs is reasonable and modest in comparison to the lengthy extensions of class certification and related discovery deadlines that have been granted in other civil rights class actions brought against municipal defendants. Defendants make absolutely no effort to address or distinguish the cases cited in Plaintiffs' Opening Brief. Indeed, the length of extension requested here pales in comparison to the extensions granted in such cases, including a case currently pending before this Court. *See* Text Order, *Dockery, et al. v. Epps, et al.*, No 13-cv-00326 (S.D. Miss. Feb. 13, 2014) (M.J. Roper) (granting five-month extension for plaintiffs to file motion for class certification); *Floyd, et al. v. City of New York*, No. 08 Civ. 1034, ECF No. 165 (S.D.N.Y. Nov. 7, 2011) (after multiple extensions related to class discovery, motion for class certification filed nearly four years after complaint). Moreover, this is the only motion to extend the class certification deadlines that has been filed in this case. Both sides recognize the importance of adequately reviewing the discovery in this case, and a six-week extension will allow the parties sufficient time to review and present the information necessary for the Court to make a determination on class certification.

II.   **GOOD CAUSE EXISTS FOR A MODEST EXTENSION OF THE FACT DISCOVERY PERIOD FOR CLASS CERTIFICATION**

There are also a number of meritorious reasons for this Court to extend the deadline for the parties to complete fact discovery related to class certification.[2] While the parties have conducted a substantial amount of discovery on an expedited timeframe, reviewing and determining the adequacy of existing productions is a time-consuming process that could not

---

[2] While Plaintiffs agree with Defendants' characterization of the parties' agreement with respect to expert disclosure and expert discovery, the numerous production gaps and deficiencies of which Plaintiffs are presently aware demonstrates that expert discovery is not the "only problem" that remains. Opp. at 1.

5

reasonably be conducted under the existing schedule.  A brief extension of the fact discovery period further will permit both sides to conduct additional fact depositions that could not be noticed under the current schedule.

    A.    **<u>A Brief Extension of the Discovery Period Will Allow Plaintiffs to Assess Defendants' Recent Productions and Appropriately Determine Whether Additional Discovery is Necessary</u>**

As set forth in detail in the Opening Brief, Plaintiffs have diligently pursued discovery in this case, including noticing depositions and conducting discovery on a highly expedited and compressed schedule.  Open. Br. at 10-11.  Defendants further have made recent, substantial productions shortly before the current fact discovery deadline.  Plaintiffs primarily seek to extend the fact discovery period to afford the parties reasonable time to evaluate the sufficiency of existing productions and address any deficiencies therein.  Any burden imposed on Defendants by such a short extension would be minimal in comparison to the prejudice Plaintiffs would suffer by not having adequate time to determine the sufficiency of recently produced materials.

It is also far from clear that Defendants' document productions are "substantially complete," as Defendants contend in their Opposition Brief.  Opp. at 10.  For instance, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  This does not suffice to meet Defendants' discovery obligations.  *See, e.g., Phoenix Four, Inc. v. Strategic Res. Corp.*, 2006 WL 1409413, at *5 (S.D.N.Y. May 23, 2006) (stating that counsel has a "duty to locate relevant electronic information," and that "counsel's obligation is not confined to a request for documents" but also "to search for sources of

information"). ████████████████████████████
████████████████████████████

Moreover, a number of Defendants' recently-produced documents raise new questions that may necessitate additional fact discovery. For example, Plaintiffs recently discovered, buried on page 1,885 of a 3,875 page composite PDF produced on December 21, 2017, a ████
████████████████████████
████████████████████████
████████████████████████
████████████████████████
████████████████████████
████████ No other iterations of this highly relevant report have yet been produced by Defendants in this litigation, and this report would have itself never come to light but for this Court's directive that Defendants must produce documents in MCSD officers' possession.

Where, as here, substantial productions are made shortly before the discovery deadline—including production of the CAD Reports on December 29, 2017 following the Court's ruling on Plaintiffs' motion to compel, and production of documents in the possession of individual officers on December 21, 2017 after this Court overruled Defendants' objections on a teleconference held on November 28, 2017—good cause exists for the Court to extend the fact discovery cut-off. *See, e.g., Saca v. Molyneux*, 2007 WL 4524329, at *3 (E.D. Cal. Dec. 18, 2007) (finding good cause to extend discovery period so that plaintiff could have adequate time to review newly-produced documents and evaluate other possible discovery needs); *Smith v. Life Inv'rs Ins. Co. of Am.*, 2009 WL 2045197, at *8 (W.D. Pa. July 9, 2009) (finding "short" forty-five day extension of discovery period requested by plaintiff to be "entirely reasonable" where

plaintiff needed time to review recently produced documents); *SHM Int'l Corp. v. Guangdong Chant Grp., Inc.,* 2016 WL 4204553, at *8-9 (N.D. Ga. June 29, 2016) (granting plaintiff's motion to extend discovery where defendant produced over 130,000 documents approximately one month prior to close of discovery).

