# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**LATOYA BROWN; LAWRENCE BLACKMON**
**HERBERT ANTHONY GREEN; KHADAFY MANNING;**
**QUINETTA MANNING; MARVIN MCFIELD; NICHOLAS**
**SINGLETON; STEVEN SMITH; BESSIE THOMAS; and**
**BETTY JEAN WILLIAMS TUCKER, individually and on**
**behalf of a class of all other similarly situated,**          **PLAINTIFFS**

**v.**          **CIVIL ACTION NO. 3:17-cv-347 WHB LRA**

**MADISON COUNTY, MISSISSIPPI; SHERIFF**
**RANDALL C. TUCKER, in his official capacity; and**
**MADISON COUNTY SHERIFF'S DEPUTIES JOHN**
**DOES #1 through #6, in their individual capacities,**          **DEFENDANTS**

---

### MEMORANDUM BY DEFENDANTS IN SUPPORT OF [#180] MOTION TO DISMISS CLAIMS OF PLAINTIFF, MARVIN MCFIELD, WITH PREJUDICE FOR FAILURE TO PROSECUTE UNDER *FEDERAL RULE OF PROCEDURE* 41(b)

---

Defendants, Madison County, Mississippi, and Sheriff Randall C. Tucker, in his official capacity, submit the following memorandum in support of their Motion to Dismiss the Claims of Plaintiff, Marvin McField, with Prejudice for Failure to Prosecute under *F.R.P.* 41(b). Mr. McField's claims must be dismissed under Rule 41(b) because not only has he failed to respond to or supplement his responses to interrogatories propounded to him by Defendants, but he has also failed to prosecute his claims.

### STATEMENT OF FACTS RELEVANT TO MOTION TO DISMISS

Plaintiff, Marvin McField, filed his complaint against Defendants on May 8, 2017. Defendants propounded interrogatories and requests for production to Mr. McField on September 22, 2017. Mr. McField responded to these interrogatories on October 23, 2017, and, after receiving objections from Defendants though a good faith letter, supplemented his responses on November

17, 2017. Since then, Mr. McField has done absolutely nothing to prosecute his claims. He has (1) failed to respond to a second set of interrogatories Defendants propounded to him; (2) failed to supplement his responses to Defendants first interrogatories a second time along with the other plaintiffs; (3) failed to appear for a deposition on January 10, 2018; (4) failed to appear for a re-noticed deposition on January 15, 2018; and (5) failed to submit to a deposition by January 31, 2018, as demanded by Defendants' counsel. (See Exhibit 1, January 22, 2018, Correspondence from Mike B. Wallace to Jonathan Youngwood).

## ARGUMENT AND AUTHORITIES

Rule 41(b) allows this Court to dismiss McField as a plaintiff in this matter with prejudice for his failure to prosecute his claims under its inherent authority to prevent undue delay of cases before it and to prevent prejudice to Defendants' rights to expeditiously and fully defend the claims against them. *Link v. Wabash R.R.,* 370 U.S. 626, 630-631 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.") See also *Clark v. McMillin,* 2010 WL 1781697, * 2 (S.D. Miss. March 26, 2010) ((Plaintiffs' failure to prosecute their claims "have prejudiced the rights of the Defendants to promptly and fully defend the claims made against them."); *Garner v. Shelton*, 2010 WL 2545923 at *1 (S.D. Miss., May 18, 2010) ("This Court has the authority to dismiss an action for failure of a plaintiff to prosecute . . . under Fed.R.Civ.P. 41(b) and under its inherent authority.") (citing *Link,* 370 U.S. at 630-631). Under existing law in the Fifth Circuit, dismissal under Rule 41(b) is required if one of the following three factors exist: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3)

delay caused by intentional conduct." *Berry v. Cigna/RSI-Cigna,* 975 F.2d 1188, 1191 (5th Cir. 1992) (citing *Morris v. Ocean Systems,* 730 F.2d 248, 251 (5th Cir. 1984)).

