# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

| | |
|---|---|
| LATOYA BROWN; LAWRENCE BLACKMON; HERBERT ANTHONY GREEN; KHADAFY MANNING; QUINNETTA MANNING; MARVIN MCFIELD; NICHOLAS SINGLETON; STEVEN SMITH; BESSIE THOMAS; and BETTY JEAN WILLIAMS TUCKER, individually and on behalf of a class of all others similarly situated,<br><br>    Plaintiffs,<br><br>      v.<br><br>MADISON COUNTY, MISSISSIPPI; SHERIFF RANDALL S. TUCKER, in his official capacity; and MADISON COUNTY SHERIFF'S DEPUTIES JOHN DOES #1 through #6, in their individual capacities,<br><br>    Defendants. | Civil Action No. 3:17-cv-00347-WHB-LRA |

## MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS CLAIMS OF <u>HERBERT ANTHONY GREEN FOR FAILURE TO PROSECUTE</u>

Plaintiffs respectfully submit this Memorandum of Law in response to Defendants' Motion to Dismiss Claims of Plaintiff, Herbert Anthony Green, with Prejudice for Failure to Prosecute Under Federal Rule of [Civil] Procedure 41(b) (ECF. No. 182, the "Motion").

Plaintiffs do not oppose dismissal of Mr. Green's claims without prejudice. Indeed, Plaintiffs previously conveyed to Defendants that Mr. Green wished to withdraw from this lawsuit as a named plaintiff, and requested that Defendants consent to dismissal of his claims without prejudice. Defendants refused, and instead moved for dismissal *with* prejudice.

1

Contrary to Defendants' contentions, dismissal without prejudice is the appropriate outcome under these circumstances.

Under Fifth Circuit law, "dismissal[] with prejudice . . . is reserved for the most egregious of cases," *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982), and only where "a lesser sanction would not better serve the interests of justice." *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981).  In this case, the lesser sanction of dismissal without prejudice would better serve the interests of justice.  Defendants argue primarily that Mr. Green's nonparticipation in recent discovery efforts "has prejudiced Defendants by significantly impairing their ability to defend against his claims."  Defs.' Mem. at 3 (ECF No. 183).  This does not support dismissal *with*, as opposed to *without*, prejudice.  Dismissal without prejudice will fully remedy Defendants' allegedly impaired ability to defend against Mr. Green's claims; once dismissal without prejudice is entered, there will be no claims by Mr. Green to defend.  Moreover, this case is still in the class certification phase; merits discovery is still to come, and Defendants do not and cannot contend that Mr. Green's decision to withdraw as a named plaintiff has caused any delay.  Given this, a dismissal with prejudice of Mr. Green's claims, which would operate as an adjudication on the merits, is unwarranted.

## **ARGUMENT**

Because a dismissal with prejudice is "an extreme sanction," the Fifth Circuit "has limited the district court's discretion in dismissing cases with prejudice." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quotations and citations omitted).  The Fifth Circuit, therefore, "will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id.*

2

(citations omitted).  These factors are absent from the record, and dismissal with prejudice would therefore be inconsistent with Fifth Circuit law.

There is no "clear record of delay or contumacious conduct" in this case.[1]  This case has proceeded expeditiously through class certification discovery, and Defendants do not and cannot identify any delays in the overall case schedule attributable to Mr. Green's decision to withdraw as a plaintiff.  Nor is there any clear record of contumacious conduct by Mr. Green.  Defendants never moved to compel Mr. Green's compliance with any discovery request; the first noticed deposition of Mr. Green was consensually adjourned and re-noticed prior to its originally scheduled date; and Plaintiffs notified Defendants in advance of this rescheduled date that Mr. Green intended to withdraw from the case.  *See* Defs.' Ex. 1.[2]  Moreover, Fifth Circuit law requires this Court to "expressly determine" that "lesser sanctions" would be inadequate or futile.  Defendants' concern that Mr. Green's nonparticipation in recent discovery impairs their ability to defend against his claims can be fully remedied by dismissing Mr. Green's claims without prejudice.  The lesser sanction of dismissal without prejudice will also eliminate any concerns about future delays that could result from Mr. Green's continued participation in the case.  Therefore, as a matter of binding Fifth Circuit precedent, no record exists in this case that could justify dismissal with prejudice.

