# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

LATOYA BROWN; LAWRENCE
BLACKMON; HERBERT ANTHONY
GREEN; KHADAFY MANNING;
QUINNETTA MANNING; MARVIN
MCFIELD; NICHOLAS SINGLETON;
STEVEN SMITH; BESSIE THOMAS; and
BETTY JEAN WILLIAMS TUCKER,
individually and on behalf of a class of all
others similarly situated,

     Plaintiffs,

       v.

MADISON COUNTY, MISSISSIPPI;
SHERIFF RANDALL S. TUCKER, in his
official capacity; and MADISON COUNTY
SHERIFF'S DEPUTIES JOHN DOES #1
through #6, in their individual capacities,

     Defendants.

Civil Action No.
3:17-cv-00347-WHB-LRA

## MEMORANDUM OF LAW IN RESPONSE TO
## DEFENDANTS' MOTION TO DISMISS CLAIMS OF
## <u>MARVIN MCFIELD FOR FAILURE TO PROSECUTE</u>

Plaintiffs respectfully submit this Memorandum of Law in response to Defendants'

Motion to Dismiss Claims of Plaintiff, Marvin McField, with Prejudice for Failure to Prosecute

Under Federal Rule of [Civil] Procedure 41(b) (ECF. No. 180, the "Motion").

Plaintiffs do not oppose dismissal of Mr. McField's claims.  However, contrary to

Defendants' contentions, dismissal without prejudice, rather than with prejudice, is the

appropriate outcome under these circumstances.

Under Fifth Circuit law, "dismissal[] with prejudice . . . is reserved for the most egregious of cases," *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982), and only where "a lesser sanction would not better serve the interests of justice." *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981). In this case, the lesser sanction of dismissal without prejudice would better serve the interests of justice. Defendants argue primarily that dismissal with prejudice is appropriate because Mr. McField's nonparticipation in recent discovery efforts "ha[s] resulted in a significant impairment of Defendants' ability to defend against Mr. McField's claims against them." Defs.' Mem. at 3 (ECF No. 181). This does not support dismissal *with*, as opposed to *without*, prejudice. Dismissal without prejudice will fully remedy Defendants' allegedly impaired ability to defend against Mr. McField's claims; once dismissal without prejudice is entered, there will be no claims by Mr. McField to defend. Moreover, this case is still in the class certification phase; merits discovery is still to come, and Defendants do not and cannot contend that any action by Mr. McField has caused any delay. Given this, a dismissal with prejudice of Mr. McField's claims, which would operate as an adjudication on the merits, is unwarranted.

## ARGUMENT

Because a dismissal with prejudice is "an extreme sanction," the Fifth Circuit "has limited the district court's discretion in dismissing cases with prejudice." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quotations and citations omitted). The Fifth Circuit, therefore, "will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id.*

(citations omitted).  These factors are absent from the record, and dismissal with prejudice would therefore be inconsistent with Fifth Circuit law.

There is no "clear record of delay or contumacious conduct" in this case.[1]  This case has proceeded expeditiously through class certification discovery, and Defendants do not and cannot identify any delays in the overall case schedule attributable to Mr. McField.  Nor is there any clear record of contumacious conduct by Mr. McField.  Defendants never moved to compel Mr. McField's compliance with any discovery request, and the first noticed deposition of Mr. McField was consensually adjourned and re-noticed prior to its originally scheduled date.  *See* ECF Nos. 84, 148.  Moreover, Fifth Circuit law requires this Court to "expressly determine" that "lesser sanctions" would be inadequate or futile.  Defendants' concern that Mr. McField's nonparticipation in recent discovery impairs their ability to defend against his claims can be fully remedied by dismissing Mr. McField's claims without prejudice.  The lesser sanction of dismissal without prejudice will also eliminate any concerns about future delays that could result from Mr. McField's continued participation in the case.  Therefore, as a matter of binding Fifth Circuit precedent, no record exists in this case that could justify dismissal with prejudice.

Defendants claim that under *Berry*, "dismissal under Rule 41(b) is required" if one of three aggravating factors exists: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."  Defs.' Mem. at 2-3 (quoting *Berry*, 975 F.2d at 1191).  This doubly misreads *Berry*.  First, these factors do not mandate dismissal or constrain a district court's discretion; rather, they are "aggravating factors" present, in addition to the two factors discussed above, in "most cases where [the Fifth Circuit]

---

[1] According to *Berry*, "[a] clear record of delay is found where there have been 'significant periods of total inactivity.'"  975 F.2d at 1191 n.5, quoting *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984).

