IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LATOYA BROWN; LAWRENCE BLACKMON
HERBERT ANTHONY GREEN; KHADAFY MANNING;
QUINETTA MANNING; HERBERT ANTHONY GREEN; NICHOLAS
SINGLETON; STEVEN SMITH; BESSIE THOMAS; and
BETTY JEAN WILLIAMS TUCKER, individually and on
behalf of a class of all other similarly situated,**                                **PLAINTIFFS**

**v.**                                              **CIVIL ACTION NO. 3:17-cv-347 WHB LRA**

**MADISON COUNTY, MISSISSIPPI; SHERIFF
RANDALL C. TUCKER, in his official capacity; and
MADISON COUNTY SHERIFF'S DEPUTIES JOHN
DOES #1 through #6, in their individual capacities,**                 **DEFENDANTS**

---

**REBUTTAL MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS HERBERT ANTHONY GREEN WITH PREJUDICE**

---

Defendants have moved this Court [Dkt. #182, #183] to dismiss with prejudice the claims of Herbert Anthony Green because he has declined to be deposed, and because he has announced his desire to withdraw his claims. Green, through his counsel, opposes the motion, but not because he has changed his mind and now wishes to submit to a deposition and proceed with his complaint. Instead, he simply wants to walk away from his claims without prejudice, leaving himself free to renew them at a later date. [Dkt. #203 ¶3]. Neither of the first two subparts of *Fed. R. Civ. P.* 41 permits him to do that.

**I.    RULE 41(a) REQUIRES DISMISSAL WITH PREJUDICE UNDER THESE FACTS.**

Although he does not so designate his response, Green, in effect, has filed a cross-motion to dismiss. He concludes his prayer by asking that "the Court should instead enter an Order

dismissing the claims of Plaintiff Herbert Anthony Green without prejudice." Naturally, he does not offer to pay his share of the costs and expenses defendants have incurred in resisting his complaint. He simply wishes to escape the consequences of his decision to file suit, while retaining the right to sue again. For multiple reasons, he is entitled to no such relief.

First, in the context of this proposed class action, Green cannot bring himself within the circumstances required by the Fifth Circuit in cases of dismissal without prejudice. In *Taylor v. Bunge Corp.*, 775 F.2d 617 (5th Cir. 1985), plaintiff had voluntarily dismissed his first complaint, and the second was dismissed under the statute of limitations. The Fifth Circuit affirmed:

> The plaintiff's voluntary dismissal of his earlier suit without prejudice did not toll the statute. As we held in *LeCompte v. Mr. Chip, Inc.*, [528 F.2d 601, 603 (5th Cir. 1976),] the effect of such a dismissal was to put the plaintiff in the same legal position in which he would have been had he never brought the first suit. The prescriptive period, therefore, is not tolled by the bringing of an action that is later voluntarily dismissed.

775 F.2d at 619 (footnotes omitted). Here, a simple dismissal without prejudice would not put Green "in the same legal position in which he would have been had he never brought the first suit." That is because the filing of a proposed class action tolls the statute of limitations as to all class members. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983). Unless Green asks to be excluded from the class, a dismissal without prejudice would allow him to walk away from the case while retaining the right to file another suit until the class certification issue has been resolved. That is not what the Fifth Circuit in *Taylor* intended the effect of a dismissal without prejudice to be.

Moreover, a dismissal without prejudice ordinarily obliges a plaintiff to compensate the defendant whose time and money he has wasted. "[D]ismissals without prejudice are usually granted only if the plaintiff pays expenses incurred by the defendant in defending the suit." 8 *Moore's Federal Practice* § 41.40[10][d] at 41-181 (3d ed. 2016). As the Seventh Circuit pointed

2

out in *Babcock v. McDaniel*, 148 F.3d 797 (7th Cir. 1998), even a prisoner should know better than to expect to be allowed a dismissal without prejudice without paying his adversary's expenses. There, the prisoner had requested a dismissal, without specifying whether it should be with or without prejudice, but quite clearly asked to be relieved from any payment. The Court declared that plaintiff could avoid payment of costs only by dismissing with prejudice:

> As we pointed out in *Marlow* [*v. Winston & Strawn*, 19 F.3d 300 (7th Cir. 1994)], dismissals *without* prejudice are usually granted only if the plaintiff pays expenses incurred by the defendant in defending the suit up to that point. *Marlow*, 19 F.3d at 303. Payment of the defendant's costs serves "to offset the possible prejudice defendant may otherwise suffer from plaintiff dismissing his complaint without prejudice." *Id*. Under the interpretation asserted by the plaintiff on appeal, Babcock's letter sought both a dismissal without prejudice and relief from costs, an unusual and unrealistic combination. Such relief would have been a boon for Babcock, who would have been relieved from paying the defendant's costs and yet still able to renew his suit against the defendant in the future.

148 F.3d at 799 (emphasis in original).

Green is represented by lawyers far better versed in the law than the prisoner dismissed with prejudice in *Babcock*. Green is not entitled to the "unusual and unrealistic combination" which the Seventh Circuit denied that prisoner. Green has offered no reason why he should be entitled to a voluntary dismissal without prejudice and with no conditions. Rule 41(a) (2) explicitly authorizes this Court to allow dismissal without prejudice only "on terms that the court considers proper." At a minimum, those terms should exclude Green from any class, so that his statute of limitations would not have been tolled by the filing of his complaint, and require the payment of his share of the costs, fees, and expenses incurred by Defendants in resisting his baseless complaint.

