**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| LATOYA BROWN; LAWRENCE BLACKMON; HERBERT ANTHONY GREEN; KHADAFY MANNING; QUINNETTA MANNING; MARVIN MCFIELD; NICHOLAS SINGLETON; STEVEN SMITH; BESSIE THOMAS; and BETTY JEAN WILLIAMS TUCKER, individually and on behalf of a class of all others similarly situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>MADISON COUNTY, MISSISSIPPI; SHERIFF RANDALL S. TUCKER, in his official capacity; and MADISON COUNTY SHERIFF'S DEPUTIES JOHN DOES #1 through #6, in their individual capacities,<br><br>    Defendants. | Civil Action No. 3:17-cv-00347-WHB-LRA |

**MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS' MOTION TO STRIKE
PLAINTIFF BETTY JEAN WILLIAMS TUCKER'S DEPOSITION ERRATA SHEET**

Plaintiffs respectfully submit this Memorandum of Law in response to Defendants' Motion to Strike Plaintiff Betty Jean Williams Tucker's Deposition Errata Sheet ("Motion"). ECF No. 198. In accordance with Fed. R. Civ. P. 30(e), Plaintiff Tucker timely submitted a deposition errata sheet identifying certain necessary corrections to her December 19, 2017 deposition transcript.

Ms. Tucker's first six corrections on the errata sheet concern the incorrect transcription of Ms. Tucker's husband's first name as "Alva"; Ms. Tucker simply seeks to correct her husband's first name to "Albert." Defs.' Ex. C, at 1, ECF No. 198-3. The final correction on Ms. Tucker's

errata sheet pertains to an incident described in the Complaint where deputies from the Madison County Sheriff's Department ("MCSD") searched all guests and the surrounding area at a celebratory barbeque hosted by Ms. Tucker.  *See* Compl. ¶ 293.  At the deposition, Defendants' counsel asked Ms. Tucker whether this incident had occurred "more than five years ago?"  Ms. Tucker replied "[p]robably so."  Defs.' Ex. A, at 6 (30:21-23), ECF No. 198-1.  In her errata sheet, Ms. Tucker seeks to correct her response to "I do not remember" to accurately reflect her inability to recollect whether this incident occurred more, rather than less, than five years prior to the date of her deposition.  Defs.' Ex. C, at 1.  To that end, Ms. Tucker filled out completely the deposition errata sheet—provided by eDeposition Services, the court reporting service chosen by Defendants for Ms. Tucker's deposition—to make those necessary corrections.  *See* Defs.' Ex. C. In the errata sheet, she listed each correction to be made to her deposition transcript along with the corresponding transcript page and line number, and she did not leave any provided fields for such corrections on the errata sheet blank.  *Id.* at 1.

 After Defendants received Ms. Tucker's deposition errata sheet on January 23, 2018 (*see* Defs.' Ex. B, ECF No. 198-2), Defendants did not ask for further explanation for these essentially two corrections made by Ms. Tucker nor did they attempt to resolve this minor dispute without court intervention.  Rather, on February 23, 2018—a week after the deadline for the completion of class certification-related fact discovery and without meeting and conferring with Plaintiffs—Defendants filed the instant discovery Motion in violation of Paragraph 6(F)(4) of the Case Management Order (ECF No. 30) and Local Rules 7(b)(2)(C) and 37(a).  As Exhibit A to Plaintiffs' Response, Plaintiffs also now provide Plaintiff Tucker's Reasons for Changes on Errata Sheet, which further cures any defect with her deposition errata sheet by providing

adequate explanations for her corrections. In light of the foregoing, Defendants' Motion should be denied.

**ARGUMENT**

Fed. R. Civ. P. 30(e) provides that a deponent "must be allowed 30 days" to review her or his deposition transcript and to "sign a statement listing the changes and the reasons for making them." Ms. Tucker's timely submitted deposition errata sheet should not be struck under this rule, as (i) she is seeking to correct essentially two errors in her transcript to accurately reflect her testimony and recollection; (ii) she completely filled out the errata sheet provided by the court reporting service chosen by Defendants and has cured any defect with such errata sheet with the submission of her Reasons for Changes on Errata Sheet, filed as Exhibit A to Plaintiffs' Response; (iii) Defendants failed to meet and confer with Plaintiffs prior to filing the Motion in violation of Paragraph 6(F)(4) of the Case Management Order (ECF No. 30) and Local Rule 37(a); and (iv) Defendants filed the Motion a week after the close of class certification-related fact discovery in violation of Local Rule 7(b)(2)(C).

