**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | | |
|---|---|---|
| **LATOYA BROWN; LAWRENCE BLACKMON HERBERT ANTHONY GREEN; KHADAFY MANNING; QUINETTA MANNING; MARVIN MCFIELD; NICHOLAS SINGLETON; STEVEN SMITH; BESSIE THOMAS; and BETTY JEAN WILLIAMS TUCKER, individually and on behalf of a class of all other similarly situated** | | **PLAINTIFFS** |
| **v.** | | **CIVIL ACTION NO. 3:17-cv-347-WHB-LRA** |
| **MADISON COUNTY, MISSISSIPPI; SHERIFF RANDALL S. TUCKER, in his official capacity; and MADISON COUNTY SHERIFF'S DEPUTIES JOHN DOES #1 through #6, in their individual capacities** | | **DEFENDANTS** |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT ON THE CLAIMS
OF PLAINTIFF NICHOLAS SINGLETON**

Defendants Madison County, Mississippi, and Sheriff Randall S. Tucker, by and through counsel, file the following Memorandum in support of their motion for summary judgment on the individual and class-based claims of Plaintiff Nicholas Singleton:

**INTRODUCTION**

Nicholas Singleton filed this action along with nine other plaintiffs alleging that the Madison County Sheriff's Department ("MCSD") has a top-down policy of intentional race discrimination. Singleton's claims are based on two primary allegations: (1) that the MCSD unlawfully entered his home in 2011 following the controlled delivery of a package; and (2) that he has been stopped by MCSD deputies at safety checkpoints (or roadblocks) in Madison County. *See* Complaint [Docket # 1], at ¶¶ 263-268; Singleton's deposition (**Exhibit A**), at pg. 19, 22-23. Singleton alleges that these alleged acts constitute Fourth Amendment violations intentionally

1

committed against him because he is Black, and he further alleges the MCSD's policy of intentional race discrimination violates 42 U.S.C. § 1983 and 42 U.S.C.A. § 2000d of Title VI of the Civil Rights Act of 1964. He seeks injunctive and declaratory relief on behalf of himself and a purported class of individuals he defines as:

> People who (1) are, or who appear to be, Black and those in their company, and (2) were, are, or will be in Madison County, and (3) were, are, or will be, subject to the MCSD's policy, custom, and/or practice of systematically executing unreasonable searches and seizures of person, homes, cars, and property on the basis of race."

Complaint [Docket # 1], at ¶ 300.

Summary judgment should be granted on both Singleton's § 1983 and Title VI claims. Singleton admits that the alleged unlawful entry into his home occurred in 2011, and he did not file the present lawsuit until May 8, 2017. Any claim based upon this alleged unlawful entry is therefore barred by the applicable three-year statute of limitations. Further, Singleton admitted in his deposition that he does not believe the alleged entry to his home was the result of intentional race discrimination. *See* Exhibit A, at pg. 41. Moreover, Singleton offers no evidence to support his allegation that the checkpoints where he was stopped constituted a Fourth Amendment violation, much less that they were established as part of a top-down policy of intentional race discrimination.[1]

## LEGAL STANDARD

"The moving party bears the initial burden of showing that there is no genuine issue for trial; it may do so by pointing out the absence of evidence supporting the nonmoving party's case."

---

[1] Singleton has abandoned his claim that the MCSD only sets up checkpoints in predominantly Black neighborhoods, which he first asserted in ¶ 267 of his Complaint but did not include in the list of MCSD policies he claims sanction or encourage" unreasonable searches and seizures or racial discrimination" when supplementing his responses to an interrogatory inquiring about these policies. *See* Singleton's Second Supplemental Response to Interrogatory No. 8 of Defendants' First Set of Interrogatories, (**Exhibit B**).

*Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (internal quotations omitted). If the moving party meets its burden, "the nonmoving party who has the burden of proof at trial must come forward with summary judgment evidence establishing the existence of a genuine issue; that evidence must be such that if introduced at trial it would suffice to prevent a directed verdict against the nonmovant." *Id.*

## LEGAL ARGUMENT

### I.    SUMMARY JUDGMENT SHOULD BE GRANTED ON PLAINTIFF'S CLAIMS ARISING FROM THE ALLEGED 2011 HOME ENTRY.

Summary judgment should be granted on Singleton's claims arising from the alleged unlawful entry into his home for two independent reasons. First, the claims are barred by the applicable three-year statute of limitations. Second, Singleton not only fails to prove that the entry into his home was the result of intentional race discrimination, he unequivocally admitted in his deposition that he does not believe it was.

