# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

| | |
|---|---|
| LATOYA BROWN; LAWRENCE BLACKMON; HERBERT ANTHONY GREEN; KHADAFY MANNING; QUINNETTA MANNING; MARVIN MCFIELD; NICHOLAS SINGLETON; STEVEN SMITH; BESSIE THOMAS; and BETTY JEAN WILLIAMS TUCKER, individually and on behalf of a class of all others similarly situated, | Civil Action No. 3:17-cv-00347-WHB-LRA |
| Plaintiffs, | |
| v. | |
| MADISON COUNTY, MISSISSIPPI; SHERIFF RANDALL S. TUCKER, in his official capacity; and MADISON COUNTY SHERIFF'S DEPUTIES JOHN DOES #1 through #6, in their individual capacities, | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO SEAL AS RESTRICTED PORTIONS OF CERTAIN EXHIBITS

Plaintiffs submit this Memorandum of Law in Support of their Motion to Seal as Restricted Portions of Certain Exhibits pursuant to Local Uniform Civil Rule 79(e).  Plaintiffs filed a Motion for Class Certification on March 14, 2018 (ECF No. 231), along with 113 exhibits and an accompanying Memorandum of Law in Support of the Motion for Class Certification. Plaintiffs have conferred with Defendants' counsel, who do not oppose this motion.

Plaintiffs file this Motion to Seal as Restricted portions of three exhibits (the "Restricted Exhibits") that were publicly filed with certain redactions of information previously designated by the Parties as Confidential pursuant to the Stipulated Protective Order entered by the Court on September 6, 2017 (ECF No. 32).  Plaintiffs respectfully submit that good cause exists for this

Court to permit the public filing of the Restricted Exhibits in redacted form, and therefore request that the Court (i) grant Plaintiffs' motion to seal the limited portions of the Restricted Exhibits that have been filed in redacted form and (ii) authorize Plaintiffs to conventionally file unredacted copies of the Restricted Exhibits with the Court, with CM/ECF access to these unredacted exhibits limited to Plaintiffs' and Defendants' counsel in this case.  Because Defendants either produced or are already in possession of unredacted versions of the Restricted Exhibits, there is no need to restrict access to the redacted portions of the Restricted Exhibits from Defendants' counsel.

While there is a presumption of public access to inspect judicial records, "it is well established that every court has supervisory power over its own records and files[.]" *Crest Audio, Inc. v. QSC Audio Products, LLC*, 2014 WL 12639108, at *1 (S.D. Miss. May 28, 2014).  A court considering a request to restrict public access to judicial records "must exercise its discretion in light of the relevant facts and circumstances of the particular case and weigh the interests advanced by the parties in light of the public interest and the duty of the courts."  *Haley v. Merial*, 2013 WL 12213925, at *1 (N.D. Miss. Feb. 28, 2013).

In keeping with the presumption in favor of public access to court records, Plaintiffs have publicly filed via ECF the non-confidential portions of the Restricted Exhibits with their Motion for Class Certification, with only limited portions containing confidential material or personal identifying information redacted.[1]  Exhibit 89 to Plaintiffs' Motion for Class Certification contains excerpts of the Madison County Sheriff's Department's policies and guidelines, which

---

[1] Certain exhibits filed in support of the Motion for Class Certification contain personal identifying information that Plaintiffs have redacted pursuant to Federal Rule of Civil Procedure 5.2. Pursuant to Local Uniform Civil Rule 79(e) and in accordance with the instructions of the Clerk of this Court, Plaintiffs are not separately filing those exhibits under seal.

Defendants have designated as confidential and requested that Plaintiffs not file publicly (the redactions are on pages 2 and 4 of the exhibit).  Exhibits 3 and 10 are excerpts of deposition transcripts of two of the Named Plaintiffs.   In Exhibit 3, Plaintiffs have redacted a single word of testimony of named plaintiff Lawrence Blackmon specifying his username on a private social media account (the redaction is on page 73, lines 1 and 3 of the transcript) which is not relevant to Plaintiffs' Motion for Class Certification or the underlying claims in this action.  Similarly, in Exhibit 10, Plaintiffs have redacted the testimony of named plaintiff Betty Jean Williams Tucker concerning the arrest history of a family member (the redaction is on page 32, lines 1 through 12 of the transcript), personal information that is irrelevant to Plaintiffs' motion for class certification or the underlying claims in this action.  *See, e.g.*, *Bass by Bass v. Miss Porter's School*, 2009 WL 10690017, at *2 (D. Conn. July 24, 2009) (authorizing redaction of personal phone numbers in light of their irrelevance to the dispute and the countervailing interest in personal privacy).  The limited redaction of this private, immaterial information will not hinder the public's interest in having access to Plaintiffs' Motion for Class Certification.

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Motion to Seal as Restricted Portions of Certain Exhibits.

RESPECTFULLY SUBMITTED, this 14th day of March, 2018.

By:   /s/ Joshua Tom
     Joshua Tom

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
Isaac Rethy (*pro hac vice*)
Kavitha S. Sivashanker (*pro hac vice*)
Nihara K. Choudhri (*pro hac vice*)
Christopher K. Shields (*pro hac vice*)
Brooke Jarrett (*pro hac vice*)
Christopher Jumin Lee (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017

AMERICAN CIVIL LIBERTIES UNION
OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408
JTom@aclu-ms.org

AMERICAN CIVIL LIBERTIES UNION

3

(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
kavitha.sivashanker@stblaw.com
nchoudhri@stblaw.com
christopher.shields@stblaw.com
bonnie.jarrett@stblaw.com
christopherjumin.lee@stblaw.com

FOUNDATION
Ezekiel Edwards (*pro hac vice*)
Jeffery Robinson (*pro hac vice* forthcoming)
125 Broad Street
New York, NY 10004
(212) 549-2610
eedwards@aclu.org
jrobinson@aclu.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2018, I caused the foregoing **MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO SEAL AS RESTRICTED PORTIONS OF CERTAIN EXHIBITS** to be electronically filed with the Clerk of the Court using the CM/ECF system, through which copies have been served to:

WISE CARTER CHILD & CARAWAY, P.A.
Michael B. Wallace (Miss. Bar No. 6904)
Charles E. Ross (Miss. Bar No. 5683)
James E. Graves (Miss. Bar No. 102252)
Charles E. Cowan (Miss. Bar No. 104478)
T. Russell Nobile (Miss. Bar No. 100682)
Post Office Box 651
Jackson, MS 39205
(601) 968-5534
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com
trn@wisecarter.com

CURRIE JOHNSON & MYERS, P.A.
Rebecca B. Cowan (Miss. Bar No. 7735)
P.O. Box 750
Jackson, MS 39205
(601) 969-1010
bcowan@curriejohnson.com

KATIE BRYANT SNELL, PLLC
Katie Bryant Snell (Miss. Bar No. 103607)
P.O. Box 3007
Madison, Mississippi  39130-3007
(601) 460-9800
Katie@katiebryantsnell.com

PETTIS, BARFIELD & HESTER, P.A.
J. Lawson Hester (Miss. Bar No. 2394)
4450 Old Canton Road, Suite 210
Jackson, Mississippi  39211
(601) 987-5300
lhester@pbhfirm.com                *s/ Joshua Tom*_____
                                   Joshua Tom