IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LATOYA BROWN; LAWRENCE BLACKMON
HERBERT ANTHONY GREEN; KHADAFY MANNING;
QUINETTA MANNING; MARVIN MCFIELD; NICHOLAS
SINGLETON; STEVEN SMITH; BESSIE THOMAS; and
BETTY JEAN WILLIAMS TUCKER, individually and on
behalf of a class of all other similarly situated,                      PLAINTIFFS

v.                                                CIVIL ACTION NO. 3:17-cv-347 WHB LRA

MADISON COUNTY, MISSISSIPPI; SHERIFF
RANDALL C. TUCKER, in his official capacity; and
MADISON COUNTY SHERIFF'S DEPUTIES JOHN
DOES #1 through #6, in their individual capacities,                     DEFENDANTS

---

MEMORANDUM OF AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DENY CLASS CERTIFICATION

---

The essence of the complaint brought by ten current and former residents of Madison

County is found in its very first sentence:

> The Sheriff's Department of Madison County, Mississippi ("MCSD") implements
> a **coordinated top-down program** of methodically targeting Black individuals for
> suspicionless searches and seizures while they are driving their cars, walking in
> their neighborhoods, or even just spending time in their own homes (the "Policing
> Program").

[Dkt. #1, ¶1 (bold face in original)].    They seek certification as representatives of a class[1] under

Fed. R. Civ. P. 23(b)(2) "because Defendants have acted on grounds generally applicable to the

Class, thereby making Class-wide declaratory and injunctive relief appropriate."    [Dkt. #1, ¶309].

---

[1] Paragraph 300 of the complaint defines the proposed class as "People who (1) are, or who appear
to be, Black and those in their company, and (2) were, are, or will be in Madison County, and (3) were, are,
or will be subject to the MCSD's policy, custom, and/or practice of systematically executing unreasonable
searches and seizures of persons, homes, cars, and property on the basis of race."

The class asserts three claims for relief, two of them under 42 U.S.C. § 1983, and the third under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(b).[2]   Besides the injunctive relief requested against defendants, Sheriff Randall C. Tucker and Madison County, the only money sought on behalf of the class is for its lawyers.

Through this motion, defendants do not seek to disprove the false allegations of plaintiffs' complaint.   Instead, they ask this Court to conclude that class certification is not "appropriate" within the meaning of Rule 23(b)(2), whatever the facts may be.   In the unlikely event that any plaintiff proves a claim sufficient to require injunctive relief, that relief will equally affect all citizens of Madison County, whether or not a class is certified.   Because class certification is not necessary, it is not appropriate, and this Court should therefore deny class certification.

## ARGUMENT

## I.   DEFENDANTS MAY MOVE TO DENY CLASS CERTIFICATION.

"Either plaintiff or defendant may move for a determination of whether the action may be certified under Rule 23(c)(1)."   7AA C. Wright, A. Miller & M. Kane *Federal Practice & Procedure* § 1785 at 360 (3d ed. 2005), citing *Cook County College Teachers Union, Local 1600 v. Byrd*, 456 F.2d 882 (7th Cir.), cert. denied, 409 U.S. 848 (1972).   The plain text of Rule 23(c)(1)(A) requires this Court "[a]t an early practicable time" to "determine by order whether to certify the action as a class action."   Nothing in the text places any limitation on which party or parties may ask for the entry of such an order.

Courts have approved the granting of motions to deny filed by defendants when plaintiffs have had sufficient opportunity to conduct discovery to support their own position on class

---

[2] Plaintiffs Khadafy Manning and Quinnetta Manning as individuals assert claims for damages against Madison County under § 42 U.S.C. § 1983.

certification.  *Vinole v. Countrywide Home Loans, Inc*., 571 F.3d 935 (9th Cir. 2009).   Here, there can be no question that plaintiffs have had a full opportunity to take discovery.    The original case management order [Dkt. #30] allowed discovery through January 16, 2018, but the amended order [Dkt. #169] extended discovery through February 16, 2018.    That same order required the filing of a class certification motion no later than March 14, 2018, and this motion is being filed by defendants on that same date.

There can be no doubt, then, that this Court may properly consider defendants' motion. As demonstrated hereafter, there can be no doubt that this Court should grant it.

## II.    THE INJUNCTIVE RELIEF SOUGHT IN THE COMPLAINT INURES TO THE BENEFIT OF THE GENERAL PUBLIC, NOT ONLY PLAINTIFFS OR THE PROPOSED CLASS.

Although two of the plaintiffs, Khadafy Manning and Quinnetta Manning, seek damages, all plaintiffs seek only declaratory and injunctive relief on behalf of the class they purport to represent.    Nothing about that relief is peculiar to plaintiffs themselves or to the proposed class. Rather, they seek to benefit the entire public.    Just as the general public need not be a party to this case in order to enjoy the full effect of the requested injunction, so too no class need be certified. An injunction entered at the behest of a single plaintiff, if appropriate, will have exactly the same effect as one issued for a certified class.

