IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LATOYA BROWN; LAWRENCE BLACKMON
HERBERT ANTHONY GREEN; KHADAFY MANNING;
QUINETTA MANNING; MARVIN MCFIELD; NICHOLAS
SINGLETON; STEVEN SMITH; BESSIE THOMAS; and
BETTY JEAN WILLIAMS TUCKER, individually and on
behalf of a class of all other similarly situated,                                  PLAINTIFFS

v.                                                      CIVIL ACTION NO. 3:17-cv-347 WHB LRA

MADISON COUNTY, MISSISSIPPI; SHERIFF
RANDALL C. TUCKER, in his official capacity; and
MADISON COUNTY SHERIFF'S DEPUTIES JOHN
DOES #1 through #6, in their individual capacities,                                 DEFENDANTS

### REBUTTAL IN SUPPORT OF MOTION TO STRIKE PLAINTIFF BETTY JEAN WILLIAMS TUCKER'S DEPOSITION ERRATA SHEET

Betty Tucker's sworn deposition testimony that the incident described in her complaint probably happened more than five years ago indisputably requires the dismissal of that portion of her claim.  A party should not be permitted to avoid the entry of partial summary judgment by changing her sworn testimony through her errata sheet, but if the party attempts to do so, she must follow the rules.  Ms.Tucker did not follow the rules, and she is bound by her sworn deposition testimony.

The Fifth Circuit requires strict compliance with the 30-day deadline set forth in Rule 30(e)(1).  *Reynolds v. Werner Enterprises, Inc.*, No. 3:15CV764-HTW-LRA, 2016 WL 4821651, at *1 (S.D. Miss. Sept. 13, 2016) (citing *Reed*, 114 Fed. Appx. at 611); *see also Betts v. General Motors Corp.*, No. 3:04cv169-M-A, 2008 WL 2789524 (N.D. Miss. July 16, 2008).  Like the defendant's initial errata sheet in *Reynolds*, Tucker signed her initial sheet on January 15, 2018,

but did not list any reasons for the changes to her testimony as required by Rule 30(e)(1).[1]  (Dkt. #198-3).  Instead, she filed a revised errata sheet on March 9, 2018, only after Defendants filed their Motion to Strike. (Dkt. #217-1).  As this Court observed in *Reynolds,* the Fifth Circuit requires strict compliance with Rule 30(e).  Tucker's original errata sheet violated the mandatory provisions of Rule 30(e)(2) because it lacked reasons for the changes.  Her subsequent attempt to comply with these provisions is untimely under Rule 30(e)(1).  *Id.* at * 1 (citing *Betts*, 2008 WL 2789524 (N.D. Miss. July 16, 2008)).  Defendants' Motion to Strike, therefore, should be granted.

Tucker gives three reasons why this Court should not strike her errata sheet.  First, she argues that the changes she made were intended to correct her testimony and, therefore, are immaterial.  (Dkt. #217 at 3-4).  Second, she argues that she could not comply with Rule 30(e) due to the formatting of the errata sheet.  (*Id.* at 4-5).  Third, she argues that the Court should deny Defendants' Motion to Strike because it is a discovery motion filed in violation of the Case Management Order and local rules.  (*Id.* at 5-6).  None of these arguments are well-taken or otherwise excuse Tucker's failure to comply with Rule 30(e).

I. **Though Materiality Is Not a Consideration Under Rule 30(e), Tucker's Attempt to Delete Her Admission That Her Claim is Time-Barred Is Clearly Material.**

Tucker's changed testimony is not a minor dispute as she contends.  Defendants are seeking summary judgment on Tucker's claims because, among other reasons, her claims are time-barred under the applicable statute of limitations.  (Dkt. #219 at 16-18).  While a change from

---

[1] While Defendants cannot say when Tucker personally received the original transcript, there is no question that she had it on the date she executed her original errata sheet, January 15, 2018.  Thus, the reasons for her changes were first submitted no less than 53 days after her receipt of the transcript. *Reynolds* ruled that even though the defendant initially submitted a timely errata sheet, the addendum providing reasons for the changes was untimely and in violation of the mandatory 30-day period.  *Id.* at * 1 (citing Betts, 2008 WL 2789524).

