## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

| | |
|---|---|
| LATOYA BROWN; LAWRENCE BLACKMON; HERBERT ANTHONY GREEN; KHADAFY MANNING; QUINNETTA MANNING; MARVIN MCFIELD; NICHOLAS SINGLETON; STEVEN SMITH; BESSIE THOMAS; and BETTY JEAN WILLIAMS TUCKER, individually and on behalf of a class of all others similarly situated,<br><br>    Plaintiffs,<br><br>      v.<br><br>MADISON COUNTY, MISSISSIPPI; SHERIFF RANDALL S. TUCKER, in his official capacity; and MADISON COUNTY SHERIFF'S DEPUTIES JOHN DOES #1 through #6, in their individual capacities,<br><br>    Defendants. | Civil Action No. 3:17-cv-00347-WHB-LRA<br><br><br>**<u>EXPEDITED MOTION FOR STATUS CONFERENCE</u>** |

Plaintiffs respectfully submit this Expedited Motion for a Status Conference with the Court to address urgent matters related to the case schedule for the above-captioned action ("Motion"). In support of this Motion, Plaintiffs would show as follows:

1.  On August 9, 2017, Magistrate Judge Anderson entered a Case Management Order (ECF No. 30) (the "CMO"). At Defendants' urging, the CMO was limited to class certification-related discovery (*see* CMO § 5), and only set deadlines up to the deadline for Plaintiffs to file their motion for class certification. *Id.*; *accord id.* § 6 ("The Scheduling Deadlines will be determined upon the Court's ruling on the Motion for Class Certification …").

2.  As reflected in the competing proposed case management orders submitted by the parties to Magistrate Judge Anderson by email on July 26, 2017, this bifurcated schedule was entered over the objections of Plaintiffs. Following the adoption of this bifurcated schedule, however, Plaintiffs, consistent with the CMO entered by the Court, took discovery of Defendants that focused on issues relevant to class certification.

3.      The deadlines for class certification-related discovery and for Plaintiffs to file their motion for class certification were extended to February 16, 2018 and March 14, 2018, respectively, by further Order dated January 18, 2018 (ECF No. 169) (the "Amended CMO"). On March 14, 2018, in accordance with the Class Certification Order, Plaintiffs filed their motion for class certification.  ECF Nos. 231-232.

4.      On February 27, 2018, Magistrate Judge Anderson entered a further Stipulated Scheduling Order (ECF No. 202) (the "Stipulated Scheduling Order"), pursuant to which the parties agreed to (i) a schedule for any expert discovery to be conducted by the parties in connection with class certification; (ii) the deadline for submission of Defendants' brief in opposition to Plaintiffs' motion for class certification; and (iii) the deadline for Plaintiffs' reply brief in further support of Plaintiffs' motion for class certification.

5.      Notwithstanding that merits discovery has not yet commenced, Defendants began serially filing motions for summary judgment against each named Plaintiff.  *See* ECF Nos. 209-10; 211-12; 218-19; 220-21; 222-23; and 228-29.  Six such motions have been filed since March 7, 2018, and Defendants have advised that two more motions are forthcoming.  The motions do not raise straightforward issues of law, but instead raise fact-intensive issues, such as whether Defendants' policies and practices with respect to vehicular roadblocks or safety checkpoints violate the Fourth Amendment.  *See* ECF No. 219, at 8-10; ECF No. 221, at 5-6; ECF No. 223, at 5; ECF No. 229, at 8-9.  The motions also seek summary judgment against each Plaintiff on the purported basis that his or her individual deposition testimony did not independently demonstrate the existence of a policy, custom or practice of racial discrimination on the part of Defendants. *See* ECF No. 210, at 3-5; ECF No. 212, at 3-6; ECF No. 219, at 10-11; ECF No. 221, at 2, 4-5, 6-7; ECF No. 223, at 2, 4-5, 5-6; ECF No. 229, at 2, 7-8, 8-9.  Even though Defendants' summary

judgment motions raise numerous common or overlapping issues, Defendants filed separate motions concerning each Plaintiff's claims. Defendants' filing of these summary judgment motions prior to resolution of class certification issues, after successfully arguing for bifurcation of the case into separate class certification and merits phases, is improper and prejudicial.

6.     In addition, on March 14, 2018, Defendants filed a motion styled as a "Motion to Deny Class Certification." ECF Nos. 237-238. This motion, which was not contemplated by any prior scheduling orders, raises the so-called "necessity doctrine" and argues that because Plaintiffs seek only injunctive and declaratory relief on behalf of the class Plaintiffs seek to represent, class certification is purportedly unnecessary and inappropriate. Defendants contend (ECF No. 238 at 3) that their filing of this motion is authorized by the Amended CMO, but that Order states only that "Plaintiffs shall file their class certification motion on or prior to March 14, 2018." ECF No. 169 at 1. Defendants' filing of the "Motion to Deny Class Certification" as a separate motion and brief, rather than including this argument in their forthcoming brief in opposition to class certification—for which Defendants already have a total of 70 pages—serves no purpose other than to grant Defendants even more pages to oppose class certification.

