```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

**LATOYA BROWN, ET AL.**                                               **PLAINTIFFS**

**VS.**                                  **CIVIL ACTION NO. 3:17-cv-347-WHB-LRA**

**MADISON COUNTY, MISSISSIPPI, ET AL.**                                **DEFENDANTS**

### ORDER

This cause is before the Court on Plaintiff's Expedited Motion for Status Conference, and the parties' Joint Motion to Extend certain briefing deadlines.

Relevant to this Motion, the Docket shows that United States Magistrate Judge Linda R. Anderson entered Case Management Orders by which the parties were permitted to conduct class action-related discovery, and Plaintiffs were required to file their Motion for Class Certification on or before March 14, 2018.  The Docket also shows, that in addition to Plaintiffs' filing their Motion for Class Certification, Defendants filed a Motion to Deny Class Certification, and six Motions for Summary Judgment as to the claims alleged by some of the putative class representatives.

Plaintiffs now request that the Court convene a status conference, at which they will seek an Order striking or requiring Defendants to withdraw their Motions to Deny Class Certification and for Summary Judgment.  The Court finds Plaintiffs are not entitled to the requested relief because the Case Management Orders

entered by Judge Anderson do not bar Defendants from filing dispositive motions, and the Federal Rules of Civil Procedure permit the filing of motions for summary judgment "at any time until 30 days after the close of all discovery".  FED. R. CIV. P. 56(b).

In the alternative to striking the motions for summary judgment, Plaintiffs indicate they would request that the Court defer ruling on those motions until such time as their Motion for Class Certification is decided. The Court finds Plaintiffs have not shown that they would be entitled to such relief because the issue of whether the named Plaintiffs have viable claims would likely bear on the issue of whether they could adequately protect the interests of the putative class members as is required to represent a class under Rule 23(a)(4) of the Federal Rules of Civil Procedure.  The Court finds that Plaintiffs have likewise not shown that Defendants should be barred from filing successive motions for summary judgment because neither the federal rules nor the local rules provide grounds for imposing such bar.  Finally, the Court finds no basis for having a status conference on the sole issue of whether briefing on the Motions for Summary Judgment should be coordinated, as this issue may be raised by motion.

For these reasons:

IT IS THEREFORE ORDERED that Plaintiffs' Expedited Motion for Status Conference [Docket No. 245] is hereby denied as unnecessary.

IT IS FURTHER ORDERED that the Joint Motion of the Parties to Extend the briefing deadlines on the Motions for Summary Judgment [Docket No. 243] is hereby granted.

Plaintiffs shall file their Responses to all currently pending Motions for Summary Judgment on or before April 16, 2018.

Defendants shall file their Rebuttals to all currently pending Motions for Summary Judgment on or before May 7, 2018.

SO ORDERED this the 27th day of March, 2018.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE