# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| LATOYA BROWN, *et al.*, individually and on behalf of a class of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>MADISON COUNTY, MISSISSIPPI, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No.<br>3:17-cv-00347-WHB-LRA<br><br>**EXPEDITED MOTION FOR COORDINATION OF BRIEFING ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND FOR EXTENSION OF TIME** |

　　　　Plaintiffs respectfully submit this Expedited Motion to address urgent matters related to the case schedule for this action. In support of this Motion, Plaintiffs would show as follows:

　　　　1.　　On March 27, 2018, this Court entered an Order on Plaintiffs' Expedited Motion for Status Conference and on the parties' Joint Motion to Extend Deadlines. That Order, *inter alia*, provided that the issue of "whether briefing on the Motions for Summary Judgment should be coordinated … may be raised by motion." ECF No. 249, at 2. After the March 27 Order was entered, Plaintiffs conferred with Defendants regarding consolidated briefing on the Motions for Summary Judgment (the "Rule 56 Motions"), proposing that Plaintiffs file a consolidated opposition brief of no more than 75 pages, and Defendants file a consolidated reply brief of 50 pages. *See* **Exhibit A**, April 2, 2018 email from Rethy to Wallace. Defendants indicated that they opposed the proposal. *See* **Exhibit B**, April 4, 2018 letter from Wallace to Rethy.

　　　　2.　　Consolidated briefing is appropriate because of the substantial overlap of issues presented by the Rule 56 Motions, which includes, *inter alia*, the following common issues:

(i)　　Whether summary judgment should be granted against Plaintiffs on the purported basis that Plaintiffs did not demonstrate the existence of a policy, custom or practice of racial discrimination on the part of Defendants (*see* ECF No. 210, at 3-5; ECF No. 212, at 3-6; ECF No. 219, at 10-11; ECF No. 221, at 2, 4-5, 6-7; ECF No. 223, at 2, 4-5, 5-6; ECF No. 229, at 2, 7-8, 8-9).

(ii) Whether summary judgment should be granted against four Plaintiffs' claims that Defendants' vehicular roadblocks/safety checkpoints violate the Fourth Amendment, (*see* ECF No. 219, at 8-10; ECF No. 221, at 5-6; ECF No. 223, at 5; ECF No. 229, at 8-9);

(iii) Whether summary judgment should be granted against all six Plaintiffs' claims that Defendants' vehicular roadblocks/safety checkpoints violate the Fourteenth Amendment (*see* ECF No. 210, at 4-5; ECF No. 212, at 4-6; ECF No. 219, at 10-11; ECF No. 221, at 6-7; ECF No. 223, at 5-6; ECF No. 229, at 8-9);

(iv) Whether each of the Plaintiffs' articulation of the foregoing claim in their interrogatory responses constitutes "abandonment" of that claim (*see* ECF No. 210, at 4 n.1; ECF No. 212, at 4 n.1; ECF No. 219, at 10 n.8; ECF No. 221, at 2 n.2; ECF No. 223, at 2 n.1; ECF No. 229, at 2 n.3);

(v) Whether Defendants have met their initial burden of production, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); and

(vi) Whether the Rule 56 Motions should be denied under Rule 56(d).

3. Consolidated briefing is particularly appropriate because Plaintiffs' claims are municipal liability claims under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), which arise from Defendants' unconstitutional policies, or longstanding customs or practices, not from isolated incidents of police misconduct. Evidence of Defendants' unconstitutional policies is in substantial part equally relevant to each Plaintiff, because Defendants' unconstitutional policies are generally applicable to Plaintiffs and the class of persons Plaintiffs seek to represent.

4. In light of the foregoing, Plaintiffs respectfully request that the Court authorize Plaintiffs to file a single brief of no more than 75 pages in response to Defendants' Rule 56 Motions. The 75 page limit proposed by Plaintiffs is substantially below the total 210 pages to which Plaintiffs would be entitled under the Local Rules if the six Rule 56 Motions were briefed separately, and is clearer and more efficient than Defendants' proposal that Plaintiffs instead "incorporate an argument from one brief into another one, so as to avoid repetition." Ex. B. at 1. In addition, the 75 page limit is appropriate because it will afford Plaintiffs reasonable space to present, *inter alia*, their evidence of Defendants' unconstitutional policies.

