**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**LATOYA BROWN; LAWRENCE BLACKMON**
**HERBERT ANTHONY GREEN; KHADAFY MANNING;**
**QUINETTA MANNING; MARVIN MCFIELD; NICHOLAS**
**SINGLETON; STEVEN SMITH; BESSIE THOMAS; and**
**BETTY JEAN WILLIAMS TUCKER, individually and on**
**behalf of a class of all other similarly situated,**                      **PLAINTIFFS**

**v.**                                            **CIVIL ACTION NO. 3:17-cv-347 WHB LRA**

**MADISON COUNTY, MISSISSIPPI; SHERIFF**
**RANDALL C. TUCKER, in his official capacity; and**
**MADISON COUNTY SHERIFF'S DEPUTIES JOHN**
**DOES #1 through #6, in their individual capacities,**              **DEFENDANTS**

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION**
**FOR COORDINATION OF BRIEFING AND FOR EXTENSION OF TIME**

---

Plaintiffs' motion [Dkt. # 251] seeks two things: (1) to repudiate the agreed due date set forth in this Court's order of March 27, 2018 [Dkt. # 249], so as to extend until May 8, 2018, the time for them to respond to defendants' six pending motions for summary judgment as to individual plaintiffs; and (2) to file a consolidated opposition brief as to the six summary judgment motions.

The first request should be denied; defendants already agreed to give plaintiffs an additional three weeks, and plaintiffs do not claim that they need more time to complete their work. As to the second request, defendants do not object, provided that plaintiffs address separately the merits of each individual claim; while there may be overlapping issues of law, there are no overlapping issues of fact.

## SEQUENCE OF EVENTS

After each side had submitted motions concerning class certification [Dkt. ## 231, 237], and defendants had moved for summary judgment concerning six of the remaining eight plaintiffs [Dkt. ## 209, 211, 218, 220, 222, 228], the parties filed a joint motion [Dkt. # 243] to extend the time for filing opposition briefs and reply briefs concerning summary judgment. Consistent with the parties' joint motion, this Court entered its order [Dkt. # 249] requiring responses to summary judgment motions to be filed by April 16, 2018, and rebuttals by May 7, 2018.

Even though no additional motions have yet been filed,[1]  plaintiffs sought to repudiate their scheduling agreement by filing on March 20, 2018, their expedited motion for status conference. [Dkt. #245].   They stated an intention to seek at the proposed status conference the deferral of any resolution of the summary judgment motions until after the determination of class certification issues, as well as a plan for coordinated briefing.   [Dkt. # 245 at 4].   Defendants promptly opposed plaintiffs' motion [Dkt. # 248], and this Court explained its reasons for denying the motion:

> In the alternative to striking the motions for summary judgment, Plaintiffs indicate they would request that the Court defer ruling on those motions until such time as their Motion for Class Certification is decided.   The Court finds Plaintiffs have not shown that they would be entitled to such relief because the issue of whether named Plaintiffs have viable claims would likely bear on the issue of whether they can adequately protect the interests of the putative class members as is required to represent a class under Rule 23(a)(4) of the Federal Rules of Civil Procedure. . . .   Finally, the Court finds no basis for having a status conference on the sole issue of whether briefing on the Motions for Summary Judgment should be coordinated, as this issue may be raised by motion.

---

[1]  Plaintiffs correctly observe that defendants are filing dispositive motions concerning claims asserted by Khadafy Manning and Quinnetta Manning.   However, plaintiffs' motion for class certification modifies the nature of the class asserted in the complaint, identifies different proposed common issues, and changes the roles of the Mannings as class representatives.   Those changed factors must be addressed in any dispositive motion concerning the Mannings, necessarily delaying somewhat the filing date.   The instant motion affects only the presently pending motions for summary judgment.

2

Nine days later, on the night of April 5, 2018, plaintiffs took another bite at the apple, filing the instant motion for coordination of briefing. [Dkt. # 251]   In that motion, plaintiffs add a request not foreshadowed by their prior motion for status conference.   Even though plaintiffs had previously agreed to file their responses to the six pending summary judgment motions by April 16, 2018, they now seek an extension until May 8, 2018, the day on which defendants' response to plaintiffs' class certification motion is due, instead of April 16, 2018, as they agreed and the Court ordered.   Defendants' rebuttals would be due on July 2, 2018, the due date for plaintiffs' rebuttal on class certification.   Under the joint motion [Dkt. # 243], plaintiffs' response to the motion to deny class certification would also have been due on April 16, a deadline which defendants have since agreed to extend.[2]   Plaintiffs now ask the Court for more time to file fewer responses.

