UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| LATOYA BROWN; LAWRENCE BLACKMON; HERBERT ANTHONY GREEN; KHADAFY MANNING; QUINNETTA MANNING; MARVIN MCFIELD; NICHOLAS SINGLETON; STEVEN SMITH; BESSIE THOMAS; and BETTY JEAN WILLIAMS TUCKER, individually and on behalf of a class of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MADISON COUNTY, MISSISSIPPI; SHERIFF RANDALL S. TUCKER, in his official capacity; and MADISON COUNTY SHERIFF'S DEPUTIES JOHN DOES #1 through #6, in their individual capacities,<br><br>Defendants. | Civil Action No. 3:17-cv-00347-WHB-LRA<br><br>**ORAL ARGUMENT REQUESTED** |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DENY CLASS CERTIFICATION

Plaintiffs Latoya Brown, Lawrence Blackmon, Khadafy Manning, Quinnetta Manning, Nicholas Singleton, Steven Smith, Bessie Thomas and Betty Jean Williams Tucker ("Plaintiffs") respectfully submit this response in opposition to Defendants' Motion To Deny Class Certification (ECF No. 237, the "Motion"). Pursuant to L.U. Civ. R. 7(b)(6)(A), Plaintiffs request oral argument on Defendants' Motion.

1. Defendants' Motion is premised on an improper overextension of the so-called necessity doctrine, which some courts have used to deny class certification under Rule 23(b)(2) on the grounds that class certification would serve no purpose. The necessity doctrine is not grounds to deny class certification in this civil rights class action, and accepting Defendants'

contention that denial of class certification is appropriate merely because declaratory and injunctive relief entered in an individual suit would theoretically benefit all putative class members would effectively nullify the Rule. Such an outcome would be particularly inappropriate since "actions in the civil-rights field where a party is charged with discriminating unlawfully against a class," such as this case, are the paradigmatic example of what Rule 23(b)(2) was intended to cover. Advisory Committee's Notes to Rule 23, 39 F.R.D. 69, 102 (1966).

2. The continued vitality of the necessity doctrine is in doubt. Nothing in the text of Rule 23(b)(2) sets forth any purported necessity requirement, and the Supreme Court has recently confirmed that Rule 23 "creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action." *Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). The Court's reasoning severely undercuts the argument that a court should, in an exercise of discretion, determine whether certification is 'necessary' once the party seeking certification has satisfied the requirements of Rule 23(a) and 23(b)(2).

3. Even if the necessity doctrine remains viable, it is properly limited to cases in which plaintiffs seek a ruling striking down a specific statute or rule. It does not apply in cases, such as this, that challenge systemic deficiencies or unwritten policies that result in class-wide constitutional violations. *See, e.g.*, *Koster v. Perales*, 108 F.R.D. 46, 54-55 (E.D.N.Y. 1985); (finding necessity doctrine inapplicable because "the classic case where individual relief benefits a class, making certification unnecessary, is where a law is held unconstitutional," but in the case at issue, "the plaintiffs seek to enjoin a practice or pattern of alleged unlawful activity."); *In re Alien Children Educ. Litig.*, 501 F. Supp. 544, 553 n.11 (S.D. Tex. 1980) ("Consideration of the

nature of the relief sought and the problems of securing compliance with a judicial decree suggests that a class action is appropriate."), *aff'd sub nom. Plyler v. Doe*, 457 U.S. 202 (1982).

4. In any event, class certification is necessary in this case for at least four reasons. Class certification is necessary because the scope of declaratory and injunctive relief that is available in a class action is potentially broader than that available in a case involving only the claims of individual plaintiffs. *See Jones v. Diamond*, 519 F.2d 1090 (5th Cir. 1975). Class certification is also necessary because, as noted above, Plaintiffs seek affirmative injunctive relief, not merely a decree invalidating a specific statute or rule. Class certification will also ensure that all class members have the practical ability to enforce a judgment that is entered for their benefit. *See Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 838 F.3d 297 (3d Cir. 2016). Finally, Defendants have demonstrated an intent to challenge the claims of the named Plaintiffs on standing and mootness grounds, and class certification will protect the rights of the class members to obtain relief in the event the claims of individual named Plaintiffs are found to be moot.

5. Plaintiffs also rely on the Memorandum of Law in Opposition to Defendants' Motion To Deny Class Certification submitted herewith.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully submit that Defendants' Motions To Deny Class Certification should be denied.

RESPECTFULLY SUBMITTED, this 8th day of May, 2018.

By: ___/s/ Joshua Tom___
       Joshua Tom

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
Isaac Rethy (*pro hac vice*)
Kavitha S. Sivashanker (*pro hac vice*)
Nihara K. Choudhri (*pro hac vice*)

AMERICAN CIVIL LIBERTIES UNION
OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
233 East Capitol Street
Jackson, MS 39201

Christopher K. Shields (*pro hac vice*)  
Brooke Jarrett (*pro hac vice*)  
425 Lexington Avenue  
New York, NY 10017  
(212) 455-2000  
jyoungwood@stblaw.com  
jgochman@stblaw.com  
irethy@stblaw.com  
kavitha.sivashanker@stblaw.com  
nchoudhri@stblaw.com  
christopher.shields@stblaw.com  
bonnie.jarrett@stblaw.com  

(601) 354-3408  
JTom@aclu-ms.org  

AMERICAN CIVIL LIBERTIES UNION FOUNDATION  
Ezekiel Edwards (*pro hac vice*)  
Jeffery Robinson (*pro hac vice* forthcoming)  
125 Broad Street  
New York, NY 10004  
(212) 549-2610  
eedwards@aclu.org  
jrobinson@aclu.org  

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2018, I caused the foregoing **RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO DENY CLASS CERTIFICATION** to be electronically filed with the Clerk of the Court using the CM/ECF system, through which copies have been served to:

WISE CARTER CHILD & CARAWAY, P.A.
Michael B. Wallace (Miss. Bar No. 6904)
Charles E. Ross (Miss. Bar No. 5683)
James E. Graves (Miss. Bar No. 102252)
Charles E. Cowan (Miss. Bar No. 104478)
T. Russell Nobile (Miss. Bar No. 100682)
Post Office Box 651
Jackson, MS 39205
(601) 968-5534
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com
trn@wisecarter.com

CURRIE JOHNSON & MYERS, P.A.
Rebecca B. Cowan (Miss. Bar No. 7735)
P.O. Box 750
Jackson, MS 39205
(601) 969-1010
bcowan@curriejohnson.com

KATIE BRYANT SNELL, PLLC
Katie Bryant Snell (Miss. Bar No. 103607)
P.O. Box 3007
Madison, Mississippi  39130-3007
(601) 460-9800
Katie@katiebryantsnell.com

PETTIS, BARFIELD & HESTER, P.A.
J. Lawson Hester (Miss. Bar No. 2394)
Jason E. Dare (MSB No. 100973)
4450 Old Canton Road, Suite 210
Jackson, Mississippi  39211
(601) 987-5300
lhester@pbhfirm.com
jdare@pbhfirm.com

 

*/s/ Joshua Tom*
Joshua Tom