## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**LATOYA BROWN, ET AL.**                                                        **PLAINTIFFS**

**v.**                                             **CIVIL ACTION NO. 3:17-cv-347 WHB LRA**

**MADISON COUNTY, MISSISSIPPI, ET AL.**                       **DEFENDANTS**

### DEFENDANTS' CONDITIONAL MOTION FOR EVIDENTIARY HEARING

COME NOW defendants Madison County, Mississippi, and Sheriff Randall C. Tucker, and respectfully move this Court, pursuant to its Local Rule 7(b)(6)(A), to conduct an evidentiary hearing with regard to plaintiffs' motion for class certification [Dkt. # 231], should that become necessary in accordance with the conditions specified herein, and would show unto the Court in support thereof the following:

1.  On May 8, 2017, defendants timely filed their opposition to plaintiffs' motion for class certification. Local Rule 7(b)(6)(A) requires a litigant who desires a hearing to do so by "written request made by counsel in an easily discernable manner on the face of the … response." That request is made on the face of defendants' response. The details of that request are specified in this conditional motion.

2.  Eight named plaintiffs remain in this litigation. Defendants have filed motions for summary judgment seeking to dismiss all claims of six of those plaintiffs. [Dkt. # 209, 211, 218, 220, 222, 228]. The other two plaintiffs, Khadafy Manning and Quinnetta Manning, assert claims on behalf of the purported class, as well as individual claims for damages. A summary judgment motion seeking to dismiss their class claims is pending. [Dkt. # 256]. If this Court grants all

summary judgment motions, there will be no remaining class representatives, and plaintiffs' motion for class certification will become moot.

3. In addition, defendants have filed a separate motion to deny class certification for lack of necessity. [Dkt. # 237]. Should this Court conclude that all relief requested by plaintiffs can be granted without class certification, this Court should exercise its undoubted power to deny class certification and move to the merits, without the necessity of resolving the many issues presented by plaintiffs' motion for class certification.

4. In addition, defendants have filed numerous motions concerning the admissibility of much of the evidence on which plaintiffs rely. Should those motions be granted, the area of factual dispute with regard to the motion for class certification will be greatly narrowed. In that case, there would be no need for an evidentiary hearing, although defendants do not dispute plaintiffs' suggestion that oral argument might be appropriate.

5. However, should this Court decide to consider the evidence belatedly presented by the host of declarants the plaintiffs revealed late in discovery,[1] then defendants request the right to cross-examine those whom plaintiffs deem worthy of presentation to the Court in person. Under the circumstances, actual interrogation of live witnesses, as courts have been doing since King Solomon, is best calculated "to secure the just, speedy, and inexpensive determination" of this proceeding, within the meaning of Fed. R. Civ. P. 1.

6. On July 26, 2017, plaintiffs served their initial disclosures, identifying the ten plaintiffs as individuals having discoverable information. Defendants have deposed each of the eight remaining plaintiffs; the two plaintiffs who declined to be deposed have been dismissed.

---

[1] Defendants have filed a separate motion to strike those declarations.

Most of the remaining named individuals were affiliated with Madison County, and plaintiffs have submitted no affidavits or other evidence from any of them in support of their motion for class certification.

7. On December 28, 2017, 19 days before discovery was set to close on January 16, 2018, the individual plaintiffs served supplemental initial disclosures, in which they identified 14 individuals who had responded to solicitations made by their counsel.   Declarations executed by those 14 people were not received until December 29, 2017, although the earliest such declaration had been executed on October 21, 2017 and the latest on November 25, 2017.

8. On February 7, 2018, nine days before the extended discovery deadline granted at plaintiffs' request, they served their second supplemental initial disclosures, identifying eight new persons having discoverable information.   Their declarations were received by defendants on that same day.

9. On February 13, 2018, three days before the extended class certification discovery deadline, plaintiffs served their third supplemental initial disclosures disclosing three additional persons as witnesses.   Their declarations were also received by Defendants on February 13, 2018.

10. Mindful of Rule 1, defendants did not seek an extension of discovery to depose these individuals who were not disclosed at the outset of the case and whose declarations have now been submitted in support of the motion for class certification.   Plaintiffs' unexplained decision to identify new witnesses late in discovery should not be allowed to stand in the way of the speedy resolution of their claims.   Depositions of 25 witnesses, whose evidence, if admissible at all, is of only the most marginal importance, would take the better part of a month and impose massive costs on Madison County.   The repeated identification and deposition of new witnesses would impose unjustifiable costs and delay.

