IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LATOYA BROWN; LAWRENCE BLACKMON
HERBERT ANTHONY GREEN; KHADAFY MANNING;
QUINETTA MANNING; MARVIN MCFIELD; NICHOLAS
SINGLETON; STEVEN SMITH; BESSIE THOMAS; and
BETTY JEAN WILLIAMS TUCKER, individually and on
behalf of a class of all other similarly situated            **PLAINTIFFS**

v.                                          CIVIL ACTION NO. 3:17-cv-347-WHB-LRA

MADISON COUNTY, MISSISSIPPI; SHERIFF
RANDALL C. TUCKER, in his official capacity; and
MADISON COUNTY SHERIFF'S DEPUTIES JOHN
DOES #1 through #6, in their individual capacities            **DEFENDANTS**

---

**DEFENDANTS' MEMORANDUM OF AUTHORITIES IN SUPPORT OF ITS
AMENDED MOTION TO STRIKE NEWSPAPER ARTICLES ATTACHED TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
AS INADMISSIBLE HEARSAY**

---

Plaintiffs Latoya Brown, Lawrence Blackmon, Khadafy Manning, Quinetta Manning, Nicholas Singleton, Steven Smith, Bessie Thomas, and Betty Jean Williams Tucker (hereinafter "Plaintiffs") filed a Motion for Class Certification on March 14, 2018 with a supporting Memorandum of Authorities [Doc Nos. 231 and 232] (the "Motion") pursuant to Fed. R. Civ. P. 23(b)(2) seeking certification as representatives of a Class. In support of their Motion, Plaintiffs attach nine newspaper articles (hereinafter collectively the "Articles") to their Motion [Doc. No. 231].[1] [Exhibits 69-73; 75-76; 80; and 100 to Plaintiffs' Motion]. Through use of the Articles, Plaintiffs seek to establish that the Madison County Sheriff's Department had implemented

---

[1] *See* Exhibit "A" - Memorandum in Support of Motion for Class Certification at pp. 4-6 and 25 with Plaintiffs' references to articles highlighted [Doc. No. 231].

practices of racial discrimination against African Americans. This Court should strike the Articles proffered by Plaintiffs because they are inadmissible hearsay.

The first newspaper article Plaintiffs rely upon is from the Madison County Journal and is titled *New Supervisors take office Friday* (Doc. 231, Exhibit 69 to Plaintiffs' Motion). *See* Exhibit "B" attached to Defendants' Motion to Strike - *New Supervisors take office Friday*, MADISON COUNTY JOURNAL (Jan. 2, 2008). The article notes that Sheriff Toby Trowbridge[2] had "been the subject of complaints from African Americans living in Canton and Flora who say he practices racial profiling"). *Id.*

The second newspaper article proffered by Plaintiffs notes a statement from Madison County District 5 Supervisor Paul Griffin who allegedly stated that the Madison County Sheriff's Department is perceived as targeting black members of the community. *See* Exhibit "C"- *IS System Fair,* THE CLARION LEDGER (July 22, 2007)(Doc. 231, Exhibit 70 to Plaintiffs' Motion).

Through the third newspaper article, Plaintiffs seek to establish that in 2006 a group of Canton, Mississippi residents presented a petition bearing 664 signatures to the Madison County Board of Supervisors demanding an end to "frequent road blocks in the predominantly black neighborhoods" and "racial profiling." *See* Exhibit "D"- *Roadblocks questioned in Canton*, THE CLARION LEDGER (July 18, 2006) (Doc 231, Exhibit 71 to Plaintiffs' Motion).

In the fourth newspaper article, Plaintiffs rely upon a 2007 statement from Karl Banks, a black member of the Madison County Board of Supervisors, who allegedly said "there is a real feeling in the community that the department is discriminating against people." *See* Exhibit "E"- *Racial profiling accusations thrown at Madison sheriff in board meeting*, THE CLARION LEDGER (Nov. 6, 2007) (Doc 231, Exhibit 72 to Plaintiffs' Motion).

---

[2] Sheriff Trowbridge was the Sheriff of the Madison County Sheriff's Department from 2000 to 2012. The current Sheriff, Randy Tucker, took office in January 2012 and has held the position since that time.

The fifth article proffered by Plaintiffs notes that in 2009, the Mississippi Legislature considered a bill prohibiting racial profiling but that Sheriff Trowbridge did not attend the hearing on the bill and allegedly stated that the legislature was "wasting people's time and money" by debating the bill. *See* Exhibit "F"- *House panel considers bill to outlaw racial profiling,* THE CLARION LEDGER (Jan. 14, 2009) (Doc 231, Exhibit 73 to Plaintiffs' Motion).

