**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**LATOYA BROWN; et al**                                                       **PLAINTIFFS**

**v.**                                                      **CAUSE NO. 3:17cv347-WHB-LRA**

**MADISON COUNTY, MISSISSIPPI; et al**                             **DEFENDANTS**

---

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION TO STRIKE DECLARATIONS**

---

      **NOW COME** Defendants, Madison County, Mississippi and Sheriff Randall S. Tucker, in his official capacity, by and through their undersigned counsel of record, and in support of their Motion to Strike Declarations, state as follows:

**I.     INTRODUCTION & STATEMENT OF FACTS**

      Plaintiffs Latoya Brown, Lawrence Blackmon, Khadafy Manning, Quinetta Manning, Nicholas Singleton, Steven Smith, Bessie Thomas, and Betty Jean Williams Tucker (hereinafter "Plaintiffs") filed a [Dkt. # 231] Motion for Class Certification (the "Motion") and accompanying [Dkt. #232] Memorandum of Authorities on March 14, 2018, and seek certification as representatives of a class pursuant to FED. R. CIV. P. 23(b)(2). The proposed class is racially based. *See* [Dkt. # 231 and 232].

      In essence, Plaintiffs claim that there are Rule 23 grounds for a class based on alleged racial targeting of Black people in Madison County by the Madison County Sheriff's Department ("MCSD"). In support of their Motion, Plaintiffs attached twenty five Declarations (hereinafter the "Declarations") from the following individuals, who are not currently parties to this action, and were not originally disclosed as witnesses: James Bacon; Michael Bracey; Anthony Brown; Bysheba Brown; Willie Carter; Rasheid Davis; Veronica Davis; Demario Day; Domunique Doss;

Undrea Guise; Kenneth Harris; Lester Hollins; Antonio Howard; Destiny Jones; Lisa Lewis Jones; Archie McKay; Antonio Mitchell; Ernest Pate, Jr.; Delores Smith; Quincy Smith; John Spann; Terrance Thompson; Montreal Tillman; Earline Wilder; and Michelle Williams (hereinafter collectively the "Witnesses"). [Dkt #231, Exhibits 37 through 61].[1]

The class certification discovery deadline was initially January 16, 2018, and Plaintiffs' Motion for Class Certification was due on January 30, 2018. *See* Case Management Order [Dkt # 30]. Thereafter, Plaintiffs filed a Motion to Modify the Case Management Order requesting until March 16, 2018 to conduct class related discovery and until March 30, 2018 to file their Motion for Class Certification. [Dkt #142]. On December 28, 2017, Plaintiffs supplemented their initial disclosures only two weeks before the initial class certification discovery deadline to list the following individuals as witnesses for the first time:  James Bacon; Michael Bracy; Anthony Brown; Bysheba Brown; Willie Carter; Veronica Davis; Domunique Doss; Undrea Guise; Kenneth Harris; Lester Hollins; Antonio Howard; John Spann; Terrance Thompson; and Earline Wilder. *See* Exhibit "B"- Plaintiffs' Supplemental Initial Disclosures dated December 28, 2017.

Plaintiffs produced the Declarations from these individuals[2] and from Rasheid Davis the following day on December 29, 2017. *See* Exhibit "C"- December 29, 2017 email exchange between Isaac Rethy to Charles Cowan with document production.  The Declarations from these witnesses, with the exception of Antonio Howard, were signed between October 21, 2017 and October 25, 2017 yet Plaintiffs did not even produce these Declarations until nearly two weeks before the initial January 16, 2018 discovery deadline making it virtually impossible for

---

[1] *See* Exhibit "A" - Plaintiffs' Memorandum in Support of Motion for Class Certification with Plaintiffs' references to Declarations highlighted [Dkt. #. 232].

[2] Terrance Thompson's Declaration was not produced until February 7, 2018 and was signed on February 5, 2018.

Defendants to subpoena and depose said witnesses, given that numerous depositions of other witnesses in this case were already scheduled prior to the discovery deadline.

On January 18, 2018, the Court extended the class certification discovery deadline to February 16, 2018 and set a March 14, 2018 deadline for submission of Plaintiffs' Class Certification Motion. *See* Court's January 18, 2018 Order [Dkt. # 169]. Approximately one week before the February 16, 2018 discovery deadline, Plaintiff's served their second set of supplemental initial disclosures on February 7, 2018 disclosing the following eight additional individuals as witnesses: Demario Day, Archie McKay, Antonio Mitchell, Ernest Pate, Delores Smith, Quincy Smith, and Montreal Tillman as witnesses. *See* Exhibit "D"- Plaintiffs' Second Supplemental Initial Disclosures. That same day, Plaintiffs produced Declarations signed by these witnesses between February 4, 2018 and February 7, 2018. See also Exhibit "E"- February 7, 2018 email exchange between Charles Cowan and Kavitha Sivashanker with document production. Plaintiffs disclosed Destiny Jones, Lisa Lewis Jones, and Michelle Williams as witnesses and produced their Declarations (signed between February 4 and February 12, 2018) on February 13, 2018—only three days before the class certification discovery deadline. *See also* Exhibit "F"- See February 13, 2018 email from Kavitha Sivashanker with initial disclosures and document production.

The Witnesses are Black and in each of their Declarations, they generally complain about the Madison County Sheriff's Deputies ("MCSD") mistreating them, and subjectively state that they "believe" they were mistreated or targeted by the MCSD because of their race. Specifically, the Declarations state, in pertinent part, as follows:

> I believe that the MCSD sets up roadblocks in my community because the residents are majority Black. They interfere with my business and our community when we gather together because we are black.

*Declaration of James Bacon*, ¶ 7 [Dkt. # 231, Exhibit 37](Exhibit "G") (emphasis added).

> I know I was wearing my seatbelt.  I also was not evading the police-I was pulling into my driveway.  <u>I believe</u> he came after me because I am black.

*Declaration of Michael Bracey,* ¶ 10 [Dkt. # 231, Exhibit 38](Exhibit "H") (emphasis added).

> <u>I believe</u> I was stopped without good cause and subjected to discriminatory treatment on the basis of my race.

> <u>I believe</u> that the MCSD sets up its roadblocks in my community because the residents are black.

*Declaration of Anthony Brown,* ¶¶ 8-9 [Dkt. # 231, Exhibit 39] (Exhibit "I") (emphasis added).

> <u>I don't believe</u> the officers had any reason to stop me. <u>I believe</u> they set up roadblocks on Pine Knoll because they know that it is the entrance to a community where Black people live.

> When I lived in Canton I believe I drove through more than 100 roadblocks. <u>I don't believe</u> the officers had any reason to stop me. ….

> <u>I believe</u> the MCSD engages in discriminatory policing toward black people.  In Canton and Ridgeland MCSD only sets up roadblocks in Black neighborhoods.

*Declaration of Bysheba Brown*, ¶¶ 7-8, 10 [Dkt. # 231, Exhibit 40] (Exhibit "J") (emphasis added).

