UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| LATOYA BROWN; LAWRENCE BLACKMON; HERBERT ANTHONY GREEN; KHADAFY MANNING; QUINNETTA MANNING; MARVIN MCFIELD; NICHOLAS SINGLETON; STEVEN SMITH; BESSIE THOMAS; and BETTY JEAN WILLIAMS TUCKER, individually and on behalf of a class of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MADISON COUNTY, MISSISSIPPI; SHERIFF RANDALL S. TUCKER, in his official capacity; and MADISON COUNTY SHERIFF'S DEPUTIES JOHN DOES #1 through #6, in their individual capacities,<br><br>Defendants. | Civil Action No.<br>3:17-cv-00347-WHB-LRA |

**MOTION FOR LEAVE TO FILE SUR-REPLY IN FURTHER OPPOSITION
TO DEFENDANTS' MOTION TO DENY CLASS CERTIFICATION**

Plaintiffs Latoya Brown, Lawrence Blackmon, Khadafy Manning, Quinnetta Manning, Nicholas Singleton, Steven Smith, Bessie Thomas and Betty Jean Williams Tucker ("Plaintiffs") respectfully move for leave to file a sur-reply in further opposition to Defendants' motion to deny class certification.

1. Defendants filed their reply memorandum in further support of their Motion to Deny Class Certification on May 22, 2018. *See* ECF No. 289 (the "Reply"). The Reply argues, for the first time, that the Court should consider Plaintiffs' adequacy as proposed class representatives under Fed. R. Civ. P. 23(a)(4) in determining whether to apply the so-called "necessity doctrine" that forms the basis of Defendants' motion. *See* Reply § IV. Specifically, the Reply posits that a conflict exist within the proposed class because proposed class members

"need the protection that Sheriff Tucker provides, and they appreciate that protection," and that this purported intra-class conflict renders certification inappropriate, at least as to remedy. *Id.* at 13. Defendants also rely on new evidence in their reply, including two new exhibits and other evidence cross-referenced from other motion and opposition papers filed by Defendants. *See id.* at 13 n.8.

2. Plaintiffs' proposed sur-reply explains that the purported conflict Defendants identify is illusory, and that the evidence proffered by Defendants does not support their contentions. Plaintiffs' proposed sur-reply also demonstrates that Defendants' Motion to Deny Class Certification is inextricably intertwined with Plaintiffs' Motion for Class Certification, and that the two motions should therefore be considered by the Court at the same time.

3. Accordingly, because Plaintiffs have not had an opportunity to respond to the new arguments and evidence presented by Defendants' for the first time in their Reply, the Court should grant the instant Motion for Leave to File a Sur-Reply.

4. Plaintiffs' proposed Sur-Reply In Further Opposition To Defendants' Motion To Deny Class Certification is attached hereto as **Exhibit 1**.

5. Plaintiffs also rely on the Memorandum of Law In Support Of Plaintiffs' Motion For Leave To File Sur-Reply In Further Opposition To Defendants' Motion To Deny Class Certification, submitted herewith.

WHEREFORE, PREMISES CONSIDERED, this Court should grant Plaintiffs leave to file the proposed Sur-Reply in further opposition to Defendants' Motion to Deny Class Certification.

RESPECTFULLY SUBMITTED, this 4th day of June, 2018.

Dated: June 4, 2018

By:    /s/ Joshua Tom
       Joshua Tom

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
Isaac Rethy (*pro hac vice*)
Kavitha S. Sivashanker (*pro hac vice*)
Nihara K. Choudhri (*pro hac vice*)
Christopher K. Shields (*pro hac vice*)
Brooke Jarrett (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
kavitha.sivashanker@stblaw.com
nchoudhri@stblaw.com
christopher.shields@stblaw.com
bonnie.jarrett@stblaw.com

AMERICAN CIVIL LIBERTIES UNION
OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408
JTom@aclu-ms.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Ezekiel Edwards (*pro hac vice*)
Jeffery Robinson (*pro hac vice* forthcoming)
125 Broad Street
New York, NY 10004
(212) 549-2610
eedwards@aclu.org
jrobinson@aclu.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2018, I caused the foregoing **MOTION FOR LEAVE TO FILE SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DENY CLASS CERTIFICATION** to be electronically filed with the Clerk of the Court using the CM/ECF system, through which copies have been served to:

