UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| LATOYA BROWN; LAWRENCE BLACKMON; HERBERT ANTHONY GREEN; KHADAFY MANNING; QUINNETTA MANNING; MARVIN MCFIELD; NICHOLAS SINGLETON; STEVEN SMITH; BESSIE THOMAS; and BETTY JEAN WILLIAMS TUCKER, individually and on behalf of a class of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MADISON COUNTY, MISSISSIPPI; SHERIFF RANDALL S. TUCKER, in his official capacity; and MADISON COUNTY SHERIFF'S DEPUTIES JOHN DOES #1 through #6, in their individual capacities, <br><br> Defendants. | Civil Action No. 3:17-cv-00347-WHB-LRA |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DENY CLASS CERTIFICATION**

Plaintiffs Latoya Brown, Lawrence Blackmon, Khadafy Manning, Quinnetta Manning, Nicholas Singleton, Steven Smith, Bessie Thomas and Betty Jean Williams Tucker ("Plaintiffs") respectfully submit this memorandum of law in support of their Motion for Leave to File Sur-Reply in Further Opposition to Defendants' Motion to Deny Class Certification. Plaintiffs' sur-reply is necessary in order to address a new legal argument and new factual evidence raised for the first time in the reply memorandum (ECF No. 289, the "Reply") filed by Defendants Madison County, Mississippi and Sheriff Randall Tucker ("Defendants") in further support of Defendants' motion to deny certification (ECF No. 237, the "Motion to Deny Certification"). This Court should grant Plaintiffs leave to file a sur-reply so that Plaintiffs have the opportunity

to respond to Defendants' erroneous argument that Plaintiffs are inadequate class representatives for purposes of Rule 23(a)(4) due to purported conflicts within the proposed class, and to address the evidence Defendants claim supports this argument.

## BACKGROUND

On March 14, 2018, Plaintiffs moved for class certification under Fed. R. Civ. P. 23(b)(2) in this civil rights action, which challenges the deeply-entrenched racially discriminatory policing practices implemented by the Madison County Sheriff's Department ("MCSD"), at the direction of Sheriff Randall Tucker. *See* ECF No. 231. Defendants opposed Plaintiffs' motion for class certification on May 8, 2018, and filed several ancillary motions. *See* ECF Nos. 267, 269, 270, 272, 274, 285. Plaintiffs' reply memorandum in further support of their motion for class certification is due on or before July 2, 2018, and briefing on the ancillary motions filed by Defendants is ongoing.

Also on March 14, 2018, Defendants filed a Motion to Deny Class Certification. *See* ECF No. 237. This motion asserted that class certification should be denied pursuant to the so-called "necessity doctrine." Plaintiffs opposed this motion on May 8, 2018, arguing that the necessity doctrine applies, if at all, in limited circumstances not present here. *See* ECF No. 266 at 5-12. On May 22, 2018, Defendants filed their reply memorandum, which for the first time raised purported defects in Plaintiffs' adequacy as class representatives as grounds for granting the motion. After filing the Reply, Defendants wrote to the Court to advise that briefing was complete on the motion, as well as on Defendants' pending motions for summary judgment. *See* May 22, 2018 Letter from M. Wallace to Judge Barbour. Defendants noted that they were available for oral argument, which Plaintiffs had requested, "at the Court's earliest convenience." *Id.*

# ARGUMENT

"[A] sur-reply is appropriate when the movant's rebuttal raises new legal theories or attempts to present new evidence at the reply or rebuttal stage." *Elwood v. Cobra Collection Agency*, No. 2:06-cv-91-KS-JMR, 2006 WL 3694594, at *7 (S.D. Miss. Dec. 14, 2006) (citation omitted). Indeed, "it is the practice of ... the district courts to refuse to consider arguments raised for the first time in reply briefs." *Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) (citation omitted). If the Court does, however, entertain arguments raised for the first time on reply, the Court should grant the non-moving party the right to file a sur-reply. *See, e.g.*, *City of Hattiesburg v. Hercules, Inc.*, No. 2:13CV208-KS-MTP, 2016 WL 9236451, at *1, *5 (S.D. Miss. Mar. 17, 2016).

Here, Defendants both raise new legal theories and attempt to present new evidence on reply. While Defendants' opening brief and Plaintiffs' opposition brief both concern the necessity doctrine, Section IV of Defendants' Reply argues, for the first time on this motion, that the Court should find that conflicts exist within Plaintiffs' proposed class that "absolutely preclude[ ]" Plaintiffs "from representing a remedial class," and then grant Defendants' motion on the basis that certifying a class solely as to liability would be unnecessary. Reply 12. In so doing, Defendants rely primarily on case law neither party cited in prior briefing on this motion, and which concerns Fed. R. Civ. P. 23(a)(4) adequacy issues, not the necessity doctrine. *See* Reply 12 (conceding that Defendants' primary authority "sheds no direct light on the necessity analysis").[1] Defendants also present new evidence on reply. Defendants cite deposition testimony from three witnesses that "has already been submitted with regard to other motions."

