# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | |
|---|---|
| LATOYA BROWN; LAWRENCE BLACKMON; HERBERT ANTHONY GREEN; KHADAFY MANNING; QUINNETTA MANNING; MARVIN MCFIELD; NICHOLAS SINGLETON; STEVEN SMITH; BESSIE THOMAS; and BETTY JEAN WILLIAMS TUCKER, individually and on behalf of a class of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MADISON COUNTY, MISSISSIPPI; SHERIFF RANDALL S. TUCKER, in his official capacity; and MADISON COUNTY SHERIFF'S DEPUTIES JOHN DOES #1 through #6, in their individual capacities,<br><br>Defendants. | Civil Action No.<br>3:17-cv-00347-WHB-LRA<br><br>**ORAL ARGUMENT REQUESTED** |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO
## DEFENDANTS' MOTION TO STRIKE DECLARATIONS

Plaintiffs Latoya Brown, Lawrence Blackmon, Khadafy Manning, Quinnetta Manning, Nicholas Singleton, Steven Smith, Bessie Thomas, and Betty Jean Williams Tucker ("Plaintiffs") respectfully submit this Response in opposition to the Motion to Strike Declarations (May 14, 2018, ECF No. 285) (the "Motion") filed by Defendants Madison County, Mississippi and Sheriff Randall Tucker ("Defendants").

1.      Defendants' Motion seeks to strike 25 declarations (the "Declarations") attached by Plaintiffs to their Motion for Class Certification, filed on March 14, 2018 (ECF No. 231). Defendants' Motion should be denied because the Declarations are relevant to Plaintiffs' Motion for Class Certification and are consistent with applicable evidentiary standards.

2.      The Declarations are relevant to class certification. They provide evidence of the policing policies challenged by Plaintiffs, and are thus relevant to commonality. They also help to demonstrate the typicality of Plaintiffs' claims, and, relatedly, the adequacy of Plaintiffs as representatives of the proposed class. Defendants' argument that the Declarations contain nothing more than expressions of subjective belief is factually incorrect. In any event, Defendants' contention that expressions of subjective belief are inadmissible conflates relevance and sufficiency and is unsupported by precedent.

3.      Defendants argue that certain incidents described in a subset of the Declarations that allegedly occurred outside the statute of limitations period are unduly prejudicial to Defendants and thus inadmissible under Fed. R. Evid. 403. This argument fails because the Court is the sole decision-maker at the class certification stage and the "weighing of probative value against prejudice … has no logical application" where evidence is presented to a judge, rather than a jury. *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981). Even if Fed. R. Evid. 403 applied here, however, Defendants' argument would fail both because (i) the statute of limitations is a defense, not a rule of evidence, and (ii) Defendants' concerns about ostensible vagueness go to weight, not admissibility. In addition, many of the allegedly time-barred incidents Defendants point to are irrelevant to the Declarations, but are instead referenced solely in court records Defendants themselves submitted.

4.      Defendants similarly argue that any incidents described in the Declarations that pre-date Sheriff Tucker's administration (which began in 2012) are irrelevant. This argument fails for similar reasons, and, as above, most of the purported pre-2012 incidents Defendants reference are described in documents Defendants submitted, not in the Declarations. In any event, evidence of events that date from Sheriff Trowbridge's administration is entirely relevant,

since the policies challenged by Plaintiffs were put in place during Sheriff Trowbridge's administration and then continued and/or expanded by Sheriff Tucker.

5.      Defendants' argument concerning Fed. R. Evid. 104(b) is incorrect. None of the Declarations present issues of conditional relevance. The Declarations are relevant standing alone, and Defendants' attempt to convert Fed. R. Evid. 104(b) into some sort of corroboration requirement lacks merit.

6.      Defendants' final argument seeks to convert the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), into an evidentiary bar. It is not, and those courts that have considered the issue have rejected attempts to exclude evidence based on *Heck*. In any event, even if *Heck* were a rule of evidence, Defendants' argument would, on Defendants' own terms, only apply to a limited number of incidents described in a subset of the Declarations. It would not justify wholesale exclusion of the Declarations.

7.      Finally, Defendants' alternative request for an evidentiary hearing or to reopen discovery should not be granted. Defendants consciously chose not to depose the Declarants during the discovery period because, according to their brief, Defendants "have always regarded" the Declarations as "inadmissible."  Defendants should be held to the consequences of this strategic choice. Relieving Defendants of these consequences would prejudice Plaintiffs by unduly delaying the disposition of Plaintiffs' Motion for Class Certification.

8.      Plaintiffs have separately filed a Memorandum of Law in response to the Motion and incorporate the Memorandum herein as if set forth in full.

9.      Pursuant to L.U. Civ. R. 7(b)(6)(A), Plaintiffs respectfully request oral argument on the Motion. Because the issues presented by the Motion overlap with the issues presented by Plaintiffs' pending Motion for Class Certification, Plaintiffs request that argument on the instant

Motion should be held jointly with argument on Plaintiffs' Motion for Class Certification.

WHEREFORE, for the reasons set forth herein and in Plaintiffs' Memorandum of Law, the Motion should be denied.

Respectfully submitted on this 7th day of June, 2015.

By: ___/s/ Joshua Tom_____
　　　　Joshua Tom

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
Isaac Rethy (*pro hac vice*)
Kavitha S. Sivashanker (*pro hac vice*)
Nihara K. Choudhri (*pro hac vice*)
Christopher K. Shields (*pro hac vice*)
Brooke Jarrett (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
kavitha.sivashanker@stblaw.com
nchoudhri@stblaw.com
christopher.shields@stblaw.com
bonnie.jarrett@stblaw.com

AMERICAN CIVIL LIBERTIES UNION
OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408
JTom@aclu-ms.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Ezekiel Edwards (*pro hac vice*)
Jeffery Robinson (*pro hac vice* forthcoming)
125 Broad Street
New York, NY 10004
(212) 549-2610
eedwards@aclu.org
jrobinson@aclu.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2018, I caused the foregoing **RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE DECLARATIONS** to be electronically filed with the Clerk of the Court using the CM/ECF system, through which copies have been served to:

> WISE CARTER CHILD & CARAWAY, P.A.
> Michael B. Wallace (Miss. Bar No. 6904)
> Charles E. Ross (Miss. Bar No. 5683)
> James E. Graves (Miss. Bar No. 102252)
> Charles E. Cowan (Miss. Bar No. 104478)
> T. Russell Nobile (Miss. Bar No. 100682)
> Post Office Box 651
> Jackson, MS 39205
> (601) 968-5534
> mbw@wisecarter.com
> cer@wisecarter.com
> jeg@wisecarter.com
> cec@wisecarter.com
> trn@wisecarter.com
>
> CURRIE JOHNSON & MYERS, P.A.
> Rebecca B. Cowan (Miss. Bar No. 7735)
> P.O. Box 750
> Jackson, MS 39205
> (601) 969-1010
> bcowan@curriejohnson.com
>
> KATIE BRYANT SNELL, PLLC
> Katie Bryant Snell (Miss. Bar No. 103607)
> P.O. Box 3007
> Madison, Mississippi 39130-3007
> (601) 460-9800
> Katie@katiebryantsnell.com
>
> PETTIS, BARFIELD & HESTER, P.A.
> J. Lawson Hester (Miss. Bar No. 2394)
> 4450 Old Canton Road, Suite 210
> Jackson, Mississippi 39211
> (601) 987-5300
> lhester@pbhfirm.com

*/s/ Joshua Tom*
Joshua Tom