# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| LATOYA BROWN, et al.<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>MADISON COUNTY, MISSISSIPPI, et al.<br><br>　　　　　　Defendants. | Civil Action No.<br><br>3:17-cv-00347-WHB-LRA |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' CONDITIONAL MOTION FOR EVIDENTIARY HEARING

　　Plaintiffs Latoya Brown, Lawrence Blackmon, Khadafy Manning, Quinnetta Manning, Nicholas Singleton, Steven Smith, Bessie Thomas and Betty Jean Williams Tucker ("Plaintiffs") respectfully submit this response in opposition to Defendants' Conditional Motion For Evidentiary Hearing (ECF No. 269, the "Motion").[1]

　　1.　　Along with substantial other evidence, Plaintiffs submitted 25 declarations of prospective class members in support of Plaintiffs' motion for class certification. These declarations describe the declarants' experiences of the unconstitutional policing practices challenged by Plaintiffs in this action. During discovery, Plaintiffs not only disclosed the identity of the declarants, but also produced executed copies of the declarations.

　　2.　　All of this information was provided to Defendants before the close of class certification discovery; for 13 of these declarations, this information was provided more than seven weeks before the class certification discovery period ended. Defendants, however, made no attempt to depose any of the declarants during the discovery period. Defendants contend that

---

[1] Because the basis for Plaintiffs' opposition is set forth fully herein, and because Defendants did not file a brief (see Mot. ¶ 13), Plaintiffs ask leave not to file the brief ordinarily required by Local Rule 7(b)(4).

they chose not to take such discovery because they "always regarded" the Declarations to be "inadmissible." *See* Mem. In Support Of Defs.' Mot. To Strike Declarations at 29 (ECF No. 286).[2] Instead, Defendants moved to strike the Declarations on various evidentiary grounds. *See* ECF No. 285. As set forth in detail in Plaintiffs' opposition to Defendants' motion to strike the declarations, filed concurrently with this response, Defendants' contentions that the declarations are inadmissible lack merit.

3. Defendants also assert that they chose not to depose the declarants during the class certification discovery period because they believe the evidence proffered by the declarants "is only of the most marginal importance," and because taking their depositions "would take the better part of a month." Mot. ¶ 10. Defendants contend that in declining to depose the declarants, Defendants were being "[m]indful of Rule 1" (*id.*), which provides that the Federal Rules of Civil Procedure should be interpreted "to secure the just, speedy, and inexpensive determination" of civil actions. Fed. R. Civ. P. 1. Rule 1, however, is a rule of construction for the other Federal Rules, not a generalized dispensation for parties to avoid taking discovery without consequence.

4. Defendants now request an evidentiary hearing to enable Defendants to cross-examine Plaintiffs' "best witnesses." Mot. ¶ 11. Defendants assert that this hearing "could certainly be done in a day" because Plaintiffs "would certainly exercise sound professional judgment in determining what witnesses this Court really needs to hear." *Id*. Defendants then defer to the Court as to whether their proposed evidentiary hearing should involve any other live testimony, noting that transcripts of witnesses who have been deposed "may be sufficient for the Court's needs." *Id.* ¶ 12.

---

[2] Defendants complain that certain other declarations were disclosed in early February, shortly before the close of discovery. Mot. ¶¶ 8-10. Those declarations, however, were produced within days of being executed.

5. Plaintiffs object to Defendants' extraordinary proposal that the Court hold an evidentiary hearing so that Defendants can hedge their bets in the event their motion to strike is denied. Defendants made a conscious strategic choice not to depose the declarants, based on their belief that their evidentiary objections would prevail, their assessment that the evidence proffered by the declarants is unimportant, and their determination that it was more valuable to Defendants to proceed towards a "speedy resolution" of this action than to depose the declarants. Mot. ¶ 10. If Defendants' motion to strike the declarations is denied (as it should be), Defendants should be held to the consequences of their decisions.[3]

6. Defendants state that "a live evidentiary hearing 'is a routine part of the certification decision.'" Mot. ¶ 12, quoting Manual for Complex Litigation § 21.21 (4th ed. 2004). The quoted source, however, concerns any hearing that may be held under Fed. R. Civ. P. 23(c), not merely "live evidentiary hearing[s]," and expressly notes that such hearings "may be limited to argument over whether the certification requirements are met." Manual for Complex Litigation § 21.21. More germane to the issue before the Court are the Local Rules, which provide that while the Court has discretion to hold a live evidentiary hearing, "usually pleadings, affidavits, other evidentiary materials, and legal memoranda submitted by both sides should be adequate bases upon which the court may make a class action determination." L.U. Civ. R. 23; *accord* 1 McLaughlin on Class Actions § 3:13 (14th ed.) ("In practice, courts decide most class certification motions based on the pleadings, memoranda of law, and lay and expert affidavits (and accompanying exhibits) submitted by the parties.").

