IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**LATOYA BROWN; LAWRENCE BLACKMON
HERBERT ANTHONY GREEN; KHADAFY MANNING;
QUINETTA MANNING; MARVIN MCFIELD; NICHOLAS
SINGLETON; STEVEN SMITH; BESSIE THOMAS; and
BETTY JEAN WILLIAMS TUCKER, individually and on
behalf of a class of all other similarly situated**     **PLAINTIFFS**

**v.**     **CIVIL ACTION NO. 3:17-cv-347-WHB-LRA**

**MADISON COUNTY, MISSISSIPPI; SHERIFF
RANDALL C. TUCKER, in his official capacity; and
MADISON COUNTY SHERIFF'S DEPUTIES JOHN
DOES #1 through #6, in their individual capacities**     **DEFENDANTS**

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR
MOTION TO STRIKE 25 DECLARATIONS ATTACHED TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Defendants hereby file their reply brief in further support of their Motion to Strike the 25 Declarations [Dkt. # 285] attached to Plaintiffs' Motion for Class Certification:

**ARGUMENT**

**I.   THIS COURT SHOULD APPLY THE FEDERAL RULES OF EVIDENCE (FRE) TO THE DECLARATIONS.**

For the same reasons set forth in Part II of Defendants' Reply in Further Support of their Amended Motion to Strike Newspaper Articles [Dkt. #299], this Court should apply the *Federal Rules of Evidence* at the class certification stage to the 25 Declarations.

**II.   EVEN IF TAKEN AS TRUE, NONE OF THE DECLARATIONS ARE RELEVANT, PROBATIVE EVIDENCE TO SHOW INTENTIONAL RACISM BY SHERIFF TUCKER.**

Before the Court can certify a class, plaintiffs must offer "significant proof" that Sheriff Tucker operated the MCSD under a policy of intentional racial discrimination.  *See Wal-Mart*

*Stores, Inc. v. Dukes*, 564 U.S. 338, 353 (2011); *see also Morrow v. Washington*, 277 F.R.D. 172, 192 (E.D. Tex. 2011)("[t]o demonstrate commonality, Plaintiffs must have 'significant proof'"). The Declarations are not probative in any way to establish whether a policy of discrimination existed.[1] The Declarations state that the Witnesses "believe" or "think" that the actions of MCSD deputies were race based. Subjective beliefs of race discrimination are insufficient to establish a claim of intentional race discrimination. *Laborde v. City of Houston*, 31 F. App'x 151 (5th Cir. 2001) ("A plaintiff's subjective belief of race discrimination cannot alone establish that he has been a victim of intentional discrimination.") (citing *Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 435 (5th Cir.1995)). Because no Declaration offers any additional evidence to support this unfounded opinion, the Court should exclude them pursuant to *Rule 403*. Allowing plaintiffs to introduce unsupported and insufficient opinion is unfairly prejudicial to defendants.

In addition, no Declaration in any way associates the supposed conduct of the deputies with Sheriff Tucker or any policy he may have adopted. Nor do they show that this supposed conduct evidences a "persistent, widespread practice of city officials or employees, which . . . is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). Because there is no connecting evidence under *Rule 104*, the Declarations shed no light on the intent of Sheriff Tucker.

The Declaration of L. Lester Hollis [Dkt. # 231-48] demonstrates how these legal principles apply to all 25 Declarations. Hollis says that "while stopped at a roadblock," he has seen officers

---

[1] Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." *Fed. R. Evid. 401*. "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The Court may admit the proposed evidence on the condition that the proof be introduced later." *Fed. R. Evid. 104(b)*. The Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Fed. R. Evid. 403*.

"stop Black drivers and let White drivers continue . . . without stopping," and that on one alleged occasion, an officer told him that "White drivers are 'good people.'" He further says he "believes" that he was stopped and searched on five occasions because he "was a Black driver." Hollis puts no dates in his Declaration.

Because the officer making the alleged statement is not identified, his statement is inadmissible hearsay.[2] Further, whatever inference might be drawn about the deputy's attitude, it reveals nothing about Sheriff Tucker's. Indeed, from the Declaration itself, there is no way to know if the alleged incidents occurred during the statute of limitations period, or even after January 2012 when Sheriff Tucker took office. There is no proof Sheriff Tucker knew of the incidents (or statements), so it cannot be said that he condoned the remarks, rendering them irrelevant under *Rules 401* and *104*. Moreover, because the Declaration's prejudicial effect far outweighs any probative value, it also should be excluded under *Rule 403*.

### III. THE DECLARATIONS CANNOT ESTABLISH THE OTHER REQUIREMENTS FOR CLASS CERTIFICATION IF THE DECLARANTS THEMSELVES ARE NOT MEMBERS OF THE CLASS.

