**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**LATOYA BROWN, ET AL.**                                                                      **PLAINTIFFS**

**v.**                                                   **CIVIL ACTION NO. 3:17-cv-347 WHB LRA**

**MADISON COUNTY, MISSISSIPPI, ET AL.**                                      **DEFENDANTS**

**REBUTTAL MEMORANDUM IN SUPPORT OF
DEFENDANTS' CONDITIONAL MOTION FOR EVIDENTIARY HEARING**

Plaintiffs seek a jury trial at which they will be obliged to present live witnesses in support of their claim that the duly elected Sheriff of Madison County, defendant Randy Tucker, should be effectively replaced by a civilian complaint review board operating under the contempt power of this Court. [Dkt. # 1 at 83-85]. They argue that this Court should order that trial to be held on a class basis, under Fed. R. Civ. P. 23(b)(2), without having laid eyes on the first witness. To determine whether class relief may be "appropriate," as the Rule requires, it simply makes good sense for this Court to hear some of the evidence as the jury will hear it, as defendants argued in their conditional motion for evidentiary hearing. [Dkt. # 269].

Central to the dispute between the sides is plaintiffs' belated submission of "25 declarations of prospective class members in support of Plaintiffs' motion for class certification" [Dkt. # 297 ¶ 1], whose testimony has been submitted by plaintiffs to provide "significant proof" of racial discrimination, as required by *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 353 (2011). Where, as here, presentation of some level of proof on the merits is necessary for certification, the Fifth Circuit has "likened the degree of proof required to the standards used in preliminary injunction

proceedings." *Unger v. Amedysis, Inc.*, 401 F.3d 316, 323 (5th Cir. 2005). There, the Fifth Circuit reversed a certification decision which had been based, in part, on "one-sided affidavits" which had been "admitted without opportunity for cross-examination." *Id*., at 324-25.

Nor is it clear that the 25 declarants are class members at all. Plaintiffs define their so-called Targeting Class as consisting of victims of Sheriff Tucker's alleged "practice of racially profiling and targeting Black persons for stops, searches, and/or seizures on the basis of their race in violation of the Equal Protection Clause of the Fourteenth Amendment." [Dkt. # 232 at 38]. As defendants explain in Part III of their rebuttal memorandum in support of their motion to strike those 25 declarations [Dkt. # 300], no declaration establishes that any declarant is a member of any class injured by any policy of Sheriff Tucker. There is no reason for this Court to schedule a jury trial to hear testimony of these supposed class members unless there is good reason to believe they will actually testify.

Defendants are not trying to preclude this Court from considering the testimony of persons who may actually have claims against Sheriff Tucker; after all, the first requirement for a class action under Rule 23(a)(1) is that claimants be too numerous to permit joinder. However, as indicated by *Unger*, this Court needs to be able to determine whether the supposedly numerous claims actually have potential merit so as to require any trial at all. The 25 declarations do not support an inference that any particular incident involving any declarant actually resulted from an intentionally racially discriminatory policy imposed by Sheriff Tucker. The depositions of the eight named plaintiffs preclude any such conclusion, which is why defendants have filed summary judgment motions. Based on that experience, defendants believe that cross-examination of the 25 declarants will likely produce the same result.

Plaintiffs offer no justification for their belated disclosure of these witnesses and

2

production of their declarations. The record shows that plaintiffs' lawyers have been recruiting plaintiffs and witnesses at least since early February of 2017. [Dkt. # 267-4]. They do not attempt to explain their failure to identify these 25 witnesses until Christmas at the earliest and Mardi Gras at the latest, the last 11 witnesses coming after the original discovery deadline. Plaintiffs cannot be serious in their assertion that they would have "worked out a schedule" to permit depositions of the declarants. [Dkt. # 297 at ¶ 8]. Plaintiffs produced 14 declarations on December 29, 2017, only 18 days before the scheduled end of discovery.[1] They complain that "conflicting employment and family commitments" would make appearance at a hearing inconvenient [Dkt. # 297 ¶ 8], but the New Year's holiday, followed by the holiday for the birthday of Martin Luther King, Jr., would unquestionably have posed worse problems.[2] A deposition schedule could have been "worked out" only if defendants had agreed to plaintiffs' motion to extend discovery [Dkt. # 142], filed on the last work day before Christmas, which defendants were under no obligation to do.

Plaintiffs accuse defendants of "attempt[ing] to proliferate collateral motion practice surrounding Plaintiffs' motion for class certification and thus delay its resolution." [Dkt. # 294 at 2]. Nothing could be further from the truth. If defendants wanted to delay the resolution of this matter, they would have deposed the 25 declarants, as well as any additional witnesses recruited by counsel during the extended discovery period that those depositions would have

---

[1] Eleven of those 14 had been executed in October. [Dkt. # 231, Ex. 37, 39-41, 43, 45-48, 57 & 60]. Plaintiffs withheld them from production for two full months for no disclosed reason.

