**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**LATOYA BROWN, ET AL.** **PLAINTIFFS**

**v.** **CIVIL ACTION NO. 3:17-cv-347 WHB LRA**

**MADISON COUNTY, MISSISSIPPI, ET AL.** **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF
MOTION TO EXCLUDE PLAINTIFFS' UNTIMELY
[DKT. #304-4] DESIGNATION OF ROBERT MCNEILLY AS NEW EXPERT WITNESS**

Defendants, Madison County, Mississippi, and Sheriff Randall C. Tucker, in his official capacity, submit the following Memorandum in Support of their [Dkt. # 320] Motion to Exclude Plaintiffs' [Dkt. #304-4] Untimely Designation of Robert McNeilly as a new expert witness in this matter pursuant to *Fed.R.Civ.P*. 26 and *Fed.R.Civ.P.* 37.

**INTRODUCTION**

Plaintiffs' class-action lawsuit was filed on May 8, 2017, by ten plaintiffs. The Complaint is 86 pages long and contains 337 paragraphs. Plaintiffs claim intentional racial discrimination on the part of Sheriff Tucker, who is Madison County's sole policymaker with regard to law enforcement. They have sued for a violation of their Fourth and Fourteenth Amendment rights by personnel of the Madison County Sheriff's Department ("MCSD") under 42 U.S.C. § 1983 and intentional racial discrimination under Title VI of the Civil Rights Act of 1964.

**STATEMENT OF THE FACTS**

Pursuant to a Stipulated Scheduling Order entered in this action on February 27, 2018, Plaintiffs were to submit all expert reports supporting their motion for class certification by March 14, 2018. [Dkt. # 202, ¶1]. Plaintiffs submitted one expert report with their motion, which was a report by Dr. Bryan Ricchetti, a statistician. [Dkt. # 226-1]. Despite Plaintiffs' allegations of

several alleged racially discriminatory policies of the MCSD in their pleadings and discovery responses, they did not retain and designate an expert in law enforcement to address their claims regarding these policies by the March 14, 2018, deadline established by the stipulated order. Instead, without seeking leave of court and almost four months after their designation deadline, as well as the completion of all expert discovery, Plaintiffs designated Robert McNeilly as a law enforcement expert witness in their rebuttal supporting their motion for class certification. [Dkt. # 304-4]. Further, although McNeilly's report is 27 pages long and contains 104 paragraphs of opinions, Plaintiffs only refer to his opinions in one paragraph by citing three paragraphs found in his report. [Dkt. # 304, pg. 18].

## ARGUMENT AND AUTHORITIES

The Stipulated Scheduling Order entered in this matter [Dkt. # 202, ¶1] required Plaintiffs to serve their expert designations on March 14, 2018. Plaintiffs did not designate McNeilly until July 8, 2018, almost four months after their imposed deadline.

Plaintiffs' out-of-time designation of McNeilly is a violation of *Fed.R.Civ.P.* 26(a)(2)(D), which requires parties to make their expert "disclosures at the times and in the sequence that the court orders," as well as *L.U.Civ.R.* 26 (a)(2) ("Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence . . .) Under *Fed.R.Civ.P.* 37 "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." While determining whether just cause exists for Plaintiffs' failure to designate McNeilly as an expert witness by March 14, 2018, this Court is to consider the four factors set forth in *Hamburger v. State Farm Mut. Auto. Ins. Co.,* 361 F.3d 875, 882-83 (5th Cir.

2004). Those factors are: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id.* at 883 (citations omitted). *See also Robbins v. Ryan's Family Steak House East, Inc.*, 223 F.R.D. 448, 453-455 (S.D. Miss. 2004) (excluding plaintiffs' untimely supplemental designation of a treating physician as an expert witness); *Stafford v. Government Employees Insurance Company*, 2017 WL 56900948, at *4 - 6 (S.D. Miss. July 20, 2017); *Bailey v. Stanley Access Technologies, Inc.*, 2015 WL 6828921, at *16, *17 (N.D. Miss. Nov. 6, 2015) (excluding plaintiff's out-of-time supplementation of expert witness designation to include new opinions); *Roberson v. U.S.*, 2014 WL 7149744, at *1, *2 (S.D. Miss. Dec. 15, 2014) (excluding plaintiff's late designation of new expert witness after her preexisting expert gave unfavorable testimony during his deposition); *Faulstick v. Southern Tire Mart, LLC*, 2014 WL 3908143, at *3, *4 (S.D. Miss. August 11, 2014) (excluding plaintiff's late full disclosure of expert witness' opinions); *Buxton v. Lil' Drug Store Products, Inc.*, 2007 WL 2254492, at *7, 8 (Aug. 1, 2007 S.D. Miss.) (excluding plaintiff's attempt to provide new opinions from an existing expert witness because the new opinion was based on information available before the deadline for plaintiff's initial expert disclosures).

