**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| LATOYA BROWN; LAWRENCE BLACKMON; HERBERT ANTHONY GREEN; KHADAFY MANNING; QUINNETTA MANNING; MARVIN MCFIELD; NICHOLAS SINGLETON; STEVEN SMITH; BESSIE THOMAS; and BETTY JEAN WILLIAMS TUCKER, individually and on behalf of a class of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MADISON COUNTY, MISSISSIPPI; SHERIFF RANDALL S. TUCKER, in his official capacity; and MADISON COUNTY SHERIFF'S DEPUTIES JOHN DOES #1 through #6, in their individual capacities,<br><br>Defendants. | Civil Action No.<br>3:17-cv-00347-WHB-LRA<br><br>**ORAL ARGUMENT REQUESTED** |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO EXCLUDE DESIGNATION OF**
**REBUTTAL EXPERT WITNESS ROBERT MCNEILLY**

Plaintiffs Latoya Brown, Lawrence Blackmon, Khadafy Manning, Quinnetta Manning, Nicholas Singleton, Steven Smith, Bessie Thomas, and Betty Jean Williams Tucker ("Plaintiffs") respectfully submit this Response in opposition to Defendants' Motion To Exclude Plaintiffs' Untimely Designation of [Dkt. #304-4] Robert McNeilly As New Expert Witness (ECF No. 320) ("Motion") in this civil rights action brought against defendants Madison County, Mississippi ("Madison County") and Sheriff Randall Tucker, sued herein in his official capacity ("Sheriff

Tucker," and with Madison County, "Defendants"). Pursuant to L.U. Civ. R. 7(b)(6)(A), Plaintiffs respectfully request oral argument on Defendants' Motion.[1]

1. Defendants' Motion improperly seeks to exclude as untimely the Rebuttal Expert Report of Chief Robert McNeilly (ECF No. 304-4) ("McNeilly Rebuttal" or "McNeilly R.R."), which Plaintiffs submitted in support of their Reply Memorandum in Further Support of the Motion for Class Certification (ECF No. 304). On May 8, 2018, Defendants submitted the Report of Mark Dunston (ECF No. 267-13, "Dunston Report"), which Defendants submitted in connection with their Response to Plaintiffs' Motion for Class Certification (ECF No. 231). On July 2, 2018, Plaintiffs submitted the McNeilly Rebuttal to directly rebut the opinions set forth in the Dunston Report. The McNeilly Rebuttal was filed within the deadline for rebuttal expert reports on behalf of Plaintiffs expressly set forth in the Court's February 27, 2018 Scheduling Order (ECF No. 202, "February 27 Scheduling Order"), which provided that the deadline for "*any rebuttal expert reports* and/or declaration on behalf of Plaintiffs, and related disclosures, will be July 2, 2018." (February 27 Scheduling Order ¶ 6 (emphasis added).)

2. Defendants suggest that the February 27 Scheduling Order only permits an expert who previously filed an initial report in support of Plaintiffs' Motion for Class Certification to then file a rebuttal report. This is wholly unsupported by the February 27 Scheduling Order, which states that "any rebuttal expert reports" submitted by Plaintiff shall be submitted by July 2, 2018. Furthermore, Federal Rule of Civil Procedure 26(a)(2) imposes no requirement that a rebuttal expert be an initially disclosed expert and courts in this District hold that plaintiffs are

---

[1] Because the issues presented by Defendants' Motion overlap with the issues presented by Plaintiffs' pending Motion for Class Certification (ECF No. 231), Plaintiffs request that argument on the instant Motion should be held jointly with argument on Plaintiffs' Motion for Class Certification.

entitled to submit rebuttal reports from new experts to address new opinions provided by the opposing party's expert.

3. Defendants also claim that the McNeilly Rebuttal is not properly a rebuttal report because it purportedly touches on an essential element of Plaintiffs' case and, therefore, Plaintiffs should have anticipated the Dunston Report by disclosing a policing expert on the March 14, 2018 initial report deadline. This is not correct. The Dunston Report concerns whether the Madison County Sheriff's Department's ("MCSD") policies are consistent with "generally accepted policing standards." This question is not an "essential element" of what Plaintiffs must show under Federal Rule of Civil Procedure 23. Once Defendants introduced affirmative expert testimony on this new issue, however, Plaintiffs were entitled to introduce rebuttal testimony from their own expert, as they did here.

