# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

LATOYA BROWN; LAWRENCE
BLACKMON; HERBERT ANTHONY
GREEN; KHADAFY MANNING;
QUINNETTA MANNING; MARVIN
MCFIELD; NICHOLAS SINGLETON;
STEVEN SMITH; BESSIE THOMAS; and
BETTY JEAN WILLIAMS TUCKER,
individually and on behalf of a class of all
others similarly situated,

    Plaintiffs,

      v.

MADISON COUNTY, MISSISSIPPI;
SHERIFF RANDALL S. TUCKER, in his
official capacity; and MADISON COUNTY
SHERIFF'S DEPUTIES JOHN DOES #1
through #6, in their individual capacities,

    Defendants.

Civil Action No.
3:17-cv-00347-WHB-LRA

**ORAL ARGUMENT
REQUESTED**

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANTS' MOTION TO EXCLUDE DESIGNATION OF
## <u>REBUTTAL EXPERT WITNESS PATRICIA FRONTIERA, PH.D.</u>

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000

AMERICAN CIVIL LIBERTIES UNION OF
    MISSISSIPPI FOUNDATION
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408

AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
125 Broad Street
New York, NY 10004
(212) 549-2610

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................ 1

BACKGROUND ................................................................................................. 2

    A.    Mr. Funderburk's Report And Testimony ........................................... 3

    B.    Dr. Patricia's Frontiera's Rebuttal Expert Report ................................. 4

ARGUMENT ...................................................................................................... 5

I.    THE FRONTIERA REBUTTAL REPORT WAS TIMELY DISCLOSED IN
    ACCORDANCE WITH THE COURT'S FEBRUARY 27 SCHEDULING
    ORDER .................................................................................................. 5

    A.    Plaintiffs Properly Submitted The Frontiera Rebuttal Pursuant To The July
        2, 2018 Deadline For Submission Of Rebuttal Expert Reports And Related
        Disclosures .................................................................................. 5

    B.    Parties May, And Routinely Do, Submit Rebuttal Reports From Experts
        Who Did Not Submit Initial Reports ............................................... 6

    C.    Dr. Frontiera Offers Proper Rebuttal Testimony In Response To New
        Issues Raised In Mr. Funderburk's Report ....................................... 9

II.    THE FRONTIERA REBUTTAL SHOULD BE ADMITTED REGARDLESS OF
    ANY TIMELINESS ISSUES .................................................................... 11

    A.    Plaintiffs Reasonably Submitted Dr. Frontiera's Report In Compliance
        With The Deadline For Rebuttal Reports ........................................ 12

    B.    The Frontiera Rebuttal Is Important To Plaintiffs' Case And Useful To
        The Court ................................................................................... 13

    C.    Defendants Will Not Be Prejudiced By The Admission Of The Frontiera
        Rebuttal ...................................................................................... 15

CONCLUSION ................................................................................................... 16

## TABLE OF AUTHORITIES

**Cases**

*Century Indem. Co. v. Marine Group, LLC*,
  2015 WL 5521986 (D. Ore. Sept 16, 2015)............................................................... 7

*Estate of Vaughan v. KIA Motors Am., Inc.*,
  No. 3:05 CV 38BS, 2006 WL 1806454 (S.D. Miss. June 29, 2006)...................................... 8

*Hamburger v. State Farm Mut. Auto. Ins. Co.*,
  361 F.3d 875 (5th Cir. 2004) ........................................................................ 12, 17

*Hostetler v. Dillard*,
  No. 3:13CV351-WHB-RHW, 2014 WL 11514964 (S.D. Miss. Aug.
  29, 2014) ......................................................................................... 7, 10

*In re Katrina Canal Breaches Consol. Litig.*,
  2012 WL 2529680 (E.D. La. June 29, 2012).......................................................... 6, 13

*Jimenez v. United States*,
  2014 WL 3907773 (W.D. Tex. July 25, 2014) ....................................................... 10, 11

*Johnson v. Simmons*,
  2014 WL 8844030 (S.D. Miss. Dec. 10, 2014) .......................................................... 6

*McReynolds v. Matthews*,
  2017 WL 5573194 (S.D. Miss. Nov. 20, 2017)...................................................... 10, 11

*Midwest Feeders, Inc. v. Bank of Franklin*,
  No. 5:14cv78-DCB-MTP, 2016 WL 4074432 (S.D. Miss. July 29,
  2016) .................................................................................................. 7

*Shaidnagle v. Adams County*,
  2014 WL 11427966 (S.D. Miss. Dec. 2, 2014) .......................................................... 9

**Rules**

Federal Rule of Civil Procedure 26(a)(2) ................................................................. 6

