UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| LATOYA BROWN; LAWRENCE BLACKMON; HERBERT ANTHONY GREEN; KHADAFY MANNING; QUINNETTA MANNING; MARVIN MCFIELD; NICHOLAS SINGLETON; STEVEN SMITH; BESSIE THOMAS; and BETTY JEAN WILLIAMS TUCKER, individually and on behalf of a class of all others similarly situated,<br><br>    Plaintiffs,<br><br>       v.<br><br>MADISON COUNTY, MISSISSIPPI; SHERIFF RANDALL S. TUCKER, in his official capacity; and MADISON COUNTY SHERIFF'S DEPUTIES JOHN DOES #1 through #6, in their individual capacities,<br><br>    Defendants. | Civil Action No.<br>3:17-cv-00347-WHB-LRA<br><br>**ORAL ARGUMENT REQUESTED** |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO EXCLUDE DESIGNATION OF
<u>REBUTTAL EXPERT WITNESS JUSTIN MCCRARY, PH.D.</u>**

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP<br>425 Lexington Avenue<br>New York, NY 10017<br>(212) 455-2000 | AMERICAN CIVIL LIBERTIES UNION OF<br>   MISSISSIPPI FOUNDATION<br>233 East Capitol Street<br>Jackson, MS 39201<br>(601) 354-3408<br><br>AMERICAN CIVIL LIBERTIES UNION<br>   FOUNDATION<br>125 Broad Street<br>New York, NY 10004<br>(212) 549-2610<br><br>*Attorneys for Plaintiffs* |

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ............................................................................................................................2

      A.     Dr. Steward's Report and Testimony ....................................................................3

      B.     Dr. McCrary's Rebuttal Report .............................................................................4

ARGUMENT ..................................................................................................................................5

I.     DR. MCCRARY'S REBUTTAL REPORT WAS TIMELY DISCLOSED IN
ACCORDANCE WITH THE COURT'S SCHEDULING ORDER .................................5

      A.     Plaintiffs Properly Submitted The McCrary Rebuttal Pursuant To The July
2, 2018 Deadline For Submission Of Rebuttal Expert Reports And Related
Disclosures .............................................................................................................5

      B.     Parties May, And Routinely Do, Submit Reports From Experts Who Did
Not Submit Initial Reports......................................................................................6

      C.     Dr. McCrary Offers Proper Rebuttal Testimony In Response To New
Issues Raised In Dr. Steward's Report ...................................................................9

II.    THE MCCRARY REBUTTAL SHOULD BE ADMITTED REGARDLESS OF
ANY TIMELINESS ISSUES ..........................................................................................10

      A.     Plaintiffs Reasonably Submitted The McCrary Rebuttal ....................................10

      B.     The McCrary Rebuttal Is Important To Plaintiffs' Case And Useful To
The Court ..............................................................................................................11

      C.     Defendants Will Not Be Prejudiced By The Admission Of The McCrary
Rebuttal .................................................................................................................13

CONCLUSION .............................................................................................................................14

# **TABLE OF AUTHORITIES**

**Cases**

*Century Indem. Co. v. Marine Group, LLC*,
 2015 WL 5521986 (D. Ore. Sept 16, 2015) ..........................................................................6, 7

*City of Gary v. Shafer*,
 2009 WL 1370997 (N.D. Ind. May 13, 2009) ........................................................................12

*Crowley v. Chait*,
 322 F.Supp.2d 530 (D. N.J.2004) ...........................................................................................11

*Dockery v. Fischer*,
 2015 WL 12683196 (S.D. Miss June 3, 2015) .......................................................................12

*Estate of Vaughan v. KIA Motors Am., Inc.*,
 No. 3:05 CV 38BS, 2006 WL 1806454 (S.D. Miss. June 29, 2006) ........................................8

*Green v. Kubota Tractor Corp.*,
 2012 WL 1416465 (N.D. Ill. Apr. 24, 2012) ..........................................................................12

*Hamburger v. State Farm Mut. Auto. Ins. Co.*,
 361 F.3d 875 (5th Cir. 2004) ..................................................................................................10

*Hostetler v. Dillard*,
 NO. 3:13CV351-WHB-RHW, 2014 WL 11514964 (S.D. Miss. Aug.
 29, 2014). ........................................................................................................................6, 7, 9