In addition to these timing issues, the manner and format in which many of these productions were made further establishes good cause for the Court to extend the fact discovery period. Defendants devote considerable space in their Opposition Brief to defending their production of certain non-email documents in PDF rather than TIFF format. *See* Opp. at 11-12. This argument entirely misses the mark. The problem with these productions is not that these documents were produced in PDF rather than TIFF format, but rather that Defendants have been producing documents—including emails, Monthly Activity Forms, Monthly Citation Forms, and sobriety checkpoint documentation—in the form of *single* consolidated PDF files that each contain thousands of pages of separate documents. Open. Br. at 9-10. Defendants' Opposition Brief offers no support or explanation for producing such consolidated PDF files, which are unquestionably not compliant with the parties negotiated and agreed-upon ESI Protocol. *See id.* Defendants' choice to produce responsive documents in this unwieldy fashion, and their repeated disregard for the agreed-upon terms of the ESI Protocol, has materially increased the time and burden involved in Plaintiffs' review of such files and, as such, constitutes good cause for the brief extension Plaintiffs request.[3]

---

[3] Defendants also contend that Plaintiffs' past use of documents extracted from these noncompliant consolidated PDF files as exhibits in depositions somehow demonstrates that Defendants' production deficiencies are immaterial. *See* Opp. at 16. Not so. Plaintiffs have been forced to spend substantially more time reviewing Defendants' productions than would have been necessary had Defendants produced the documents in the appropriate format. This, in turn, has impacted the time available for Plaintiffs to review other similarly-noncompliant documents Defendants have recently produced.

8

**B.      Extending The Discovery Period Will Permit Both Plaintiffs And Defendants To Take Additional Depositions To Which They Are Entitled**

Plaintiffs have done their best to schedule numerous depositions within the existing deadlines in the Case Management Order, and have taken twenty depositions as of the date of this filing. In light of information learned from recently-produced materials and recent depositions, however, Plaintiffs would conduct a limited number of additional depositions if the fact discovery deadline was extended as Plaintiffs request. Six depositions were taken by the parties this week alone, creating a logjam that has made noticing additional depositions impracticable so close to the current discovery deadline. A one month extension of the fact discovery period would benefit both sides by permitting the parties to take additional depositions to which they are entitled.[4] This, in turn, would provide the Court with a more developed factual record on which to decide the class certification motion.

Finally, Plaintiffs' pending motion for leave to serve a subpoena upon former MCSD Sheriff Toby Trowbridge by alternate means also warrants an extension of the discovery period. While Plaintiffs have diligently endeavored to serve a subpoena upon former Sheriff Trowbridge (see Memorandum of Law in Support of Plaintiffs' Motion for Leave to Serve Subpoena by Alternative Means at 2-3, Dkt. # 139), should the Court grant Plaintiffs' alternative service motion, Plaintiffs would require adequate time to serve Mr. Trowbridge, review any documents produced in connection with the subpoena, and conduct the deposition. A brief extension would facilitate this as well.

---

[4] As explained in Plaintiffs' Opening Brief, Defendants started taking depositions very late in the discovery period and will have taken no more than ten depositions by the existing deadline. *See* Open. Br. at 10. The extension would also enable Defendants to take more depositions if they so desired.

**CONCLUSION**

Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Modify the Case Management Order and enter new deadlines related to class certification as follows: (1) class certification-related fact discovery shall end February 16, 2018; and (2) Plaintiffs shall file their class certification motion on or prior to March 14, 2018.  In the alternative, Plaintiffs respectfully request that the Court extend the class certification-related deadlines set forth in the Case Management Order to new dates beyond those currently set in the Case Management Order as the Court deems reasonable and appropriate.