Any lessor sanctions against McField for his failure to prosecute other than a dismissal of his claims with prejudice will not satisfy the interests of justice in this action.  Defendants have had to defend against numerous claims by ten Plaintiffs.  They have propounded two sets of discovery to plaintiffs and deposed all Plaintiffs with the exception of Herbert Green and Mr. McField.  Mr. McField's refusal to respond to Defendants' second set of interrogatories, his failure to supplement his responses to Defendants' first set of interrogatories as requested by Defendants, his failure to appear for his deposition on two separate occasions, and his failure to reschedule his deposition by the January 31, 2018, deadline provided by Defendants' attorney constitutes intentional conduct on his part.  His intentional acts have consumed significant time and effort on the part of Defendants' attorneys and, more importantly, have resulted in a significant impairment of Defendants' ability to defend against Mr. McField's claims against them.  No other sanction other than the dismissal of Mr. McField's claims against Defendants with prejudice will remove the prejudice to Defendants for his failure to prosecute his claims.

## CONCLUSION

For the reasons set forth above, Defendants, Madison County, Mississippi, and Sheriff Randall C. Tucker, in his official capacity, submit that their Motion to Dismiss the claims of Marvin McField with prejudice under Rule 41(b) should be granted.

This the 14th day of February, 2018.

        Respectfully submitted:

        **MADISON COUNTY, MISSISSIPPI and SHERIFF RANDALL C. TUCKER, IN HIS OFFICIAL CAPACITY**

    By:    */s/ Rebecca B. Cowan*

        OF COUNSEL:

        Rebecca B. Cowan (MSB #7735)
        CURRIE JOHNSON & MYERS, P.A.
        1044 River Oaks Dr.
        Jackson, MS   39232
        P.O. Box 750
        Jackson, Mississippi  39205-0750
        Telephone: 601-969-1010
        Facsimile:  601-969-5120
        bcowan@curriejohnson.com

        Michael B. Wallace (MSB #6904)
        Charles E. Ross (MSB #5683)
        James E. Graves (MSB #102252)
        Charles E. Cowan (MSB #104478)
        WISE CARTER CHILD & CARAWAY, P.A.
        Post Office Box 651
        Jackson, Mississippi 39205-0651
        Telephone: 601-968-5534
        Facsimile: 601-944-7738
        mbw@wisecarter.com
        cer@wisecarter.com
        jeg@wisecarter.com
        cec@wisecarter.com

        and

        T. Russell Nobile (MSB #100682)
        WISE CARTER CHILD & CARAWAY, P.A.
        2510 14th Street, Suite 1125
        Gulfport, Mississippi 39501
        Telephone: 228-867-7141
        Facsimile: 228-867-7142
        trn@wisecarter.com

Katie Bryant Snell (MSB #103607)
KATIE BRYANT SNELL, PLLC
P.O. Box 3007
Madison, Mississippi 39130-3007
Telephone: 601-460-9800
katie@katiebryantsnell.com

J. Lawson Hester (MSB #2394)
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210
Jackson, Mississippi 39211
Telephone:  601-987-5300
Facsimile:  601-987-5353
lhester@pbhfirm.com

**CERTIFICATE OF SERVICE**

I, Rebecca B. Cowan, do hereby certify that I have this day, electronically filed the above and foregoing with the Clerk of the Court using the ECF system which will automatically provide e-mail notification of said filing upon the following:

    Joshua Tom, Esq.
    American Civil Liberties Union of Mississippi Foundation
    233 E. Capitol Street
    Jackson, Mississippi 39201
    JTom@aclu-ms.org