---

[1] According to *Berry*, "[a] clear record of delay is found where there have been 'significant periods of total inactivity.'"  975 F.2d at 1191 n.5, quoting *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984).

[2] Defendants inaccurately state that Mr. Green "failed to appear for three duly-noticed depositions."  Defs.' Mem. at 2.  Mr. Green's deposition was originally noticed on November 9, 2017 for January 9, 2018.  *See* ECF No. 83.  On January 8, 2018—before the originally scheduled date—Mr. Green's deposition was re-noticed to January 15, 2018.  *See* ECF No. 159.  Then, on January 12, 2018, Defendants filed a second re-notice which maintained the same date but changed the start time from 9:00 a.m. to 11:30 a.m.  *See* ECF No. 165.

Defendants claim that under *Berry*, "dismissal under Rule 41(b) is required" if one of three aggravating factors exists: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Defs.' Mem. at 2 (quoting *Berry*, 975 F.2d at 1191). This doubly misreads *Berry*. First, these factors do not mandate dismissal or constrain a district court's discretion; rather, they are "aggravating factors" present, in addition to the two factors discussed above, in "most cases where [the Fifth Circuit] has affirmed dismissals with prejudice." *Berry*, 975 F.2d at 1191. Second, even if Defendants were correct that dismissal were "required," a "dismissal under Rule 41(b)" need not be a dismissal with prejudice.[3] And in any event, none of these aggravating factors are present here because Defendants, as discussed above, have not identified any delays or any actual prejudice that would not be cured by the lesser sanction of dismissal without prejudice.

Numerous courts have found dismissal without prejudice appropriate under circumstances that are both similar to and substantially more egregious than those present here. For example, in *Johnson v. State Farm Mut. Auto. Ins. Co.*, because the plaintiff became unreachable and did not attend a scheduled hearing, this Court reasoned that the plaintiff had "lost interest in pursuing this lawsuit" and dismissal was appropriate. No. 3:14-cv-926 (HTW/LRA), 2016 WL 7976117, at *1-2 (S.D. Miss. Sept. 13, 2016), *report and recommendation adopted*, 2016 WL 7976124 (Sept. 30, 2016). However, this Court found that "[b]ecause the merits of her claims have not been considered, the dismissal should be without prejudice." *Id.* at *2. In *Cooper v. Subsea Int'l, Inc.*, a plaintiff "failed to respond in any way" to basic discovery requests, failed to comply with the court's order granting the defendant's

---

[3] The Rule states that a dismissal under Rule 41(b) "operates as an adjudication on the merits"—*i.e.*, constitutes a dismissal with prejudice—"*[u]nless the dismissal order states otherwise*." Fed. R. Civ. P. 41(b) (emphasis added).

motion to compel, and failed to appear twice for his own deposition.  No. CIV A 98-1622, 1999
WL 544698, at *1 (E.D. La. July 27, 1999).  The court nonetheless declined to dismiss with
prejudice, and instead granted the plaintiff another opportunity to comply with its prior orders.
*Id.* at *4; *see also Luiz v. Ebby Halliday Real Estate, Inc.*, No. 3:15-cv-4005-G, 2016 WL
7497284, at *2 (N.D. Tex. Dec. 12, 2016) (noting that "courts are required to consider lesser
sanctions" and finding dismissal without prejudice appropriate where plaintiff had her deposition
rescheduled multiple times and still failed to appear), *report and recommendation adopted*, 2016
WL 7491850 (Dec. 29, 2016); *Arevalo v. Wells Fargo Bank, N.A.*, No. 13-cv-1148, 2014 WL
6810189, at *2-3 (W.D. Tex. Dec. 2, 2014) (denying a motion to dismiss even though "Arevalo
failed to appear for his deposition," did not supplement his interrogatory responses, and never
served his initial disclosures); *Shaw v. Gomez*, No. 4:14-cv-516, 2015 WL 7444269, at *1 (E.D.
Tex. Oct. 19, 2015) (dismissing without prejudice when the plaintiff "failed to . . . comply with
the Court's order directing him to appear at his deposition"), *report and recommendation
adopted*, 2015 WL 7455532 (Nov. 23, 2015).