3

has affirmed dismissals with prejudice." *Berry*, 975 F.2d at 1191.  Second, even if Defendants were correct that dismissal were "required," a "dismissal under Rule 41(b)" need not be a dismissal with prejudice.[2]  And in any event, none of these aggravating factors are present here because Defendants, as discussed above, have not identified any delays or any actual prejudice that would not be cured by the lesser sanction of dismissal without prejudice.[3]

Numerous courts have found dismissal without prejudice appropriate under circumstances that are both similar to and substantially more egregious than those present here. For example, in *Johnson v. State Farm Mut. Auto. Ins. Co.*, because the plaintiff became unreachable and did not attend a scheduled hearing, this Court reasoned that the plaintiff had "lost interest in pursuing this lawsuit" and dismissal was appropriate.  No. 3:14-cv-926 (HTW/LRA), 2016 WL 7976117, at *1-2 (S.D. Miss. Sept. 13, 2016), *report and recommendation adopted*, 2016 WL 7976124 (Sept. 30, 2016).  However, this Court found that "[b]ecause the merits of her claims have not been considered, the dismissal should be without prejudice."  *Id.* at *2.  In *Cooper v. Subsea Int'l, Inc.*, a plaintiff "failed to respond in any way"

---

[2] The Rule states that a dismissal under Rule 41(b) "operates as an adjudication on the merits"—*i.e.*, constitutes a dismissal with prejudice—"*[u]nless the dismissal order states otherwise*."  Fed. R. Civ. P. 41(b) (emphasis added).

[3] Defendants claim, without elaboration, that Mr. McField's nonparticipation in discovery has "consumed significant time and effort on the part of Defendants' attorneys" (Defs.' Mem. at 3) but Defendants served omnibus discovery requests on all Plaintiffs rather than focusing any discovery on Mr. McField specifically; discovery of Mr. McField was not the subject of any specific negotiations or disputes; and, in any event, this case will proceed as to the eight remaining named Plaintiffs regardless of how this Motion is resolved.  Any incremental additional effort expended by Defendants with respect to Mr. McField thus does not suffice to demonstrate substantial actual prejudice, and any such prejudice, if incurred, would be fully redressed by dismissal without prejudice.  *See, e.g., Chambers v. Bank of Am. Corp.*, No. 3:09-cv-2420-K BF, 2010 WL 3430937, at *2 (N.D. Tex. Aug. 2, 2010), *report and recommendation adopted*, 2010 WL 3431673 (Aug. 30, 2010).  Indeed, any defendant who seeks dismissal for failure to prosecute will have expended some amount of time and effort litigating the case; if this were sufficient to show actual prejudice, dismissals with prejudice would be granted as a matter of course, not reserved for the "most egregious of cases."  *Rogers v. Kroger Co.*, 669 F.2d at 320.

to basic discovery requests, failed to comply with the court's order granting the defendant's motion to compel, and failed to appear twice for his own deposition. No. CIV A 98-1622, 1999 WL 544698, at *1 (E.D. La. July 27, 1999). The court nonetheless declined to dismiss with prejudice, and instead granted the plaintiff another opportunity to comply with its prior orders. *Id.* at *4; *see also Luiz v. Ebby Halliday Real Estate, Inc.*, No. 3:15-cv-4005-G, 2016 WL 7497284, at *2 (N.D. Tex. Dec. 12, 2016) (noting that "courts are required to consider lesser sanctions" and finding dismissal without prejudice appropriate where plaintiff had her deposition rescheduled multiple times and still failed to appear), *report and recommendation adopted*, 2016 WL 7491850 (Dec. 29, 2016); *Arevalo v. Wells Fargo Bank, N.A.*, No. 13-cv-1148, 2014 WL 6810189, at *2-3 (W.D. Tex. Dec. 2, 2014) (denying a motion to dismiss even though "Arevalo failed to appear for his deposition," did not supplement his interrogatory responses, and never served his initial disclosures); *Shaw v. Gomez*, No. 4:14-cv-516, 2015 WL 7444269, at *1 (E.D. Tex. Oct. 19, 2015) (dismissing without prejudice when the plaintiff "failed to . . . comply with the Court's order directing him to appear at his deposition"), *report and recommendation adopted*, 2015 WL 7455532 (Nov. 23, 2015).