## II. THERE IS NO REASON HERE TO DEPART FROM THE PRESUMPTION THAT A RULE 41(b) DISMISSAL IS WITH PREJUDICE.

Green's counsel triumphantly cites the initial considerations under *Berry v. CIGNA/RSI-CIGNA*, 475 F.2d 1188, 1191 (5th Cir. 1992), allowing affirmance of an involuntary dismissal with prejudice "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." Defendants did not cite this language because it has no application in this case, where Green's counsel admit he does not want to pursue his claims. Whatever the disposition of the claims of the other nine plaintiffs, Green delayed the disposition of his claims by refusing to show up to be deposed. There is no reason to consider whether lesser sanctions would "prompt diligent prosecution," because Green does not presently want to prosecute anything.

The only question concerning Green's dismissal, as his response makes clear, is whether it should be with prejudice. That is why Defendants called attention to the three aggravating factors, any one of which can be sufficient to require dismissal with prejudice: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.*, quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986). As to at least the first of those three factors, there is no dispute. Green's counsel do not claim that his failure to appear to be deposed is their fault; in the email attached as Exhibit 1 to the brief supporting the motion [Dkt. #183-1], sent at 9:38 p.m. on Sunday night before the next day's scheduled deposition, his counsel announced Green's "intention to discontinue his participation in this action." It is now plain that Green does not want to go forward.

Moreover, the bare assertion of Green's counsel that Defendants have not suffered "any actual prejudice" [Dkt. #204 at 4] makes no sense. It takes time and money to prepare to depose

4

a plaintiff. In this case, the time and money were wasted, because Green cancelled the deposition only hours before it was scheduled to begin. The fact that Defendants also prepared to depose nine other plaintiffs does not negate the fact that they prepared to depose Green. This is not a case in which a defendant filed an answer and nothing else happened. Green imposed real costs on Defendants, which his counsel stubbornly refuse to recognize.

All of the District Court cases cited by Green's counsel are ones, unlike this case, in which the plaintiff wished to pursue his claims. Where a plaintiff is pleading for mercy and seeking a second chance to go forward, courts can find good reasons to permit the litigation to continue. That is not this case. Green does not dispute the facts, and he does not claim that he wants to go forward. He simply wishes to avoid the consequences of his conduct.

The presumption embodied in Rule 41(b) is that "a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." It is true, as Green's counsel observes, that the text of Rule 41(b) permits this Court to state otherwise. However, they fail to identify any good reason that this Court should depart from the general rule. Green has had his chance to assert his claims, and he has chosen not to do it. There is no reason for this Court to preserve his claims just in case he changes his mind again.

## CONCLUSION

For the reasons stated herein and in defendants' original memorandum [Dkt. #181], Green's claims should be dismissed with prejudice under Rule 41(b). Taking his response as a cross-motion for voluntary dismissal under Rule 41(a), his claims should be dismissed with prejudice because he has not offered to accept the consequences of a voluntary dismissal. Neither this Court nor these Defendants should have to deal with Green again.

This the 7th day of March, 2018.

                                              Respectfully submitted,

                                              By:   */s/ Rebecca B. Cowan*
                                                        Rebecca B. Cowan (MSB #7735)

OF COUNSEL:

CURRIE JOHNSON & MYERS, P.A.
P.O. Box 750
Jackson, Mississippi    39205-0750
Telephone: 601-969-1010
Facsimile:   601-969-5120
bcowan@curriejohnson.com

Michael B. Wallace (MSB #6904)
Charles E. Ross (MSB #5683)
James E. Graves (MSB #102252)
Charles E. Cowan (MSB #104478)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39205-0651
Telephone: 601-968-5534
Facsimile: 601-944-7738
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com

and

T. Russell Nobile (MSB #100682)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: 228-867-7141
Facsimile: 228-867-7142
trn@wisecarter.com

Katie Bryant Snell (MSB #103607)
KATIE BRYANT SNELL, PLLC
P.O. Box 3007
Madison, Mississippi 39130-3007
Telephone: 601-460-9800
katie@katiebryantsnell.com

6

            J. Lawson Hester (MSB #2394)
            PETTIS, BARFIELD & HESTER, P.A.
            4450 Old Canton Road, Suite 210
            Jackson, Mississippi 39211
            Telephone: 601-987-5300
            Facsimile: 601-987-5353
            lhester@pbhfirm.com

**CERTIFICATE OF SERVICE**

I, Rebecca B. Cowan, hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following:

Joshua Tom, Esq.
American Civil Liberties Union of Mississippi Foundation
233 E. Capitol Street
Jackson, MS 39201
PWu@aclu-ms.org
JTom@aclu-ms.org

Jonathan K. Youngwood, Esq. (*pro hac vice*)
Janet A. Gochman, Esq. (*pro hac vice*)
Isaac Rethy, Esq. (*pro hac vice*)
Nihara K. Choudhri, Esq. (*pro hac vice*)
Kavitha Satya Sivashanker, Esq. (*pro hac vice*)
Brooke Jarrett, Esq. (*pro hac vice*)
Jumin Lee, Esq. (*pro hac vice*)
Christopher K. Shields, Esq. (*pro hac vice*)
Simpson Thatcher & Bartlett, LLP
425 Lexington Avenue
New York, NY    10017
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
nchoudhri@stblaw.com
kavitha.sivashanker@stblaw.com
bonnie.jarrett@stblaw.com
christopherjumin.lee@stblaw.com
christopher.shields@stblaw.com

Ezekiel Edwards, Esq. (*pro hac vice*)
Jeffery Robinson, Esq. (*pro hac vice)*
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
eedwards@aclu.org
jrobinson@aclu.org

So, certified this the 7th day of March, 2018.

/*s/ Rebecca B. Cowan*