First, in her deposition errata sheet, Ms. Tucker simply seeks to correct (i) six incorrect transcriptions of her husband's first name and (ii) her response regarding her recollection of the timing of the MCSD search at her home during a barbeque to accurately reflect her memory. Ms. Tucker's changes are not driven by gamesmanship or a desire to rewrite her testimony, in contrast to the cases relied upon by Defendants in their Motion. *See* Defs. Memo. at 5-6, ECF No. 199. For example, in *Reed v. Hernandez*, 114 F. App'x 609, 610-11 (5th Cir. 2004), the court found no manifest error in excluding an *untimely* errata sheet seeking to make *120 changes*, including changing "yes" to "no," "correct" to "incorrect," and otherwise contradicting previous answers. And in *Reynolds v. Werner Enters., Inc.*, No. 3:15-cv-764-HTW-LRA, 2016 WL 4821651 (S.D. Miss. Sept. 13, 2016), this Court struck an errata sheet seeking to rewrite

unfavorable testimony and otherwise change several "no" answers to "yes" and a "yes" answer to "no." *See* Pls.' Ex. B (Martin Deposition Errata Sheet, *Reynolds*, No. 3:15-cv-764-HTW-LRA, ECF No. 95-2).[1] Here, unlike in *Reed*, *Reynolds*, and *Crawford*, Ms. Tucker solely seeks to correct her husband's first name in the transcript and her testimony regarding whether the barbeque search incident occurred "more than five years ago" to accurately reflect that she does not remember whether such incident occurred more, rather than less, than five years prior to the date of her deposition.

Second, none of the cases cited by Defendants address the significance of an errata sheet with no space on the form for explanations to be provided for changes, as is the case here with the errata sheet provided by the court reporting service chosen by Defendants for Ms. Tucker's deposition. In *Reyazuddin v. Montgomery County, MD*, the court reporter similarly had provided an errata sheet that "included three columns labeled 'page,' 'line,' and 'should have been,'" and after a motion to strike, the deponent "proceeded to list a reason for each of the changes." No. CV DKC-11-951, 2013 WL 12246633, at *1 (D. Md. Apr. 24, 2013). The court held that it would "not strike the errata sheet on the basis of non-compliance with the procedural requirement of rule 30(e)," as "Defendant has cured the defect with the submission of [the deponent's] *Reasons for Changes on Errata Sheet*." *Id.* at *2. Here, too, Ms. Tucker's errata sheet only was missing explanations because the form itself "did not contain a place to include the reasons for [her] changes." *Id.* at *1. In addition, Fifth Circuit courts similarly have declined to strike errata sheets that lacked explanations for changes. *See Shook v. Winn-Dixie Montgomery Leasing, LLC*, No. 1:08 CV 330 HSO-JMR, 2010 WL 107633, at *1 (S.D. Miss.

---

[1] Similarly, in *Crawford v. Mare Mortg., LLC*, No. CIVA 4:05CV186 LR, 2006 WL 1892072, at *1 (S.D. Miss. July 10, 2006), the court rejected errata sheets that "directly refute[d] the testimony given at [Plaintiffs'] depositions" because "changing a 'yes' response to 'no' requires more rationale than the word 'correction.'"

4

Jan. 11, 2010) ("Dr. Irby should be granted one week to cure the deficiencies contained in his deposition errata sheet."); *Eicken v. USAA Fed. Sav. Bank*, 498 F. Supp. 2d 954, 961 (S.D. Tex. 2007) (declining to strike errata sheets). Accordingly, the Court should not strike Ms. Tucker's errata sheet, given Ms. Tucker completely filled out the errata sheet provided to her by the court reporting service chosen by Defendants and has cured any defect with provision of her Reasons for Changes on Errata Sheet filed in connection herewith. *See* Pls.' Ex. A.