#### A.    Plaintiff's claim is time-barred.

Federal courts apply state law statutes of limitations to federal civil rights claims arising under § 1983 and Title VI. *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1521 (5th Cir. 1993). In this case, the applicable statute is Mississippi's three-year statute of limitations prescribed by Miss. Code § 15-1-49. *Walker v. Epps*, 550 F.3d 407, 415 (5th Cir. 2008). This statute applies even though Singleton is only seeking declaratory and injunctive relief to prevent future conduct. *Id.* at 411-412. In other words, Singleton must first prove that a prior constitutional violation was committed against her within the statutory period before he can obtain injunctive relief against future conduct. *Id.*

Application of § 15-1-49 bars Singleton's unlawful home entry claims. Singleton admits that the incident occurred in 2011. *See* Exhibit A, at pg. 22. Any alleged civil rights claim arising

3

from the incident thus expired in 2014, long before Singleton filed the present action on May 8, 2017. *See generally Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (holding that a § 1983 claim accrues, and the limitations period begins to run, "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."). His claims arising from the alleged unlawful home entry are therefore time-barred.

> **B.     Plaintiff offers no evidence to support his allegation that the alleged unlawful entry was the result of a top-down policy of race discrimination.**

In addition to being time barred, Singleton's unlawful home entry claims fail on the merits. To succeed on his claim under § 1983 or Title VI, Singleton must prove intentional race discrimination. *See* Alexander *v. Sandoval,* 532 U.S. 276, 280 (2001) (holding that Title VI requires proof of intentional discrimination); *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1997) ("In order to state a claim of racial discrimination under the Equal Protection Clause and § 1983, a plaintiff must demonstrate that the governmental official was motivated by intentional discrimination on the basis of race."); *Vera v. Tue*, 73 F.3d 604, 609 (5th Cir.1996) ("Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause."). He fails to meet this burden.

Singleton alleged in his Complaint that the entry into his home was the result of "a **coordinated top-down program** of methodically targeting Black individuals for suspicionless searches and seizures." Complaint [Docket # 1], at ¶ 1. However, Singleton admitted unequivocally in his deposition that he does not believe this to be so. When asked about the incident, Singleton testified as follows:

> Q.     Now, do you think that that incident was based on race discrimination?
>
> A.     No.

Exhibit A, at pg. 41.  Singleton has thus disavowed any claim that the home entry was the result of intentional race discrimination.  This serves as an additional ground for granting summary judgment on Singleton's § 1983 and Title VI claims arising from the alleged unlawful home entry.

      **II.**    **PLAINTIFF'S ALLEGATION THAT THE MCSD CONDUCTS SAFETY CHECKPOINTS ONLY IN PREDOMINANTLY BLACK AREAS HAS BEEN ABANDONED AND IS CONTRARY TO PLAINTIFF'S OWN TESTIMONY.**

Singleton initially alleged in his Complaint that he has been stopped at safety checkpoints (or roadblocks) conducted by the MCSD only in predominantly Black neighborhoods, and that he has "never seen" a similar checkpoint conducted by the MCSD outside of these areas.  *See* Complaint [Docket # 1], at ¶ 289.  Plaintiff later abandoned that theory in his supplemental interrogatory answers.  *See supra* n.1.  Summary judgment should be granted on Singleton's safety checkpoint-related claims for this reason alone.

Summary judgment can, and should, also be granted because Singleton presents no evidence supporting his allegation that the safety checkpoints at which he was stopped constituted a violation of the Fourth Amendment violation at all, much less one intentionally committed against him because of his race.  The law is clear that "discretionless stops designed to check a driver's license and registration are permissible." *United States v. Green*, 293 F.3d 855, 858 (5th Cir. 2002).  Further, once a vehicle is stopped, officers "can request a driver's license, insurance papers, vehicle registration, run a computer check thereon, and issue a citation" without running afoul of the Fourth Amendment.  *United States v. Shabazz*, 993 F.2d 431, 437 (5th Cir. 1993).  Singleton does not allege, much less prove, that the MCSD's checkpoints failed to comply with these standards.