The complaint's first arguably permissible prayer for injunctive relief [3] requires the

---

[3]  Paragraph C.i. of the prayer of the complaint seeks to enjoin the MCSD from engaging in conduct that violates the Constitution.    Of course, for hundreds of years, equity has refused to issue injunctions to follow the law, which is all this paragraph seeks. *Payne v. Travenol Laboratories, Inc*., 565 F.2d 895, 897-98 (5th Cir. 1978) (reversing injunction which prohibited "discriminating on the basis of color, race or sex" because it did no more than to tell defendants to "obey the law").    That wisdom is embodied in Fed. R. Civ. P. 65(d)(1)(C), which requires every injunction to "describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required."    The "other document" to which plaintiffs' prayer makes reference is the Constitution itself, without more.    There is no dispute in this case that the MCSD must comply with the Constitution; the dispute concerns what the Constitution requires in specific cases.    A bare injunction to follow the Constitution gives no member of the MCSD

creation of a board whose powers may be invoked by any member of the public:

> Requiring the County to establish an independent civilian complaint review board which will be tasked with reviewing and investigating complaints by the public against the MCSD for abuse of authority, discrimination, and improper use of force, stops and frisks, and searches and seizures; and requiring the County to empower the civilian complaint review board to investigate MCSD policies and practices to identify systemic problems, subpoena MCSD documents and testimony for investigations, and impose binding disciplinary decisions upon findings that an officer of MCSD has violated civil rights . . . .

[Dkt. #1, prayer for relief ¶ C.ii].   The power to invoke the authority of this board is not limited to plaintiffs or to the proposed class.   Any member of the public may file a complaint, the review of which can lead to mandatory decisions overruling the authority of the Sheriff elected by the public.[4]

Part C of the prayer for relief contains eight more sub-paragraphs imposing various requirements on the County and on Sheriff Tucker.   The complaint offers no insight into how those obligations are to be enforced, other than by repeated contempt proceedings before this Court, but nothing suggests that their supposed benefits are limited to the named plaintiffs or the purported class.   Whatever it may mean to "[r]equir[e] the County and Sheriff Tucker to embrace a guardian mindset to build public trust and legitimacy," as paragraph C.x of the prayer purports to demand, it must mean the same thing for every member of the public as it does for plaintiffs or the proposed class.

No more extensive review of the ten sub-paragraphs of the requested injunction is necessary to demonstrate that an injunction issued in favor of one plaintiff has the same effect as

---

any guidance on how to avoid being held in contempt.

[4] Likewise, members of the public may come to court to enforce an injunction entered for their benefit.   "Fed. R. Civ. P. 71 explicitly permits non-parties . . . to enforce orders made in their favor so long as standing exists."   *Moore v. Tangipahoa Parish Sch. Bd*., 2008 WL 1930501 at \*6 (E.D. La. 2008), applying *Moore v. Tangipahoa Sch. Bd*., 625 F.2d 33, 34 (5th Cir. 1980).

an injunction entered in favor of the proposed class.   If one plaintiff is entitled to an injunction requiring the creation of "an independent civilian complaint review board," then Sheriff Tucker will have to create one somehow or subject himself to the contempt powers of this Court.   His obligations and their consequences will not differ in the slightest if the same injunction is issued on behalf of a certified class.   The question, then, is whether a class ought to be certified when full and effective relief, if warranted notwithstanding plaintiffs' denials, can be granted to a named plaintiff.

## III.   BECAUSE CLASS CERTIFICATION IS NOT NECESSARY TO THE REQUESTED RELIEF, IT IS NOT APPRORIATE TO CERTIFY A CLASS.

Plaintiffs seek certification of the proposed class only under Rule 23(b)(2).   That provision allows certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Although ¶ 309 of the complaint merely recites the language of the rule, ¶ 300 alleges that defendants have acted "on the basis of race" and therefore seeks to certify a class including those who "are, or who appear to be, Black."   Nothing in the complaint explains the conclusory assertion of ¶ 309 that "Class-wide declaratory and injunctive relief [is] appropriate."

"[T]he need requirement now seems well-accepted as an appropriate consideration when certifying a Rule 23(b)(2) action," according to "the vast majority of courts."   7AA Wright, Miller & Kane, *supra*, § 1785.2 at 429.   Those courts have refused certification where "all the class members will benefit from any injunction issued on behalf of a single plaintiff."   *Id*., at 429-30 (footnote omitted).   Here, as already demonstrated, not only class members, but the entire public, will gain the effect of the injunction sought by the named plaintiffs.