2

"yes" to "no" may not have been material in the context of the defendant's testimony in *Reynolds*, the changes Tucker makes to her testimony most assuredly are material. She is seeking "to rewrite [her] testimony" to avoid a statute of limitations bar. Regardless, neither the text of Rule 30(e) nor the authorities relied on by Tucker support an argument that this Court should consider materiality while deciding whether to strike Ms. Tucker's untimely errata sheet.

## II. Lack of Space on the Errata Sheet is an Insufficient Reason for Tucker's Failure to Comply With Rule 30(e) as a Matter of Law.

Tucker argues that she could not satisfy Rule 30(e) because the errata form did not provide her enough space to list the reasons for the changes to her testimony, *i.e.,* she blames her failure to comply with Rule 30(3) on a court reporting service.[2] While doing so, she cites no rule or existing case law to support her position other than the decision in *Reyazuddin v. Montgomery Cty. MD*, No. CV DKC-11-951, 2013 WL 12246633 (D. Md. Apr. 24, 2013). (Dkt. # 217(4)). That decision, however, is inapplicable to Tucker's actions. It involved a non-party, unrepresented expert's attempt to change his deposition testimony. Tucker is being represented by at least eleven attorneys in this action. Clearly, there was sufficient space on Tucker's errata sheet to explain the reasons for her changes. If there was not enough space, Tucker's attorneys could have added additional pages to accommodate her changes.

## III. Defendants' Motion to Strike Raises an Evidentiary Issue, Not a Discovery Related Issue.

Tucker's argument that Defendants' Motion to Strike is a discovery motion governed by the meet and confer requirement under Provision 6(F)(4) of the Case Management Order (Dkt.

---

[2] Significantly, the original errata sheet submitted by the defendant in *Reynolds*, which Tucker has attached as an exhibit to her Response to Defendants' Motion to Strike, (Dkt. 217-2), did not provide a column for the defendant to list the reasons her changes. If the absence of such a column did not provide safe harbor to the defendant in *Reynolds*, it cannot obviate Tucker's duty to comply with Rule 30(e) here.

#30) and Local Rule 7(b)(2)(C) fails.   Defendants' Motion to Strike raises an evidentiary question related to what evidence shall be admitted at a trial of Tucker's claims and in what form.   Tucker seeks to introduce the errata sheet and rewrite her testimony to avoid statute of limitation issues.  Defendants have made this issue a substantive question in their Motion for Summary Judgment on Tucker's claims.   (Dkt. #219 at 16-18).   Thus, Defendants' Motion to Strike clearly impacts the merits of Tucker's claims, *i.e.*, what evidence the Court should consider while determining Defendants' Motion for Summary Judgment.   As such, Defendants' Motion to Strike is not a discovery dispute.

Regardless, even if Defendants' Motion to Strike is discovery motion, it is obvious that any compliance by Defendants with the local rules would not have resolved the issues addressed in their Motion to Strike.   Defendants, therefore, request that this Court waive any such good faith conference between the parties.   *Reynolds*, 2016 WL 4821651 at *2 (holding that the court sometimes waives meet-and-confer requirements when it is obvious the controversy could not have been resolved without judicial intervention).   Further, the timeline surrounding Plaintiffs' counsel's production of Tucker's errata sheet prevented Defendants from complying with Local Rule 7(b)(2)(C), as Plaintiffs now argue.   Class discovery was originally scheduled to end on January 16, 2018, but the Court extended this deadline on January 18, 2018, until February 16, 2018.   (Dkt. #169).   Tucker's errata sheet may have been signed and notarized on January 15, 2018, but it was not produced to Defendants until January 23, 2018.   (Dkt. 198-2).   It is unclear why it took the Tucker's attorneys eight days to serve the errata sheet, which was after the expiration of the initial discovery deadline.   Nevertheless, Tucker cannot seek to avoid the requirements of Rule 30(e) by arguing that Defendants failed to comply with the Case Management Order and Local Rule since the record plainly shows that her delay prevented full briefing on the