7.     Defendants made no attempt to confer with Plaintiffs regarding an overall appropriate schedule prior to filing any of the foregoing motions, and instead serially filed them on various days in the week leading up to Plaintiffs' filing of their motion for class certification. Despite negotiating the Stipulated Scheduling Order with Plaintiffs less than a month ago, Defendants remained silent about their intent to file any of these motions.

8.     While the Parties have agreed, subject to the Court's approval, to reciprocally extend the deadlines for responses and replies to Defendants' recent motions (*see* ECF No. 243), Plaintiffs respectfully submit that a status conference is warranted to address the procedural

impropriety of the recent motions and to establish an overall framework for their disposition.  At

the status conference, Plaintiffs intend to seek the following relief:

- Withdrawal or striking of Defendants' Motion to Deny Class Certification, without prejudice to Defendants' right to assert the arguments set forth therein as part of Defendants' brief in opposition to class certification; and

- Withdrawal or striking of Defendants' summary judgment motions pending completion of fact discovery.

In the alternative, if Defendants' summary judgment motions are not withdrawn or stricken,

Plaintiffs intend to seek the following relief:

- Deferral of the summary judgment motions pending a ruling on Plaintiffs' motion for class certification;

- A coordination process for briefing the summary judgment motions, to avoid duplicative and excessive briefing; and

- An order precluding Defendants from filing successive summary judgment motions later in the case.

    9.    Plaintiffs conferred with Defendants concerning the need for a status conference

regarding Defendants' recent motions. Defendants declined to join a request for a status

conference, and instead noted that they are willing to participate should this Court hold such a

status conference.

    10.    In light of the foregoing, Plaintiffs respectfully request that the Court enter an

Order setting the requested status conference at the Court's earliest convenience, to be held

telephonically, or, should the Court prefer, in person, without waiting for the standard 14-day

response period for this motion under the Local Rules, as this request seeks expedited relief to

resolve urgent matters pertaining to the schedule in this action.

Dated: March 20, 2018                    Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP      By: /s/ Joshua Tom
Jonathan K. Youngwood (*pro hac vice*)        Joshua Tom
Janet A. Gochman (*pro hac vice*)

Isaac Rethy (*pro hac vice*)
Kavitha S. Sivashanker (*pro hac vice*)
Nihara K. Choudhri (*pro hac vice*)
Jumin Lee (*pro hac vice*)
Brooke Jarrett (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
kavitha.sivashanker@stblaw.com
nchoudhri@stblaw.com
christopherjumin.lee@stblaw.com
bonnie.jarrett@stblaw.com

*Attorneys for Plaintiffs*

AMERICAN CIVIL LIBERTIES UNION
OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408
JTom@aclu-ms.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Ezekiel Edwards (*pro hac vice*)
Jeffery Robinson (*pro hac vice* forthcoming)
125 Broad Street
New York, NY 10004
(212) 549-2610
eedwards@aclu.org
jrobinson@aclu.org

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 20, 2018, I caused the foregoing **EXPEDITED MOTION**

**FOR STATUS CONFERENCE** to be electronically filed with the Clerk of the Court using the

CM/ECF system, through which copies have been served to:

> WISE CARTER CHILD & CARAWAY, P.A.
> Michael B. Wallace (Miss. Bar No. 6904)
> Charles E. Ross (Miss. Bar No. 5683)
> James E. Graves (Miss. Bar No. 102252)
> Charles E. Cowan (Miss. Bar No. 104478)
> T. Russell Nobile (Miss. Bar No. 100682)
> Post Office Box 651
> Jackson, MS 39205
> (601) 968-5534
> mbw@wisecarter.com
> cer@wisecarter.com
> jeg@wisecarter.com
> cec@wisecarter.com
>
> CURRIE JOHNSON & MYERS, P.A.
> Rebecca B. Cowan (Miss. Bar No. 7735)
> P.O. Box 750
> Jackson, MS 39205
> (601) 969-1010
> bcowan@curriejohnson.com
>
> KATIE BRYANT SNELL, PLLC
> Katie Bryant Snell (Miss. Bar No. 103607)
> P.O. Box 3007
> Madison, MS 39130-3007
> (601) 460-9800
> katie@katiebryantsnell.com
>
> PETTIS, BARFIELD & HESTER, P.A.
> J. Lawson Hester
> 4450 Old Canton Road, Suite 210
> Jackson, MS 39211
> (601) 987-5300
> lhester@pbhfirm.com

*/s/ Joshua Tom*
Joshua Tom