5.      Plaintiffs believe that it would be appropriate for the Court to also require Defendants to file a consolidated reply brief of no more than 50 pages. Indeed, Defendants' April 4 letter stated that Defendants "would be surprised if [they] had to use all of the 50 pages." Ex. B at 1. Plaintiffs, however, would not object to Defendants retaining the option of responding through six individual briefs, should the Court deem that appropriate.

6.      Plaintiffs also respectfully request a further extension of time to respond to Defendants' Rule 56 Motions, such that the briefing schedule for these motions parallels the briefing schedule set by the February 27, 2018 Stipulated Scheduling Order (ECF No. 202) concerning Plaintiffs' Motion for Class Certification (the "Class Certification Motion"). Under this proposed schedule, Plaintiffs' briefing in opposition to Defendants' Rule 56 Motions would be due on May 8, 2018, and Defendants' reply briefing would be due on July 2, 2018.

7.      Plaintiffs recognize that the Court's March 27 Order established a briefing schedule for the Rule 56 Motions based on a Joint Motion filed by the parties (ECF No. 243). When that motion was filed, Plaintiffs had just received a substantial number of motions not contemplated by existing scheduling orders, including Defendants' Motion to Deny Class Certification, which the parties have now agreed to align with the class certification schedule, *see* ECF No. 250. Plaintiffs were also anticipating, based on Defendants' representations, that Defendants would shortly file additional Rule 56 Motions regarding the claims of Plaintiffs Khadafy Manning and Quinnetta Manning (motions which have not yet been filed). Under those circumstances, Plaintiffs believed that the best course of action would be to obtain relief from immediate impending deadlines via the Joint Motion and to request a status conference at which the parties could further address scheduling and coordination issues.

8.      Having now had time to consider Defendants' Rule 56 Motions, and in light of

the Court's March 27 Order specifying that issues concerning the Rule 56 Motions should be raised by motion rather than at a status conference, Plaintiffs respectfully submit that good cause exists to modify the schedule in the manner proposed herein. While Plaintiffs believe that Defendants' Rule 56 Motions are meritless, they are dispositive motions and as such require thorough analysis and response. Moreover, the issues presented by the Rule 56 Motions overlap with those presented by the Class Certification Motion and were filed contemporaneously with the Class Certification Motion, further supporting a coordinated schedule.

9.     Defendants objected to this proposed extension because maintaining the existing schedule "would enable the Court to resolve [the Rule 56 Motions] at an early date, should it choose to do so." Ex. B at 1. Defendants' motion sequencing preferences should not, however, constitute a legitimate basis for denying the requested relief. The existing class certification schedule, with 55 days between briefs, was agreed upon based on Defendants' request for additional time, yet Defendants are now improperly attempting to use this to prioritize their Rule 56 Motions over Plaintiffs' Class Certification Motion. In any event, the Court retains discretion as to the sequencing of pending motions, and Plaintiffs' proposed schedule would not preclude Defendants from submitting their reply briefing in advance of the proposed July 2 deadline.

10.    Plaintiffs therefore respectfully request that the Court enter an Order (i) authorizing Plaintiffs to file a single brief of no more than 75 pages in opposition to Defendants' six pending Motions for Summary Judgment and (ii) extending the deadlines for briefing on the Motions for Summary Judgment to May 8, 2018 for opposition briefing and July 2, 2018 for reply briefing. Plaintiffs further respectfully request that the Court enter such Order on an expedited basis, as this request concerns urgent matters pertaining to the schedule in this action.