<b>ARGUMENT</b>

## I.   THIS COURT SHOULD ENFORCE THE PARTIES' SCHEDULING AGREEMENT ALREADY APPROVED BY THIS COURT.

Plaintiffs do not claim that they need more time to prepare their responses.   Neither do they claim to need more discovery, having failed to file an affidavit permitted by Fed. R. Civ. P. 56(d).   Instead, they assert that defendants are "improperly attempting" to use the agreed schedule embodied in this Court's orders "to prioritize their Rule 56 Motions over Plaintiffs' Class Certification Motion."   [Dkt. # 251 at ¶ 9].   Plaintiffs, however, ignore the fact that this Court has already ruled that defendants did nothing improper in filing their six summary judgment motions before the filing of the class certification motions.   "The Court finds Plaintiffs are not

---

[2] The parties filed a joint motion agreeing that the motion to deny class certification should be briefed on the same schedule as the motion for class certification [Dkt. # 250], a motion which the Court granted by text order on April 6, 2018.

entitled to the requested relief because the Case Management Orders entered by Judge Anderson do not bar Defendants from filing dispositive motions, and the Federal Rules of Civil Procedure permit the filing of motions for summary judgment 'at any time until 30 days after the close of all discovery.'   Fed. R. Civ. P. 56(b)."   [Dkt. # 249 at 1-2].   As defendants explained in opposing the motion for status conference [Dkt. # 248 at ¶ 5], the Fifth Circuit has repeatedly held that proposed class actions may properly be dismissed on summary judgment before the necessity of deciding a class certification motion arises.   *Camp v. Allstate Ins. Co.*, 100 F. 3d 953 (5th Cir. 1996) (unpublished); *Floyd v Bowen*, 833 F. 2d 529, 534-35 (5th Cir. 1987).   Plaintiffs agree that "the Court retains discretion as to the sequencing of pending motions" [Dkt. # 251 at ¶ 9], so they cannot be prejudiced by filing their responses as soon as they can reasonably be completed, consistent with Fed. R. Civ. P. 1.

As defendants also explained in their opposition to the motion for status conference [Dkt. # 248 at ¶ 6], there was never any good reason not to call this Court's attention to the defects in plaintiffs' individual claims disclosed by discovery.   As an example, the deposition of Betty Jean Williams Tucker plainly showed that two of the incidents of which she complained [Dkt. # 1 at ¶¶ 293-94] are barred by the statute of limitations.   This Court has now granted [Dkt. # 253] defendants' motion to strike [Dkt. # 198] her errata sheet in which she sought to save one of those claims from dismissal.   It is entirely appropriate for this Court to address the viability of her claims and those of other individual plaintiffs in determining whether they may properly represent a class.

Indeed, the Court has already recognized that "the issue of whether the named Plaintiffs have viable claims" is likely relevant to the resolution of the class certification motion.   In their complaint [Dkt. # 1] and in their brief supporting class certification [Dkt. # 232], plaintiffs have a

4

great deal to say about Sheriff Tucker's shortcomings, but almost nothing to say about whether any individual plaintiff actually has a viable claim against him.   Responding to the summary judgment motions on the present schedule will allow plaintiffs to address this issue already identified by the Court as relevant, and which goes to the heart of whether any individual plaintiff even has a claim, which is a necessity for standing to be a class representative. *United States v. Hays,* 515 U.S. 737, 742-43 (1995), quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992).   It will also allow defendants to integrate the supposed viability of plaintiffs' claims into their opposition to the class certification motion.   If plaintiffs do not defend the viability of their claims until May 8, 2018, defendants cannot fully address that issue in their opposition to class certification due that same day.

This litigation is a matter of great importance to the people of Madison County.   As is apparent from the complaint itself [Dkt. # 1 ¶ 80 n.23], plaintiffs' lawyers began investigating the County and its duly-elected Sheriff no later than September 15, 2016, almost eight months before they filed suit.   By now, any proposed class representative who actually has a viable claim against Sheriff Tucker should be able to say why.   If no plaintiff has such evidence, then it is high time for the class claims to be dismissed.

Thus, plaintiffs' motion, to the extent it seeks an extension of time to respond to defendants' six previously filed motions for summary judgment on individual plaintiff claims, should be denied.

## II.    DEFENDANTS DO NOT OBJECT TO A CONSOLIDATED BRIEF, PROVIDED PLAINTIFFS ADDRESS THE SPECIFIC CLAIMS OF EACH PLAINTIFF INDIVIDUALLY.

Plaintiffs also seek to file a consolidated opposition brief to the six individual summary judgment motions.   The form of the briefing is largely a question for the convenience of this

Court.   The Court must determine which, if any, plaintiff identified a genuinely disputed material issue of fact, which, if resolved in that plaintiff's favor, would justify relief.   If the Court believes that reception of a single brief would expedite its ability to resolve six unique motions, defendants will not object.