11. Should this Court decline to strike their declarations, then the method of resolution most consistent with Rule 1 is for plaintiffs to bring their best witnesses to this Court and to permit defendants to cross-examine them. No better method for revealing the truth has ever been devised. A process that would take a month outside of court could certainly be done in a day in court, because plaintiffs would certainly exercise sound professional judgment in determining what witnesses this Court really needs to hear.

12. In identifying the need to cross-examine the witnesses on whom plaintiffs actually rely, defendants do not necessarily suggest that the Court needs to receive live testimony from every witness upon whom any party relies. Many witnesses identified early in discovery have been deposed, and those transcripts may be sufficient for the Court's needs. Expert reports have been submitted, and this Court may determine for itself whether it would be useful to hear from those witnesses in person. While a live evidentiary hearing "is a routine part of the certification decision," Manual For Complex Litigation § 21.21 (4th ed. 2004), this Court has substantial discretion in determining how the evidence should be presented. Defendants will be happy to produce as much or as little live testimony in support of their case as this Court may deem appropriate.

13. Because the basis upon which defendants seek relief is fully set forth herein, defendants ask leave not to file the brief ordinarily required by this Court's Rule 7(b)(4).

WHEREFORE, PREMISES CONSIDERED, defendants conditionally move for an evidentiary hearing to be conducted to resolve plaintiffs' motion for class certification in accordance with the circumstances described herein.

Respectfully submitted this 8th day of May, 2018.

        **MADISON COUNTY, MISSISSIPPI and SHERIFF RANDALL C. TUCKER, IN HIS OFFICIAL CAPACITY**

BY:    *s/Michael B. Wallace*
        Michael B. Wallace (MSB #6904)
        Charles E. Ross (MSB #5683)
        James E. Graves (MSB #102252)
        Charles E. Cowan (MSB #104478)
        WISE CARTER CHILD & CARAWAY, P.A.
        Post Office Box 651
        Jackson, Mississippi 39205-0651
        Telephone: 601-968-5534
        Facsimile: 601- 944-7738
        mbw@wisecarter.com
        cer@wisecarter.com
        jeg@wisecarter.com
        cec@wisecarter.com

        and

        T. Russell Nobile (MSB #100682)
        WISE CARTER CHILD & CARAWAY, P.A.
        2510 14th Street, Suite 1125
        Gulfport, Mississippi 39501
        Telephone: 228-867-7141
        Facsimile: 228-867-7142
        trn@wisecarter.com

        OF COUNSEL:

        Rebecca B. Cowan (MSB #7735)
        CURRIE JOHNSON & MYERS, P.A.
        1044 River Oaks Dr.
        Jackson, Mississippi 39232
        P.O. Box 750
        Jackson, Mississippi 39205-0750
        Telephone: 601-969-1010
        Facsimile: 601-969-5120
        bcowan@curriejohnson.com

        Katie Bryant Snell (MSB# 103607)
KATIE BRYANT SNELL, PLLC
P.O. Box 3007
Madison, Mississippi 39130-3007
Telephone: 601-460-9800
katie@katiebryantsnell.com

J. Lawson Hester
Jason Edward Dare
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210
Jackson, Mississippi 39211
Telephone: 601-987-5300
lhester@pbhfirm.com
jdare@pbhfirm.com

## **CERTIFICATE OF SERVICE**

I, Michael B. Wallace, hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following:

Joshua Tom, Esq.
Paloma Wu, Esq.
American Civil Liberties Union of Mississippi Foundation
233 E. Capitol Street
Jackson, MS 39201
JTom@aclu-ms.org
PWu@aclu-ms.org

Jonathan K. Youngwood, Esq. (*pro hac vice*)
Janet A. Gochman, Esq. (*pro hac vice*)
Isaac Rethy, Esq. (*pro hac vice*)
Nihara K. Choudhri, Esq. (*pro hac vice*)
Kavitha Satya Sivashanker, Esq. (*pro hac vice*)
Brooke Jarrett, Esq. (*pro hac vice*)
Jumin Lee, Esq. (*pro hac vice*)
Christopher K. Shields, Esq. (*pro hac vice*)
Simpson Thatcher & Bartlett, LLP
425 Lexington Avenue
New York, NY 10017
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
nchoudhri@stblaw.com

kavitha.sivashanker@stblaw.com
bonnie.jarrett@stblaw.com
christopherjumin.lee@stblaw.com
christopher.shields@stblaw.com

Ezekiel Edwards, Esq. (*pro hac vice*)
Jeffery Robinson, Esq. (*pro hac vice*)
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
eedwards@aclu.org
jrobinson@aclu.org

So, certified this the 8th day of May, 2018.

             *s/Michael B. Wallace*
             MICHAEL B. WALLACE