Through the sixth and seventh articles, Plaintiffs seek to establish that current Sheriff Randy Tucker pledged to "maintain the quality of law enforcement that we have under Sheriff Trowbridge" during his election campaign, and that after he won the election, he officially adopted all of Sheriff Trowbridge's policies. *See* Exhibit "G"- *Making Amends,* JACKSON FREE PRESS (Aug. 17, 2011)(Exhibit 231-75 to Plaintiffs' Motion); *see also* Exhibit "H" – Madison County Sheriff's Deputy Captain Randy Tucker to Run for Madison County Sheriff, Y'ALL POLITICS (Jan. 19, 2011)( Doc 231, Exhibit 76 to Plaintiffs' Motion).

Plaintiff's offer an eighth newspaper article, in video format, to establish that Sheriff Tucker referred to Jackson, Mississippi residents as "thug constituents" of Jackson Councilman Kenneth Stokes. *See* Exhibit "I" – *Madison Sheriff responds to Jackson councilman's remarks,* THE CLARION LEDGER (Jan. 4, 2016)(Doc 231, Exhibit 80 to Plaintiffs' Motion).

Through the ninth newspaper article, Plaintiffs seek to establish that Sheriff Tucker opposes the use of technology that would record deputies' actions while performing their job duties. *See* Exhibit "J" – *Q&A with Sheriff Randy Tucker,* MADISON COUNTY JOURNAL (Jan. 14, 2015) (Doc 231, Exhibit 100 to Plaintiffs' Motion). This Court cannot accept the statements recited in the articles proffered by Plaintiffs because they are inadmissible hearsay pursuant to Federal Rules of Evidence 801 and 802.

## ARGUMENT

The Fifth Circuit and courts therein consistently characterize and exclude newspaper articles as "classic, inadmissible hearsay." *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005). *See also Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 378 (5th Cir. 2004) (affirming federal district court's grant of motion in limine to exclude newspaper articles as "rank hearsay")(abrogated on other grounds by *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010)); *see also Merrill v. Southern Methodist Univ.*, 806 F.2d 600, 610 n. 10 (5th Cir. 1986) ("Merrill's brief in this Court has attached to it copies of two newspaper articles .... [t]hey are obviously inadmissible hearsay... and should not have been attached to counsel's brief."); *Dallas County v. Commercial Union Assurance Co., et al.*, 286 F.2d 388, 392 (5th Cir. 1961)("a newspaper article is hearsay, and in almost all circumstances is inadmissible."); *Kean v. Clark*, 56 F.Supp.2d 719, 724 n.6 (S.D. Miss. 1999) (holding newspaper articles containing quotes from state official was properly excluded as inadmissible hearsay).

The Articles attached to Plaintiffs' Motion contain out of court statements offered to establish the truth of the matter asserted in them, and thus are hearsay. *See* Federal Rule of Evidence 801. Plaintiffs have not presented any evidence sufficient to bring the attached articles into any exception to hearsay under the Federal Rules of Evidence. The Articles are inadmissible pursuant to Federal Rules of Evidence 801 and 802 and must be excluded by the Court. Therefore Exhibits 69-73, 75-76, 80, and 100 to Plaintiffs' Motion should be stricken.[3]

---

[3] For the convenience of the Court, Defendants have attached a copy of Plaintiffs' Memorandum in Support of Class Certification with the cites to the articles highlighted.

## **CONCLUSION**

For these reasons, this Court should grant Defendants' Motion to Strike, and exclude the Articles attached to Plaintiffs' Motion.

RESPECTFULLY SUBMITTED this the 8th day of May, 2018.

**MADISON COUNTY, MISSISSIPPI, and SHERIFF RANDALL C. TUCKER, IN HIS OFFICIAL CAPACITY**

BY:  *s/Charles E. Ross*
Michael B. Wallace (MSB #6904)
Charles E. Ross (MSB #5683)
James E. Graves, III (MSB #102252)
Charles E. Cowan (MSB #104478)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39205-0651
Telephone: 601-968-5534
Facsimile: 601- 944-7738
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com

AND

T. Russell Nobile (MSB #100682)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: 228-867-7141
Facsimile: 228-867-7142
trn@wisecarter.com

OF COUNSEL:

Rebecca B. Cowan (MSB #7735)
CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Dr.
Jackson, Mississippi 39232
P.O. Box 750
Jackson, Mississippi 39205-0750
Telephone: 601-969-1010
Facsimile: 601-969-5120

bcowan@curriejohnson.com

Katie Bryant Snell (MSB# 103607)
KATIE BRYANT SNELL, PLLC
P.O. Box 3007
Madison, Mississippi  39130-3007
Telephone: 601-460-9800
katie@katiebryantsnell.com

J. Lawson Hester
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210
Jackson, Mississippi  39211
Telephone: 601-987-5300
lhester@pbhfirm.com

**CERTIFICATE OF SERVICE**

    I, Charles E. Ross, hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification to all counsel of record.

    THIS the 8th day of May, 2018.

                                              *s/Charles E. Ross*
                                              CHARLES E. ROSS