> <u>I think</u> they set up roadblocks in Camden because they are targeting a black area.  Whenever they get word of Black people gathering together at a celebration or a wedding they set up a roadblock.

*Declaration of Willie Carter*, ¶ 5 [Dkt. # 231, Exhibit 41] (Exhibit "K") (emphasis added).

> <u>I believe</u> the MCSD engages in discriminatory policing.  I have been stopped for no cause, harassed, and roadblocks, and had my business harmed because I am a black man and I work in a black neighborhood.

*Declaration of Rasheid Davis*, ¶ 11 [Dkt. # 231, Exhibit 42] (Exhibit "L") (emphasis added).

The Madison County Sheriff Department regularly sets up roadblocks at the entrance to my neighborhood.  I believe they set up the roadblocks in Canton Estates because the people who live here are Black.

In 2014, I was stopped by two officers at a roadblock when I was driving home with my daughter. The officers had no justification to stop me.  I believe I was the subject of discriminatory policing by the MCSD.

*Declaration of Veronica Davis*, ¶¶ 2-3 [Dkt. # 231, Exhibit 43] (Exhibit "M") (emphasis

added).

I think the MCSD patrols Madison Heights because this is where black people live. I believe MCSD targets, harasses, and discriminates against Black people.

*Declaration of Demario Day*, ¶ 7 [Dkt. # 231, Exhibit 44] (Exhibit "N") (emphasis added).

I don't believe the officer had any reason to stop me. I believe I was only stopped because I was black.

*Declaration of Domunique Doss*, ¶ 8 [Dkt. # 231, Exhibit 45] (Exhibit "O") (emphasis

added).

I do not believe the officers had any reason to stop me. …

I believe that the MCSD sets up its roadblocks in my community because the residents are Black.

*Declaration of Undrea Guise*, ¶¶ 4, 11 [Dkt. # 231, Exhibit 46] (Exhibit "P") (emphasis

added).

I do not believe the officers had any cause to stop me.  I believe they set up the roadblocks in Canton to stop and harass Black people.

I don't believe the officers have any cause to stop me. I believe that the MCSD targets me when I am driving because they think that my older car means I am poor and black.

*Declaration of Kenneth Harris*, ¶¶ 5, 7 [Dkt. # 231, Exhibit 47] (Exhibit "Q") (emphasis

added).

I believe that I was stopped and searched without suspicion and for no reason other than I was a Black driver.

5

*Declaration of Lester Hollins*, ¶ 7 [Dkt. # 231, Exhibit 48] (Exhibit "R") (emphasis added).

> I believe they are stopping people at the entrance to my neighborhood because that is a black neighborhood.

> I don't believe they had any reason to stop me as I was driving to or from my house.

*Declaration of Antonio Howard*, ¶¶ 9, 11 [Dkt. # 231, Exhibit 49] (Exhibit "S") (emphasis added).

> I think I was only treated this way because I am Black. I cannot believe that if a white family was on the side of the street trying to deal with a very upsetting car accident, that they would be screamed and cursed at, roughed up and arrested, and taken to jail.

*Declaration of Destiny Jones* [Dkt. # 231, Exhibit 50] at ¶ 19 (Exhibit "T") (emphasis added).

> I think the officer reacted this was because my family is Black. …

> He asked if [my license plate] was some sort of gang affiliation. I was insulted… I am certainly not a member of some gang. He only asked me that because I am Black.

*Declaration of Lisa Lewis Jones* [Dkt. #231, Exhibit 51] at ¶¶ 18, 24 (Exhibit "U") (emphasis added).

> I don't know why the MCSD would set up a roadblock on my street. There is very little traffic because so few people drive in this rural area.

*Declaration of Archie McKay*, ¶ 4[Dkt. #231, Exhibit 52] (Exhibit "V") (emphasis added).

> I believe they set up these roadblocks to harass and intimidate Black people….

*Declaration of Antonio Mitchell*, ¶ 9[Dkt. #231, Exhibit 53] (Exhibit "W") (emphasis added).

> I believe that I was treated with such disrespect at the roadblock where I was arrested because I am Black. In fact, I believe they only asked for my license-even though I was a passenger-because I am black.

*Declaration of Earnest Pate, Jr.*, ¶ 12 [Dkt. #231, Exhibit 54] (Exhibit "X") (emphasis added).

> <u>I believe</u> that the Madison County Sheriff's Department targets the black community, particularly the young black men in the county, for harassment.

*Declaration of Delores Smith* [Dkt. #231, Exhibit 55] ¶ 2 (Exhibit "Y") (emphasis added).

> I asked why they stopped us and searched us and they told me we looked like we were fixing to do something. <u>I know that he meant</u> we were just Black males walking. Just being Black makes us suspicious.

*Declaration of Quincy Smith* [Dkt. #231, Exhibit 56] at ¶ 17 (Exhibit "Z") (emphasis added).

> <u>I believe</u> he was profiling me because I am black. ….

> <u>I do not believe</u> the officer had any reason to stop me or instruct me to search my car. ….

> <u>I believe</u> I was stopped for no reason and subjected to discriminatory treatment because my race.

*Declaration of John Spann* [Dkt. # 231, Exhibit 57] at ¶¶ 8, 11, 13 (Exhibit "AA") (emphasis added).

> I am certain I will be stopped again at a checkpoint and by the jump out patrol. <u>I feel that</u> I, and the rest of the Black community, are targeted for unfair and discriminatory policing by the MCSD. When I am in Canton, I am always in danger of them jumping out on me or stopping me without reason.

*Declaration of Terrance Thompson* [Dkt. #231, Exhibit 58] at ¶ 21 (Exhibit "BB") (emphasis added).

> <u>I believe</u> the MCSD sets [up roadblocks] only in Black neighborhoods to target Black people. ….

> <u>I feel like</u> [the officer] targeted me because I was a Black person in a white neighborhood. ….

*Declaration of Montreal Tillman* [Dkt. #231, Exhibit 59] at ¶¶ 3, 21 (Exhibit "CC") (emphasis added).

> <u>I believe</u> they set up roadblocks in Canton Estates because the residents are Black.

*Declaration of Earline Wilder* [Dkt. #231, Exhibit 60] at ¶ 4 (Exhibit "DD") (emphasis added).

> The judge, who was white, told me my concern was unwarranted. She told me she knew the officer and "he's a big teddy bear." She found me guilty. …
>
> <u>I do not believe</u> this man is a teddy bear.

*Declaration of Michelle Williams* [Dkt.#231, Exhibit 61] at ¶¶ 24, 25 (Exhibit "EE") (emphasis added).

Defendants have moved to strike the aforementioned Declarations, in whole or in part, on the following grounds: (1) the Declarations rest on nothing more than subjective beliefs of race discrimination; (2) the Declarations are irrelevant and are not probative under the Federal Rules of Evidence; and (3) some or all of the Witnesses' claims and allegations should be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).   In the alternative only, should the Court not strike the Declarations, the Court should require Plaintiffs to produce those witnesses upon whom they rely to be examined at an evidentiary hearing on the Plaintiffs' Motion, as Defendants have requested in their separately filed conditional Motion for Evidentiary hearing.