WISE CARTER CHILD & CARAWAY, P.A.
Michael B. Wallace (Miss. Bar No. 6904)
Charles E. Ross (Miss. Bar No. 5683)
James E. Graves (Miss. Bar No. 102252)
Charles E. Cowan (Miss. Bar No. 104478)
T. Russell Nobile (Miss. Bar No. 100682)
Post Office Box 651
Jackson, MS 39205
(601) 968-5534
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com
trn@wisecarter.com

CURRIE JOHNSON & MYERS, P.A.
Rebecca B. Cowan (Miss. Bar No. 7735)
P.O. Box 750
Jackson, MS 39205
(601) 969-1010
bcowan@curriejohnson.com

KATIE BRYANT SNELL, PLLC
Katie Bryant Snell (Miss. Bar No. 103607)
P.O. Box 3007
Madison, Mississippi 39130-3007
(601) 460-9800
Katie@katiebryantsnell.com

PETTIS, BARFIELD & HESTER, P.A.
J. Lawson Hester (Miss. Bar No. 2394)
Jason E. Dare (MSB No. 100973)
4450 Old Canton Road, Suite 210
Jackson, Mississippi 39211
(601) 987-5300
lhester@pbhfirm.com
jdare@pbhfirm.com

*/s/ Joshua Tom*
Joshua Tom

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| LATOYA BROWN; LAWRENCE BLACKMON; HERBERT ANTHONY GREEN; KHADAFY MANNING; QUINNETTA MANNING; MARVIN MCFIELD; NICHOLAS SINGLETON; STEVEN SMITH; BESSIE THOMAS; and BETTY JEAN WILLIAMS TUCKER, individually and on behalf of a class of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MADISON COUNTY, MISSISSIPPI; SHERIFF RANDALL S. TUCKER, in his official capacity; and MADISON COUNTY SHERIFF'S DEPUTIES JOHN DOES #1 through #6, in their individual capacities,<br><br>Defendants. | Civil Action No.<br>3:17-cv-00347-WHB-LRA |

**PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION TO
DEFENDANTS' MOTION TO DENY CLASS CERTIFICATION**

Plaintiffs Latoya Brown, Lawrence Blackmon, Khadafy Manning, Quinnetta Manning, Nicholas Singleton, Steven Smith, Bessie Thomas and Betty Jean Williams Tucker ("Plaintiffs" or "Named Plaintiffs") respectfully submit this sur-reply in further opposition to the motion to deny certification (ECF No. 237, the "Motion" or "Motion to Deny Certification") filed by Defendants Madison County, Mississippi and Sheriff Randall Tucker ("Defendants") in order to address new arguments and evidence raised by Defendants in their reply memorandum (ECF No. 289, the "Reply").[1]

---

[1] Plaintiffs have requested oral argument on Defendants' Motion to Deny Certification in their opposition to the motion, as contemplated by Local Civil Rule 7(b)(6)(A). *See* ECF No. 265.

EXHIBIT 1

Defendants contend for the first time on reply that Plaintiffs are "inadequate representatives of a class regarding the issue of remedy" under Fed. R. Civ. P. 23(a)(4) because "the record unequivocally shows that a number of [class members] believe that they need the protection that Sheriff Tucker provides, and they appreciate that protection." Reply 13; *see also id.* at 14 (contending that the injunctive relief sought by Plaintiffs "is opposed by a significant number of members of the proposed class"). Defendants contend that this is compelled by footnote 33 of *Horton v. Goose Creek Independent School District*, 690 F.2d 470 (5th Cir. 1982), and assert that if a "remedial class" cannot be certified, the necessity doctrine compels denial of class certification. Reply 12.

For the reasons discussed below, the new evidence presented by Defendants does not support Defendants' contentions, and Defendants' new legal arguments lack merit. Therefore, Defendants' new arguments present no basis for this Court to deny certification. In addition, because Defendants' reply demonstrates that the arguments relevant to the Motion to Deny Certification are inextricably intertwined with the arguments presented by the parties on Plaintiffs' Motion for Class Certification, adjudication of this Motion should be deferred pending completion of briefing on Plaintiffs' Motion for Class Certification so that the Court can consider all of the relevant evidence and arguments in rendering its decisions on the motions.