---

[1] Because it is relevant to adequacy under Rule 23(a)(4), the parties address this case law in the ongoing briefing on Plaintiffs' Motion for Class Certification. *See* Mem. in Support of Class Cert. at 41 n.49 (ECF No. 232); Mem. in Opp. to Class Cert. at 58-60 (ECF No. 268).

Reply 13 n.8. Defendants also introduce two new exhibits that, they contend, contain admissions by two named Plaintiffs that support Defendants' argument. *See id.* (citing Exhibits 1 and 2, ECF Nos. 289-1 and 289-2). Plaintiffs' proposed sur-reply brief, filed as Exhibit 1 to Plaintiffs' Motion for Leave, demonstrates that Defendants' new argument lacks legal merit and is unsupported by the record. As discussed in the proposed sur-reply, Defendants present no evidence of support for any of the policies challenged by Plaintiffs, and instead contend that class members' general reliance on law enforcement for protection constitutes a fatal intra-class conflict. This is not the law; if it were, no policing class could ever be certified.

The Court should grant Plaintiffs leave to file this sur-reply in order to alleviate the substantial prejudice to Plaintiffs from Defendants raising new arguments and presenting new evidence on reply. While Defendants' new arguments overlap to some extent with the adequacy arguments Defendants have asserted in opposition to Plaintiffs' motion for class certification (*see* ECF No. 268 at 56-60), Plaintiffs' reply briefing is not due until July 2, 2018, and Defendants are seeking to accelerate adjudication of the instant motion, having indicated to the Court that it is fully briefed and ready for immediate argument or adjudication. Plaintiffs would be seriously prejudiced if argument were held or a decision rendered on this motion without Plaintiffs being afforded the opportunity to respond to Defendants' newly-raised adequacy arguments. In addition, the Court should grant Plaintiffs leave to file the proposed sur-reply so that Plaintiffs can explain that Plaintiffs' motion for class certification and Defendants' motion to deny class certification are substantially interrelated, such that a joint hearing should be held on both motions at which the parties can present all pertinent evidence and arguments for the Court's consideration.

## **CONCLUSION**

Plaintiffs' motion for leave to file their proposed sur-reply should be granted.

Dated: June 4, 2018

                                                        By:   /s/ Joshua Tom
                                                                    Joshua Tom

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP<br>Jonathan K. Youngwood (*pro hac vice*)<br>Janet A. Gochman (*pro hac vice*)<br>Isaac Rethy (*pro hac vice*)<br>Kavitha S. Sivashanker (*pro hac vice*)<br>Nihara K. Choudhri (*pro hac vice*)<br>Christopher K. Shields (*pro hac vice*)<br>Brooke Jarrett (*pro hac vice*)<br>425 Lexington Avenue<br>New York, NY 10017<br>(212) 455-2000<br>jyoungwood@stblaw.com<br>jgochman@stblaw.com<br>irethy@stblaw.com<br>kavitha.sivashanker@stblaw.com<br>nchoudhri@stblaw.com<br>christopher.shields@stblaw.com<br>bonnie.jarrett@stblaw.com | AMERICAN CIVIL LIBERTIES UNION OF MISSISSIPPI FOUNDATION<br>Joshua Tom (Miss. Bar No. 105392)<br>233 East Capitol Street<br>Jackson, MS 39201<br>(601) 354-3408<br>JTom@aclu-ms.org<br><br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>Ezekiel Edwards (*pro hac vice*)<br>Jeffery Robinson (*pro hac vice* forthcoming)<br>125 Broad Street<br>New York, NY 10004<br>(212) 549-2610<br>eedwards@aclu.org<br>jrobinson@aclu.org<br><br>*Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2018, I caused the foregoing **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DENY CLASS CERTIFICATION** to be electronically filed with the Clerk of the Court using the CM/ECF system, through which copies have been served to:

WISE CARTER CHILD & CARAWAY, P.A.
Michael B. Wallace (Miss. Bar No. 6904)
Charles E. Ross (Miss. Bar No. 5683)
James E. Graves (Miss. Bar No. 102252)
Charles E. Cowan (Miss. Bar No. 104478)
T. Russell Nobile (Miss. Bar No. 100682)
Post Office Box 651
Jackson, MS 39205
(601) 968-5534
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com
trn@wisecarter.com

CURRIE JOHNSON & MYERS, P.A.
Rebecca B. Cowan (Miss. Bar No. 7735)
P.O. Box 750
Jackson, MS 39205
(601) 969-1010
bcowan@curriejohnson.com

KATIE BRYANT SNELL, PLLC
Katie Bryant Snell (Miss. Bar No. 103607)
P.O. Box 3007
Madison, Mississippi 39130-3007
(601) 460-9800
Katie@katiebryantsnell.com

PETTIS, BARFIELD & HESTER, P.A.
J. Lawson Hester (Miss. Bar No. 2394)
Jason E. Dare (MSB No. 100973)
4450 Old Canton Road, Suite 210
Jackson, Mississippi 39211
(601) 987-5300
lhester@pbhfirm.com
jdare@pbhfirm.com

*/s/ Joshua Tom*
Joshua Tom