---

[3] Defendants' proposal is all the more remarkable since it concerns evidence that Defendants themselves contend "is of only the most marginal importance." Mot. ¶ 10. If so, Defendants will suffer little, if at all, from denial of this motion. Defendants, of course, fail to explain why, if the Declarations are of so little significance, an evidentiary hearing focusing on the declarations—which would necessarily impose significant costs on the parties and the Court—would be justified.

7. Plaintiffs respectfully submit that while oral argument concerning the parties' legal positions will assist the Court in resolving Plaintiffs' motion for class certification (something Defendants do not dispute, *see* Mot. ¶ 4), an evidentiary hearing is not necessary given the substantial written record submitted by the parties. Indeed, Defendants themselves "do not necessarily suggest" (Mot. ¶ 12) that an evidentiary hearing is needed, other than to provide them the opportunity to cross-examine witnesses they chose not to depose.

8. Moreover, holding an evidentiary hearing would likely impose meaningful hardships on many of the Declarants, as it would compel the Declarants to attend Court proceedings at a date and time certain, regardless of conflicting employment and family commitments. Had Defendants instead sought to depose the Declarants, the parties and the Declarants could have worked out a schedule that would have taken such concerns into account. The Declarants should not now be forced to bear the costs of Defendants' litigation strategies.

9. Finally, should the Court nonetheless exercise its discretion to hold an evidentiary hearing, the highly unusual procedures proposed by Defendants should not be adopted. Defendants request a hearing so that they may cross-examine the declarants, but suggest that the hearing "could certainly be done in a day" and leave to Plaintiffs to "determine what witnesses this Court really needs to hear." Mot. ¶ 11. To the extent that Defendants are suggesting that the Court should set a single-day hearing consisting solely of cross-examination of some subset of the declarants, and then decline to consider the written testimony of any declarant not selected to testify, such a procedure lacks a legal basis and would be highly prejudicial to Plaintiffs. If an evidentiary hearing is to be held, the Court should instead afford the parties equal time to present evidence and to cross-examine witnesses; should Defendants then choose to use their time to cross-examine the declarants, they will be free to do so.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully submit that Defendants' Conditional Motion for an Evidentiary Hearing should be denied.

RESPECTFULLY SUBMITTED, this 7th day of June, 2018.

By:   /s/ Joshua Tom
      Joshua Tom

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
Isaac Rethy (*pro hac vice*)
Kavitha S. Sivashanker (*pro hac vice*)
Nihara K. Choudhri (*pro hac vice*)
Christopher K. Shields (*pro hac vice*)
Brooke Jarrett (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
kavitha.sivashanker@stblaw.com
nchoudhri@stblaw.com
christopher.shields@stblaw.com
bonnie.jarrett@stblaw.com

AMERICAN CIVIL LIBERTIES UNION OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408
JTom@aclu-ms.org

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Ezekiel Edwards (*pro hac vice*)
Jeffery Robinson (*pro hac vice* forthcoming)
125 Broad Street
New York, NY 10004
(212) 549-2610
eedwards@aclu.org
jrobinson@aclu.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2018, I caused the foregoing **RESPONSE IN OPPOSITION TO DEFENDANTS' CONDITIONAL MOTION FOR EVIDENTIARY HEARING** to be electronically filed with the Clerk of the Court using the CM/ECF system, through which copies have been served to:

WISE CARTER CHILD & CARAWAY, P.A.
Michael B. Wallace (Miss. Bar No. 6904)
Charles E. Ross (Miss. Bar No. 5683)
James E. Graves (Miss. Bar No. 102252)
Charles E. Cowan (Miss. Bar No. 104478)
T. Russell Nobile (Miss. Bar No. 100682)
Post Office Box 651
Jackson, MS 39205
(601) 968-5534
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com
trn@wisecarter.com

CURRIE JOHNSON & MYERS, P.A.
Rebecca B. Cowan (Miss. Bar No. 7735)
P.O. Box 750
Jackson, MS 39205
(601) 969-1010
bcowan@curriejohnson.com

KATIE BRYANT SNELL, PLLC
Katie Bryant Snell (Miss. Bar No. 103607)
P.O. Box 3007
Madison, Mississippi 39130-3007
(601) 460-9800
Katie@katiebryantsnell.com

PETTIS, BARFIELD & HESTER, P.A.
J. Lawson Hester (Miss. Bar No. 2394)
Jason E. Dare (MSB No. 100973)
4450 Old Canton Road, Suite 210
Jackson, Mississippi 39211
(601) 987-5300
lhester@pbhfirm.com
jdare@pbhfirm.com

*/s/ Joshua Tom*
Joshua Tom