Plaintiffs argue that the Declarations are relevant, not only to the merits of their claim, but as proof of commonality, typicality, and adequacy. [Dkt. # 296 at 14]. Plaintiffs contend that, in making these determinations, "[c]ourts routinely consider declarations from prospective class members at the class certification stage." [Dkt. # 296 at 15]. The problem with that argument is that there is no showing that any Declarant is a class member.

This Court is charged with determining whether the claims of racial discrimination against Sheriff Tucker should be tried as individual actions or should be combined and tried on a class

---

[2] The officer (whoever he may be) is not a party, and a statement from an unidentified person can hardly constitute an admission by Sheriff Tucker or the MCSD as to the policies of MCSD. *See Fairchild v. All American Check Cashing, Inc.,* 815 F.3d 959, 966-67 (5th Cir. 2016) (statement of employee who had nothing to do with employer's decision at issue not an admission by employer).

3

basis. Evidence from those who cannot be members of the class can provide no assistance in that determination. Eight of the Declarants have no claims because the conduct which they report took place more than three years ago, so the statute of limitations has run, MISS. CODE ANN. § 15-1-49, and others have no claims because their convictions bar any relief under *Heck v. Humphrey*, 512 U.S. 477 (1994). S*ee also Cougle v. County of DeSoto*, 303 F. App'x. 164 (5th Cir. 2008). The remaining 17 Declarations are extremely vague, and many provide no dates for the alleged acts. Absent more specificity, no Declarant can show that he is actually a class member. By plaintiffs' own argument, their Declarations are not relevant absent proof of class membership. The Declarations therefore cannot support the necessary findings under *Fed. R. Civ. P. 23(a)*.

**IV. IN THE EVENT THE COURT DECLINES TO STRIKE THE DECLARATIONS IN THEIR ENTIRETY, THE COURT SHOULD GRANT DEFENDANTS AN OPPORTUNITY TO CROSS EXAMINE THE DECLARANTS IN OPEN COURT.**

*Unger v. Amedysis, Inc.*, 401 F.3d 316, 324 (5th Cir. 2005), explains why cross-examination is necessary if the Declarations are not stricken. The District Court, in a class certification proceeding, relied on affidavits by plaintiffs' witnesses that were admitted without the opportunity for cross-examination. The Fifth Circuit, based, in part, on this lack of cross-examination, noted the "questionable relevance" of the District Court's finding of market efficiency in a "fraud on the market" case and found that the District Court erred in relying on "one-sided affidavits." *Id*. at 324-25. Likewise here, should the Declarations be admitted, this Court should require cross-examination to ensure a thorough analysis.

## CONCLUSION

For these reasons, this Court should grant Defendants' Motion to Strike, and exclude the 25 Declarations attached to Plaintiffs' Motion.

Respectfully submitted this 2nd day of July, 2018.

          **MADISON COUNTY, MISSISSIPPI, and SHERIFF RANDALL C. TUCKER, IN HIS OFFICIAL CAPACITY**

BY:   *s/ Michael B. Wallace*
        Michael B. Wallace (MSB #6904)
        Charles E. Ross (MSB #5683)
        James E. Graves, III (MSB #102252)
        Charles E. Cowan (MSB #104478)
        WISE CARTER CHILD & CARAWAY, P.A.
        Post Office Box 651
        Jackson, Mississippi  39205-0651
        Telephone: 601-968-5534
        Facsimile: 601- 944-7738
        mbw@wisecarter.com
        cer@wisecarter.com
        jeg@wisecarter.com
        cec@wisecarter.com

        and

        T. Russell Nobile (MSB #100682)
        WISE CARTER CHILD & CARAWAY, P.A.
        2510 14th Street, Suite 1125
        Gulfport, Mississippi  39501
        Telephone: 228-867-7141
        Facsimile: 228-867-7142
        trn@wisecarter.com

        OF COUNSEL:

        Rebecca B. Cowan (MSB #7735)
        CURRIE JOHNSON & MYERS, P.A.
        1044 River Oaks Dr.
        Jackson, Mississippi  39232
        P.O. Box 750
        Jackson, Mississippi  39205-0750
        Telephone: 601-969-1010
        Facsimile:  601-969-5120
        bcowan@curriejohnson.com

                                Katie Bryant Snell (MSB# 103607)
                                KATIE BRYANT SNELL, PLLC
                                P.O. Box 3007
                                Madison, Mississippi  39130-3007
                                Telephone: 601-460-9800
                                katie@katiebryantsnell.com

                                J. Lawson Hester
                                PETTIS, BARFIELD & HESTER, P.A.
                                4450 Old Canton Road, Suite 210
                                Jackson, Mississippi  39211
                                Telephone: 601-987-5300
                                lhester@pbhfirm.com

## **CERTIFICATE OF SERVICE**

    I, Michael B. Wallace, hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification to all counsel of record.

    This the 2nd day of July, 2018.

                                  *s/ Michael B. Wallace*
                                  MICHAEL B. WALLACE