[2] Subpoenae could not have been issued until January 2, 2018. Even if all 14 declarants could have been served immediately, that would have left nine work days to conduct 14 depositions, in addition to the six depositions actually conducted between January 8 and January 11. Moreover, plaintiffs' counsel at that time had not yet revealed that plaintiffs Green and McField would refuse to appear for their depositions scheduled for January 15. [Dkt. ## 181 & 183].

necessitated. To the contrary, defendants want this Court to determine as quickly as possible whether a class action jury trial is appropriate, and cross-examination in open court is the best way to do that. After all, the jury will never see a single one of these declarations, nor will they hear a single deposition. As plaintiffs acknowledge [Dkt. # 297 ¶ 8], any witnesses against Sheriff Tucker must appear in court. This is a fine opportunity for this Court to determine whether the jury should evaluate that testimony on a class basis.

Finally, plaintiffs rely on the provision of Local Rule 23 that class certification may often be decided without an evidentiary hearing. [Dkt. # 297 ¶ 6]. As that Rule says, that may "usually" be the case, but there is nothing usual about this litigation. An action by private citizens effectively to displace an elected sheriff from all aspects of county law enforcement is unprecedented. Before this Court allows it to proceed, it should have the best possible view of the evidence, and that comes from an evidentiary hearing.

In the event this Court declines to grant defendants' motion to deny class certification [Dkt. # 237] and their motion to strike the 25 declarations [Dkt. # 285], this Court should conduct an evidentiary hearing on such terms as it deems appropriate.

Respectfully submitted this 2nd day of July, 2018.

      **MADISON COUNTY, MISSISSIPPI and SHERIFF RANDALL C. TUCKER, IN HIS OFFICIAL CAPACITY**

      BY:   *s/Michael B. Wallace*
              Michael B. Wallace (MSB #6904)
              Charles E. Ross (MSB #5683)
              James E. Graves (MSB #102252)
              Charles E. Cowan (MSB #104478)
              WISE CARTER CHILD & CARAWAY, P.A.
              Post Office Box 651
              Jackson, Mississippi 39205-0651
              Telephone: 601-968-5534

Facsimile: 601- 944-7738
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com

and

T. Russell Nobile (MSB #100682)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: 228-867-7141
Facsimile: 228-867-7142
trn@wisecarter.com

OF COUNSEL:

Rebecca B. Cowan (MSB #7735)
CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Dr.
Jackson, Mississippi 39232
P.O. Box 750
Jackson, Mississippi 39205-0750
Telephone: 601-969-1010
Facsimile: 601-969-5120
bcowan@curriejohnson.com

Katie Bryant Snell (MSB# 103607)
KATIE BRYANT SNELL, PLLC
P.O. Box 3007
Madison, Mississippi 39130-3007
Telephone: 601-460-9800
katie@katiebryantsnell.com

J. Lawson Hester
Jason Edward Dare
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210
Jackson, Mississippi 39211
Telephone: 601-987-5300
lhester@pbhfirm.com
jdare@pbhfirm.com

**CERTIFICATE OF SERVICE**

       I, Michael B. Wallace, hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following:

Joshua Tom, Esq.
Paloma Wu, Esq.
American Civil Liberties Union of Mississippi Foundation
233 E. Capitol Street
Jackson, MS 39201
JTom@aclu-ms.org
PWu@aclu-ms.org

Jonathan K. Youngwood, Esq. (*pro hac vice*)
Janet A. Gochman, Esq. (*pro hac vice*)
Isaac Rethy, Esq. (*pro hac vice*)
Nihara K. Choudhri, Esq. (*pro hac vice*)
Kavitha Satya Sivashanker, Esq. (*pro hac vice*)
Brooke Jarrett, Esq. (*pro hac vice*)
Jumin Lee, Esq. (*pro hac vice*)
Christopher K. Shields, Esq. (*pro hac vice*)
Simpson Thatcher & Bartlett, LLP
425 Lexington Avenue
New York, NY   10017
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
nchoudhri@stblaw.com
kavitha.sivashanker@stblaw.com
bonnie.jarrett@stblaw.com
christopherjumin.lee@stblaw.com
christopher.shields@stblaw.com

Ezekiel Edwards, Esq. (*pro hac vice*)
Jeffery Robinson, Esq. (*pro hac vice*)
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
eedwards@aclu.org
jrobinson@aclu.org

So, certified this the 2nd day of July, 2018.

                                          *s/Michael B. Wallace*
                                          MICHAEL B. WALLACE