**A. Plaintiffs have no explanation for their late designation of McNeilly.**

Not only did Plaintiffs fail to seek permission from this Court to designate McNeilly out of time, but they also give no explanation for their late designation in their July 8, 2018, rebuttal supporting their motion for class certification. [Dkt. #304]. Further, there is no reason why Plaintiffs could not have retained McNeilly and designated him as an expert by their March 14, 2018, deadline. This factor, therefore, supports Defendants' motion to exclude McNeilly's designation and report.

Plaintiffs also cannot claim that McNeilly is a rebuttal witness who could have been designated by Plaintiffs on July 8, 2018. The Fifth Circuit defines "rebuttal" as "a term of art, denoting evidence introduced by a Plaintiff to meet new facts brought out in his opponent's case in chief." *Morgan v. Commercial Union Assur. Companies,* 606 F2d 554, 555 (5th Cir. 1979*). See also Estate of Vaughan v. KIA Motors America, Inc.*, 2006 WL 1806454, *2 (June 29, 2006 S.D. Miss.) (the need for a plaintiff to designate a new expert witness as a rebuttal expert only arises when "the defendant's expert raises new issues in his report . . .") In *Morgan*, the Court affirmed the trial court's exclusion of a non-disclosed witness the defendant sought to call at trial to impeach the plaintiff's claim that he had no back problems prior to an incident involving the defendant, holding that the defendant should have known that this claim would be part of the plaintiff's case in chief and identified the witness in the pretrial order. The Court concluded that "a . . . witness whose purpose is to contradict an expected and anticipated portion of the [opponent's] case in chief can never be considered a 'rebuttal witness,' or anything analogous to one." *Id.* at 556.

The Court in *McReynolds v. Matthews*, 2017 WL 5573194, *3, *4 (November 20, 2017 S.D. Miss.), applied this same principle to an untimely designation of an expert witness by a plaintiff. McReynolds sued Matthews for legal malpractice claiming that Matthew's failure to probate an estate timely on her behalf resulted in damages to her, including attorney's fees. McReynolds timely designated two expert witnesses, neither of whom expressed any opinions about the attorney's fees McReynolds had incurred. Matthews then designated his experts, one of whom opined that McReynolds' attorney's fees were unreasonable. McReynolds then designated a new expert witness out of time who addressed the reasonableness of her fees. When Matthews objected to the untimely designation, McReynolds argued that her expert was a rebuttal expert. The Court rejected McReynolds' argument, holding:

> [U]nder Mississippi law, a showing of reasonableness is an essential element of McReynolds' damages claim for attorneys' fees, but her experts failed to put forth any evidence of the reasonableness of those fees by her expert designation deadline. Because this was an essential element of McReynolds' claim, it cannot be said that [her expert's] opinions on the subject constitute new information that would be proper grounds for a rebuttal. It was McReynolds' burden to establish the reasonableness of her fees in the first instance as part of her initial expert designation.

Existing Fifth Circuit law required Plaintiffs to prove that an official policy of Sheriff Tucker resulted in a deprivation of their constitutional rights in order to impose liability on Madison County. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). In this case, Plaintiffs refer to certain "policies" of the MCSD in their Complaint [Dkt. # 1] more than 70 times. Plaintiffs identify nine separate policies followed by the MCSD they claim to be motivated by intentional racial discrimination in their discovery responses. [Dkt. ## 218-2; 220-1; 222-2; 228-1; 233-2; 234-2]. Finally, Plaintiffs reference policies followed by the MCSD in their memorandum supporting their motion for class certification [Dkt. # 227] 43 times. Based on these pleadings, all of which pre-dated Plaintiffs' March 14, 2018, expert witness deadline, whether Sheriff Tucker adopted policies that displayed intentional racial discrimination was an essential, if not the only element of Plaintiffs' case. Any attempt by Plaintiffs to claim that McNeilly is a rebuttal expert witness in this case, therefore, must fail.