4. Even assuming the McNeilly Rebuttal is somehow considered untimely, which it is not, exclusion is inappropriate under the four factor test set out in *Hamburger v. State Farm Mutual Automobile Insurance Co.*, 361 F.3d 875 (5th Cir. 2004). First, Plaintiffs submitted the McNeilly Rebuttal on July 2, 2018 as it responds to the Dunston Report, which only was submitted on May 8, 2018. Second, the McNeilly Rebuttal is relevant and important as it presents evidence bearing on whether the MCSD has policies and practices of engaging in racially discriminatory policing. Regardless of whether a law enforcement agency's failure to comply with best practices is, by itself, sufficient to establish a constitutional violation, MCSD's systematic failure to comply with best practices is undoubtedly evidence relevant to the issue of whether the MCSD maintains policies, customs, or practices that violate the Constitution. Third, Defendants will suffer absolutely no prejudice from the admission of the McNeilly Rebuttal. To the extent Defendants complain that they have been deprived of the opportunity to depose Mr.

McNeilly, there is no prejudice because it is Defendants who have made no reasonable attempt to take his deposition and instead strategically chose to wait nearly a month and then file their Motion. Defendants also have suffered no increase in costs or delays due to the timing of Mr. McNeilly's disclosure. Fourth, the availability of a continuance to cure any prejudice in inapplicable here, as Defendants have suffered no potential prejudice.

5. In support of this Response, Plaintiffs also submit the accompanying Memorandum of Law, which is incorporated herein as if set forth in full.

WHEREFORE, for the reasons set forth herein and in Plaintiffs' accompanying Memorandum of Law, Defendants' Motion should be denied.

Respectfully submitted on this 20th day of August, 2018.

By: /s/ *Joshua Tom*　　　　
　　Joshua Tom

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
Isaac Rethy (*pro hac vice*)
Kavitha S. Sivashanker (*pro hac vice*)
Nihara K. Choudhri (*pro hac vice*)
Christopher K. Shields (*pro hac vice*)
Brooke Jarrett (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
kavitha.sivashanker@stblaw.com
nchoudhri@stblaw.com
christopher.shields@stblaw.com
bonnie.jarrett@stblaw.com

AMERICAN CIVIL LIBERTIES UNION
OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408
JTom@aclu-ms.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Ezekiel Edwards (*pro hac vice*)
Jeffery Robinson (*pro hac vice* forthcoming)
125 Broad Street
New York, NY 10004
(212) 549-2610
eedwards@aclu.org
jrobinson@aclu.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 20, 2018, I caused the foregoing **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE DESIGNATION OF REBUTTAL EXPERT WITNESS ROBERT MCNEILLY** to be electronically filed with the Clerk of the Court using the CM/ECF system, through which copies have been served to:

WISE CARTER CHILD & CARAWAY, P.A.
Michael B. Wallace (Miss. Bar No. 6904)
Charles E. Ross (Miss. Bar No. 5683)
James E. Graves (Miss. Bar No. 102252)
Charles E. Cowan (Miss. Bar No. 104478)
T. Russell Nobile (Miss. Bar No. 100682)
Post Office Box 651
Jackson, MS 39205
(601) 968-5534
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com
trn@wisecarter.com

CURRIE JOHNSON & MYERS, P.A.
Rebecca B. Cowan (Miss. Bar No. 7735)
P.O. Box 750
Jackson, MS 39205
(601) 969-1010
bcowan@curriejohnson.com

KATIE BRYANT SNELL, PLLC
Katie Bryant Snell (Miss. Bar No. 103607)
P.O. Box 3007
Madison, Mississippi  39130-3007
(601) 460-9800
Katie@katiebryantsnell.com

PETTIS, BARFIELD & HESTER, P.A.
J. Lawson Hester (Miss. Bar No. 2394)
Jason E. Dare (MSB No. 100973)
4450 Old Canton Road, Suite 210
Jackson, Mississippi  39211
(601) 987-5300
lhester@pbhfirm.com
jdare@pbhfirm.com

By: */s/ Joshua Tom*
     Joshua Tom