Plaintiffs Latoya Brown, Lawrence Blackmon, Khadafy Manning, Quinnetta Manning, Nicholas Singleton, Steven Smith, Bessie Thomas, and Betty Jean Williams Tucker ("Plaintiffs") respectfully submit this memorandum of law in opposition to Defendants' Motion To Exclude Plaintiffs' Untimely Designation of New Expert Witness Patricia Frontiera, Ph.D. (ECF No. 318) ("Motion")[1] in this civil rights action brought against defendants Madison County, Mississippi ("Madison County") and Sheriff Randall Tucker, sued herein in his official capacity ("Sheriff Tucker," and with Madison County, "Defendants"). Pursuant to L.U. Civ. R. 7(b)(6)(A), Plaintiffs respectfully request oral argument on the Motion.[2]

## PRELIMINARY STATEMENT

Defendants' Motion to exclude the Rebuttal Expert Report of Dr. Patricia Frontiera ("Frontiera Rebuttal" or "Frontiera R.R.") disregards the Court's February 27 Scheduling Order,[3] which expressly states that the deadline was "July 2, 2018" for "any rebuttal expert reports . . . and related disclosures" submitted on behalf of Plaintiffs in support of their Motion for Class Certification. (ECF No. 202.) It is undisputed that the Frontiera Rebuttal was submitted on July 2, 2018, and that July 2, 2018 was the deadline for Plaintiffs to submit rebuttal expert reports in support of their Motion for Class Certification. Defendants' Motion should be denied in its entirety on this basis alone.

---

[1] Citations to "Defendants' Brief" or "Defs. Br." refer to Defendants' Memorandum in Support of Motion to Exclude Plaintiffs' Untimely Designation of New Expert Witness Patricia Frontiera, Ph.D. (ECF. No. 319).

[2] Because the issues presented by this Motion overlap with the issues presented by Plaintiffs' pending Motion for Class Certification (ECF No. 231), Plaintiffs request that argument on the instant Motion be held jointly with argument on the Motion for Class Certification.

[3] ECF No. 202, referred to herein as the "February 27 Scheduling Order" or "Sched. Order."

Defendants rely on unwarranted, baseless assumptions to argue that the Frontiera Rebuttal should have been submitted along with Plaintiffs' Motion for Class Certification and prior to the expert report it rebuts. Defendants also seek to invent a requirement that a rebuttal expert is only permitted if he or she previously submitted an initial expert report. Neither of these arguments, however, has any support from the February 27 Scheduling Order, the Federal Rules of Civil Procedure, or this Court's Local Rules, which all establish that Dr. Frontiera was properly and timely disclosed as a rebuttal expert in connection with Plaintiffs' reply on their Motion for Class Certification.

Finally, even if Defendants' interpretation of the deadlines set by the Court's February 27 Scheduling Order were correct, which it is not, the Frontiera Rebuttal should be admitted as a matter of the Court's discretion, because: the Frontiera Rebuttal is a rebuttal report that logically was filed after the report it rebuts; it is important for establishing that the purported issues raised by Defendants' expert William Funderburk are wholly unsupported by academic literature and are, in any event, irrelevant; and Defendants will suffer no prejudice from its admission because they did not attempt to depose Dr. Frontiera or raise any concerns regarding the timing of his disclosure with Plaintiffs prior to filing their Motion.

Accordingly, for all of the foregoing reasons and those set forth herein, the Court should deny Defendants' Motion.

## **BACKGROUND**

The February 27 Scheduling Order governs expert disclosures and set the following deadlines for the parties' submission of expert reports related to Plaintiffs' Motion for Class Certification: (i) expert reports and related disclosures in support of Plaintiffs' Motion for Class Certification were due on March 14, 2018 (Sched. Order ¶ 1); (ii) expert reports and related disclosures in support of Defendants' brief in opposition to Plaintiffs' Motion for Class

2

Certification were due on May 8, 2018 (*id.* ¶ 3), and (iii) "any rebuttal expert reports and/or declarations, and related disclosures" on behalf of Plaintiffs were due on July 2, 2018. (*Id.* ¶ 6.)

In accordance with the February 27 Scheduling Order, on March 14, 2018, Plaintiffs submitted the expert report of Dr. Bryan Ricchetti (and related disclosures) in support of their Motion for Class Certification. (ECF No. 231-1, the "Ricchetti Report" or "Ricchetti Rep.") The Ricchetti Report detailed Dr. Ricchetti's multivariate regression analysis using the Madison County Sheriff's Department's ("MCSD") roadblock data, in which Dr. Ricchetti found a statistically significant and positive relationship between the number of roadblocks per year and the percentage of Black residents in Madison County census tracts, even after controlling for other, non-racial factors. (*See* Ricchetti Rep. ¶ 53.)