*Johnson v. Simmons*,
 2014 WL 8844030 (S.D. Miss. Dec. 10, 2014) ........................................................................5

*McReynolds v. Matthews*,
 2017 WL 5573194 (S.D. Miss. Nov. 20, 2017) .......................................................................9

*Midwest Feeders, Inc. v. Bank of Franklin*,
 No. 5:14cv78-DCB-MTP, 2016 WL 4074432 (S.D. Miss. July 29,
 2016) .........................................................................................................................................7

*Shaidnagle v. Adams County*,
 2014 WL 11427966 (S.D. Miss. Dec. 2, 2014) ..................................................................8, 12

*United States v. 9.345 Acres of Land*,
 2016 WL 5723665 (M.D. La. Sept. 30, 2016) .......................................................................10

Plaintiffs Latoya Brown, Lawrence Blackmon, Khadafy Manning, Quinnetta Manning, Nicholas Singleton, Steven Smith, Bessie Thomas, and Betty Jean Williams Tucker ("Plaintiffs") respectfully submit this memorandum of law in opposition to Defendants' Motion To Exclude Plaintiffs' Untimely Designation of New Expert Witness Justin McCrary, Ph.D. (ECF No. 316) ("Motion")[1] in this civil rights action brought against defendants Madison County, Mississippi ("Madison County") and Sheriff Randall Tucker, sued herein in his official capacity ("Sheriff Tucker," and with Madison County, "Defendants"). Pursuant to L.U. Civ. R. 7(b)(6)(A), Plaintiffs respectfully request oral argument on the Motion.[2]

## PRELIMINARY STATEMENT

Defendants continue to burden this Court with motion practice on baseless technical and procedural issues in an effort to avoid engaging on the substantive merits of this action. Defendants recently filed several motions to exclude Plaintiffs' expert rebuttal reports on the purported basis that they were untimely, including the instant Motion to exclude the Rebuttal Expert Report of Dr. Justin McCrary ("McCrary Rebuttal" or "McCrary R.R."). Defendants completely ignore the Court's February 27 Scheduling Order,[3] which expressly states that the deadline was "July 2, 2018" for "any rebuttal expert reports . . . and related disclosures" submitted on behalf of Plaintiffs in support of their Motion for Class Certification. It is

---

[1] Citations to "Defendants' Brief" or "Defs.' Br." refer to Defendants' Memorandum in Support of Motion to Exclude Plaintiffs' Untimely Designation of New Expert Witness Justin McCrary, Ph.D. (ECF No. 317).

[2] Because the issues presented by this Motion overlap with the issues presented by Plaintiffs' pending Motion for Class Certification (ECF No. 231), Plaintiffs request that argument on the instant Motion be held jointly with argument on the Motion for Class Certification.

[3] ECF No. 202, referred to herein as the "February 27 Scheduling Order" or "Sched. Order."

1

undisputed that the McCrary Rebuttal was submitted on July 2, 2018. Thus, Defendants' Motion should be denied on this basis alone.

Relying on unwarranted assumptions and ignoring the plain language of the February 27 Scheduling Order, Defendants argue that the McCrary Rebuttal should have been submitted along with Plaintiffs' Motion for Class Certification and prior to the expert report it rebuts. Defendants also seek to invent a requirement that a rebuttal expert is only permitted if he or she previously submitted an initial expert report. Neither of these arguments, however, has any support from the February 27 Scheduling Order, the Federal Rules of Civil Procedure, or this Court's Local Rules, which all establish that Dr. McCrary was properly and timely disclosed as a rebuttal expert in connection with Plaintiffs' rebuttal on their Motion for Class Certification.

Finally, even if Defendants' interpretation of the disclosure requirements set by the Court were correct, which it is not, the McCrary Rebuttal should be admitted as a matter of the Court's discretion. The McCrary Rebuttal is a rebuttal report that logically was filed after the report it rebuts; it is relevant to this case and useful for establishing, contrary to Defendants' contentions, that Dr. Ricchetti's methodology is in fact widely accepted and supported by academic research; and Defendants will suffer no prejudice from its admission because they did not seek to depose Dr. McCrary or raise any concerns regarding the timing of his disclosure with Plaintiffs prior to filing their Motion.

Accordingly, for all of the foregoing reasons and those set forth herein, the Court should deny Defendants' Motion.