Dated: January 12, 2018

By:  /s/ Joshua Tom
Joshua Tom

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
Isaac Rethy (*pro hac vice*)
Kavitha S. Sivashanker (*pro hac vice*)
Nihara K. Choudhri (*pro hac vice*)
Brooke Jarrett (*pro hac vice*)
Jumin Lee (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
kavitha.sivashanker@stblaw.com
nchoudhri@stblaw.com
bonnie.jarrett@stblaw.com
christopherjumin.lee@stblaw.com

AMERICAN CIVIL LIBERTIES UNION
OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408
JTom@aclu-ms.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Ezekiel Edwards (*pro hac vice*)
Jeffery Robinson (*pro hac vice* forthcoming)
125 Broad Street
New York, NY 10004
(212) 549-2610
eedwards@aclu.org
jrobinson@aclu.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2018, I caused the foregoing **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO MODIFY CASE MANAGEMENT ORDER** to be electronically filed with the Clerk of the Court using the CM/ECF system, through which copies have been served to:

WISE CARTER CHILD & CARAWAY, P.A.
Michael B. Wallace (Miss. Bar No. 6904)
Charles E. Ross (Miss. Bar No. 5683)
James E. Graves (Miss. Bar No. 102252)
Charles E. Cowan (Miss. Bar No. 104478)
T. Russell Nobile (Miss. Bar No. 100682)
Post Office Box 651
Jackson, MS 39205
(601) 968-5534
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com

CURRIE JOHNSON & MYERS, P.A.
Rebecca B. Cowan (Miss. Bar No. 7735)
P.O. Box 750
Jackson, MS 39205
(601) 969-1010
bcowan@curriejohnson.com

/s/ Jade Morgan
Jade Morgan

# **EXHIBIT 1**

# EXHIBIT FILED UNDER SEAL

# **EXHIBIT 2**

# EXHIBIT FILED UNDER SEAL

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| LATOYA BROWN; LAWRENCE BLACKMON; HERBERT ANTHONY GREEN; KHADAFY MANNING; QUINNETTA MANNING; MARVIN MCFIELD; NICHOLAS SINGLETON; STEVEN SMITH; BESSIE THOMAS; and BETTY JEAN WILLIAMS TUCKER, individually and on behalf of a class of all others similarly situated, <br><br>　　　Plaintiffs, <br><br>　　　　v. <br><br>MADISON COUNTY, MISSISSIPPI; SHERIFF RANDALL S. TUCKER, in his official capacity; and MADISON COUNTY SHERIFF'S DEPUTIES JOHN DOES #1 through #6, in their individual capacities, <br><br>　　　Defendants. | Civil Action No. 3:17-cv-00347-WHB-LRA <br><br>**DECLARATION OF BRYAN RICCHETTI, Ph.D** |

　　　I, BRYAN RICCHETTI, declare the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

　　　1.　　I am a Vice President at Cornerstone Research and Co-Head of Cornerstone's antitrust practice. Cornerstone Research is an economic and financial consulting firm with offices in Boston, Chicago, Los Angeles, Menlo Park, New York, San Francisco, Washington, and London. I joined Cornerstone Research in 2007, after completing my Ph.D. in Economics from Cornell University. I have sixteen years of professional experience analyzing economic data related to demographic characteristics (including race) and economic outcomes.

2. I have been retained by Plaintiffs in the above-captioned litigation to present expert evidence regarding the policing policies and practices at issue in this case.

3. My work on this matter is expected to involve analysis of data produced by Defendants, including the Computer-Aided Dispatch data ("CAD Data") recently produced by Defendants following this Court's ruling on a motion to compel production of this information. I am being assisted by the staff of Cornerstone Research, who are working under my supervision.

4. The data produced by Defendants in this case is complex and voluminous and takes significant time and resources to analyze.

5. The CAD Data was produced on December 29, 2017. My team promptly began to review and analyze this data upon receipt. I believe the current schedule will not allow me to undertake an adequate review and analysis of the CAD data.

6. I understand that the parties have reached an agreement pursuant to which the evidence I present in support of Plaintiffs' motion for class certification will be submitted at the same time as Plaintiffs' motion papers. In light of the very recent production of the CAD Data, as well as the voluminous and complex nature of the other data produced in discovery that is relevant to my analysis of the policing policies and practices at issue in this case, I believe that an extension of the current deadline for class certification is necessary, and that the extension proposed by Plaintiffs will provide me and my team an appropriate amount of time to complete our work.

7. I declare under penalty of perjury that the foregoing is true and correct.

Date: January 12, 2018

Bryan Ricchetti, Ph.D.