    Jonathan K. Youngwood, Esq. (*pro hac vice*)
    Janet A. Gochman, Esq. (*pro hac vice*)
    Isaac Rethy, Esq. (*pro hac vice*)
    Nihara K. Choudhri, Esq. (*pro hac vice*)
    Brooke Jarrett, Esq. (*pro hac vice*)
    Jumin Lee, Esq. (*pro hac vice*)
    Christopher K. Shields, Esq. (*pro hac vice)*
    Simpson Thatcher & Bartlett, LLP
    425 Lexington Avenue
    New York, NY 10017
    jyoungwood@stblaw.com
    jgochman@stblaw.com
    irethy@stblaw.com
    nchoudhri@stblaw.com
    bonnie.jarrett@stblaw.com
    christopherjumin.lee@stblaw.com

    Ezekiel Edwards, Esq. (*pro hac vice*)
    Jeffery Robinson, Esq. (*pro hac vice)*
    American Civil Liberties Union Foundation
    125 Broad Street, 18th Floor
    New York, NY 10004
    eedwards@aclu.org
    jrobinson@aclu.org

    So, certified this the 14th day of February, 2018.

    /s/ Rebecca B. Cowan



# WISECARTER
WISE CARTER CHILD & CARAWAY, P.A.
ATTORNEYS AT LAW

MICHAEL B. WALLACE  
JACKSON, MISSISSIPPI

MBW@WISECARTER.COM  
DIRECT LINE: (601)968-5534  
FACSIMILE: (601)944-7738

January 22, 2018

**VIA EMAIL & U.S. MAIL**  
Jonathan K. Youngwood, Esq.  
Simpson Thacher & Bartlett LLP  
425 Lexington Avenue  
New York, NY 10017-3954  
jyoungwood@stblaw.com

Re: *Latoya Brown, et al. v. Madison County, Mississippi; Sheriff Randall C. Tucker, in his official capacity; and Madison County Sheriff's Deputies John Does #1 through #6, in their individual capacities*; In the United States District Court for the Southern District of Mississippi, No. 3:17-cv-347 WHB LRA

Dear Mr. Youngwood:

I write with regard to several matters which were discussed among counsel last week.

You intend to ask the Court to extend the page limits on the forthcoming motion to certify a class. We exchanged several communications on that issue. As I recall, your last request was that we agree to a limit of 70 pages for both sides.

As we have previously said, we believe that the provisions of the Rule are sufficient; for that reason, we will not join any motion for additional pages. However, we understand your position that additional pages may be necessary. If you move the Court for an extension of up to 60 pages on each side, you may tell the Court that we agree to the motion, although we do not join it. If you choose to ask the Court for more than 60 pages, then you should tell the Court that we neither join it nor agree to it. However, we will not oppose an extension of up to 70 pages so long as an equal number of pages is provided for each side.

We have also discussed the status of the two plaintiffs who did not appear for their depositions, Mr. Green and Mr. McField. You have advised us that Mr. Green no longer wishes to participate as a plaintiff in this case; our position is that he should be dismissed with prejudice. You have offered no explanation of Mr. McField's position. If he wishes to participate in this litigation, then we would be happy to take his deposition on a date to be agreed before the end of January. If he is not available to be deposed, then our position is that he should be dismissed with prejudice.

JACKSON: 401 E.CAPITOL ST., HERITAGE BLDG., SUITE 600, JACKSON, MS 39205-0651 • PH.601.968.5500 FAX 601.968.5593  
GULF COAST: 1105 30TH AVENUE, SUITE 3... 228.867.7141 FAX 228.867.7142  
HATTIESBURG: 601 ADELINE ST., HATTIESBURG, MS 39401... 39403-0990 • PH.601.582.5551 FAX 601.582.5556

EXHIBIT 1

Jonathan K. Youngwood, Esq.
January 22, 2018
Page 2

        We look forward to your further thoughts on these issue.

                        Sincerely,

                        WISE CARTER CHILD & CARAWAY, P.A.

                        */s/ Michael B. Wallace*

                        Michael B. Wallace

MBW/kp

cc:    All counsel of record