The cases cited by Defendants (Defs.' Mem. at 2) are not to the contrary.  In *Garner v.
Shelton*, this Court recommended dismissal *without* prejudice where a plaintiff had repeatedly
disobeyed discovery orders.  No. 3:09-cv-132, 2010 WL 2545923, at *2-3 (S.D. Miss. May 18,
2010).  In *Clark v. McMillin*, defendants had moved to dismiss with prejudice for failure to
comply with discovery requests; this Court denied the motion "without prejudice to Defendants'
right to re-urge the motion at a later time," finding that the Fifth Circuit's high standard for
involuntary dismissal had not been met.  No. 3:07-cv-448 (HTW/LRA), 2010 WL 1781697, at
*1 (S.D. Miss. Mar. 26, 2010).  This Court only granted the relief when the defendants re-filed
one year later and the plaintiff had still "failed to respond to any of [the defendants'] discovery

requests, in direct violation of this Court's instructions."  *Id.*  And in *Link v. Wabash Railroad Co.*, dismissal was appropriate where the case had been delayed for six years and had become "the oldest civil case on the court docket."  370 U.S. 626, 633-35 (1962).  No comparable circumstances are present here, and Defendants have entirely failed to make the showing necessary under Fifth Circuit law to obtain dismissal with prejudice.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court deny Defendants' motion to dismiss Plaintiff Herbert Anthony Green's claims to the extent that the Motion seeks dismissal with prejudice, and instead enter an Order dismissing Mr. Green's claims without prejudice.

Dated: February 28, 2018

By: */s/ Joshua Tom*
    Joshua Tom

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
Isaac Rethy (*pro hac vice*)
Kavitha S. Sivashanker (*pro hac vice*)
Nihara K. Choudhri (*pro hac vice*)
Jumin Lee (*pro hac vice*)
Brooke Jarrett (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
kavitha.sivashanker@stblaw.com
nchoudhri@stblaw.com
christopherjumin.lee@stblaw.com
bonnie.jarrett@stblaw.com

AMERICAN CIVIL LIBERTIES UNION
OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408
JTom@aclu-ms.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Ezekiel Edwards (*pro hac vice*)
Jeffery Robinson (*pro hac vice* forthcoming)
125 Broad Street
New York, NY 10004
(212) 549-2610
eedwards@aclu.org
jrobinson@aclu.org

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 28, 2018 I caused the foregoing **MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS CLAIMS OF HERBERT ANTHONY GREEN FOR FAILURE TO PROSECUTE** to be electronically filed with the Clerk of the Court using the CM/ECF system, through which copies have been served to:

WISE CARTER CHILD & CARAWAY, P.A.
Michael B. Wallace (Miss. Bar No. 6904)
Charles E. Ross (Miss. Bar No. 5683)
James E. Graves (Miss. Bar No. 102252)
Charles E. Cowan (Miss. Bar No. 104478)
T. Russell Nobile (Miss. Bar No. 100682)
Post Office Box 651
Jackson, MS 39205
(601) 968-5534
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com

CURRIE JOHNSON & MYERS, P.A.
Rebecca B. Cowan (Miss. Bar No. 7735)
P.O. Box 750
Jackson, MS 39205
(601) 969-1010
bcowan@curriejohnson.com


*/s/ Joshua Tom*
Joshua Tom