The cases cited by Defendants (Defs.' Mem. at 2-3) are not to the contrary. In *Garner v. Shelton*, this Court recommended dismissal *without* prejudice where a plaintiff had repeatedly disobeyed discovery orders. No. 3:09-cv-132, 2010 WL 2545923, at *2-3 (S.D. Miss. May 18, 2010). In *Clark v. McMillin*, defendants had moved to dismiss with prejudice for failure to comply with discovery requests; this Court denied the motion "without prejudice to Defendants' right to re-urge the motion at a later time," finding that the Fifth Circuit's high standard for involuntary dismissal had not been met. No. 3:07-cv-448 (HTW/LRA), 2010 WL 1781697, at *1 (S.D. Miss. Mar. 26, 2010). This Court only granted the relief when the defendants re-filed

one year later and the plaintiff had still "failed to respond to any of [the defendants'] discovery requests, in direct violation of this Court's instructions." *Id.* And in *Link v. Wabash Railroad Co.*, dismissal was appropriate where the case had been delayed for six years and had become "the oldest civil case on the court docket." 370 U.S. 626, 633-35 (1962). No comparable circumstances are present here, and Defendants have entirely failed to make the showing necessary under Fifth Circuit law to obtain dismissal with prejudice.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that this Court deny Defendants' motion to dismiss Plaintiff Marvin McField's claims to the extent that the Motion seeks dismissal with prejudice, and instead enter an Order dismissing Mr. McField's claims without prejudice.

Dated: February 28, 2018

By: <u>/s/ Joshua Tom</u>
     Joshua Tom

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP | AMERICAN CIVIL LIBERTIES UNION |
| Jonathan K. Youngwood (*pro hac vice*) | OF MISSISSIPPI FOUNDATION |
| Janet A. Gochman (*pro hac vice*) | Joshua Tom (Miss. Bar No. 105392) |
| Isaac Rethy (*pro hac vice*) | 233 East Capitol Street |
| Kavitha S. Sivashanker (*pro hac vice*) | Jackson, MS 39201 |
| Nihara K. Choudhri (*pro hac vice*) | (601) 354-3408 |
| Jumin Lee (*pro hac vice*) | JTom@aclu-ms.org |
| Brooke Jarrett (*pro hac vice*) | |
| 425 Lexington Avenue | AMERICAN CIVIL LIBERTIES UNION |
| New York, NY 10017 | FOUNDATION |
| (212) 455-2000 | Ezekiel Edwards (*pro hac vice*) |
| jyoungwood@stblaw.com | Jeffery Robinson (*pro hac vice* forthcoming) |
| jgochman@stblaw.com | 125 Broad Street |
| irethy@stblaw.com | New York, NY 10004 |
| kavitha.sivashanker@stblaw.com | (212) 549-2610 |
| nchoudhri@stblaw.com | eedwards@aclu.org |
| christopherjumin.lee@stblaw.com | jrobinson@aclu.org |
| bonnie.jarrett@stblaw.com | |
| | *Attorneys for Plaintiffs* |

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 28, 2018, I caused the foregoing **MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS CLAIMS OF MARVIN MCFIELD FOR FAILURE TO PROSECUTE** to be electronically filed with the Clerk of the Court using the CM/ECF system, through which copies have been served to:

WISE CARTER CHILD & CARAWAY, P.A.
Michael B. Wallace (Miss. Bar No. 6904)
Charles E. Ross (Miss. Bar No. 5683)
James E. Graves (Miss. Bar No. 102252)
Charles E. Cowan (Miss. Bar No. 104478)
T. Russell Nobile (Miss. Bar No. 100682)
Post Office Box 651
Jackson, MS 39205
(601) 968-5534
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com

CURRIE JOHNSON & MYERS, P.A.
Rebecca B. Cowan (Miss. Bar No. 7735)
P.O. Box 750
Jackson, MS 39205
(601) 969-1010
bcowan@curriejohnson.com

*/s/ Joshua Tom*
Joshua Tom