Third, Defendants failed to meet and confer with Plaintiffs before filing their discovery Motion, in violation of Paragraph 6(F)(4) of the Case Management Order (ECF No. 30) and Local Rule 37(a). *See Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001) (denying motion to compel where no certificate of good faith was attached). Had Defendants met and conferred with Plaintiffs, this minor dispute may have been resolved without the need to consume the Court's valuable resources.[2]

Finally, Defendants did not file their discovery Motion "sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline," as required by Local Rule 7(b)(2)(C).[3] Defendants were provided with Ms. Tucker's errata sheet on January 23, 2018 (*see* Defs.' Ex. B), a full three weeks before the February 16, 2018 class certification-related fact discovery deadline. *See* Order, ECF No. 169. However, Defendants only filed their Motion on February 23, 2018—one week *after* the February 16, 2018 deadline. ECF No. 198. Thus, Defendants' Motion is untimely and should be denied on this basis as well. *See e.g.*, *Walker v. Target Corp.*, No. 2:16-

---

[2] While this Court waived the "meet and confer" requirement in *Reynolds*, 2016 WL 4821651, at *2, *Reynolds* involved a deponent attempting to rewrite her testimony, unlike the two straightforward corrections Ms. Tucker seeks to make to her deposition transcript here. *Compare* Pls.' Ex. B *to* Defs.' Ex. C.

[3] This Court also acknowledged in *Reynolds* that a motion to strike an errata sheet constitutes a "discovery dispute," and is subject to discovery-related procedural rules. 2016 WL 4821651, at *2.

CV-42-KS-MTP, 2017 WL 5483213, at *2 (S.D. Miss. June 13, 2017) (denying motion to strike supplemental interrogatories that was filed after the discovery deadline); *Full House Resorts, Inc. v. Boggs & Poole Contracting Grp., Inc.*, No. 1:14-CV-223-KS-MTP, 2015 WL 4478495, at *3 (S.D. Miss. July 22, 2015) (denying motions to compel not filed "sufficiently in advance of the discovery deadline").

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court deny Defendants' Motion.

Dated: March 9, 2018

By: /s/ *Joshua Tom*
    Joshua Tom

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
Isaac Rethy (*pro hac vice*)
Kavitha S. Sivashanker (*pro hac vice*)
Nihara K. Choudhri (*pro hac vice*)
Christopher K. Shields (*pro hac vice*)
Jumin Lee (*pro hac vice*)
Brooke Jarrett (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
kavitha.sivashanker@stblaw.com
nchoudhri@stblaw.com
christopher.shields@stblaw.com
christopherjumin.lee@stblaw.com
bonnie.jarrett@stblaw.com

AMERICAN CIVIL LIBERTIES UNION
OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408
JTom@aclu-ms.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Ezekiel Edwards (*pro hac vice*)
Jeffery Robinson (*pro hac vice* forthcoming)
125 Broad Street
New York, NY 10004
(212) 549-2610
eedwards@aclu.org
jrobinson@aclu.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2018, I caused the foregoing **MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF BETTY JEAN WILLIAMS TUCKER'S DEPOSITION ERRATA SHEET** to be electronically filed with the Clerk of the Court using the CM/ECF system, through which copies have been served to:

WISE CARTER CHILD & CARAWAY, P.A.
Michael B. Wallace (Miss. Bar No. 6904)
Charles E. Ross (Miss. Bar No. 5683)
James E. Graves (Miss. Bar No. 102252)
Charles E. Cowan (Miss. Bar No. 104478)
T. Russell Nobile (Miss. Bar No. 100682)
Post Office Box 651
Jackson, MS 39205
(601) 968-5534
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com

CURRIE JOHNSON & MYERS, P.A.
Rebecca B. Cowan (Miss. Bar No. 7735)
P.O. Box 750
Jackson, MS 39205
(601) 969-1010
bcowan@curriejohnson.com

PETTIS, BARFIELD & HESTER, P.A.
J. Lawson Hester
4450 Old Canton Road, Suite 210
Jackson, MS 39211
(601) 987-5300
lhester@pbhfirm.com

*/s/ Joshua Tom*
Joshua Tom

LATOYA BROWN VERSUS MADISON COUNTY, MISSISSIPPI, ET AL.
Betty Jean Williams Tucker – 12/19/2017