Furthermore, Singleton has presented no evidence to support his claim that the MCSD sets up checkpoints in a racially discriminatory manner. To the contrary, Singleton's own deposition testimony contradicts such a claim. When asked to identify locations where he has been stopped by the MCSD at checkpoints, Singleton identified approximately ten (10) locations throughout Madison County,[2] and he admitted that most of them (at least six) were in areas he considers to be race "neutral." *Id.* at 53, 55 (identifying Old Highway 16, new Highway 16, Highway 43, Highway 51 and Highway 17 as race "neutral" locations). Thus, Singleton's allegation that the MCSD only conducts checkpoints in predominantly black neighborhoods is contradictory to his own undisputed testimony that the he has been stopped primarily at checkpoints in areas other than predominantly black neighborhoods. Singleton presents no other evidence to support his claim that the MCSD sets up it roadblocks in a racially discriminatory manner, and his "subjective belief of race discrimination cannot alone establish that he has been a victim of intentional discrimination." *Laborde v. City of Houston*, 31 F. App'x 151 (5th Cir. 2001) (citing *Ray v. Tandem Computers, Inc.*, 63 F .3d 429, 435 (5th Cir.1995)). Therefore, summary judgment should be granted on his safety checkpoint-related claims.

## CONCLUSION

For the reasons stated above, summary judgment should be granted on all of Singleton's claims.

Respectfully submitted this 12th day of March, 2018.

---

[2] *See* Exhibit A, at pp. 43-45 (identifying Canton Estates, the new projects, McNeal Elementary, King Ranch Road, Kingston Place, Old Highway 16, new Highway 16, Highway 43, Highway 51 and Highway 17 as locations where he has been stopped).

**MADISON COUNTY, MISSISSIPPI and
SHERIFF RANDALL C. TUCKER, IN
HIS OFFICIAL CAPACITY**

BY:   *s/ James E. Graves, III*
      Michael B. Wallace (MSB #6904)
      Charles E. Ross (MSB #5683)
      James E. Graves, III (MSB #102252)
      Charles E. Cowan (MSB #104478)
      WISE CARTER CHILD & CARAWAY, P.A.
      Post Office Box 651
      Jackson, Mississippi  39205-0651
      Telephone: 601-968-5534
      Facsimile: 601- 944-7738
      mbw@wisecarter.com
      cer@wisecarter.com
      jeg@wisecarter.com
      cec@wisecarter.com

      and

      T. Russell Nobile (MSB #100682)
      WISE CARTER CHILD & CARAWAY, P.A.
      2510 14th Street, Suite 1125
      Gulfport, Mississippi  39501
      Telephone: 228-867-7141
      Facsimile: 228-867-7142
      trn@wisecarter.com

      OF COUNSEL:

      Rebecca B. Cowan (MSB #7735)
      CURRIE JOHNSON & MYERS, P.A.
      1044 River Oaks Dr.
      Jackson, Mississippi  39232
      P.O. Box 750
      Jackson, Mississippi  39205-0750
      Telephone: 601-969-1010
      Facsimile:  601-969-5120
      bcowan@curriejohnson.com

>Katie Bryant Snell (MSB# 103607)
>KATIE BRYANT SNELL, PLLC
>P.O. Box 3007
>Madison, Mississippi  39130-3007
>Telephone: 601-460-9800
>katie@katiebryantsnell.com
>
>J. Lawson Hester
>PETTIS, BARFIELD & HESTER, P.A.
>4450 Old Canton Road, Suite 210
>Jackson, Mississippi  39211
>Telephone: 601-987-5300
>lhester@pbhfirm.com

## CERTIFICATE OF SERVICE

I, James E. Graves, III, hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification to all counsel of record.

This the 12th day of March, 2018.

>*s/ James E. Graves, III*
>JAMES E. GRAVES, III