The Fifth Circuit has been among those courts finding wisdom in the necessity

5

requirement.   In *United Farmworkers of Florida Housing Project, Inc. v. City of Delray Beach*, 493 F.2d 799 (5th Cir. 1974), plaintiffs sought to certify a class of farm workers seeking an injunction to require the City to allow a proposed housing project to tie into its water and sewer systems.   The District Court denied both the relief and certification.   *Id*., at 801.   On appeal, the Fifth Circuit granted relief against the City, but affirmed the denial of class certification. Plaintiff argued that it had satisfied all of the prerequisites of Rule 23(b)(2), but the Court of Appeals declared:

> We find it unnecessary to determine the answer to this question, however, for whether or not appellants are entitled to class action treatment, the decree to which they are entitled is the same.   As we said in Bailey v. Patterson, 5th Cir. 1963, 323 F.2d 201, 206, cert. denied, 376 U.S. 910 . . . , the very nature of the rights appellants seek to vindicate requires that the decree run to the benefit not only of the named plaintiffs but also for all persons similarly situated.   See also United States v. Hall, 5th Cir. 1972, 472 F.2d 261, 266.   For racial discrimination is by definition class discrimination.   Huff v. N. D. Cass Company of Alabama, 5th Cir. 1973, 485 F.2d 710, 713 (en banc).   Even with the denial of class action status, the requested injunctive and declaratory relief will benefit not only the individual appellants and the nonprofit corporation but all other persons subject to the practice under attack.

493 F.2d at 812.

While the Fifth Circuit's extended discussion of the necessity requirement should control the disposition of this race discrimination case, the Fifth Circuit later explained that any necessity requirement might not apply in all circumstances.   In *Johnson v. City of Opelousas*, 658 F.2d 1065 (5th Cir. 1981), a mother and her son sought to represent a class challenging the City's juvenile curfew ordinance.   The District Court, for the most part, upheld the ordinance and denied certification.   On appeal, the claim of the son had become moot because he had become too old for the ordinance to apply to him, but the Fifth Circuit found that the mother retained standing. *Id*., at 1068-69.   Acknowledging disagreement among courts on the necessity requirement, the Fifth Circuit found that the mootness problem rendered certification necessary:

There is a division of authority on whether a trial judge properly may deny certification to an otherwise eligible class solely because of "lack of need" i.e., because all potential class members will benefit automatically from any relief granted to the named plaintiff.   We need not reach that issue in this case because we believe that the substantial risk of mootness presented by the facts of this dispute was sufficient to create a need for certification.

*Id.*, at 1069-70 (footnote omitted).   The Court went on to find the ordinance unconstitutionally overbroad.   *Id.*, at 1074.   More recently, the Fifth Circuit agreed that "class certification would serve no useful purpose" and affirmed the denial of certification on the basis of the District Court's opinion explaining that conclusion.   *Arnett v. Combs*, 508 F.3d 1134 (5th Cir. 2007), aff'g, 515 F. Supp. 2d 690 (W.D. Tex. 2006), cert. denied, 553 U.S. 1005 (2008).[5]

In a case, like this one, in which the issue of mootness had not arisen, this Court relied on *United Farmworkers* and *Bailey* in declining to certify a class.   *Cook v. Luckett*, 575 F. Supp. 485 (S.D. Miss. 1983), vacated on other grounds, 735 F.2d 912 (5th Cir. 1984).   Two sets of plaintiffs, seeking to certify two separate classes, sought an order establishing new districts for the Madison County Board of Supervisors.   575 F. Supp. at 489.   This Court declined to certify any class:

In this case, the relief which is sought will have the same effect as a class action whether the class is certified or not.   Where "the very nature of the rights [sought to be vindicated] requires that the decree run to the benefit not only of the named plaintiffs but also for all persons similarly situated" *United Farmworkers* . . . 493 F.2d [at] 812 . . . , then it is unnecessary to determine whether a class action is proper.

575 F. Supp. at 489.   This Court therefore found certification to be "unnecessary and inappropriate."   *Id.*, at 490.   A decade later the same result was reached for the same reason in *Fairley v. Forrest County*, 814 F. Supp. 1327 (S.D. Miss. 1993).