issue during the discovery period.    Finally, the Court considered and rejected this very argument in *Reynolds*.    2016 WL 4821651 at *2 ("The Court waives the local rule's requirement in this case but does not have the discretion to waive the requirements of Fed. R. Civ. P. 30(e).").

## CONCLUSION

For the reasons stated herein, this Court ought to strike Ms. Tucker's errata sheet.

Respectfully submitted this the 16th day of March, 2018.

    Respectfully submitted,

    **MADISON COUNTY, MISSISSIPPI and SHERIFF RANDALL C. TUCKER, IN HIS OFFICIAL CAPACITY**

BY:    *s/Russ Nobile*
    Michael B. Wallace (MSB #6904)
    Charles E. Ross (MSB #5683)
    James E. Graves (MSB #102252)
    Charles E. Cowan (MSB #104478)
    WISE CARTER CHILD & CARAWAY, P.A.
    Post Office Box 651
    Jackson, Mississippi   39205-0651
    Telephone: 601-968-5534
    Facsimile: 601- 944-7738
    mbw@wisecarter.com
    cer@wisecarter.com
    jeg@wisecarter.com
    cec@wisecarter.com

    and

    T. Russell Nobile (MSB #100682)
    WISE CARTER CHILD & CARAWAY, P.A.
    2510 14th Street, Suite 1125
    Gulfport, Mississippi   39501
    Telephone: 228-867-7141
    Facsimile: 228-867-7142
    trn@wisecarter.com

OF COUNSEL:

Rebecca B. Cowan (MSB #7735)
CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Dr.
Jackson, Mississippi 39232
P.O. Box 750
Jackson, Mississippi 39205-0750
Telephone: 601-969-1010
Facsimile: 601-969-5120
bcowan@curriejohnson.com

Katie Bryant Snell (MSB# 103607)
KATIE BRYANT SNELL, PLLC
P.O. Box 3007
Madison, Mississippi 39130-3007
Telephone: 601-460-9800
katie@katiebryantsnell.com

J. Lawson Hester
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210
Jackson, Mississippi 39211
Telephone: 601-987-5300
lhester@pbhfirm.com

**CERTIFICATE OF SERVICE**

      I, T. Russell Nobile, hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following:

Joshua Tom, Esq.
American Civil Liberties Union of Mississippi Foundation
233 E. Capitol Street
Jackson, MS 39201
PWu@aclu-ms.org
JTom@aclu-ms.org

Jonathan K. Youngwood, Esq. (*pro hac vice*)
Janet A. Gochman, Esq. (*pro hac vice*)
Isaac Rethy, Esq. (*pro hac vice*)
Nihara K. Choudhri, Esq. (*pro hac vice*)
Kavitha Satya Sivashanker, Esq. (*pro hac vice*)
Brooke Jarrett, Esq. (*pro hac vice*)
Jumin Lee, Esq. (*pro hac vice*)
Christopher K. Shields, Esq. (*pro hac vice*)
Simpson Thatcher & Bartlett, LLP
425 Lexington Avenue
New York, NY   10017
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
nchoudhri@stblaw.com
kavitha.sivashanker@stblaw.com
bonnie.jarrett@stblaw.com
christopherjumin.lee@stblaw.com
christopher.shields@stblaw.com

Ezekiel Edwards, Esq. (*pro hac vice*)
Jeffery Robinson, Esq. (*pro hac vice)*
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
eedwards@aclu.org
jrobinson@aclu.org

So, certified this the 16th day of March, 2018.

                                            *s/ Russ Nobile*