Respectfully submitted,

Dated: April 5, 2018

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP<br>Jonathan K. Youngwood (*pro hac vice*)<br>Janet A. Gochman (*pro hac vice*)<br>Isaac Rethy (*pro hac vice*)<br>Kavitha S. Sivashanker (*pro hac vice*)<br>Nihara K. Choudhri (*pro hac vice*)<br>Jumin Lee (*pro hac vice*)<br>Brooke Jarrett (*pro hac vice*)<br>425 Lexington Avenue<br>New York, NY 10017<br>(212) 455-2000<br>jyoungwood@stblaw.com<br>jgochman@stblaw.com<br>irethy@stblaw.com<br>kavitha.sivashanker@stblaw.com<br>nchoudhri@stblaw.com<br>christopherjumin.lee@stblaw.com<br>bonnie.jarrett@stblaw.com<br><br>*Attorneys for Plaintiffs* | By: */s/ Joshua Tom*<br>　Joshua Tom<br><br>AMERICAN CIVIL LIBERTIES UNION<br>OF MISSISSIPPI FOUNDATION<br>Joshua Tom (Miss. Bar No. 105392)<br>233 East Capitol Street<br>Jackson, MS 39201<br>(601) 354-3408<br>JTom@aclu-ms.org<br><br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION<br>Ezekiel Edwards (*pro hac vice*)<br>Jeffery Robinson (*pro hac vice* forthcoming)<br>125 Broad Street<br>New York, NY 10004<br>(212) 549-2610<br>eedwards@aclu.org<br>jrobinson@aclu.org |

# CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2018, I caused the foregoing **EXPEDITED MOTION FOR COORDINATION OF BRIEFING ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND FOR EXTENSION OF TIME** to be electronically filed with the Clerk of the Court using the CM/ECF system, through which copies have been served to:

WISE CARTER CHILD & CARAWAY, P.A.
Michael B. Wallace (Miss. Bar No. 6904)
Charles E. Ross (Miss. Bar No. 5683)
James E. Graves (Miss. Bar No. 102252)
Charles E. Cowan (Miss. Bar No. 104478)
T. Russell Nobile (Miss. Bar No. 100682)
Post Office Box 651
Jackson, MS 39205
(601) 968-5534
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com

CURRIE JOHNSON & MYERS, P.A.
Rebecca B. Cowan (Miss. Bar No. 7735)
P.O. Box 750
Jackson, MS 39205
(601) 969-1010
bcowan@curriejohnson.com

KATIE BRYANT SNELL, PLLC
Katie Bryant Snell (Miss. Bar No. 103607)
P.O. Box 3007
Madison, MS 39130-3007
(601) 460-9800
katie@katiebryantsnell.com

PETTIS, BARFIELD & HESTER, P.A.
J. Lawson Hester
4450 Old Canton Road, Suite 210
Jackson, MS 39211
(601) 987-5300
lhester@pbhfirm.com

2

*/s/ Joshua Tom*
Joshua Tom

# Rethy, Isaac

| | |
|---|---|
| **From:** | Rethy, Isaac |
| **Sent:** | Monday, April 02, 2018 10:04 AM |
| **To:** | 'James Graves'; 'Mike Wallace'; 'Russell Nobile'; 'Charlie Ross'; 'bcowan@curriejohnson.com'; 'Katie Snell'; 'Lawson Hester'; 'Charles Cowan' |
| **Cc:** | 'Joshua Tom'; 'jrobinson@aclu.org'; 'eedwards@aclu.org'; Youngwood, Jonathan; Gochman, Janet A.; Choudhri, Nihara K; Jarrett, Bonnie; Shields, Christopher |
| **Subject:** | Brown, et al. v. Madison County, et al., No. 3:17-cv-347 WHB LRA |

Counsel,

The Court's March 27 Order stated that the issue of "whether briefing on the Motions for Summary Judgment should be coordinated … may be raised by motion."  We believe that coordinated briefing is appropriate due to the substantial overlap of the issues presented by Defendants' motions. We therefore intend to propose that Plaintiffs file a consolidated response of no more than 75 pages to Defendants' six pending summary judgment motions. This page limit reflects a substantial reduction of the total 210 pages to which Plaintiffs would be entitled under the local rules.  We propose that Defendants also file a consolidated reply of proportionate length, which we believe would be around 50 pages. Also, we believe it would make sense to coordinate the briefing schedules for these pending motions, as well as Defendants' Motion to Deny Class Certification (as to which we are not proposing consolidated briefing), with the existing class certification briefing schedule.  Thus, Plaintiffs' oppositions to all of Defendants' pending motions would be due on May 8, and Defendants' replies would be due on July 2.