A single brief, however, must separately address the six separate motions.   These motions go to plaintiffs' individual claims, and assert the undisputed specific and unique facts as to each individual plaintiff's showing that he or she suffered a legal injury and thus has standing to be a class representative.   While defendants understand there may be some overlapping of issues of law with regard to the six motions for summary judgment, the facts are unique as to each plaintiff. Thus, plaintiffs, in preparing a consolidated opposition brief, may unnecessarily confuse the straightforward factual issues as to each individual plaintiff by arguing a common set of facts as if such applied to each plaintiff.   Should this Court allow a consolidated brief to be filed, plaintiffs should be ordered to address the pertinent facts as to each of their individual claims which they believe to create a disputed issue of material fact as to such claim.

## CONCLUSION

For these reasons, to the extent plaintiffs seek a further extension of time to respond to the six pending summary judgment motions, their motion should be overruled.   As to the issue of a consolidated opposition brief, defendants do not oppose this request if plaintiffs are required to address the factual issues surrounding each plaintiff's claim separately and independently.

Respectfully submitted this 10th day of April, 2018.

> **MADISON COUNTY, MISSISSIPPI and
> SHERIFF RANDALL C. TUCKER, IN
> HIS OFFICIAL CAPACITY**
>
> BY:    *s/Michael B. Wallace*
>        Michael B. Wallace (MSB #6904)
>        Charles E. Ross (MSB #5683)
>        James E. Graves (MSB #102252)
>        Charles E. Cowan (MSB #104478)
>        WISE CARTER CHILD & CARAWAY, P.A.
>        Post Office Box 651
>        Jackson, Mississippi   39205-0651
>        Telephone: 601-968-5534
>        Facsimile: 601- 944-7738
>        mbw@wisecarter.com
>        cer@wisecarter.com
>        jeg@wisecarter.com
>        cec@wisecarter.com
>
>        and
>
>        T. Russell Nobile (MSB #100682)
>        WISE CARTER CHILD & CARAWAY, P.A.
>        2510 14th Street, Suite 1125
>        Gulfport, Mississippi   39501
>        Telephone: 228-867-7141
>        Facsimile: 228-867-7142
>        trn@wisecarter.com
>
>        OF COUNSEL:
>
>        Rebecca B. Cowan (MSB #7735)
>        CURRIE JOHNSON & MYERS, P.A.
>        1044 River Oaks Dr.
>        Jackson, Mississippi    39232
>        P.O. Box 750
>        Jackson, Mississippi   39205-0750
>        Telephone: 601-969-1010
>        Facsimile:   601-969-5120
>        bcowan@curriejohnson.com

Katie Bryant Snell (MSB# 103607)
KATIE BRYANT SNELL, PLLC
P.O. Box 3007
Madison, Mississippi   39130-3007
Telephone: 601-460-9800
katie@katiebryantsnell.com

J. Lawson Hester
Jason Edward Dare
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210
Jackson, Mississippi   39211
Telephone: 601-987-5300
lhester@pbhfirm.com
jdare@pbhfirm.com

## CERTIFICATE OF SERVICE

I, Michael B. Wallace, hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following:

Joshua Tom, Esq.
American Civil Liberties Union of Mississippi Foundation
233 E. Capitol Street
Jackson, MS 39201
PWu@aclu-ms.org
JTom@aclu-ms.org

Jonathan K. Youngwood, Esq. (*pro hac vice*)
Janet A. Gochman, Esq. (*pro hac vice*)
Isaac Rethy, Esq. (*pro hac vice*)
Nihara K. Choudhri, Esq. (*pro hac vice*)
Kavitha Satya Sivashanker, Esq. (*pro hac vice*)
Brooke Jarrett, Esq. (*pro hac vice*)
Jumin Lee, Esq. (*pro hac vice*)
Christopher K. Shields, Esq. (*pro hac vice*)
Simpson Thatcher & Bartlett, LLP
425 Lexington Avenue
New York, NY   10017
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
nchoudhri@stblaw.com

8

kavitha.sivashanker@stblaw.com
bonnie.jarrett@stblaw.com
christopherjumin.lee@stblaw.com
christopher.shields@stblaw.com

Ezekiel Edwards, Esq. (*pro hac vice*)
Jeffery Robinson, Esq. (*pro hac vice*)
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
eedwards@aclu.org
jrobinson@aclu.org

So, certified this the 10th day of April, 2018.

*s/ Michael B. Wallace*
MICHAEL B. WALLACE