## II.   LEGAL PRECEDENT & RATIONALE

### A.   <u>The Court should strike the Declarations because they are not relevant to the class certification issue</u>.

To succeed on their Fourteenth Amendment (equal protection) and Title VI claims, Plaintiffs must prove intentional race discrimination. *See Alexander v. Sandoval,* 532 U.S. 276, 280 (2001) (holding that Title VI requires proof of intentional discrimination); *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1997) ("In order to state a claim

of racial discrimination under the Equal Protection Clause and § 1983, a plaintiff must demonstrate that the governmental official was motivated by intentional discrimination on the basis of race."); *Vera v. Tue*, 73 F.3d 604, 609 (5th Cir. 1996) (proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause).  More specifically, Plaintiffs must prove that the actions of the Madison County Sheriff's Department ("MCSD") were the result of a top-down policy of race discrimination.  The Witnesses offer no such proof in their Declarations.

To the contrary, the only evidence offered in the Declarations are mere subjective beliefs that the MCSD's actions were motivated by race.  More specifically, as evidenced above, the Declarations state that the Witnesses "believe" or "think" that the MCSD's actions were race based.  The law is clear that subjective beliefs of race discrimination are insufficient to establish a claim against a Defendant race discrimination.  *Laborde v. City of Houston*, 31 F. App'x 151 (5th Cir. 2001) ("A plaintiff's subjective belief of race discrimination cannot alone establish that he has been a victim of intentional discrimination.") (citing *Ray v. Tandem Computers, Inc.*, 63 F .3d 429, 435 (5th Cir.1995)).  Thus, the Declarations should be stricken as irrelevant to the class certification issue.

**B.**   **This Court should strike the Declarations because they are inadmissible under Federal Rules of Evidence 104, 401, and 403.**

Under Rule 402 of the *Federal Rules of Evidence*, only relevant evidence is admissible. FRE 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and the fact is of consequence in determining the action. FRE 401. "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later." FRE 104.    The fact that the Witnesses had alleged an encounter with the MCSD does not mean that the MCSD discriminated against any of

the Witnesses based upon their race. The Witnesses' subjective belief of race discrimination is not relevant, probative evidence under Rule 401 because it does not make "it more or less probable" that the MCSD racially discriminated against any of the Witnesses. Under Rule 104, the Plaintiff must present evidence of race discrimination other than the Witnesses' mere subjective belief, which they have not.[3] For this reason, the Declarations are not admissible, probative evidence for class certification purposes and must be stricken by the Court.

In addition, many of the Witnesses in their Declarations complain about incidents that allegedly occurred when former Sheriff Tony Trowbridge was in office from 2000 through 2011. *See* Exs. "K" and "N"-"P". Thereafter, the current Madison County Sheriff Randy Tucker took office in January 2012. At issue in Plaintiffs' lawsuit are alleged racially discriminatory policies of the MCSD under Sheriff Tucker, not racially discriminatory policies under Sheriff Trowbridge. See Complaint [Dkt. #1]. As such, all references in the Declarations to incidents allegedly occurring during Sheriff Trowbridge's administration are wholly irrelevant under FRE 401 and should be stricken by the Court.

Pursuant to FRE 403, the Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403.  Plaintiff's 42 U.S.C. § 1983 claims are governed by Mississippi's general three year statute of limitations, Miss. Code Ann. § 15-1-49. *See Norwood v. City of Mendenhall*,

---

[3] For example, if one of the declarants swore to facts that constituted a constitutional violation, and there was other evidence, such as a police report or record, saying the actions of the officers were racially motivated, such would be different.

630 F. App'x 245, 249 (5th Cir. 2015) (citing *Edmonds v. Oktibbeha County,* 675 F.3d 911, 916 (5th Cir. 2012)).[4]

  Plaintiffs' Complaint [Dkt. #1] was filed on May 8, 2017.  Many of the Witnesses in their Declarations complain of alleged incidents that occurred before May 8, 2014. See Exs. "G"-"I"; "K"; "M"-"O"; "P"-"S"; "W"; "Z"; "CC"; and "DD".  Any claims by these Declarants against the MCSD under Sheriff Tucker's Administration that accrued on or before May 8, 2014 would be barred by the three-year statute of limitations.[5] For this reason, the Witnesses have no cause of action and may not be members of any class. Even assuming that incidents occurring during Sheriff Tucker's administration but prior to May 8, 2014 are somewhat probative to show a pattern of alleged race discrimination, the Court should strike these allegations pursuant to FRE 403 because any probative value is substantially outweighed by unfair prejudice to Defendants, given that the Declarations are vague so old memories may have failed, and relate to incidents outside the three year statute of limitations.  *See Wright v. Weaver*, 516 F. App'x. 306, 310 (5th Cir. 2013)(holding that incidents too remote in time or attenuated from the plaintiff's lawsuit are not relevant); *see also Jones v. Commander, Kansas Army Ammunitions Plant, Dep't of Army*, 147 F.R.D. 248, 251 (D. Kan. 1993)(holding the same). Additionally, many of the Witnesses in their Declarations do

---

[4] "The accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law."  *Bray v. Mgmt. Training Corp.*, No. 5:15-cv-91-DCB-MTP, 2016 WL 8223428, at *3 (S.D. Miss. Dec. 6, 2016), *report and recommendation adopted,* No. 5:15-cv-91-DCB-MTP, 2017 WL 520557 (S.D. Miss. Feb. 8, 2017) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)) (emphasis in original).

Pursuant to Fifth Circuit precedent, "the statute of limitations under § 1983 begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'"  *Bray*, 2016 WL 8223428, at *3 (quoting *Edmonds v. Oktibbeha County*, 675 F.3d at 916 (5th Cir. 2012)).  "This awareness encompasses two elements: '(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions.'"  *Id.* (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)).  "A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim."  *Id.* (quoting *Piotrowski*, 237 F.3d at 576).  "Actual knowledge is not required 'if the circumstances would lead a reasonable person to investigate further.'"  *Id.* (quoting *Piotrowski*, 237 F.3d at 576).

[5] Any claims relating to incidents occurring during Sheriff Trowbridge's administration from 2000 to 2011 are also time barred for the same reason.

not state a date in which they allege an incident with the MCSD or identify the officers involved in the alleged incident. *See* Exs. "G"; "M"-"N"; "R"-"S"; and "DD". Allowing Plaintiffs to rely upon Declarations that fail to provide dates or the names of the involved officers is unfairly prejudicial to Defendants because without such information Defendants have no way to investigate or defend against the allegations in the Declarations. For this reason, this Court should strike these Declarations pursuant to FRE 403 even if it determines that the allegations have some relevance.