## ARGUMENT

Defendants argue, for the first time on reply, that disagreements within the proposed class preclude certification, at least on the issue of remedy. Defendants claim that the record "unequivocally shows" and "affirmatively discloses" that class members are in "substantial conflict" and that any class-wide injunctive relief would be "opposed by a significant number of members of the proposed class." Reply 13-14. Defendants then contend that where such disagreement exists, certification of a remedial class is precluded by footnote 33 of *Horton*, in

2

which the Fifth Circuit reversed denial of class certification but limited its grant, under the facts of that case, to issues of liability. *See* Reply 12, quoting *Horton*, 690 F.2d at 488 n.33. Defendants' argument fails because there is no evidence of intra-class disagreements. Instead, Defendants rely on evidence that certain named Plaintiffs sought the assistance of the Madison County Sheriff's Department ("MCSD") in the past, and that certain Canton, Mississippi-area apartment managers voluntarily cooperate with the MCSD. Neither demonstrates conflicts within the proposed class, and mere speculation that disagreements might exist within a proposed class does not warrant denying certification or limiting certification to liability only. Defendants' new adequacy arguments thus provide no support for their Motion to Deny Certification.

I.  **DEFENDANTS' MOTION TO DENY CLASS CERTIFICATION SHOULD NOT BE DECIDED BEFORE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

As an initial matter, Defendants argue that the Court can properly grant their Motion to Deny Certification in advance of ruling on Plaintiffs' Motion for Class Certification, claiming that due to the "massive amount of paperwork filed regarding plaintiffs' motion for class certification"—much of which, of course, was filed by Defendants[2]—"the elimination of the hearing on class certification will spare this Court's time and massive expense to the parties." Reply 10; *see also* May 22, 2018 Letter from M. Wallace to Judge Barbour (advising that briefing was complete on the motion to deny class certification and Defendants' motions for summary judgment, and noting that Defendants were available for oral argument "at the Court's earliest convenience"). However, Defendants' incorporation of Fed. R. Civ. P. 23(a)(4) adequacy arguments into their Reply clearly demonstrates that if the necessity doctrine has any potential

---

[2] In addition to their Motion to Deny Class Certification and their principal responsive papers opposing Plaintiffs' motion for class certification, Defendants filed five ancillary motions in opposition to class certification: (i) Conditional Motion for Evidentiary Hearing (ECF No. 269); (ii) Daubert Motion and Motion in Limine to Exclude the Report and Testimony of Bryan Ricchetti (ECF No. 270); (iii) Motion in Limine to Exclude the Declaration and Testimony of Rahul Guha (ECF No. 272); (iv) Amended Motion to Strike Newspaper Articles (ECF No. 274); and (v) Motion to Strike Declarations (ECF No. 285).

applicability here (and for the reasons set forth in Plaintiffs' opposition to Defendants' motion, it does not), determination of the "necessity" of class certification cannot be decided in the abstract. It instead must turn on the specific characteristics of the proposed class, and this cannot be determined without undertaking the analysis required by Rule 23, that is set forth in Plaintiffs' Motion for Class Certification. This Court should thus defer consideration of Defendants' Motion to Deny Class Certification until briefing on Plaintiffs' Motion for Class Certification is complete, and then schedule a joint hearing on both motions, so that the parties can present all pertinent evidence and arguments for the Court's consideration.

## II. DEFENDANTS FAIL TO IDENTIFY ANY ACTUAL DISAGREEMENTS WITHIN THE PROPOSED CLASS

Defendants' new adequacy argument fails on its merits. Fed. R. Civ. P. 23(a)(4) provides that proposed class representatives must "fairly and adequately protect the interests of the class." Under Fifth Circuit law, "[d]ifferences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests." *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625-26 (5th Cir. 1999). Defendants attempt to manufacture intra-class conflict by claiming that "the record unequivocally shows that" members of the proposed class "believe that they need" or "appreciate" the "protection that [the MCSD] provides," and that such class members would necessarily oppose the relief requested by Plaintiffs. Reply 13. This argument fails both because Defendants lack evidentiary support for their assertions and because their argument attacks a straw man. This case does not present the question of whether the MCSD should protect potential class members from criminal activity, but, rather, whether aspects of the MCSD's policing violate the Fourth and Fourteenth Amendments.

Defendants present no evidence that any class members support the policies challenged by Plaintiffs. Instead, Defendants hypothesize that if Plaintiffs "could prove that Sheriff Tucker had established a policy of using dogs to sniff every pedestrian 'in the vicinity of the Apartment Complexes'"—something Plaintiffs *do not* allege—"plaintiffs would be inadequate representatives of a class regarding the issue of remedy … because the record unequivocally shows that a number of Black residents of those apartments believe that they need the protection that Sheriff Tucker provides, and they appreciate that protection." Reply 13. The "dog-sniff" policy is not alleged to actually exist, so the record, of course, contains zero evidence of support for (or opposition to) that hypothetical policy. Thus, Defendants' argument proceeds from the flawed theory that class members' general reliance on the police for protection from crime automatically translates into support for any and all possible policing practices—an argument which, if accepted, would preclude class certification in any policing case.