**B. McNeilly's expert opinion is not important to Plaintiffs' motion for class certification.**

McNeilly offers one single recurring opinion throughout his untimely report about the training and supervision policies of Sheriff Tucker -- that while these policies "do not specifically violate explicit legal requirements," "[a]ll law enforcement agencies that do not comply with best [law enforcement] practices" are "substandard." [Dkt. #304-4, ¶20].[1] This opinion is contrary to

[1] Remarkably, McNeilly applies this "best practices" standard to MCSD policies regarding training and supervision without ever referring to any provision of the U.S. Constitution or any case law addressing

existing Fifth Circuit law, which holds that it is sufficient for § 1983 purposes that Sheriff Tucker requires his officers to receive the minimum amount of law enforcement training required under Mississippi law,[2] unless a plaintiff proves that this training was inadequate. *Benavides v. County of Wilson*, 955 F.2d 968, 973 (1992). *See also Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010) ("[W]hen officers have received training required by Texas law, the plaintiff must show that the legal minimum of training was inadequate.") (citing *Benavides*, 955 F..2d at 973); *Skinner v. Hinds County, Mississippi*, 2014 WL 317872, at *9, *19 (S.D. Miss. Jan. 29, 2014) ("[I]f the training of police officers meets state standards, there can be no cause of action for a failure to train absent a showing that 'this legal minimum of training was inadequate' . . .") (quoting *O'Neal v. City of San Antonio*, 344 F. App'x 885, 888 (5th Cir. 2009). Plaintiffs do not attack the adequacy of the training and supervision MCSD deputies receive; instead, they argue that the "minimalist approach to training and supervision [approved by the Fifth Circuit] is neither designed to, nor effective at preventing civil rights violations." (Dkt. # 304, Pg. 18). Again, their position is contrary to existing Fifth Circuit law.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Court held that "[e]xpert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Id.* at 591 (quoting 3 Weinstein & Berger ¶ 702[02], p. 702-18). In other words, whether Sheriff Tucker's policies concerning training and supervision are considered "best policies" under law enforcement standards is irrelevant to whether Plaintiffs have met their burden of presenting

---

the constitutionality of these policies. Instead, he states that "consent decrees contain the 'best practices' for policing including traffic stops, internal affairs, investigations, and early warning systems . . . ." [Dkt. # 304-4, Pg. 14, n. 3].

[2] There is no dispute that Sheriff Tucker requires all of his deputies to attend a Mississippi law enforcement academy prior to assuming the duties of a deputy sheriff [Dkt. # 267-6, Pgs. 70:21-71:25] and requires that they attend 24 hours of additional training each year. (Dkt. # 267-7; Pgs. 124:25-125:10).

"significant proof" that these policies resulted from intentional race discrimination, which is required in order for them to certify any class in this action. *Wal-Mart v. Dukes*, 564 U.S. 338 (2011) (quoting *General Tel. Co. v. Falcon*, 457 U.S. 147, 159 n. 15 (1982). "Section 1983 provides a remedy for the violation of rights protected by the Constitution or federal law. It does not provide a remedy for violations of best police practices." *Bah v. City of New York*, 2017 WL 435823, at *6 (S.D.N.Y. Jan. 31, 2017). *See also Riggins v. City of Indianola, Mississippi*, 196 F. Supp. 681, 695 (N.D. Miss. 2016) ("[W]hile the evidence is undisputed that a written policy would have been *better* than an unwritten policy, there is no evidence that the maintenance of an unwritten policy rose to the level of deliberate indifference.") (citing *Ryne v. Henderson County*, 973 F.2d 386, 393 (5th Cir. 1992); *Hughes v. Judd*, 108 F.Supp.3d 1167, 1217 (M.D. Fla. 2015) (Sheriff was correct in position that plaintiffs' claim that conditions of juvenile detention under his administration was "'flawed from the outset' because the premises on which the plaintiffs depend[ed] [was] 'a non-existent constitutional basis," *i.e.*, plaintiffs relied on best practices instead of showing a violation of constitutional minimum standards); *Romano v. City of San Marcos*, 2017 WL 3996427 at *6 (W.D. Tex. September 11, 2017) ([W]hile obtaining written confirmation or having a witness [to an oral search] might be advisable as a matter of best practices, "best practices 'do not establish constitutional minima.'") (quoting *Brown v. Timmerman-Cooper*, 2103 WL 430262, at *4 (S.D. Ohio Feb. 4, 2013); *Sullivan v. Metropolitan Transit Authority Police Department*, 2017 WL 4326058 at *4 (S.D.N.Y. September 13, 2017) (quoting *Bah*).[3]