### A.      Mr. Funderburk's Report And Testimony

On May 8, 2018, Defendants submitted four expert reports as exhibits to Defendants' Opposition to Plaintiffs' Motion for Class Certification, including the expert report of Dr. Dwight D. Steward (ECF No. 276-16, "Steward Report" or "Steward Rep.") and the Report of Mr. William R. Funderburk (ECF No. 267-21, "Mr. Funderburk's Report" or "Funderburk Rep."). The expert report of Dr. Steward challenged Dr. Ricchetti's analyses and conclusions concerning the relationship between the frequency of roadblocks recorded in Madison County census tracts and the percentage of Black residents in each census tract. (Steward Rep. ¶ 12.)

Mr. Funderburk's Report, however, focused on a purported assessment of Dr. Ricchetti's "geographic analysis and geocoding." (Funderburk Rep. ¶¶ 20-91.) Mr. Funderburk's Report critiques the geocoding used by Dr. Ricchetti to place recorded roadblocks into census tracts for the purpose of conducting his analysis. As part of Mr. Funderburk's alleged "geographic analysis," he provided an "incomplete list of geocoding and census tract assignment errors" that he claimed to identify in Dr. Ricchetti's analysis (*id.* ¶ 48), but Mr. Funderburk's Report

3

provides little information concerning how Mr. Funderburk identified these alleged "errors," other than by relaying information about the ostensible locations of certain roadblocks provided by MCSD deputy Rylon Thompson. Mr. Funderburk opined, *inter alia*, that Dr. Ricchetti's methodology for mapping roadblock locations was purportedly unreliable because (i) the use of intersection-only addresses to place roadblocks could lead to errors in "geopositional accuracy and precision" (*id.* ¶ 49) and (ii) some roadblock locations straddle two or more census tracts, which may allegedly render an analysis based on assignment of those roadblocks to a specific census tract invalid. Mr. Funderburk claimed that these issues could result in roadblocks being mapped into the wrong census tract for the purpose of Dr. Ricchetti's analysis. (*Id.* ¶ 58.)

**B.    Dr. Patricia's Frontiera's Rebuttal Expert Report**

On July 2, 2018, concurrent with the filing of Plaintiffs' reply memorandum in further of support of their Motion for Class Certification, Plaintiffs submitted, *inter alia*, the rebuttal expert report of Dr. Ricchetti (ECF No 304-1, the "Ricchetti Rebuttal Report" or "Ricchetti R.R.")[4] and the Frontiera Rebuttal. The Frontiera Rebuttal also was filed as an exhibit to Plaintiffs' Response in Opposition to Defendants' Motion to Exclude the Expert Testimony of Dr. Bryan Ricchetti (ECF No. 304-3) and to Plaintiffs' Motion to Exclude the Report and Testimony of William Funderburk. (ECF No. 307-2.)

Dr. Frontiera is a geospatial data scientist at the Social Sciences Data Lab at the University of California, Berkeley. (Frontiera R.R. ¶ 1.) Dr. Frontiera leads the Data Lab's

---

[4] Dr. Ricchetti explained that even after "removing data points with potential measurement issues, the general findings of my regression model remain unchanged and the precision of my model actually increases – a result that is consistent with the large academic literature on measurement error. In fact, even if I make the assumption that every roadblock on the boundary was in fact set up in the census tract it borders with a relatively *lower share* of Black residents, my regression still finds that roadblock frequency increases in census tracts with a higher share of Black residents." (Ricchetti R.R. ¶ 48.)

geospatial topic area, and has taught over twelve workshops since 2015 on geocoding methods including ArcGIS. (*Id.* ¶¶ 1-2.) In the Frontiera Rebuttal, Dr. Frontiera rebutted the opinions expressed in Mr. Funderburk's Report concerning the reliability of the geocoding methodologies used for the data in Dr. Ricchetti's analysis. Dr. Frontiera also stated that her assignment was limited to rebutting Mr. Funderburk's testimony. (*See id.* ¶ 8.) Dr. Frontiera "reviewed the reports of Dr. Ricchetti and Mr. Funderburk" and "respond[ed] to several of the claims by Mr. Funderburk about . . . geocoding and its use in Dr. Ricchetti's analysis," finding that "Dr. Ricchetti's initial report followed best practices resulting in a high level of overall geocoding quality" and that "the method Dr. Ricchetti use[d] to associate roadblocks with census tracts was reliable." (*Id.* ¶¶ 9, 16.) Dr. Frontiera further concluded that Mr. Funderburk "frequently overstates his claims" and fails to support his conclusions about Dr. Ricchetti's geocoding with "standard geocoding evaluation practices or statistical analysis." (*Id.* ¶ 10.) Further, Dr. Frontiera rebuts Mr. Funderburk's assertion that Dr. Ricchetti needed to retain a geocoding expert to use geocoding software. (*Id.* ¶ 11)

## ARGUMENT

## I.    THE FRONTIERA REBUTTAL REPORT WAS TIMELY DISCLOSED IN ACCORDANCE WITH THE COURT'S FEBRUARY 27 SCHEDULING ORDER

### A.    Plaintiffs Properly Submitted The Frontiera Rebuttal Pursuant To The July 2, 2018 Deadline For Submission Of Rebuttal Expert Reports And Related Disclosures