## BACKGROUND

The February 27 Scheduling Order governs expert disclosures, and set the following deadlines for the parties' submission of expert reports related to Plaintiffs' Motion for Class Certification: (i) expert reports and related disclosures in support of Plaintiffs' Motion for Class

Certification were due on March 14, 2018 (Sched. Order ¶ 1); (ii) expert reports and related disclosures in support of Defendants' brief in opposition to Plaintiffs' Motion for Class Certification were due on May 8, 2018 (*id.* ¶ 3), and (iii) "any rebuttal expert reports and/or declarations, and related disclosures" on behalf of Plaintiffs were due on July 2, 2018. (*Id.* ¶ 6.)

In accordance with the February 27 Scheduling Order, on March 14, 2018, Plaintiffs submitted one expert report—the Report of Dr. Bryan Ricchetti (ECF No. 231-1, the "Ricchetti Report" or "Ricchetti Rep.")—in support of their Motion for Class Certification, along with a summary declaration submitted under Fed. R. Evid. 1006. The Ricchetti Report detailed Dr. Ricchetti's multivariate regression analysis using the Madison County Sheriff's Department's ("MCSD") roadblock data, in which Dr. Ricchetti found a statistically significant and positive relationship between the number of roadblocks per year and the percentage of Black residents in Madison County census tracts, even after controlling for other, non-racial factors. (*See* Ricchetti Rep. ¶ 53.)

### A. Dr. Steward's Report and Testimony

On May 8, 2018, Defendants submitted four expert reports as exhibits to Defendants' Opposition to Plaintiffs' Motion for Class Certification, including the Rebuttal Expert Report of Dwight Steward, Ph.D. RE: Bryan Ricchetti, Ph.D. (ECF No. 267-16, the "Steward Report" or "Steward Rep."). In the Steward Report, Dr. Steward asserts that Dr. Ricchetti employed "unsound methodology . . . throughout his analysis" (Steward Rep., ¶ 9), that Dr. Ricchetti improperly used census tract data in his analysis of the MCSD's roadblock activity (*id.* ¶ 10), and that Dr. Ricchetti's methodology "is not consistent with generally accepted methodology in police racial profiling research." (*Id.* ¶ 35.) Dr. Steward further argues that Dr. Ricchetti "compounds the flaws in his analysis by accounting for irrelevant factors, such as unemployment rate and household income," because there is purportedly no evidence that "demographic and

3

income factors associated with the race of [a census tract's] residents is a determining factor in MCSD decisions." (*Id.* ¶ 13.) Dr. Steward asserts that the increased number of roadblocks in census tracts with a higher percentage of Black residents is "not statistically significant" and "could have been generated by sheer chance." (Steward Rep. ¶ 12.)

Dr. Ricchetti submitted a rebuttal report to address many of Dr. Steward's purported criticisms of his regression analysis. (ECF No 304-1, the "Ricchetti Rebuttal Report" or "Ricchetti R.R."). The Ricchetti Rebuttal corrects Dr. Steward's erroneous assertion that Dr. Ricchetti's regression analysis did not include DUI frequency as a control variable in his model, and further rebuts Dr. Steward's assertions concerning the factors included in Dr. Ricchetti's model and the outcome of his analysis showing that race has a statistically significant effect on roadblock frequency in a census tract. (Ricchetti R.R. ¶¶ 12, 27.)

### B.     Dr. McCrary's Rebuttal Report

The Steward Report plainly places at issue the question of whether analyzing crime and policing data across geographic areas is a reliable and widely accepted method for conducting statistical analysis related to racial discrimination and crime. In response to Dr. Steward's arguments regarding the alleged lack of support for such methods in academic literature, Plaintiffs submitted the McCrary Rebuttal on July 2, 2018, pursuant to the February 27 Scheduling Order.

Dr. McCrary, an economist, statistician, and a professor at Columbia Law School (McCrary R.R. ¶ 1), has vast experience and expertise with respect to statistical methods used to analyze outcomes across race, and has written extensively on the economics of crime and the statistical methodologies used to analyze the relationship between crime and other factors. (*Id.* ¶ 14.) Further, as the Co-Director of the Economics of Crime Working Group for the National Bureau of Economic Research, Dr. McCrary regularly reviews a wide array of academic research

4

and literature on such methods. (*Id.*) As such, Dr. McCrary is well-qualified to opine on the methodology used by Dr. Ricchetti.