1  REASONS FOR CHANGES ON ERRATA SHEET
2
3  PAGE/LINE    CORRECTION                          REASON FOR CHANGE
4  8:18         Replace "Alva" with "Albert"        Transcription error
5  11:1         Replace "Alva" with "Albert"        Transcription error
6  14:6         Replace "Alva" with "Albert"        Transcription error
7  14:8         Replace "Alva" with "Albert"        Transcription error
8  14:10        Replace "Alva" with "Albert"        Transcription error
9  14:14        Replace "Alva" with "Albert"        Transcription error
10 30:23        Change "probably so" to             During my deposition, I incorrectly stated that
11              "I do not remember"                 an incident probably happened more than five
12                                                  years ago.  Upon further reflection and
13                                                  reviewing the transcript, I do not know
14                                                  whether it more likely occurred more, rather
15                                                  than less, than five years ago.  I do not have
16                                                  any documents that I can review to help me
17                                                  remember.  Accordingly, the correct answer to
18                                                  the question is "I do not remember."
19
20
21
22
23
24
25

LATOYA BROWN VERSUS MADISON COUNTY, MISSISSIPPI, ET AL.
Betty Jean Williams Tucker - 12/19/2017

```
 1   I, BETTY JEAN WILLIAMS TUCKER, have read the foregoing
 2   deposition and hereby affix my signature that same
 3   is true and correct, except as noted above.
 4   _Betty J. Tucker_____
 5   BETTY JEAN WILLIAMS TUCKER
 6   THE STATE OF  Mississippi     )
 7   COUNTY OF  Hinds              )
 8   Before me, Jade Morgan, on this day
 9   personally appeared BETTY JEAN WILLIAMS TUCKER, known
10   to me (or proved to me under oath or other document)
11   to be the person whose name is subscribed to the
12   foregoing instrument and acknowledged to
13   consideration therein expressed.
14   Given under my hand and seal of office this 8th
15   day of March                A.D., 2018.
16
17   _Jade Morgan_____
18   NOTARY PUBLIC IN AND FOR
19   THE STATE OF  Mississippi
20   My Commission Expires: November 30, 2021
21
22
23           [NOTARY SEAL: STATE OF MISSISSIPPI
24            NOTARY PUBLIC, ID # 122302,
25            JADE MORGAN, Commission Expires Nov. 30, 2021, HINDS COUNTY]
```

THERESA MARTIN - 05/24/2016　　　　Page 119

```
 1                CERTIFICATE OF DEPONENT
 2        I, THERESA MARTIN, certify that I have
 3   examined the foregoing pages as to the correctness
 4   thereof, and that after reading said pages, I find
 5   them to contain a full and true transcript of the
 6   testimony as given by me on MAY 24, 2016, except for
 7   the list of corrections, if any, attached on a
 8   separate sheet with the page number, line number and
 9   the desired correction/change.
10        Witness my hand, this the          day of
11                   , 2016.
12                   _____Theresa Martin_____
13                       THERESA MARTIN
14                         CERTIFICATE
15        Subscribed and sworn to before me, this the
16   __27th__ day of __June__, 2016.
17
18   MY COMMISSION EXPIRES:  _____Vicki C._____
19   __2-19-2019__                NOTARY PUBLIC
20
21
22
23
24
25
```

DTI Court Reporting Solutions - Jackson, MS
1-800-372-3376　　　　　　　　　　　　　www.deposition.com



EXHIBIT B

THERESA MARTIN - 05/24/2016                    Page 120

| 1  | LINE NO. | PAGE NO. | CORRECTION |
|----|----------|----------|------------|
| 2  | 22 | 14 | Change to: I was first a student driver and then a driver |
| 3  | 6 | 49 | Change to: While I was a student driver, in January |
| 4  | 2013, I was counseled about the importance of maintaining accurate logs, and had to take CBTS for remeidal log test. | | |
| 5  | 6 | 58 | Change to: Yes, I didn't see Ms. Reynolds and I cannot |
| 6  | be sure what she may have done or not done that would have been wrong. | | |
| 7  | 18 | 100 | Change to: Yes. |
| 8  | 4 | 101 | Change to: No. |
| 9  | 6-8 | 101 | Strike this response. |
| 10 | 20-21 | 108 | Change to: While I was a student driver, In January |
| 11 | 2013, I had to take additional CBTS for remedial log test. | | |
| 12 | 3-5 | 109 | Change to: Yes |