The ensuing years have not forged unanimity among the courts concerning the need

---

[5]  The District Court's rejection of certification for lack of need naturally eliminated the "need for an evidentiary hearing on the issue."   515 F. Supp. 2d at 698.

requirement.   However, the Fifth Circuit in *Johnson*, 658 F.2d at 1069 n.5, recognized that a majority of courts support the doctrine, and that remains the case today.   The District Court in *M.R. v. Board of School Commissioners*, 286 F.R.D. 510 (S.D. Ala. 2012), reviewed the current state of the law in considering certification of a class to challenge school disciplinary proceedings. That Court undertook a thorough analysis of all of the existing authority on the subject, *id*., at 518-19 & nn.11-12, most of which continues to employ a necessity analysis.   The Court recognized that there are a few decisions which have identified certain circumstances in which it would be inappropriate to apply a requirement of need.   "Notably missing from plaintiffs' filings, however, is any identification of such factors or circumstances that might favor class treatment in this case even though the same relief could, for all practical purposes, be obtained through an individual injunction."   *Id*., at 520 (footnote omitted).

Neither the mootness possibility recognized in *Johnson* nor any other complication appears in this record.   This is a case, like *United Farmworkers* and *Cook*, in which the injunction requested by plaintiffs will have the same effect on all persons whether or not a class is certified. As *M.R.* recognizes, class relief which is identical in effect to individual relief is not appropriate, within the meaning of Rule 23(b)(2).   286 F.R.D. at 521.   This Court should therefore deny the requested class certification.

## CONCLUSION

For the reasons stated herein, this Court should issue its order denying class certification.

Respectfully submitted this 14th day of March, 2018.

> MADISON COUNTY, MISSISSIPPI and
> SHERIFF RANDALL C. TUCKER, IN
> HIS OFFICIAL CAPACITY
>
> BY:    *s/Michael B. Wallace*       
>        Michael B. Wallace (MSB #6904)
>        Charles E. Ross (MSB #5683)
>        James E. Graves (MSB #102252)
>        Charles E. Cowan (MSB #104478)
>        WISE CARTER CHILD & CARAWAY, P.A.
>        Post Office Box 651
>        Jackson, Mississippi   39205-0651
>        Telephone: 601-968-5534
>        Facsimile: 601- 944-7738
>        mbw@wisecarter.com
>        cer@wisecarter.com
>        jeg@wisecarter.com
>        cec@wisecarter.com
>
>        and
>
>        T. Russell Nobile (MSB #100682)
>        WISE CARTER CHILD & CARAWAY, P.A.
>        2510 14th Street, Suite 1125
>        Gulfport, Mississippi   39501
>        Telephone: 228-867-7141
>        Facsimile: 228-867-7142
>        trn@wisecarter.com
>
>        OF COUNSEL:
>
>        Rebecca B. Cowan (MSB #7735)
>        CURRIE JOHNSON & MYERS, P.A.
>        1044 River Oaks Dr.
>        Jackson, Mississippi   39232
>        P.O. Box 750
>        Jackson, Mississippi   39205-0750
>        Telephone: 601-969-1010
>        Facsimile:   601-969-5120
>        bcowan@curriejohnson.com

Katie Bryant Snell (MSB# 103607)
KATIE BRYANT SNELL, PLLC
P.O. Box 3007
Madison, Mississippi   39130-3007
Telephone: 601-460-9800
katie@katiebryantsnell.com

J. Lawson Hester
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210
Jackson, Mississippi   39211
Telephone: 601-987-5300
lhester@pbhfirm.com

10

## <u>CERTIFICATE OF SERVICE</u>

       I, Michael B. Wallace, hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following:

       Joshua Tom, Esq.
       American Civil Liberties Union of Mississippi Foundation
       233 E. Capitol Street
       Jackson, MS 39201
       PWu@aclu-ms.org
       JTom@aclu-ms.org

       Jonathan K. Youngwood, Esq. (*pro hac vice*)
       Janet A. Gochman, Esq. (*pro hac vice*)
       Isaac Rethy, Esq. (*pro hac vice*)
       Nihara K. Choudhri, Esq. (*pro hac vice*)
       Kavitha Satya Sivashanker, Esq. (*pro hac vice*)
       Brooke Jarrett, Esq. (*pro hac vice*)
       Jumin Lee, Esq. (*pro hac vice*)
       Christopher K. Shields, Esq. (*pro hac vice*)
       Simpson Thatcher & Bartlett, LLP
       425 Lexington Avenue
       New York, NY   10017
       jyoungwood@stblaw.com
       jgochman@stblaw.com
       irethy@stblaw.com
       nchoudhri@stblaw.com
       kavitha.sivashanker@stblaw.com
       bonnie.jarrett@stblaw.com
       christopherjumin.lee@stblaw.com
       christopher.shields@stblaw.com

       Ezekiel Edwards, Esq. (*pro hac vice*)
       Jeffery Robinson, Esq. (*pro hac vice*)
       American Civil Liberties Union Foundation
       125 Broad Street
       New York, NY 10004
       eedwards@aclu.org
       jrobinson@aclu.org

       So, certified this the 14th day of March, 2018.

                             *s/ Michael B. Wallace*
                             MICHAEL B. WALLACE