Please let us know Defendants' position on the above by close of business today.

Best,
Isaac

_____

Isaac Rethy
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017

T: +1-212-455-3869
irethy@stblaw.com

# WISECARTER
WISE CARTER CHILD & CARAWAY, P.A.
ATTORNEYS AT LAW

**MICHAEL B. WALLACE**  
**JACKSON, MISSISSIPPI**

MBW@WISECARTER.COM  
DIRECT LINE: (601)968-5534  
FACSIMILE: (601)944-7738

April 4, 2018

**VIA EMAIL & U.S. MAIL**  
Isaac Rethy, Esq.  
Simpson Thacher & Bartlett LLP  
425 Lexington Avenue  
New York, NY  10017-3954  
IRethy@stblaw.com

Re:  *Latoya Brown, et al. v. Madison County, Mississippi; Sheriff Randall C. Tucker, in his official capacity; and Madison County Sheriff's Deputies John Does #1 through #6, in their individual capacities*; In the United States District Court for the Southern District of Mississippi, No. 3:17-cv-347 WHB LRA

Dear Mr. Rethy:

Thank you for your email of April 2, 2018, concerning the briefing schedule for the pending motions. As I have already mentioned, Mr. Ross and I were in court that afternoon. We now have had the opportunity to consider your proposal.

We do not agree to change the briefing schedule presently set forth in the Court's order of March 27, 2018. We see no reason that all briefing on all of the presently pending motions should end at the same time on July 2, 2018. You suggest no reason whatsoever why that much time would be necessary to address the particular claims of the named plaintiffs. The completion of briefing on the pending motions on the present schedule would enable the Court to resolve those motions at an early date, should it choose to do so. We see no reason to foreclose that possibility by an unnecessary extension of briefing.

Nor do we see any merit in consolidated briefing. Each plaintiff's claim must stand on its own merits. We do not believe that mixing them all together in a single brief will help to focus the Court on the controlling issues regarding each plaintiff.

We certainly recognize that there are principles of law that may apply to more than one plaintiff. No court order is required to allow you to incorporate an argument from one brief into another one, so as to avoid repetition.

Nor is an order necessary to reduce the length of the briefs. You are perfectly welcome to file all 210 pages permitted by the Rules, although we suspect you will not. Frankly, I would be surprised if we had to use all of the 50 pages that you are willing to allot to us, but the fact that you believe you need 90 pages to defend the claims of six plaintiffs makes me wonder what you may have in mind. We believe that the Rules are entirely sufficient, and we expect that each side will use good judgment to say no more than what needs to be said.

JACKSON: 401 E. CAPITOL ST., HERITAGE BLDG., SUITE 600, JACKSON, MS 39201 • P.O. BOX 651, JACKSON, MS 39205-0651 • PH.601.968.5500  FAX 601.968.5593  
GULF COAST: 1105 30TH AVENUE, SUITE 300, GULFPORT, MS 39501-1817 • PH.228.867.7141  FAX 228.867.7142  
HATTIESBURG: 601 ADELINE ST., HATTIESBURG, MS 39401 • P.O. BOX 990, HATTIESBURG, MS 39403-0990 • PH.601.582.5551  FAX 601.582.5556  

*www.wisecarter.com*

Isaac Rethy, Esq.
April 4, 2018
Page 2

      As far as the motion to deny class certification is concerned, the schedule you propose makes good sense to us. That is already the schedule for our response to your motion. It seems logical that your response to ours should follow the same schedule.

      Thank you for your attention to this matter.

                          Sincerely,

                          WISE CARTER CHILD & CARAWAY, P.A.

                          Michael B. Wallace

MBW/kp

cc:    All counsel of record (via email)