C.  **This Court should strike the Declarations pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).**

If the maintenance of a civil rights action pursuant to 42 U.S.C. § 1983 would necessarily imply the invalidity of a plaintiff's related criminal conviction, plea, or criminal sentence from which the civil rights claim would purportedly arise, the civil claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Cougle v. County of DeSoto*, 303 F. App'x 164, 165 (5th Cir. 2008). A plaintiff in such instance must establish that her conviction or resulting sentence has been overturned or expunged. If a plaintiff's conviction and sentence are a valid sentence and conviction within the meaning of *Heck*, *Hudson v. Hughes,* 98 F.3d 868, 872-73 (5th Cir. 1996), the civil claim arising from the same factual elements constitutes an impermissible collateral attack on the valid criminal proceedings and sentence, and is barred. *See Thomas v. Scott County*, No. 3:14cv328-CWR-LRA, 2015 WL 5009715, at *5 (S.D. Miss. Aug. 21, 2015).

The preclusive effect of *Heck* is equally applicable to probable cause determinations pursuant to the Fourth Amendment (*see Hopkins v. Lowndes County Sheriff Dep't*, No. 1:13cv162-SA-DAS, 2014 WL 3799329, at *3 (N.D. Miss. Aug. 1, 2014) (citing *Club Retro, LLC v. Hilton*, 568 F.3d 181, 204 n. 18 (5th Cir. 2009), as it is to unlawful search claims under the Fourth Amendment (*see Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 377–78 (6th Cir. 2006)) and selective enforcement claims under the Fourteenth Amendment (*see Dique v. New Jersey State*

*Police*, 603 F.3d 181, 187 (3d Cir. 2010) (citing *Gibson v. Superintendent of New Jersey Department of Law & Public Safety - Division of State Police*, 411 F.3d 427, 441 (3d Cir. 2005) ("[A] successful claim of selective enforcement under the Fourteenth Amendment Equal Protection Clause would have necessarily invalidated Gibson's conviction."); *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 862 (7th Cir. 2004)).

This Court should apply *Heck* to the Witnesses' claims in the Declarations and should not allow the Witnesses to collaterally attack their underlying convictions.[6]  If a party cannot collaterally attack a prior conviction in a civil action, a witness logically cannot either.

**D.    Application to Individual Witnesses**

Whether the claims of the applicable witnesses and whether the claims should be barred by the Federal Rules of Evidence and *Heck*, is analyzed as follows:

1.    **James Bacon**

The *Declaration of James Bacon* [Dkt. #231, Exhibit 37](Exhibit "G") does not provide any dates for the roadblocks he allegedly encountered in or around Camden, Mississippi, and as a result, the Declaration should be stricken pursuant to FRE 403.   Bacon does allege as follows:

> 4.  Two or three years ago I drove through a roadblock on Highway 51 and Morgan Road.  The officers asked for my ID and registration.  After running my driver's license, they told me they had a warrant for me.  I explained that they must be wrong, but they arrested me anyway.  …
>
> 6.  I later found out they had arrested me for a crime allegedly committed by my son.

*Id.*, ¶¶ 4-6.   According to the *Bacon Incident Report* (Exhibit "FF"), this incident at Highway 51 and Morgan Road occurred on May 11, 2012, whereby Bacon was arrested on May 11, 2012, premised on outstanding warrants.  The fact that Bacon was arrested by the MCSD does not mean

---

[6] Where the Declaration is not specific as to a date for the alleged incident with the MCSD or the officer involved, the Defendants attach hereto the criminal records of the Witnesses as evidence of the date of the alleged incident.

that it was due to his race. Under FRE 104 and 401, Bacon must present evidence of race discrimination other than his own mere subjective belief. Because he cannot, his Declaration is inadmissible and irrelevant to the class issues before the Court. Additionally, because Bacon provides no dates for the alleged roadblocks and because his arrest occurred prior to May 8, 2014, the Declaration should be stricken pursuant to FRE 403.

2.   **Michael Bracey**

In the *Declaration of Michael Bracey* [Dkt. #231, Exhibit 38] (Exhibit "H"), Bracey declares that he had an encounter with the MCSD "in March 2012, around 11:30 p.m." *Id.*, ¶ 2. The date of this incident was March 18, 2012, in which the Witness pleaded guilty to a DUI (MISS. CODE ANN. § 63-11-30), and was fined $565.50. *Bracey Justice Court Records* (Exhibit "GG"). Bracey was likewise found guilty of not possessing liability insurance (MISS. CODE ANN. § 63-15-4(4)) (fined $232.50), but nolle prosequi orders were entered on the charges of a seatbelt violation (MISS. CODE ANN. § 63-2-7(1)), failure to yield to blue lights MISS. CODE ANN. § 97-35-7), and possession of marijuana in excess of 1 gram, but less than 30 grams (MISS. CODE ANN. § 41-29-139). *Id.* [7]

Bracey also presents no evidence of race discrimination other than his own subjective belief, and thus the allegations in his Declaration are not probative, relevant evidence under FRE 401. Further, because the incident involving Bracey occurred on March 18, 2012 and any claim relating to it is time barred, the Court should strike the Declaration pursuant to FRE 403 because any probative value is substantially outweighed by unfair prejudice to Defendants. Additionally, because Bracey was convicted on the DUI and possession of insurance charges, and those charges

---

[7] See Exhibit "ZZ"- email exchange between Tonya Ham with Cheryl Horn at the Madison County Justice Court whereby Cheryl Horn wrote in the disposition of each charge against each Defendant in her own handwriting.

14

have not been overturned on appeal, any claim related to this incident is barred by *Heck*. Either way under the Federal Rules of Evidence or *Heck*, any allegations in his Declaration would be barred as to the class claim against these Defendants, and should not be considered by the Court.

    3.    **Anthony Brown**

In the *Declaration of Anthony Brown* [Dkt. #231, Exhibit 39] (Exhibit "I"), Brown declares that he was stopped by a deputy with the MCSD in "2014." *Id.*, ¶ 2. The only records related to Brown being pulled over and/or issued a citation are from January 29, 2012, in which the Witness was found guilty of disregard for a traffic device (stop sign) (MISS. CODE ANN. § 63-3-325). *Brown Justice Court Records* (Exhibit "HH")[8]. Brown also presents no evidence of race discrimination other than his own subjective belief. Thus, the allegations in his Declaration are irrelevant and inadmissible under Rule 401 as to the class issue. This Court should strike Brown's Declaration pursuant to FRE 403 because it relates to an incident occurring on January 29, 2012, which is outside the three year statement of limitations. Where Brown was found guilty of the misdemeanor charge stemming from the January 29, 2012 incident, any claim based on the charge should be barred by *Heck*.