The only record evidence Defendants actually cite is relegated to a footnote which, in substantial part, incorporates by reference materials submitted by Defendants in connection with their opposition to Plaintiffs' Motion for Class Certification and their motions for summary judgment. *See* Reply 13 n.8. This evidence does not support Defendants' argument. Defendants rely on deposition testimony in which Plaintiff Latoya Brown recalls calling the MCSD in 2011 to report gambling and to report hearing a gunshot, and testimony in which Plaintiff Quinnetta Manning recalls vehicular patrols in Canton Estates and agrees they had a deterrent effect on crime. *See id.* (citing L. Brown Tr. 30:10-32:8; Q. Manning Tr. 141:1-142:7).[3] Defendants also

---

[3] Defendants elsewhere contend that testimonial evidence is actually *inadmissible* where it concerns events that occurred before May 2014 and thus beyond the statute of limitations applicable to this case. *See, e.g.*, ECF No. 286 at 9-12. Defendants are wrong about this, but it is notable that their concern only runs in one direction, as they are more than willing to rely on evidence outside the limitations period—here, testimony recounting events in 2011, predating Sheriff Tucker's tenure as sheriff—when they believe it serves their purposes.

5

cite a stitched-together document generated in a separate lawsuit involving Plaintiff Khadafy Manning that attaches a letter from a MCSD clerk enclosing purported MCSD records of "dispatched activity calls" for Canton Estates "from December 24, 2012 through November 8, 2015," and contend that this document constitutes an "admi[ssion]" by Mr. Manning of "the extent to which the MCSD is called upon to help."[4] Reply 13 n.8 (citing Ex. 2).

The above evidence doubly fails to demonstrate the existence of intra-class conflict. First, Plaintiffs are not seeking to enjoin the MCSD from responding to 911 calls by Black persons or from having a presence in predominantly-Black communities. Thus, evidence that Black residents of Madison County have sought MCSD assistance in the past does not plausibly demonstrate any opposition within the proposed class to the relief sought in this action. Second, Defendants' evidence that the Named Plaintiffs have themselves sought MCSD assistance in the past shows *alignment* between the Named Plaintiffs and the class, not conflict, as it dispels any suggestion that the Named Plaintiffs are somehow peculiarly antagonistic to law enforcement. On Defendants' own terms, the Named Plaintiffs' past reliance on or cooperation with law enforcement should make them more, not less, adequate as representatives of the proposed class.

The only other evidence cited by Defendants to demonstrate purported intra-class conflict is testimony from two Canton-area apartment managers, Angela Lyons and Perie Freeman. *See* Reply 13 n.8. In her cited testimony, Ms. Lyons states that she calls MCSD when she observes

---

[4] Setting aside the multitude of procedural and evidentiary irregularities of this exhibit, which was not previously disclosed by Defendants in this case—for instance, certain pages bear a Mississippi state court e-filing legend while others do not, and the Bates numbers within the enclosed document skip from "K. Manning 00079" to "K. Manning 00100"—it is difficult to comprehend how Defendants can contend that this document constitutes an "admission" of anything by Mr. Manning. On its face, the document simply reflects the production by Mr. Manning's counsel to opposing counsel in that action of information received from the MCSD through some form of formal or informal third-party discovery. That does not bind Mr. Manning to the substantive accuracy of the records the MCSD provided, much less constitute an admission in this action to the substance of some vague inference Defendants apparently glean from their own records regarding "the extent to which the MCSD is called upon to help."

6

loitering on the property she manages (Lyons Tr. 39:9-40:15); that she will occasionally receive reports of drug sales from residents and pass those on to the MCSD (*id.* 42:11-44:21); that she has requested MCSD patrols in order to deter crime (66:1-69:18); and that Canton-area apartment managers have yearly invited MCSD officials to lunch to show their appreciation. *Id.* 106:1-107:10. Ms. Freeman's testimony is only cited for her statement that she has a positive view of MCSD patrols. Freeman Tr. 50:1-23.[5] Neither Ms. Lyons nor Ms. Freeman live in the Canton-area apartment complexes they manage (*see* Lyons Tr. 19:17-21; Freeman Tr. 21:4-8), and none of their cited testimony directly concerns the MCSD policies actually challenged in this case. In any event, there is no support in the law for Defendants' contention that a landlord's or property manager's cooperation with law enforcement suffices to somehow create a fatal conflict within a proposed class that includes their tenants.