---

[3] Not only have courts rejected a plaintiff's claim that a violation of best practices regarding training and supervision amounts to a violation of a person's constitutional rights, but they have also rejected similar arguments about "better or more" practices. See, *e.g.*, *City of Canton v. Harris*, 489 U.S. 378, 391 (1989) ("Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, . . ."); *Palmquist v. Selvik*, 111 F.3d 1332 (7th Cir. 1997) (application of "better or more" training standards to municipalities that employ officers trained pursuant to Illinois state law enforcement training standards without first finding these standards are inadequate would subject these municipalities to liability); *Gast v. Singleton*, 402 F.Supp.2d 794, 798-99 (S.D. Tex. 2005) ("A plaintiff

Assuming, *arguendo,* that McNeilly's report was relevant to the issues in this case and admissible, which Defendants deny, Plaintiffs' untimely designation of him only "underscores how critical it was" that his report be timely disclosed. *Hamburger v. State Farm,* 361 F.3d at 883 (quoting *Geiserman v. MacDonald,* 893 F.2d 787, 792 (5th Cir. 1990)). Finally, as the Court in *Hamburger* emphasized, "the importance of proposed testimony cannot 'singularly override the enforcement of local rules and scheduling orders.'" 361 F.3d at 883 (quoting *Geiserman,* 893 F.2d at 792). Therefore, assuming that McNeilly's report held some relevance to the issues surrounding Plaintiffs' motion for class certification, their failure to designate him and produce his report on time requires him to be excluded as an expert witness in this matter.

**C. Defendants would suffer prejudice should McNeilly's report not be excluded.**

Plaintiffs were required to designate their experts on March 14, 2018, in this matter. [Dkt. #202, ¶ 1]. Defendants proceeded to take the depositions of the expert witness designated by Plaintiffs, Dr. Bryan Ricchetti, and Plaintiffs' *Fed. R. Evid.* 1006 witness, Dr. Rahul Guha, by traveling to both Chicago and New York at their own expense. Defendants then retained and designated their three expert witnesses, one of whom was Mark Duntson, a law enforcement expert, on May 8, 2018. Plaintiffs deposed these experts by July 2, 2018, at Defendants' expense, which was the same date Plaintiffs were to submit their rebuttal in support of their motion for class certification. [Dkt. #202, ¶¶ 4].

Should Plaintiffs be allowed to designate McNeilly as an expert witness, not only would Defendants need to depose him, but they would also need to obtain leave of Court to file a

---

must show more than that "an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct since "[s]uch a claim could be made about almost any encounter resulting in injury . . .") (quoting *City of Canton,* 489 U.S. at 391); *Shaidnagle v. Adams County, Miss.*, 88 F.Supp.3d 705, 713-14 (S.D. Miss. 2015) ("[M]ere proof that the injury would not have occurred if the officer had received better or additional training cannot, without more, support liability.") (citing *Roberts v. City of Shreveport*, 397 F.3d 287, (5th Cir. 2005).

supplemental response to Plaintiffs' motion for class certification to address his opinions, all of which propose a new theory of liability against Sheriff Tucker's policies regarding training and supervision. In *Bailey v. Stanley Access Technologies, Inc.*, 2015 WL 6828921, at *16, *17 (N.D. Miss. Nov. 6, 2015), the Court held that "the Fifth Circuit has noted that a delay of even a few weeks in disclosing expert testimony disrupts the court's schedule and the opponent's preparation and, therefore, is prejudicial." *Id.* (citing *Geiserman*, 893 F.2d at 791). This third *Hamburger* factor clearly weighs against allowing Plaintiffs to designate McNeilly.