Defendants' Motion ignores the plain language of the February 27 Scheduling Order, which confirms that the Frontiera Rebuttal was timely and properly submitted for the Court's consideration. It is incontrovertible that courts may manage their own dockets and set discovery deadlines. *See Johnson v. Simmons*, 2014 WL 8844030, at *3 (S.D. Miss. Dec. 10, 2014) ("Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure states that a party must make expert

disclosures at the times and in the sequence that the court orders. Under this Court's Uniform Local Rules, a party must make a full and complete disclosure … no later than the time specified in the case management order.") (citations and internal quotation marks omitted). The February 27 Scheduling Order expressly allows Plaintiffs to submit rebuttal expert reports by July 2, 2018, the date on which the Frontiera Rebuttal was submitted. The Frontiera Rebuttal directly responds to Mr. Funderburk's Report, and specifically rebuts Mr. Funderburk's purported criticisms of the geocoding methodology used in Dr. Ricchetti's analysis. *See In re Katrina Canal Breaches Consol. Litig.*, 2012 WL 2526980, at *1 (E.D. La. June 29, 2012) ("A rebuttal expert report is one which is 'intended solely to contradict or rebut evidence on the same subject matter identified by another party.'") (quoting Fed.R.Civ.P. 26(a)(2)(D)(ii)). Thus, Plaintiffs' submission of the Frontiera Rebuttal complied with the February 27 Scheduling Order.

### B.   Parties May, And Routinely Do, Submit Rebuttal Reports From Experts Who Did Not Submit Initial Reports

Defendants suggest, without any support, that the February 27 Scheduling Order only permits an expert who previously filed an initial report in support of Plaintiffs' Motion for Class Certification to then file a rebuttal report. This is wholly unsupported by the February 27 Scheduling Order, which states that "*any* rebuttal expert reports" submitted by Plaintiff shall be submitted by July 2, 2018. (Sched. Order, ¶ 6 (emphasis added)). Nor do Defendants cite any federal or local rules in support of their argument. That is not surprising, as Federal Rule of Civil Procedure 26(a)(2) "does not distinguish between initial and rebuttal experts and imposes no requirement that a rebuttal expert also have been an initially disclosed expert." *Century Indem. Co. v. Marine Group, LLC*, 2015 WL 5521986, at *2 (D. Ore. Sept 16, 2015).

Similarly, courts in this District impose no such requirement. Instead, courts hold that new experts may properly offer rebuttal reports. *See, e.g., Hostetler v. Dillard*, No. 3:13CV351-

6

WHB-RHW, 2014 WL 11514964, at *1-2 (S.D. Miss. Aug. 29, 2014) (rejecting defendants'
argument that "there is no justification for a rebuttal expert" because initial expert would testify
about the same documents and topic, since the second expert "is a rebuttal expert, designated for
the limited purpose of contradicting or rebutting" another expert); *Midwest Feeders, Inc. v. Bank
of Franklin*, No. 5:14cv78-DCB-MTP, 2016 WL 4074432 (S.D. Miss. July 29, 2016) (denying
motion to strike as untimely plaintiff's rebuttal expert report submitted by expert who was not
disclosed at plaintiff's "initial" expert deadline). For example, in *Hostetler v. Dillard*, the
plaintiffs initially designated Tim Pepper, an appraiser, as an expert on June 2, 2014. 2014 WL
11514964, at *1. The defendants then designated Janet Clark, CPA, as their expert on July 2,
2014, pursuant to the scheduling order in that case. *Id*. The plaintiffs responded by designating
John Paris, CPA, as a rebuttal expert on August 4, 2014 to rebut the testimony of defendants' tax
expert, Ms. Clark. *Id.* The defendants argued that Mr. Paris's report was untimely as the
plaintiffs should have designated him as an expert on June 2, 2014. The court rejected
defendants' argument, finding that Mr. Paris was properly designated as a rebuttal expert, insofar
as he was designated "for the limited purpose of contradicting or rebutting Clark's opinion" on
tax issues. *Id.* at *2. That Mr. Paris did not previously submit an initial report was irrelevant to
the court's inquiry. *Id.*; *see also Century Indem.*, 2015 WL 5521986, at *2 ("Rule 26's only
constraint on rebuttal expert evidence is found in subsection (a)(2)(D)(ii), which defines a
rebuttal report as one 'intended solely to contradict or rebut evidence on the same subject matter
identified by another party under Rule 26(a)(2)(B) or (C).'").

Defendants nonetheless argue that designating a "new" rebuttal expert "is not a favored
process for proffering expert testimony in this Court." (Defs. Br. 6.) The cases upon which
Defendants purport to rely for this proposition, however, say nothing of the sort, and are

inapposite. Unlike in the instant case, the scheduling orders in each of the cases cited by Defendants did *not* permit the plaintiffs to disclose rebuttal expert reports at all after the defendants disclosed their expert reports.