As Dr. McCrary states in the McCrary Rebuttal, he was retained by Plaintiffs "to review the reports of Dr. Steward and Dr. Ricchetti, and comment on Dr. Steward's claim that Dr. Ricchetti's methodology is not a widely-accepted methodology in the academic literature on the economics of crime." (McCrary R.R. ¶ 13.) Dr. McCrary reviewed the reports of Dr. Ricchetti and Dr. Steward, and concludes that "Dr. Richetti uses . . . a standard and widely-accepted methodological approach" (*id.* ¶ 17), and that "the use of census tract level data . . . is common in academic research, and is in no way invalidated because the values of the variables vary within a census tract . . . as Dr. Steward asserts." (*id.* ¶ 31). After evaluating Dr. Steward's criticism of Dr. Ricchetti's methodology, Dr. McCrary concluded that "Dr. Steward's claims about the literature are misleading, inaccurate, and reveal a misunderstanding of standard methodological issues." (*Id*. ¶ 15).

## ARGUMENT

### I.   DR. MCCRARY'S REBUTTAL REPORT WAS TIMELY DISCLOSED IN ACCORDANCE WITH THE COURT'S SCHEDULING ORDER

#### A.   **Plaintiffs Properly Submitted The McCrary Rebuttal Pursuant To The July 2, 2018 Deadline For Submission Of Rebuttal Expert Reports And Related Disclosures**

Defendants' Motion ignores the plain language of the February 27 Scheduling Order, which confirms that the McCrary Rebuttal was timely and properly submitted for the Court's consideration. It is incontrovertible that courts may manage their own dockets and set discovery deadlines. *See Johnson v. Simmons*, 2014 WL 8844030, at *3 (S.D. Miss. Dec. 10, 2014) ("Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure states that a party must make expert disclosures at the times and in the sequence that the court orders. Under this Court's Uniform

5

Local Rules, a party must make a full and complete disclosure … no later than the time specified in the case management order.") (citations omitted). The Court entered the February 27 Scheduling Order to expressly allow Plaintiffs to submit rebuttal expert reports by July 2, 2018, and it is undisputed that the McCrary Rebuttal was submitted by Plaintiffs' July 2, 2018 rebuttal report deadline. The McCrary Rebuttal was submitted in direct response to specific (unsupported) assertions made by Dr. Steward concerning academic literature and general methodologies concerning the statistical analysis of racial discrimination and crime, making Dr. McCrary's report proper rebuttal testimony. *See Hostetler v. Dillard*, NO. 3:13CV351-WHB-RHW, 2014 WL 11514964, at *2 (S.D. Miss. Aug. 29, 2014) (purpose of designating a rebuttal expert is for "contradicting or rebutting" other party's expert). Thus, Plaintiffs' submitted the McCrary Rebuttal in accordance with the February 27 Scheduling Order.

### B. Parties May, And Routinely Do, Submit Reports From Experts Who Did Not Submit Initial Reports

Defendants suggest, without any support, that the February 27 Scheduling Order only permits an expert who previously filed an initial report in support of Plaintiffs' Motion for Class Certification to then file a rebuttal report. This is wholly unsupported by the February 27 Scheduling Order, which states that "*any* rebuttal expert reports" submitted by Plaintiff shall be submitted by July 2, 2018. (Sched. Order, ¶ 6 (emphasis added).) Nor do Defendants cite any federal or local rules in support of their argument. That is not surprising, as Federal Rule of Civil Procedure 26(a)(2) "does not distinguish between initial and rebuttal experts and imposes no requirement that a rebuttal expert also have been an initially disclosed expert." *Century Indem. Co. v. Marine Group, LLC*, 2015 WL 5521986, at *2 (D. Ore. Sept 16, 2015).