    4.    **Bysheba Brown**

In the *Declaration of Bysheba Brown* [Dkt. # 231, Exhibit 40] (Exhibit "J"), Brown alleges that she has been stopped at five roadblocks while living in Ridgeland, but does not provide any date for the roadblocks. *Id.*, ¶ 2. Brown later declares that she encountered "more than 100 roadblocks," but again does not provide a date for the roadblocks and does not provide any indication as to which, if any, of the roadblocks were set up by MCSD. *Id.*, ¶ 8. Because Brown like the other Witnesses presents no evidence of racial discrimination other than her own subjective

---

[8] See also Exhibit "ZZ".

belief, the allegations in her Declaration are not relevant under Rule 401 as to the class issue and should be stricken. Brown's Declaration is likewise irrelevant and should be stricken pursuant to FRE 403 to as to any alleged roadblocks in Canton, Mississippi as she does not declare what entity set up the roadblocks.

5.     **Willie Carter**

In the *Declaration of Willie Carter* [Dkt. # 231, Exhibit 41] (Exhibit "K"), Carter alleges that he has been stopped at roadblocks a total of six times (*Id.*, ¶ 3), with two occurring "[l]ast year." *Id.*, ¶ 4. The only justice court records relating to Carter stem from a June 13, 2009 arrest, after which he was found guilty of DUI and careless driving, and fined a total of $979.50. *Carter Justice Court Records* (Exhibit "II"). Because Carter cannot present any evidence of race discrimination beyond his mere subjective belief, his Declaration should be stricken as irrelevant to the class issue pursuant to Rule 401. Additionally, any claims stemming from this 2009 arrest are irrelevant to Plaintiffs' lawsuit because Tucker did not take office as Sheriff until 2012, and thus are irrelevant under FRE 401. Further, any claims relating to the 2009 arrest should be barred by *Heck*.

6.     **Rasheid Davis**

The *Declaration of Rasheid Davis* [Dkt. # 231, Exhibit 42] (Exhibit "L") declares that Davis has "passed through about five roadblocks" in the past year, and alleges an incident in which an "officer" from an undisclosed entity accused Davis of "smoking dope." *Id.*, ¶¶ 4-8. Davis was arrested on August 8, 2012, for not having a driver's license or proof of insurance, and for DUI. *R. Davis Justice Court Records* (Exhibit "JJ"). He was found guilty on the DUI charge, was sentenced to 48 hours in jail (suspended), one year of probation, and fined $200.00. *Id.* The other traffic citations were dismissed. *Id.* On July 11, 2015, Davis was charged with tampering with

evidence (nolle prosed), possession of marijuana in a motor vehicle (pleaded guilty, sentenced to 90 days in jail (suspended)), resisting arrest (pleaded guilty, sentenced to 90 days in jail (suspended)), and disorderly conduct (nolle prosed). *Id.* The allegations in Davis' Declaration should be stricken as to the class issue pursuant to FRE 401 because Davis cannot present any evidence of race discrimination other than his own subjective belief.

       7.    **Veronica Davis**

The *Declaration of Veronica Davis* [Dkt. # 231, Exhibit 43] (Exhibit "M") alleges that Davis was ticketed for not having a driver's license and/or proof of insurance in "2014," and was later arrested for not paying the fine. *Id.*, ¶¶ 3-6. Davis was actually ticketed for no driver's license or proof of insurance on September 1, 2013, was found guilty of the charge, and paid the fine. *V. Davis Justice Court Records* (Exhibit "KK")[9]. The allegations in Davis' Declaration should be stricken pursuant to FRE 401 because Davis cannot present any evidence of race discrimination other than his own subjective belief. Accordingly, any claim premised on the only incident alleged by Davis should barred by *Heck* and, the statements related to her being stopped by "officers" is irrelevant to the instant class issue and should be stricken pursuant to FRE 403 as Davis does not state whether the officers were employed by Madison County, the City of Canton or otherwise. Further, any allegations relating to incidents that occurred prior to May 8, 2014 should be stricken under FRE 403 because the probative value is substantially outweighed by the unfair prejudice to defendants given the stale, vague nature of the allegations.

       8.    **Demario Day**

The *Declaration of Demario Day* [Dkt. # 231, Exhibit 44] (Exhibit "N") begins with the statement "I…declare under penalty of perjury…." Day further declares that he has been stopped

---

[9] *See also* Exhibit "ZZ".

"by the MCSD jump out patrol more than ten times," although does not provide any dates for the incidents. *Id.* One of the incidents is believed to have occurred on or around September 27, 2010, during which Day was arrested and charged with possession of a controlled substance with intent to distribute. *Day Court Records* (Exhibit "LL"). Because Day also presents no evidence of racial discrimination other than his subjective belief, the allegations in his Declaration are irrelevant to the class issue under Rule 401 and should be stricken. To the extent the allegation in Day's Declaration relates to the September 27, 2010 incident, it is irrelevant under FRE 401 because Sheriff Tucker was not in office at that time. Day's Declaration should further be stricken pursuant to FRE 403 because he provides no dates for the alleged incidents and the probative value of allegations relating to incidents occurring prior to May 8, 2014 is substantially outweighed by unfair prejudice to Defendants.

9. **Domunique Doss**

In the *Declaration of Domunique Doss* [Dkt. # 231, Exhibit 45] (Exhibit "O"), Doss alleges that he has been stopped at MCSD roadblocks twice, "in 2010 and 2012." *Id.*, ¶ 6. On both occasions, according to Doss, he was asked for his driver's license, "but did not have it in the car." *Id.* It is unclear whether either of the incidents actually refer to an earlier arrest of Doss – from April 15, 2008 – in which he was charged with DUI (found guilty, sentence of $540.00) and no proof of liability insurance (pleaded guilty, sentence $619.50). *Doss Justice Court Records* (Exhibit "MM"). If either of the two incidents alleged by Doss are in reference to his 2008 arrest, any claim related to the incident would be barred by *Heck*.

Because the only evidence of race discrimination Doss provides is his own subjective belief, the allegations in his Declaration are irrelevant under FRE 401 and should be stricken. Any allegations relating the 2008 arrest should be stricken under FRE 401 and 403 because Sheriff

Tucker was not in office at that time, and the probative value (if any) is substantially outweighed by the unfair prejudice to defendants given the stale nature of the allegations.   Either way, none of the allegations declared by Doss can be the subject of a § 1983 litigation and are, thus, not relevant to the class issue before this Court.

      10.    **Undrea Guise**

In the *Declaration of Undrea Guise* [Dkt. # 231, Exhibit 46] (Exhibit "P"), Guise alleges that she has been stopped at a roadblock once, after which she was issued a ticket for not having proof of insurance and paid "a very large fine." *Id.*, ¶¶ 2-3.  Guise alleges that the incident occurred in "September 2016" (*Id.*, ¶ 2), but justice court records show that Guise was ticketed for and found guilty of failure to have proof of liability insurance on June 25, 2009.  *Guise Justice Court Records* (Exhibit "NN")[10]. The Court should strike Guise's Declaration as being irrelevant to the class issues under FRE 401 because the only evidence of race discrimination that Guice presents is her own subjective belief. Any allegations relating the 2009 traffic stop should be stricken under FRE 401 and 403 because Sheriff Tucker was not in office at that time, and the probative value (if any) is substantially outweighed by the unfair prejudice to defendants. Regardless, the only incident alleged by Guise would be barred by *Heck*, and her Declaration is not relevant to the class issue before this Court.