Given the above, Defendants' contentions that "[t]his record affirmatively discloses that the people of Madison County are in 'substantial conflict, not necessarily along racial lines,' with regard to the practices of Sheriff Tucker which plaintiffs challenge here" and that Plaintiffs' request for class-wide injunctive relief "is opposed by a significant number of members of the proposed class" (Reply 14) have no basis in fact, and Defendants cannot defeat class certification through unsupported speculation that such conflicts could exist. *See, e.g.*, *Serna v. Transp. Workers Union of Am., AFL-CIO*, No. 3:13-CV-2469-N, 2014 WL 7721824, at *5 (N.D. Tex. Dec. 3, 2014) ("[S]peculation … cannot alone disprove the adequacy requirement.") (citing *In re S. Cent. States Bakery Prod. Antitrust Litig.*, 86 F.R.D. 407, 418 (M.D. La. 1980) ("A naked allegation of antagonism cannot defeat class certification; there must be an actual showing of a

---

[5] In the cited testimony, Ms. Freeman also recounts discussions with other apartment managers in which they express agreement with her views on MCSD patrols. This is hearsay, and Defendants have argued elsewhere that hearsay evidence cannot be considered at the class certification stage. *See* ECF No. 275 at 4.

real probability of a potential conflict which goes to the subject matter of the suit.")). While it is Plaintiffs' burden to demonstrate adequacy under Rule 23(a)(4), this does not mean that Plaintiffs must somehow demonstrate unanimity or disprove hypotheticals. *See, e.g.*, *Horton*, 690 F.2d at 486 ("[I]n any conceivable case, some of the members of the class will wish to assert their rights while others will not wish to do so."); 5 Moore's Federal Practice § 23.25[2][b][ii] (2002) ("In order for a conflict of interest to render a named representative an inadequate representative, the conflict must be more than merely speculative or hypothetical.").[6]

---

[6] Defendants rely on this Court's ruling in *Cook v. Luckett*, 575 F. Supp. 485 (S.D. Miss. 1983), *vacated*, 735 F.2d 912 (5th Cir. 1984), but in *Cook* the existence of a concrete conflict was plainly demonstrated by the presence of two competing plaintiffs who moved to certify competing, overlapping classes seeking different relief. *Cook*, 575 F. Supp. at 489. Indeed, courts within this Circuit have not hesitated to certify classes despite the presence of conflicts far less hypothetical than those presented here. *See, e.g.*, *Larry James Oldsmobile-Pontiac-GMC Truck Co., Inc. v. General Motors Corp.*, 164 F.R.D. 428, 437 (N.D. Miss. 1996) (granting certification even though defendant had produced affidavits demonstrating opposition to the litigation and plaintiff had not, and citing *Horton* for the proposition that "[t]he fact that some class members object to the litigation is insufficient to preclude certification under Rule 23(a)(4)").

## **CONCLUSION**

This Court should certify the class and subclasses proposed by Plaintiffs and deny Defendants' Motion to Deny Class Certification.

Dated: June __, 2018

By: _____
     Joshua Tom

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP<br>Jonathan K. Youngwood (*pro hac vice*)<br>Janet A. Gochman (*pro hac vice*)<br>Isaac Rethy (*pro hac vice*)<br>Kavitha S. Sivashanker (*pro hac vice*)<br>Nihara K. Choudhri (*pro hac vice*)<br>Christopher K. Shields (*pro hac vice*)<br>Brooke Jarrett (*pro hac vice*)<br>425 Lexington Avenue<br>New York, NY 10017<br>(212) 455-2000<br>jyoungwood@stblaw.com<br>jgochman@stblaw.com<br>irethy@stblaw.com<br>kavitha.sivashanker@stblaw.com<br>nchoudhri@stblaw.com<br>christopher.shields@stblaw.com<br>bonnie.jarrett@stblaw.com | AMERICAN CIVIL LIBERTIES UNION<br>OF MISSISSIPPI FOUNDATION<br>Joshua Tom (Miss. Bar No. 105392)<br>233 East Capitol Street<br>Jackson, MS 39201<br>(601) 354-3408<br>JTom@aclu-ms.org<br><br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION<br>Ezekiel Edwards (*pro hac vice*)<br>Jeffery Robinson (*pro hac vice* forthcoming)<br>125 Broad Street<br>New York, NY 10004<br>(212) 549-2610<br>eedwards@aclu.org<br>jrobinson@aclu.org<br><br>*Attorneys for Plaintiffs* |