**D. Plaintiffs' failure to timely designate McNeilly should not result in a continuance of the class certification proceedings.**

This Court held in *Robbins v. Ryan's Family Steak Houses East, Inc.*, 223 F.R.D. 448, 454 (S.D. Miss. 2004), that if other *Hamburger* factors "support striking an expert's designation, then a district court is not required to continue a trial." *Id.* *See also Francois v. Colonial Freight Systems, Inc.*, 2007 WL 4564866, at *7 (S.D. Miss. Dec. 21, 2007) ("Since the first and third factors militate against permitting the [expert] testimony," plaintiff's expert witness should be barred from testifying at trial). The *Bailey* court further held that if a continuance would "result in additional expense in defending the lawsuit and would not serve to enforce local rules or court imposed scheduling order," new expert opinions should be excluded. *Id.* at *17. *See also Buxton v. Lil' Drug Store Products, Inc.,* 2007 WL 2254492, at *7, 8 (Aug. 1, 2007 S.D. Miss.) (while a continuance to allow defendants to depose existing expert on his new and out-of-time opinion may cure prejudice to defendants, it "would obviously result in additional delay and increase the expense of defending this lawsuit.") (citing *Hamburger*, 3621 F.3d 883). Plaintiffs' attempt to designate McNeilly out of time as a law enforcement expert satisfies the first three of the exclusionary factors identified in *Hamburger*. As a result, the fourth *Hamburger* factor is also satisfied, requiring his report and opinions to be excluded.

## CONCLUSION

For the above and foregoing reasons, Defendants move this Court to exclude the untimely and irrelevant report and opinions from Plaintiffs' proposed law enforcement expert, Robert McNeilly under Rule 26(a)(2)(D), *L.U.Civ.R.* 26 (a)(2), and Rule 37.

This the 30th day of July, 2018.

**MADISON COUNTY, MISSISSIPPI and SHERIFF RANDALL C. TUCKER, IN HIS OFFICIAL CAPACITY**

BY: /s/ Rebecca B. Cowan

OF COUNSEL:

Rebecca B. Cowan (MSB #7735)
CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Dr.
Jackson, Mississippi 39232
P.O. Box 750
Jackson, Mississippi 39205-0750
Telephone: 601-969-1010
Facsimile: 601-969-5120
bcowan@curriejohnson.com

Michael B. Wallace (MSB #6904)
Charles E. Ross (MSB #5683)
James E. Graves (MSB #102252)
Charles E. Cowan (MSB #104478)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39205-0651
Telephone: 601-968-5534
Facsimile: 601- 944-7738
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com

and

T. Russell Nobile (MSB #100682)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: 228-867-7141
Facsimile: 228-867-7142
trn@wisecarter.com

Katie Bryant Snell (MSB# 103607)
KATIE BRYANT SNELL, PLLC
P.O. Box 3007
Madison, Mississippi 39130-3007
Telephone: 601-460-9800
katie@katiebryantsnell.com

J. Lawson Hester
Jason Edward Dare
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210
Jackson, Mississippi 39211
Telephone: 601-987-5300
lhester@pbhfirm.com
jdare@pbhfirm.com

**CERTIFICATE OF SERVICE**

I, Rebecca B. Cowan, hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following:

Joshua Tom, Esq.
American Civil Liberties Union of Mississippi Foundation
233 E. Capitol Street
Jackson, MS 39201
JTom@aclu-ms.org
PWu@aclu-ms.org

Jonathan K. Youngwood, Esq. (*pro hac vice*)
Janet A. Gochman, Esq. (*pro hac vice*)
Isaac Rethy, Esq. (*pro hac vice*)
Nihara K. Choudhri, Esq. (*pro hac vice*)
Kavitha Satya Sivashanker, Esq. (*pro hac vice*)
Brooke Jarrett, Esq. (*pro hac vice*)
Jumin Lee, Esq. (*pro hac vice*)
Christopher K. Shields, Esq. (*pro hac vice*)
Simpson Thatcher & Bartlett, LLP
425 Lexington Avenue
New York, NY 10017
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
nchoudhri@stblaw.com
kavitha.sivashanker@stblaw.com
bonnie.jarrett@stblaw.com
christopherjumin.lee@stblaw.com
christopher.shields@stblaw.com

Ezekiel Edwards, Esq. (*pro hac vice*)
Jeffery Robinson, Esq. (*pro hac vice)*
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
eedwards@aclu.org
jrobinson@aclu.org

So, certified this the 30th day of July, 2018.

/s/ *Rebecca B. Cowan*
Rebecca B. Cowan