For example, in *Estate of Vaughan v. KIA Motors Am., Inc.*, No. 3:05-CV-38BS, 2006 WL 1806454, at *1 (S.D. Miss. June 29, 2006), the plaintiffs sought to extend the discovery deadline so they could designate a rebuttal expert, even though the scheduling order did not expressly permit any rebuttal experts, and the default 30-day period set by Federal Rule of Civil Procedure 26 had passed. *See* Set Deadlines/Hearings, *Estate of Vaughan v. KIA Motors Am., Inc.*, No. 3:05-CV-38BS (S.D. Miss. May 23, 2006) (relevant scheduling order entered as follows: "Discovery due by 9/15/2006. Designate Experts Plaintiff Deadline due by 6/15/2006. Designate Experts for Defendant Deadline due by 7/14/2006"). The court declined to allow rebuttal experts to be designated after the discovery deadline without the proffering party first "mov[ing] for leave to designate the additional experts out of time," which plaintiffs had failed to do. *Vaughan*, 2006 WL 1806454, at *1. Indeed, *Vaughan* actually reaffirms that "whether a plaintiff can make a second designation of experts for purposes of rebuttal" is a matter properly controlled by the Court's scheduling orders."[5]   *Id.* at *2. Here, by contrast, the February 27 Scheduling Order expressly permits Plaintiffs to submit rebuttal reports following the submission

---

[5] Similarly, the scheduling order in *Shaidnagle* did not call for the plaintiff to submit a rebuttal expert report. Text Only Order, *Shaidnagle v. Adams Cty.*, No. 5:13-cv-112 (S.D. Miss. Jun. 2, 2014). The court there excluded the untimely designated rebuttal expert on the basis that the newly disclosed rebuttal expert was untimely, and further noted that the rebuttal expert was tendered to opine on the same issue as the initial expert (whether an individual was a suicide risk). *Shaidnagle v. Adams Cty.*, 2014 WL 11427966, at *6 (S.D. Miss. Dec. 2, 2014). Here, by contrast, the Frontiera Rebuttal opines on the extent to which the purported geocoding issues raised in Mr. Funderburk's Report exist, while the Ricchetti Report discusses the statistically significant and positive relationship between roadblock frequency and Black population shown by his multivariate regression analysis.

of Defendants' expert reports. Thus, here, the Frontiera Rebuttal was timely disclosed, and Defendants' Motion should be denied.

### C. Dr. Frontiera Offers Proper Rebuttal Testimony In Response To New Issues Raised In Mr. Funderburk's Report

Dr. Frontiera submitted her rebuttal report in response to Mr. Funderburk's Report, which Defendants submitted on May 8, 2018. Mr. Funderburk's Report focused on "geographic analysis using the geographic information systems (GIS) software, ArcGIS" as it was used in the Ricchetti Report. (Funderburk Rep., ¶ 10.) Dr. Ricchetti found a statistically significant and positive relationship between the percentage of Black residents in a Census tract and the number of roadblocks per year controlling for other, non-racial factors that could account for the disparity. (Ricchetti Rep., ¶ 53.) Mr. Funderburk's report first raised the issue of purported deficiencies associated with the straightforward geocoding methodology applied by Dr. Ricchetti. (Funderburk Rep. ¶ 46.) Because Defendants chose to put at issue technical aspects of the geocoding software used by Dr. Ricchetti and to challenge Dr. Ricchetti's opinions on the basis of purported expert geospatial analysis, Plaintiffs submitted the Frontiera Rebuttal to respond to these newly raised issues. Plaintiffs also concurrently filed a motion seeking to exclude Mr. Funderburk's Report based, in part, on the Frontiera Rebuttal (ECF No. 307.) This motion is currently pending before the Court. Thus, it was appropriate for Plaintiffs to respond when they did to this new argument raised by Defendants.

Nor does Defendants' suggestion that Plaintiffs should have somehow anticipated Mr. Funderburk's Report render Dr. Frontiera's Rebuttal untimely. (*See* Defs. Br. 11.) To the contrary, it is well-established that the purpose of rebuttal testimony is to address new facts or issues raised in an opposing expert's report. *Hostetler*, 2014 WL 11514964, at *2 (rebuttal expert properly "designated for the limited purpose of contradicting or rebutting" opposing party's

expert). The inquiry into "the proper scope of rebuttal is within the sound discretion of the trial judge." *Jimenez v. United States*, No. SA-5:13-CV-096-OLG, 2014 WL 3907773, at *3 (W.D. Tex. July 25, 2014) (denying defendant's motion to strike testimony of plaintiff's rebuttal expert that defendant argued should have been offered in plaintiff's case-in-chief). Mr. Funderburk raised the new issue of the reliability of the industry-standard geocoding software used by Dr. Ricchetti to plot coordinate information for roadblock locations. (Funderburk Rep. ¶¶ 88-91.)[6] Once Defendants raised the issue in Mr. Funderburk's Report, however, Plaintiffs retained Dr. Frontiera, an expert geographer herself, to rebut Mr. Funderburk's claims.