Similarly, courts in this District impose no such requirement. Instead, courts hold that new experts may properly offer rebuttal reports. *See, e.g.*, *Hostetler v. Dillard*, 2014 WL

11514964, at *1-2 (rejecting defendants' argument that "there is no justification for a rebuttal expert" because initial expert had testified about about the same documents and topic, since the second expert was a "rebuttal expert, designated for the limited purpose of contradicting or rebutting" other party's expert); *Midwest Feeders, Inc. v. Bank of Franklin*, No. 5:14cv78-DCB-MTP, 2016 WL 4074432, at *3 (S.D. Miss. July 29, 2016) (denying motion to strike as untimely rebuttal expert report submitted by expert who was not disclosed at plaintiff's "initial" expert deadline). For example, in *Hostetler v. Dillard*, the plaintiffs initially designated Tim Pepper, an appraiser, as an expert on June 2, 2014. 2014 WL 11514964, at *1. The defendants then designated Janet Clark, a CPA, as their expert on July 2, 2014, pursuant to the scheduling order in that case. *Id.* The plaintiffs responded by designating John Paris, a CPA, as a rebuttal expert on August 4, 2014 to rebut the testimony of defendants' tax expert, Ms. Clark. *Id.* The defendants argued that Mr. Paris's report was untimely, because the plaintiffs should have designated him as an expert on June 2, 2014. *Id.* The court rejected defendants' argument, finding that Mr. Paris was properly designated as a rebuttal expert, insofar as he was designated "for the limited purpose of contradicting or rebutting Clark's opinion" on tax issues. *Id.* at *2. That Mr. Paris did not previously submit an initial report was irrelevant to the court's inquiry. *Id.*; *see also Century Indem. Co.*, 2015 WL 5521986, at *2 ("Rule 26's only constraint on rebuttal expert evidence is found in subsection (a)(2)(D)(ii), which defines a rebuttal report as one 'intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C).'").

Defendants nonetheless argue that designating a "new" rebuttal expert "is not a favored process for proffering expert testimony in this Court." (Defs.' Br. 6.) The cases upon which Defendants purport to rely for this proposition, however, say nothing of the sort, and are

7

inapposite. Unlike in the instant case, the scheduling orders in each of the cases cited by Defendants did *not* permit the plaintiffs to disclose rebuttal expert reports at all after the defendants disclosed their expert reports.

For example, in *Estate of Vaughan v. KIA Motors Am., Inc.*, No. 3:05-CV-38BS, 2006 WL 1806454, at *1 (S.D. Miss. June 29, 2006), the plaintiffs sought to extend the discovery deadline so they could designate a rebuttal expert, even though the scheduling order did not expressly permit any rebuttal experts, and the default thirty-day period set by Federal Rule of Civil Procedure 26 had passed. *See* Set Deadlines/Hearings, *Estate of Vaughan v. KIA Motors Am., Inc.*, No. 3:05-CV-38BS (S.D. Miss. May 23, 2006) (relevant scheduling order entered as follows: "Discovery due by 9/15/2006. Designate Experts Plaintiff Deadline due by 6/15/2006. Designate Experts for Defendant Deadline due by 7/14/2006"). The court declined to allow rebuttal experts to be designated after the discovery deadline without the proffering party first "mov[ing] for leave to designate the additional experts out of time," which plaintiffs had failed to do. *Vaughan*, 2006 WL 1806454, at *1. Indeed, *Vaughan* actually reaffirms that "whether a plaintiff can make a second designation of experts for purposes of rebuttal" is a matter properly controlled by the Court's scheduling orders.[4] *Id.* at *2. Here, by contrast, the February 27 Scheduling Order expressly permits Plaintiffs to submit rebuttal reports following the submission

---

[4] Similarly, the scheduling order in *Shaidnagle* did not call for the plaintiff to submit a rebuttal expert report. Text Only Order, *Shaidnagle v. Adams Cty., Miss.*, No. 5:13-cv-112 (S.D. Miss. Jun. 2, 2014). The court there excluded the rebuttal expert on the basis that the newly disclosed rebuttal expert was untimely, and further noted that the rebuttal expert was tendered to opine on the same issue as the initial expert (whether an individual was a suicide risk). *Shaidnagle v. Adams Cty*, 2014 WL 11427966, at *6 (S.D. Miss. Dec. 2, 2014). Here, by contrast, Dr. McCrary is designated as an expert in academic literature concerning crime and racial discrimination, while Dr. Ricchetti was designated as an expert in analyzing data related to various socioeconomic and demographic characteristics (including race) and economic outcomes.

of Defendants' expert reports. Thus, the McCrary Rebuttal was designated in a timely fashion and Defendants' Motion should be denied.