      11.    **Kenneth Harris**

The *Declaration of Kenneth Harris* [Dkt. # 231, Exhibit 47] (Exhibit "Q") does not state when Harris encountered roadblocks, although does declare that "[i]n the last year I have been stopped (sic) six roadblocks."  *Id.*, at ¶ 2.  Plaintiff does not allege what entity or entities were

---

[10] *See also* Exhibit "ZZ".

involved in the roadblocks.  The justice court records show that Harris has been charged with the following misdemeanors:

    a.  February 5, 2012  -        Driving with a suspended license (found guilty)

    b.  November 5, 2012  -       No proof of insurance (Guilty, sentence $232.50)
                                                  Driving with a suspended license (dismissed)

    c.  March 23, 2014  -         No proof of insurance (guilty)

    d.  April 14, 2015  -          No proof of insurance (guilty)
                                                  Improper Equipment (dismissed)

*Harris Justice Court Records* (Exhibit "OO")[11].  Any and all claims premised on the foregoing arrests or citations are barred by *Heck*. Like the other Witnesses, because Harris provides no evidence of race discrimination other than his subjective belief, the allegations in his Declaration are irrelevant to the class issue under FRE 401 and should be stricken. The allegations in the Harris Declaration should further be stricken under FRE. 403 as (1) he does not allege that any roadblocks he encountered were initiated and/or manned by MCSD personnel and (2) the 2012 and April 2014 incidents are outside the three year statute of limitations.

    12.   **Lester Hollins**

       In the *Declaration of Lester Hollins* [Dkt. # 231, Exhibit 48] (Exhibit "R"), Hollins declares that he has "seen countless [MCSD] roadblocks," but has only been stopped at between one and five.  *Id.*, ¶¶ 2, 4, 6.  Hollins does not provide any dates for these interactions with the MCSD.  *Id.* Pursuant to his justice court file, Hollins has been found guilty of DUI twice (arrest dates of April 25, 2005, and March 11, 2015), both times being required to serve a jail sentence.  *Hollins Justice Court Records* (Exhibit "PP").  If any of the incidents alleged by Hollins relate to his 2005 or 2015 arrests, any claim related to the incidents would be barred by *Heck*.  This Court should strike the

---

[11] *See also* Exhibit "ZZ".

Hollins Declaration pursuant to FRE 401 because Hollins provides no evidence of race discrimination other than his own subjective belief and any claim relating to the 2005 arrest is irrelevant given that it relates to the time period Sheriff Trowbridge was in office. The Court should further strike the Hollins Declaration under FRE 403 because it provides no dates for the alleged interactions with the MCSD and any evidence relating to events alleged by Hollins occurring prior to May 8, 2014 are stale given than they are outside the statute of limitations period. For these reasons, his Declaration is not relevant to the class issue before the Court.

13. **Antonio Howard**

The *Declaration of Antonio Howard* [Dkt. # 231, Exhibit 49] (Exhibit "S") declares that Howard has been stopped at roadblocks set up by the MCSD "close to ten times," but does not provide dates for any of the roadblocks. *Id.*, ¶ 5. One of the roadblocks is believed to have occurred on or around July 9, 2015, in which Howard was arrested for possession of marijuana, and pleaded guilty to the charge. *Howard Justice Court Records* (Exhibit "QQ"). His sentence was a fine and cost in the amount of $508.75, and his sentence has not been overturned by any Court in Mississippi. *Id.* Howard was also cited on February 4, 2013, for not having a license plate and driving with a suspended license, and again on September 5, 2013, for driving with a suspended license. *Id.* Any and all claims premised on the foregoing arrest should be barred by *Heck*. This Court should strike Howard's Declaration pursuant to FRE 401 and 403 because he provides no evidence of race discrimination other than his own subjective belief and provides no dates for any of the roadblocks, so his Declaration is not relevant to the Class issues before this Court. The Court should further strike the Howard Declaration under FRE 403 because any and all claims premised on roadblocks occurring prior to May 8, 2014 are outside the statute of

limitations period. As a result, the probative value of any roadblocks occurring prior to May 8, 2014, if any, is substantially outweighed by unfair prejudice to Defendants.

14.    **Destiny Jones** / **Lisa Lewis Jones**

Both the *Declaration of Destiny Jones* [Dkt. # 231, Exhibit 50] (Exhibit "T") and the *Declaration of Lisa Lewis Jones* [Dkt. # 231, Exhibit 51](Exhibit "U"), detail an incident from 2016, in which Destiny Jones was arrested for resisting arrest and disturbing the peace. The incident at issue occurred on November 11, 2016, and resulted in Destiny Jones pleading guilty to the charge of resisting arrest. *D. Jones Records* (Exhibit "RR"). Accordingly, any claims related to the arrest of Destiny Jones from this November of 2016 incident would be barred by *Heck*, and any allegations made in the *Declaration of Destiny Jones* and/or *Declaration of Lisa Lewis Jones*, are irrelevant to the class certification issues before this Court. This Court should further strike the Declarations pursuant to FRE 401 because they provide no evidence of race discrimination other than mere subjective beliefs, and are thus are not relevant to the class issues before the Court.

15.    **Archie McKay**

In the *Declaration of Archie McKay* [Dkt. # 231, Exhibit 52] (Exhibit "V"), the Witness alleges that he has been stopped at two roadblocks conducted by the MCSD – one in 2017 and the other in April of 2015. *Id.* McKay alleges that he was asked to provide his driver's license during the 2017 roadblock, but does not allege any incident resulting therefrom. *Id.*, ¶ 3. McKay declares that he was stopped in April of 2015, and was arrested pursuant to an outstanding warrant for his son. *Id.* ¶¶ 5-6. In addition to being arrested pursuant to a warrant, McKay was also issued traffic citations for failure to have a driver's license and no proof of liability insurance premised on this April 11, 2015 stop, in which he pleaded guilty to the charge of not possessing liability insurance

and was fined $232.50. *McKay Justice Court Records* (Exhibit "SS").[12] Because the misdemeanor charge of failure to possess liability insurance has not been set aside by a court of competent jurisdiction, any claim related to the incident would be barred by *Heck*. McKay's Declaration is likewise inadmissible and should be stricken pursuant to Rule 401 because a subjective opinion of race discrimination without more has no probative value and is thus irrelevant to the class issues before the Court.

16. **Antonio Mitchell**

In the *Declaration of Antonio Mitchell* [Dkt. # 231, Exhibit 53] (Exhibit "W"), the Witness alleges that he has been stopped at MCSD roadblocks "about 10 times," with "three to four" of the times being in the past year. *Id.*, ¶ 2. According to his justice court records, Mitchell has been found guilty numerous times as a result of traffic offenses, including the following:

a.   July 29, 2007  -  Seatbelt violation - found guilty;

b.   September 29, 2010 – Speeding at 82 mph in a 65 mph zone - found guilty;

c.   October 18, 2011 -   Improper equipment (blue lights on vehicle) – found guilty; and

d.   December 3, 2015 – Possession of marijuana – pleaded guilty.