Defendants themselves effectively concede that Mr. Funberburk raises distinct issues not addressed in the Ricchetti Report by designating Mr. Funderburk as an expert in addition to (and instead of just) Dr. Steward to rebut the Ricchetti Report. Dr. Steward admitted that he was not focusing on the mapping and geocoding aspects of Dr. Ricchetti's methodology and that his "understanding of what [Mr. Funderburk] does is different from what [he is] doing." (Ex. 1, Steward Tr. 195:18-19; 196:3-20.) Indeed, Dr. Steward testified that he was not a GIS expert or geocoding expert. (*Id.* at 173:25-174:3 ("Q: And you agree that you're not presenting yourself today as a GIS expert or a geocoding expert, correct? A: That's correct.")). Defendants considered Dr. Steward to be capable of critiquing Dr. Ricchetti's analysis even though he does not have geographic expertise, but also designated Mr. Funderburk to opine on distinct geocoding issues. In other words, Defendants contend that they can designate a separate expert to

---

[6] This is thus unlike the situation in *McReynolds v. Matthews*, 2017 WL 5573194 (S.D. Miss. Nov. 20, 2017), cited by Defendants, where a plaintiff seeking attorneys' fees as damages failed to retain an initial expert to establish that her fees were reasonable, even though Mississippi law is clear that a fundamental element of such a claim is that the party seeking the fee must prove the reasonableness of the fees sought as part of her case-in-chief. *Id.* at *4. There, the plaintiff sought to improperly establish an affirmative element of a case through a rebuttal report; here, by contrast, Dr. Frontiera is responding to a purported data issue raised by Mr. Funderburk.

specifically address purported geocoding issues, but Plaintiffs are precluded from responding. This is clearly incorrect, and only reinforces that Mr. Funderburk's Report raised new issues on May 8, 2018, permitting Plaintiffs to designate Dr. Frontiera as a rebuttal expert with respect to Mr. Funderburk's Report.[7]  Defendants cannot have it both ways.

## II.   THE FRONTIERA REBUTTAL SHOULD BE ADMITTED REGARDLESS OF ANY TIMELINESS ISSUES

That the Frontiera Rebuttal was submitted in timely fashion pursuant to the February 27 Scheduling Order precludes any need for further inquiry into the four factors discussed by Defendants. *See* Defs. Br. 5, citing *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875 (5th Cir. 2004). However, even if the Court were to find that the Frontiera Rebuttal was not timely designated, exclusion of the Frontiera Rebuttal still would be improper.

Establishing that a report was not timely submitted completes only the first of two steps to determine whether a court should strike the report, because "even if Rule 26(a) has been violated, exclusion is inappropriate if the discovery violation is substantially justified or harmless." *United States v. 9.345 Acres of Land*, 2016 WL 5723665, at *5 n.40 (M.D. La. Sept. 30, 2016). Courts consider the following factors when deciding whether to exclude an untimely expert report: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger*, 361 F.3d at 883.[8]  Here, the first three factors

---

[7] Even if the Court were to agree that Plaintiffs somehow should have anticipated Mr. Funderburk's Report, the "general rule" that a court may elect to exclude a rebuttal witness who should have been introduced as part of the plaintiff's case in chief "applies to witnesses introduced at trial, not witnesses introduced well before trial."  *Jimenez*, 2014 WL 3907773, at *3-4 ("While [rebuttal expert's] testimony could have been introduced in Plaintiff's case-in-chief, Plaintiff has given Defendant ample notice regarding [rebuttal expert's] testimony.") The same scenario would exist here.

[8] Plaintiffs note that the inquiry into these factors is applicable only after it is already established that an expert report was untimely.

all weigh against excluding the Frontiera Rebuttal, while the fourth is inapplicable because admitting the Frontiera Rebuttal would not prejudice Defendants. Accordingly, there is just cause for any untimeliness the Court may find, and the Frontiera Rebuttal should be admitted.

### A.   Plaintiffs Reasonably Submitted Dr. Frontiera's Report In Compliance With The Deadline For Rebuttal Reports

As set forth in Section I above, Dr. Frontiera submitted her rebuttal report in direct response to Mr. Funderburk's Report and the new issues and opinions raised therein. With respect to the first *Hamburger* factor, Plaintiffs submitted the Frontiera Rebuttal on July 2, 2018 for the simple reason that the Frontiera Rebuttal responds to the Funderburk Report, which was submitted on after the deadline for Plaintiffs to submit initial expert reports. Mr. Funderburk's Report was submitted along with Defendants' opposition to Plaintiffs' Motion for Class Certification, and the Frontiera Rebuttal was submitted with Plaintiffs' reply to Defendants' opposition.