### C. Dr. McCrary Offers Proper Rebuttal Testimony In Response To New Issues Raised In Dr. Steward's Report

Dr. McCrary's rebuttal opinions were submitted in response to the opinions submitted by Defendants' expert Dr. Steward on May 8, 2018, who purportedly responded to the initial expert report submitted by Plaintiffs' expert, Dr. Bryan Ricchetti. Dr. Ricchetti's Opening Report (ECF No. 231-1) offered opinions based on his multivariate regression analysis of the arrest data reflected in the MCSD's own records across the twenty-one census tracts in Madison County. In his report, Dr. Steward challenged Dr. Ricchetti's statistical methodology and his use of census tract data, claiming that it was unsupported by academic literature or "police racial profiling research." (Steward Rep. ¶¶ 9-10, 38.) The McCrary Rebuttal, in turn, addresses Dr. Steward's assertions about academic literature and methods for conducting statistical analyses of the relationship between crime and other factors. (McCrary R.R. ¶¶ 15, 42.) The McCrary Rebuttal thereby directly rebuts such (incorrect) assertions newly raised in Dr. Steward's report. As such, the McCrary Rebuttal is properly within the scope of rebuttal testimony. *See Hostetler*, 2014 WL 11514964, at *2 (denying defendant's motion to strike plaintiff's expert designated after defendant's rebuttal expert where plaintiff's witness was "a rebuttal expert, designated for the limited purpose of contradicting or rebutting" another expert).[5] Therefore, Defendants' Motion should be denied in its entirety.

---

[5] This is thus unlike the situation in *McReynolds v. Matthews*, 2017 WL 5573194 (S.D. Miss. Nov. 20, 2017), cited by Defendants, where a plaintiff seeking attorneys' fees as damages failed to retain an initial expert to establish that her fees were reasonable, even though Mississippi law is clear that a fundamental element of such a claim is that the party seeking the fee must prove the reasonableness of the fees sought as part of her case-in-chief. *Id.* at *4. Thus, the plaintiff in *McReynolds* attempted to improperly establish

## II.  THE MCCRARY REBUTTAL SHOULD BE ADMITTED REGARDLESS OF ANY TIMELINESS ISSUES

That the McCrary Rebuttal was submitted in timely fashion pursuant to the February 27 Scheduling Order precludes any need for further inquiry into the four factors discussed in Defendants' Brief (Defs.' Br. 4, citing *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875 (5th Cir. 2004)). However, even if the Court were to find that the McCrary Rebuttal was not timely designated, exclusion of the McCrary Rebuttal still would be improper.

Establishing that an expert report was not timely submitted completes only the first of two steps to determine whether a court should strike the report, because "even if Rule 26(a) has been violated, exclusion is inappropriate if the discovery violation is substantially justified or harmless." *United States v. 9.345 Acres of Land*, 2016 WL 5723665, at *5 n.40 (M.D. La. Sept. 30, 2016).

Courts consider the following factors when deciding whether to exclude an untimely expert report: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger*, 361 F.3d at 883. Here, the first three factors all weigh against excluding the McCrary Rebuttal, while the fourth is inapplicable because admitting the McCrary Rebuttal would not prejudice Defendants. Accordingly, there is just cause for any untimeliness the Court may find, and the McCrary Rebuttal should be admitted.

### A.  Plaintiffs Reasonably Submitted The McCrary Rebuttal

As set forth in Section I above, Plaintiffs submitted the McCrary Rebuttal in response to the Steward Report and the new issues and opinions raised therein. With respect to the first

---

an affirmative element of a case through a rebuttal report, unlike here, where Dr. McCrary is responding to an argument raised by Dr. Steward.

*Hamburger* factor, Plaintiffs submitted the McCrary Rebuttal on July 2, 2018 for the simple reason that the McCrary Rebuttal responds to the Steward Report, which was submitted on May 8, 2018. Because Dr. Steward raised the purported issue of Dr. Ricchetti not having previously performed research on specific "law enforcement issues" and accused Dr. Ricchetti of employing a methodology that was not widely accepted in the academic literature on analysis of police racial bias (Steward Rep. ¶¶ 10, 40), Plaintiffs submitted the McCrary Rebuttal from Dr. McCrary, an expert in academic literature concerning crime and racial discrimination, to rebut these arguments. *See Crowley v. Chait*, 322 F.Supp.2d 530, 551 (D.N.J. 2004) (Rule 26 requires only that rebuttal report contain "information to repel other expert testimony."). To the extent that Plaintiffs can be considered to have erred in not anticipating Dr. Steward's arguments and submitting an initial report to preemptively rebut these arguments, such error was substantially justified and does not warrant exclusion of Dr. McCrary's relevant and reliable rebuttal expert testimony. *See In Re Katrina Canal Breaches Consol. Litig.*, No. CA 10-866, 2012 WL 2526980, at *1 (E.D. La. June 29, 2012) ("An opening expert report is an early salvo in the process of defining issues for trial, and thus it is more understandable at the expert discovery stage that a party may need to include significant elaboration in a rebuttal report to challenge the assertions of the opponent's expert reports.") (citation omitted).