*Mitchell Justice Court Records* (Exhibit "TT")[13].  Because any claim related to these convictions would be barred by *Heck*, the allegations in the *Declaration of Antonio Mitchell* are irrelevant to the issues before the Court and should be stricken. Additionally, because Mitchell fails to present evidence of racial discrimination beyond his own subjective belief, his Declaration is inadmissible and irrelevant to the class issues before the Court under FRE 401. The Court should further strike Mitchell's Declaration under FRE 403 to the extent it relates to incidents occurring prior to May

---

[12] *See also Exhibit "ZZ".*

[13] *See also Exhibit "ZZ".*

8, 2014 as the probative value of incidents occurring prior to May 8, 2014 is substantially outweighed by unfair prejudice to Defendants.

      17.    **Ernest Pate, Jr.**

      In the *Declaration of Earnest Pate, Jr.* [Dkt. # 231, Exhibit 54] (Exhibit "X"), the Witness alleges that he was stopped one time – on June 9, 2015 – by MCSD personnel, and alleges that he was arrested on an outstanding warrant for a fraudulent check. *Id.*, ¶ 8. Specifically, Pate alleges that "I certainly wasn't doing anything illegal." *Id.*, ¶ 5. Pate was arrested on June 9, 2015, for possession of paraphernalia and pleaded guilty to the crime, paying $283.75 in fines. *Pate Justice Court Records* (Exhibit "UU"). Pate questions the illegality of his actions on June 9, 2015, yet he pleaded guilty to a crime resulting from that stop and the conviction has not been overturned by any court. Accordingly, any claim related to the incident on that date should be barred by *Heck*. Pate's Declaration should also be stricken pursuant to FRE 401 because his mere subjective belief that he was discriminated against based on his race is irrelevant and not probative with regard to the class issues before the Court.

      18.    **Delores Smith**

      In her *Declaration of Delores Smith* [Dkt. # 231, Exhibit 55] (Exhibit "Y"), Smith alleges that she has been pulled over once by a MCSD deputy in 2015 (*Id.*, ¶ 4), and relays the hearsay story of her son being pulled over by a MCSD deputy. *Id.*, ¶ 6. Criminal records of these two incidents, the *Smith Records* (Exhibit "VV") do evidence that this Witness has had MSCD deputies dispatched to her home residence on at least 13 occasions (April 18, 2004, June 26, 2004, August 21, 2004, February 19, 2006, March 20, 2006, October 22, 2006, December 19, 2007, May 29, 2010, June 15, 2014, September 24, 2015, April 2, 2016, December 18, 2016, and April 5, 2017); has reported a burglary of her car to the MCSD (October 18, 2010); has reported two auto accidents

to the MCSD (April 22, 2009, and May 3, 2014); and has requested that the MCSD assist with her

step-father in her car (November 26, 2017).  *Smith Records* (Exhibit "VV").  All told, Smith has

sought the assistance of the MCSD on at least 17 separate occasions since 2004, which certainly

does not evidence a person who is scared of the MCSD.  Additionally, because Smith fails to

present evidence of racial discrimination beyond her own subjective belief, her Declaration has no

probative value and is inadmissible pursuant to FRE 401 because it is not relevant to the class

issues before the Court.

19. **Quincy Smith**

Smith alleges in his *Declaration of Quincy Smith* [Dkt. # 231, Exhibit 56] (Exhibit "Z")

that he has encountered approximately 30 roadblocks in the last 3-4 years.  *Id.*, ¶ 2.  Smith alleges

incidents in 2014 and 2015, and admits that he pleaded guilty to the charges against him as a result

of the 2015 incident.  *Id.*, ¶ 10.  Smith does have an extensive history of being found guilty of

traffic related charges, including the following:

a. April 20, 2012  -  driving with a suspended license (guilty), no proof of insurance (guilty);

b. September 24, 2012  -  driving with a suspended license (guilty);

c. November 29, 2012  -  no proof of liability insurance (guilty);

d. March 18, 2013  -  child restraint violation (guilty), no proof of liability insurance (guilty); and

e. June 15, 2013 -  driving with a suspended license (guilty).

*Smith Justice Court Records* (Exhibit "WW")[14].  Any claims related to these or any other traffic

stops in which Smith was charged with and convicted of a crime in relation to the stop would be

---

[14] *See also Exhibit "ZZ".*

barred by *Heck*. Smith's Declaration is likewise inadmissible and should be stricken pursuant to FRE 401 because a subjective opinion of race discrimination without more has no probative value and is thus irrelevant to the class issues before the Court. The Court should further strike Smith's Declaration under FRE 403 because any and all claims premised on incidents occurring prior to May 8, 2014 are outside the statute of limitations period, and the probative value, if any, in considering incidents occurring outside the statute of limitations period is substantially outweighed by unfair prejudice to Defendants.

    20.   **John Spann**

In the *Declaration of John Spann* [Dkt. # 231, Exhibit 57] (Exhibit "AA"), Spann alleges that he was once stopped by MCSD for crossing or "bumping the lines," but was not cited as a result. *Id.*, ¶ 12. The Mississippi Supreme Court has held that bumping or crossing the fog line, even once, provides an officer with probable cause to stop a vehicle. *Martin v. State*, No. 2015-KA-00772-SCT, 2017 WL 4694088, at *4 (Miss. Oct. 19, 2017) (Feb. 8, 2018) (citing *United States v. Rosales–Giron*, 592 F. App'x 246 (5th Cir. 2014) (per curiam); *Nolan v. State*, 182 So.3d 484 (Miss. App. 2016); *Williams v. State*, 126 So.3d 85 (Miss. App. 2013); *United States v. Escalante*, 239 F.3d 678 (5th Cir. 2001) (holding that Section 63–3–1213 is not unconstitutionally vague and officer had probable cause to stop defendant after observing defendant twice cross the divider lines of the road) (additional citations omitted). The single incident alleged in the *Declaration of John Spann* is irrelevant to the issues before this Court related to class certification where the MCSD deputy at issue had probable cause to stop Spann. The allegations in Spann's Declaration should likewise be stricken as irrelevant to the class issues before the Court pursuant to Rule 401 given that Spann cannot provide any evidence of race discrimination other than a subjective belief.

26

21.   **Terrance Thompson**

Thompson alleges two incidents in his *Declaration of Terrance Thompson* [Dkt. # 231, Exhibit 58](Exhibit "BB") – one in January of 2017, and the other in 2014.  *Id.*, ¶¶ 2-10, 12. Thompson pleaded guilty to carrying a concealed weapon in relation to the January 23, 2017 incident, and pleaded guilty to possession of marijuana while in possession of firearm in relation to the April 8, 2014 incident.  *Thompson Justice Court Records* (Exhibit "XX").  Thus, any claims related to these incidents would be barred by *Heck*. The *Declaration of Terrance Thompson* should also be stricken pursuant to FRE 401 because the allegations in the Declaration are not probative, relevant evidence to the class issues before the Court given that the opinions rest on a mere subjective belief of race discrimination.