Because Mr. Funderburk's Report raised a new issue which, Defendants contended, required expert analysis, Plaintiffs submitted the Frontiera Rebuttal to show that Mr. Funderburk's opinions regarding geocoding issues are inaccurate, reflect unreliable methodologies, and are unsupported by the relevant academic literature and sources. (Frontiera R.R. ¶ 10.) To the extent the Court were to find that Plaintiffs erred in not submitting an initial report to preemptively rebut Mr. Funderburk's arguments, such error was substantially justified and does not warrant exclusion of Dr. Frontiera's relevant and reliable rebuttal expert testimony. *See In re Katrina Canal Breaches Consol. Litig.*, 2012 WL 2526980, at *1 (noting that Rule 26 does not require courts to exclude anything that could have been included in initial expert report "because such a rule would lead to the inclusion of vast amounts of arguably irrelevant material in an expert's report on the off chance that failing to include any information in anticipation of a

particular criticism would forever bar the expert from later introducing the relevant material")
(citation omitted). Thus, the Frontiera Rebuttal is admissible.

**B.**    **The Frontiera Rebuttal Is Important To Plaintiffs' Case And Useful To The Court**

Dr. Frontiera provides useful, relevant, and important testimony and opinions concerning the reliability of the geocoding techniques used on the data for the Ricchetti Report. Dr. Frontiera is well-qualified to testify on technical issues involving geospatial data, mapping, and spatial analysis, drawing on her expertise as a geospatial data scientist at the University of California, Berkeley. (Frontiera R.R. ¶ 1.)[9] As such, Dr. Frontiera is well-qualified to draw on her knowledge of best practices and academic literature. Dr. Frontiera finds that "Mr. Funderburk frequently overstates many of his claims," (*id.* ¶ 10), which she attributes in part to Mr. Funderburk's "failure to meet the academic standard of a randomized evaluation" and "lack of familiarity with the academic literature surrounding geocoding best practices." (*Id.*)  The Frontiera Rebuttal further establishes that Mr. Funderburk's claims regarding roadblocks located (i) at intersections and (ii) on census tract boundaries are inaccurate and unsupported by either relevant academic literature or reliable methodologies. (*Id.* ¶¶ 9-10, 28-31, 69-89.) Conversely, Dr. Frontiera concludes that "Dr. Ricchetti's geocoding was accurate, precise, and reliable." (*Id.* ¶ 90.)

Moreover, the Frontiera Rebuttal does not simply "bolster" Dr. Ricchetti's analysis in his initial report, as Defendants allege. (Defs. Br. 11.) Dr. Ricchetti's discussion of measurement error in his Rebuttal Report pertains to the effect of measurement error in independent variables (such as race, in Dr. Ricchetti's analysis) on his multivariate regression analysis—that is, the

---

[9] Defendants, for their part, similarly do not appear to challenge Dr. Frontiera's qualifications, instead focusing on contrived procedural mechanisms in an effort to exclude her well-reasoned opinions.

extent to which data entry errors (assuming they did exist) would or would not lead to bias in the regression analysis. (Ricchetti R.R. ¶¶ 48, 58-59.) Dr. Frontiera, by contrast, focuses on the extent to which there were "geocoding errors" in Dr. Ricchetti's analysis according to Mr. Funderburk, which she concludes there were not. (Frontiera R.R. ¶ 61.)

Even if the Court found subject matters sufficiently similar as to make the Frontiera Rebuttal a "de facto supplement" to the Ricchetti Report, as Defendants argue (Defs. Br. 13), the Frontiera Rebuttal should be admitted. If the Frontiera Rebuttal is a "supplement" to the Ricchetti Report, so too is the Funderburk Report a "supplement" to the report of Defendants' statistician, Dr. Steward. There is no reason why Defendants should be permitted to offer such "supplemental" opinion testimony unrebutted. Moreover, it was Defendants who provided the roadblock data used by Dr. Ricchetti that Defendants thereafter claimed—via Mr. Funderburk's transmission of Deputy Rylon Thompson's opinions—was defective and unreliable. *See* Funderburk Rep. ¶ 46 ("I interviewed Deputy Rylon Thompson for purposes of my review. *Based on my discussion with Deputy Thompson*, it does not appear that the address information kept the MCSD contains enough information to perform geographic analysis such as geocoding.") (emphasis added). Plaintiffs had no reason to believe that Defendants contended their own data was materially unreliable before Defendants submitted Mr. Funderburk's Report, and therefore had no basis to anticipate that Defendants would seek to challenge Dr. Ricchetti's analysis on this basis. Defendants should not be permitted to gain procedural advantages by exploiting the purported deficiencies of their own data. The Frontiera Rebuttal is useful testimony that addresses the unreliability and lack of scientific support for Mr. Funderburk's arguments, and the Court should therefore admit the Frontiera Rebuttal and deny Defendants' motion.