### B. The McCrary Rebuttal Is Important To Plaintiffs' Case And Useful To The Court

The McCrary Rebuttal is primarily focused on rebutting Dr. Steward's incorrect assertions regarding the relevant academic literature and the generally accepted methods for conducting statistical analysis related to racial discrimination and crime. The McCrary Rebuttal further rebuts Dr. Steward's argument that using census tract data in a statistical analysis of the relationship between crime and racial discrimination is not methodologically sound. Indeed, Dr.

11

McCrary explains in extensive detail why Dr. Steward's concerns are unfounded, and why "Dr. Steward's claims about the literature are misleading, inaccurate, and reveal a misunderstanding of standard methodological issues." (McCrary R.R. ¶ 15.) This detail further distinguishes the McCrary Rebuttal from the untimely report excluded in *Shaidnagle v. Adams County*, 2014 WL 11427966 (S.D. Miss. Dec. 2, 2014). In *Shaidnagle*, both the initial and rebuttal reports concerned whether an individual was a suicide risk, rather than addressing a challenge to methodology brought by a proffered expert. *Id.* at *5.[6]

In any event, even if the Court were to find that the McCrary Rebuttal is similar in subject matter to the initial Ricchetti Report, it is well established under Rule 26 that "the mere fact that opinions offered in a rebuttal report touch upon the same subjects covered in an initial expert report does not require that the rebuttal report be stricken." *Green v. Kubota Tractor Corp.*, 2012 WL 1416465, at *5 (N.D. Ill. Apr. 24, 2012); *see also City of Gary v. Shafer*, 2009 WL 1370997, at *5 (N.D. Ind. May 13, 2009) (court's inquiry under Rule 26(a)(2)(C)(ii) "focuses on whether the opinions expressed in a rebuttal report rebut the same subject matter identified in the other party's expert report"). Here, Dr. Steward has made unsupported claims concerning methodologies and academic literature on the statistical analysis of crime and discrimination. As an established academic with specific expertise in those areas, Dr. McCrary is

---

[6] Defendants' reliance on *Dockery* also is misplaced. In *Dockery*, the rebuttal report was untimely because no court order set the deadline for rebuttal expert disclosures, and the rebuttal disclosures were not made within the default thirty-day period for rebuttal expert disclosures provided in Federal Rule of Civil Procedure 26(a)(2). *Dockery v. Fischer*, 2015 WL 12683196, at *2 (S.D. Miss June 3, 2015). Here, of course, there was a court order explicitly setting the deadline for rebuttal expert designations, and that deadline was met. Moreover, the McCrary Rebuttal also is not duplicative because it opines that Dr. Ricchetti's methodologies were consistent with the relevant academic literature and widely accepted practices. In contrast, the Ricchetti Rebuttal Report addresses Dr. Steward's critiques of the variables he used, and moreover, confirms Dr. Ricchetti's initial findings even when accounting for Dr. Steward's purported criticisms.

able to provide useful rebuttal testimony to establish that Dr. Steward's arguments are baseless, and the Court should accordingly admit his relevant and useful rebuttal report.

### C. **Defendants Will Not Be Prejudiced By The Admission Of The McCrary Rebuttal**

Defendants will suffer no prejudice if the McCrary Rebuttal is admitted. Plaintiffs disclosed Dr. McCrary's testimony on July 2, 2018, and Plaintiffs heard nothing from Defendants for four weeks, until this Motion was filed on July 30, 2018. While Plaintiffs were prepared to offer Dr. McCrary for a deposition, Defendants instead chose to file this Motion. That Defendants chose to sit on their hands for a nearly a month rather than requesting to take Dr. McCrary's deposition or expressing any concerns about the timing of the submission of his rebuttal report suggests that Defendants were not concerned about deposing him. Defendants cannot now claim prejudice as a result of their own strategic decisions.