22.   **Montreal Tillman**

Tillman alleges in his *Declaration of Montreal Tillman* [Dkt. # 231, Exhibit 59] (Exhibit "CC") that he has encountered approximately five roadblocks in the last three years, and approximately 20 roadblocks prior to that time.  *Id.*, ¶¶ 2, 4.  Tillman was arrested during a traffic incident in which on March 24, 2016, he pulled out in front of a MCSD deputy, almost causing a wreck, and it was discovered that he was driving with a suspended license.  *Tillman Records* (Exhibit "YY").  Tillman was also arrested on May 20, 2012, during which time he was served with six (6) outstanding warrants and taken into custody.  *Id.*  While the 2016 incident may not be barred by *Heck*, it is clear that the deputies had probable cause to stop Tillman at that time.  Because Tillman fails to present evidence of racial discrimination beyond his subjective belief, his Declaration has no probative value to the class issues before the Court and is inadmissible under FRE 401. The Court should further strike the allegations pursuant to FRE 403 relating to the twenty incidents alleged by Tillman that did not occur within the past three years, including the 2012

arrest, *supra* because any probative value in considering the incidents occurring before May 8, 2014 is substantially outweighed by unfair prejudice to Defendants.

      23.   **Earline Wilder**

      In the *Declaration of Earline Wilder* [Dkt. # 231, Exhibit 60] (Exhibit "DD"), Wilder alleges that she has encountered two roadblocks in Canton, Mississippi, but does not provide dates for either. *Id.*, ¶ 5. Wilder's Declaration has no probative value regarding the class issues before the Court and is inadmissible pursuant to FRE 401 given that she sets forth no evidence of race discrimination other than her own subjective belief. This Court should also strike Wilder's Declaration pursuant to FRE 403 because she provides no dates for the alleged roadblocks. Any allegations relating to roadblocks occurring prior to May 8, 2014 should further be stricken pursuant to FRE 403 because it is outside the statute of limitations period, and any probative value is substantially outweighed by unfair prejudice to Defendants.

      24.   **Michelle Williams** – Williams alleges one incident from April of 2015 in which she was pulled over and cited for speeding and resisting arrest. *Declaration of Michelle Williams* [Dkt. # 231, Exhibit 61] (Exhibit "EE"). The Witness admitted that she pleaded guilty to speeding and was found guilty of resisting arrest. *Id.*, ¶¶ 22, 24. Thus, any claims related to this incident would be barred by *Heck* and the *Declaration of Michelle Williams* would not be relevant to the issues before this Court. Williams fails to offer evidence of race discrimination beyond her subjective belief. As a result, her Declaration has no probative value with regard to the class issues before the Court and should be stricken pursuant to FRE 401.

**E.**    **Should the Court decline to strike the Declarations in their entirety, the Court should grant Defendants an opportunity to examine the Witnesses / Declarants.**

      Because Plaintiffs waited until almost the end of the class certification discovery deadline to disclose these 25 individuals as witnesses and because the discovery deadline has already

expired, Defendants did not have an opportunity to cross examine the Witnesses before the discovery deadline.[15] Additionally, Defendants have always regarded these belated Declarations as inadmissible, and as a result, did not seek an extension of the class discovery deadline (which would postpone the deadline for the class certification motion) to conduct depositions.  If the Court wishes to consider evidence from any Witnesses, it should conduct an evidentiary hearing at which Defendants may cross examine them.  If the Court determines that the Declarations are admissible, but declines to conduct an evidentiary hearing then Defendants should be granted an opportunity to depose the Witnesses.

As explained in the foregoing sections, the Declarations are faulty on several levels. Thus, if they are to be considered (which Defendants submit would be wrong), Defendants suggest it would be improper to not allow cross examination. Such cross examination would be helpful (and likely essential) to the Court in assessing the accuracy of the testimony and the credibility of the witnesses. Defendants are agreeable to cross examining the Witnesses either at an evidentiary hearing on the Motion for Class Certification or via deposition prior to the Court ruling on the Motion for Class Certification as the Court may prefer. As such, in order to avoid undue prejudice to Defendants for Plaintiffs' belated disclosure, this Court should exercise its discretion and either compel the Witnesses to appear before the Court for an evidentiary hearing so they can be cross examined, or alternatively allow Defendants to depose these Witnesses and supplement the record after such depositions.

A further reason for allowing such cross examination is the stale nature of the incidents occurring prior to May 8, 2014, referred to in the Declarations. *See* Exs. "G"-"I", "K"; "M"-"O"; "P"-"S"; "W"; "Z"; "CC"; "DD".  For this reason, the Witnesses have no cause of action, and the

---

[15] To subpoena and depose the Declarants in such a short time, especially with the already crowded deposition schedule, would have been virtually impossible.

fact that these allegations are vague and relate to old incidents outside the three year statute of limitations is further reason the Court should not consider them without cross examination to determine their probative value (if any) to the class issue.

## III.      CONCLUSION

For these reasons, this Court should grant Defendants' Motion to Strike and exclude the Declarations of the Witnesses. However, in the alternative, should the Court decline to strike the Declarations, the Court should grant Defendants an evidentiary hearing on the class certification issue to cross examine the Witnesses or alternatively allow Defendants leave to depose them prior to the adjudication of the class certification issue.

Respectfully submitted this 8th day of May, 2018.

**MADISON COUNTY, MISSISSIPPI, and SHERIFF RANDALL C. TUCKER, IN HIS OFFICIAL CAPACITY**

BY:      *s/ Michael Wallace*
Michael B. Wallace (MSB #6904)
Charles E. Ross (MSB #5683)
James E. Graves, III (MSB #102252)
Charles E. Cowan (MSB #104478)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi  39205-0651
Telephone: 601-968-5534
Facsimile: 601- 944-7738
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com

and

T. Russell Nobile (MSB #100682)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi  39501
Telephone: 228-867-7141

Facsimile: 228-867-7142
trn@wisecarter.com

OF COUNSEL:

Rebecca B. Cowan (MSB #7735)
CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Dr.
Jackson, Mississippi  39232
P.O. Box 750
Jackson, Mississippi  39205-0750
Telephone: 601-969-1010
Facsimile:  601-969-5120
bcowan@curriejohnson.com

Katie Bryant Snell (MSB# 103607)
KATIE BRYANT SNELL, PLLC
P.O. Box 3007
Madison, Mississippi  39130-3007
Telephone: 601-460-9800
katie@katiebryantsnell.com

J. Lawson Hester
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210
Jackson, Mississippi  39211
Telephone: 601-987-5300
lhester@pbhfirm.com

## CERTIFICATE OF SERVICE

I, Michael Wallace, hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification to all counsel of record.

This the 8th day of May, 2018.

*s/Michael B. Wallace*
Michael B. Wallace