C.   **Defendants Will Not Be Prejudiced By The Admission Of The Frontiera Rebuttal**

Defendants cannot credibly argue that they will be prejudiced by the admission of the Frontiera Rebuttal. Plaintiffs disclosed Dr. Frontiera's testimony on July 2, 2018, and Plaintiffs heard nothing from Defendants for four weeks, until this Motion was filed on July 30, 2018. Defendants did not seek to depose Dr. Frontiera during this time period, and instead chose to file this Motion. That Defendants elected to wait for a nearly a month before filing this Motion, rather than requesting to take Dr. Frontiera's deposition or even expressing any concerns about the timing of the submission of her report suggests that Defendants were not concerned about deposing her, and thus cannot now claim some sort of prejudice for their own strategic decisions.

Further, Defendants invoke the expenses and delays associated with pursuing expert discovery as a source of prejudice. Defendants waited a full month to file this motion, but briefing on ancillary motions concerning Plaintiffs' motion for class certification has remained ongoing throughout that time, having been extended at Defendants' request up to August 17, 2018. Defendants could have easily taken discovery of Dr. Frontiera during this time period with zero impact on overall schedules had they cared to do so. Moreover, Defendants' costs would be the same regardless of whether Dr. Frontiera was disclosed in March or in July. And in any event, it was Defendants who chose to respond to Plaintiffs' expert report and Fed. R. Evid. 1006 declaration with no less than four reports from three experts, as well as two motions. Defendants have pursued anything but a cost-conscious litigation strategy to this point, and should not be allowed to have their purported concerns over expenses resulting from their own decisions impede Plaintiffs' ability to respond.

Finally, the fourth factor in the *Hamburger* test—the availability of a continuance to cure prejudice—is inapplicable here. *Hamburger*, 361 F.3d at 883. Defendants waited almost a month

15

to file this motion the Frontiera Rebuttal was submitted, and then filed this Motion without conferring with Plaintiffs beforehand or making any efforts to resolve any concerns they purportedly had about the timing of the Frontiera Rebuttal. This was contrary to the requirements set forth in Local Rule 37(a) and Paragraph 6(F)(4) of the Case Management Order (ECF No. 216), which require parties to meet and confer before filing a discovery motion. Thus, a continuance is unnecessary and, in any event, should not be granted.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion to Exclude Plaintiffs' Expert Witness Patricia Frontiera.


Dated: August 20, 2018

By: */s/ Joshua Tom*        
    Joshua Tom

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
Isaac Rethy (*pro hac vice*)
Kavitha S. Sivashanker (*pro hac vice*)
Nihara K. Choudhri (*pro hac vice*)
Christopher K. Shields (*pro hac vice*)
Brooke Jarrett (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
kavitha.sivashanker@stblaw.com
nchoudhri@stblaw.com
christopher.shields@stblaw.com
bonnie.jarrett@stblaw.com

AMERICAN CIVIL LIBERTIES UNION
OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408
JTom@aclu-ms.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Ezekiel Edwards (*pro hac vice*)
Jeffery Robinson (*pro hac vice* forthcoming)
125 Broad Street
New York, NY 10004
(212) 549-2610
eedwards@aclu.org
jrobinson@aclu.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2018, I caused the foregoing **Plaintiffs'**

**Memorandum of Law in Opposition to Defendants' Motion To Exclude Designation Of**

**Rebuttal Expert Witness Patricia Frontiera, Ph.D.** to be electronically filed with the Clerk of

the Court using the CM/ECF system, through which copies have been served to:

WISE CARTER CHILD & CARAWAY, P.A.
Michael B. Wallace (Miss. Bar No. 6904)
Charles E. Ross (Miss. Bar No. 5683)
James E. Graves (Miss. Bar No. 102252)
Charles E. Cowan (Miss. Bar No. 104478)
T. Russell Nobile (Miss. Bar No. 100682)
Post Office Box 651
Jackson, MS 39205
(601) 968-5534
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com
trn@wisecarter.com

CURRIE JOHNSON & MYERS, P.A.
Rebecca B. Cowan (Miss. Bar No. 7735)
P.O. Box 750
Jackson, MS 39205
(601) 969-1010
bcowan@curriejohnson.com

KATIE BRYANT SNELL, PLLC
Katie Bryant Snell (Miss. Bar No. 103607)
P.O. Box 3007
Madison, Mississippi 39130-3007
(601) 460-9800
Katie@katiebryantsnell.com

PETTIS, BARFIELD & HESTER, P.A.
J. Lawson Hester (Miss. Bar No. 2394)
Jason E. Dare (MSB No. 100973)
4450 Old Canton Road, Suite 210
Jackson, Mississippi 39211
(601) 987-5300
lhester@pbhfirm.com
jdare@pbhfirm.com

_/s/ Joshua Tom_____
Joshua Tom