Further, Defendants invoke the expenses and delays associated with pursuing expert discovery as a source of prejudice. As to purported delays, not only did Defendants unilaterally afford themselves a full month to file this Motion, but briefing on ancillary motions concerning Plaintiffs' Motion for Class Certification remained ongoing throughout that time, having been extended by stipulation at Defendants' request up to August 17, 2018. (ECF No. 310.) Any legitimate discovery of Dr. McCrary readily could have occurred during this time period with absolutely zero impact on overall schedules. As to expense, Defendants' costs would be the same regardless of whether Dr. McCrary was disclosed in March or in July 2018. And in any event, it was Defendants who chose to respond to Plaintiffs' expert report and Fed. R. Evid. 1006 declaration with no less than four reports from three experts, as well as two motions. Defendants have pursued anything but a low-cost litigation strategy, and they should not be allowed to have their purported concerns over expenses hamstring Plaintiffs' ability to fully and fairly respond.

Finally, the fourth factor in the *Hamburger* test—"the availability of a continuance to cure [any] prejudice"—is inapplicable here. *Hamburger*, 361 F.3d at 883. Defendants waited for nearly a month to file this Motion after the McCrary Rebuttal was submitted, and then filed this Motion without conferring with Plaintiffs beforehand or making any efforts to resolve consensually their ostensible timing concerns. This was contrary to the requirements set forth in Local Rule 37(a) and Paragraph 6(F)(4) of the Case Management Order (ECF No. 30), which require parties to meet and confer before filing a discovery motion like this one. Thus, a continuance is unnecessary and, in any event, should not be granted.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion to Exclude Plaintiffs' Expert Witness Justin McCrary.

Dated: August 20, 2018

By: */s/ Joshua Tom*
    Joshua Tom

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
Isaac Rethy (*pro hac vice*)
Kavitha S. Sivashanker (*pro hac vice*)
Nihara K. Choudhri (*pro hac vice*)
Christopher K. Shields (*pro hac vice*)
Brooke Jarrett (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
kavitha.sivashanker@stblaw.com
nchoudhri@stblaw.com
christopher.shields@stblaw.com
bonnie.jarrett@stblaw.com

AMERICAN CIVIL LIBERTIES UNION
OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408
JTom@aclu-ms.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Ezekiel Edwards (*pro hac vice*)
Jeffery Robinson (*pro hac vice* forthcoming)
125 Broad Street
New York, NY 10004
(212) 549-2610
eedwards@aclu.org
jrobinson@aclu.org

*Attorneys for Plaintiffs*

14

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 21, 2018, I caused the foregoing **Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion To Exclude Designation Of Rebuttal Expert Witness Justin McCrary, Ph.D.** to be electronically filed with the Clerk of the Court using the CM/ECF system, through which copies have been served to:

WISE CARTER CHILD & CARAWAY, P.A.
Michael B. Wallace (Miss. Bar No. 6904)
Charles E. Ross (Miss. Bar No. 5683)
James E. Graves (Miss. Bar No. 102252)
Charles E. Cowan (Miss. Bar No. 104478)
T. Russell Nobile (Miss. Bar No. 100682)
Post Office Box 651
Jackson, MS 39205
(601) 968-5534
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com
trn@wisecarter.com

CURRIE JOHNSON & MYERS, P.A.
Rebecca B. Cowan (Miss. Bar No. 7735)
P.O. Box 750
Jackson, MS 39205
(601) 969-1010
bcowan@curriejohnson.com

KATIE BRYANT SNELL, PLLC
Katie Bryant Snell (Miss. Bar No. 103607)
P.O. Box 3007
Madison, Mississippi 39130-3007
(601) 460-9800
Katie@katiebryantsnell.com

PETTIS, BARFIELD & HESTER, P.A.
J. Lawson Hester (Miss. Bar No. 2394)
Jason E. Dare (MSB No. 100973)
4450 Old Canton Road, Suite 210
Jackson, Mississippi 39211
(601) 987-5300
lhester@pbhfirm.com
jdare@pbhfirm.com

By: */s/ Joshua Tom*
     Joshua Tom