**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**LATOYA BROWN; et al**                                                                           **PLAINTIFFS**

**v.**                                                                           **Civ. No. 3:17cv347-WHB-LRA**

**MADISON COUNTY, MISSISSIPPI; et al**                                                                           **DEFENDANTS**


**DEFENDANTS' REBUTTAL MEMORANDUM IN FURTHER SUPPORT
OF THEIR MOTION TO EXCLUDE PLAINTIFFS' UNTIMELY DESIGNATION OF
NEW EXPERT WITNESS JUSTIN MCCRARY PH.D. [DKT. #302-4; DKT. #304-2]**

The ultimate question for this Court is whether this is one of those "rare" occasions where it is proper for a plaintiff to designate an entirely new expert on rebuttal. *See Estate of Vaughn v. KIA Motors Am., Inc.*, Civil Action No. 3:05-CV-38BS, 2006 WL 1806454, at *1, *2 (S.D. Miss. June 29, 2006). Because Plaintiffs' designation of Justin McCrary, Ph.D. provides additional testimony on a subject matter placed at issue in the initial report of Plaintiff's expert Bryan Ricchetti, Ph.D., this is not one of those "rare" occasions. Plaintiffs' designation of Dr. McCrary, a new "rebuttal" expert, contravenes the fair and orderly exchange of expert witness information mandated by Fed. R. Civ. P. 26 and this Court's common practice. Therefore, this Court should exclude his reports Plaintiffs have submitted consistent with Fed. R. Civ. P. 37.

I.     **Defendants did not stipulate to allowing Plaintiffs to designate entirely new experts on July 2, 2018, and the context of the stipulated scheduling order [Dkt. #202] does not support Plaintiffs' reading of it.**

Plaintiffs read this Court's February 27, 2018, stipulated scheduling order [Dkt. #202] as allowing Plaintiffs to submit reports from new "rebuttal" experts rather than rebuttal expert reports from their initial experts, and they contend that Defendants should have anticipated it was possible that Plaintiffs might designate new "rebuttal" experts. The scheduling order at issue was one

stipulated to by the parties.  Although entered by this Court, it was not the subject of this Court's crafting.

The language at issue set a July 2, 2018, deadline for Plaintiffs to file a reply brief in support of their motion for class certification and for submission of "(ii) *any rebuttal expert reports* and/or declarations on behalf of Plaintiffs, and related disclosures, . . ."  [Dkt. #202] (emphasis added). The order does not specifically address whether it allows Plaintiffs to submit rebuttal reports from new "rebuttal" expert witnesses not previously disclosed.[1]  Several items provide context on why the order should not be construed as Plaintiff now assert.  First, the stipulated scheduling order does not contemplate any discovery period for new "rebuttal" experts designated on July 2, 2018. Defendants would not have stipulated that Plaintiff could designate entirely new experts without defining a period of time within which to conduct discovery of those new experts or their opinions. There are well-defined expert discovery periods for the two disclosure events (beginning March 14, 2018, for Plaintiffs' experts and May 8, 2018, for Defendants' experts respectively).  No such period existed for any new "rebuttal" experts.

Furthermore, the stipulated order did not contemplate Defendants' designating any new "rebuttal" experts themselves.  Once Plaintiffs designated new experts on rebuttal, Defendants were left without a subsequent expert discovery period and without the corresponding ability to

---

[1] Plaintiffs' counsel composed the language in the stipulated scheduling order and requested that Defendants agree to it.  *See* January 26, 2018 Email from Isaac Rethy, Exhibit "A" to this Rebuttal ("The deadline for submission of . . . (ii) any rebuttal expert reports and/or declarations on behalf of Plaintiffs . . . will be July 2, 2018.").  The parties agreed to the subject language without discussing whether it meant that Plaintiffs would be allowed to submit rebuttal expert reports from any expert witnesses not previously designated.

designate new experts themselves.[2]  Had Defendants been aware of Plaintiffs' interpretation of this language in the stipulated scheduling order, Defendants would not have agreed to it.[3]

## II.    Dr. McCrary's expert opinion was a not a proper rebuttal report under Fed. R. Civ. P. 26.

Plaintiffs note that Fed. R. Civ. P. 26(a)(2) does not "impose a requirement that a rebuttal expert also have been an initially disclosed expert." [Dkt. #331, at 6 (citing *Century Indem. Co. v. Marine Group, LLC*, 2015 WL 5521986, at *2 (D. Ore. Sept 16, 2015))].  They cite two opinions from Magistrate Judges in the Southern District where the courts allowed plaintiffs to submit rebuttal expert reports from entirely new experts.  *See Hostetler v. Dillard*, 2014 WL 11514964, at *1, *2 (S.D. Miss. Aug. 29, 2014) and *Midwest Feeders, Inc. v. Bank of Franklin*, No. 5:14-cv-78-DCB-MTP, 2016 WL 4074432, at *1, *3 (S.D. Miss. July 29, 2016).  Defendants have never contended that the designation of new expert witness on rebuttal is strictly prohibited.  Rather, Defendants contend that the designation of a new expert witness on rebuttal is an exception to the rule and warranted only in rare circumstances.  Both *Hostetler* and *Midwest Feeders.* present two such rare scenarios, but both of these cases are distinguishable from the scenario currently present before this Court, and thus are not applicable here.

---

[2] Plaintiffs filed a motion to exclude the report and testimony of William Funderburk, Defendants' geography expert.  [Dkt. #308].  The stipulated scheduling order did not contemplate Defendants filing any new export report in response to Plaintiffs' motion.  [Dkt. #202].  It can hardly be contended that Defendants would have agreed to allow Plaintiffs to then be allowed an unanswerable opinion from a previously unidentified expert.

[3] Plaintiffs chide Defendants for engaging in "motion practice on baseless technical and procedural issues in an effort to avoid engaging on the substantive merits of this action." [Dkt. #331], at p. 1.  Contrary to Plaintiffs' assertion, Defendants have not avoided the merits of this action.  Rather, Defendants have defended the merits of this action vigorously by filing a response to Plaintiff's motion for class certification, a motion to deny class certification, and motions for summary judgment on each of the remaining Plaintiffs' class claims.  In fact, Defendants explained in great detail the reasons this Court should not defer ruling on the merits of Plaintiffs' claims at this juncture in their consolidated rebuttal brief filed in support of their motions for summary judgment on the class claims of Plaintiffs.  [Dkt. #290], at pp. 28-39.

3

In *Hostetler*, a land dispute case, the plaintiffs designated an initial expert, an Accredited Rural Appraiser, consistent with the Court's text-only case management order.   2014 WL 11514964, at *1.   That text-only order set a deadline for plaintiffs' experts and set defendants' expert deadline for thirty (30) days later.   *Id*.   The Court's order was silent as to rebuttal experts or rebuttal expert reports.   *Id*.   Thirty days after plaintiffs' expert designation, the defendants designated their expert, a certified professional account (CPA), who opined on substantive issues not addressed in Plaintiff's designation.[4]   *Id*.

Thirty days after the designation of the defendants' CPA expert, the plaintiffs submitted a designation of their own CPA expert, describing him as a rebuttal expert, to address the issues first raised by Defendant's expert.   2014 WL 11514964, at *1.   The Court, while not discussing the nature of rebuttal testimony, held that the plaintiffs' designation of their own CPA expert "is in the nature of a rebuttal expert."   *Id*.   Implicitly, the Court agreed the rebuttal expert responded to an issue raised for the first time by defendants' expert (*i.e.*, the tax treatment of income derived from the disputed land for a particular year).   The Court's allowance of testimony on an issue not addressed in the plaintiffs' original expert report was entirely consistent with federal courts' definition of "rebuttal" material.   *See Morgan v. Commercial Union Assur. Cos.,* 606 F.2d 554, 555 (5th Cir. 1979) (defining rebuttal as "a term of art, denoting evidence introduced by a Plaintiff to meet new facts brought out in his opponent's case in chief"); *McVey v. Phillips Petroleum Co.,*

---

[4] The plaintiffs' original expert had opined that a land agreement between the parties was consistent with a lease and not a custom farming contract.   [*Hostetler*, Dkt. #88-1 at 15].   Plaintiffs' initial expert was *not* a certified professional accountant and his opinion did *not* provide any opinion on the tax treatment of income derived from the disputed land.   *Id*. at 13-15.   The defendants' expert, on the other hand, was a CPA and provided an opinion on the tax treatment of income for a crop year for the disputed land and contended that the income for that year represented a "taxpayer share of crop production," which the expert contended was entirely consistent with a custom farming arrangement.   [*Hostetler*, Dkt. #88-2, at 1-2].   The tax treatment of profits derived from the disputed land was not an issue found anywhere in the plaintiffs' initial expert's report.   *Id*. at 1.   The plaintiffs' expert was not a CPA, not qualified to render an opinion on tax issues, and had expressed no opinion on the tax treatment of income from the disputed land.

288 F.2d 53, 56 (5th Cir. 1961) (affirming trial court's finding that expert testimony necessary to case in chief was not rebuttal); *United States v. Lamoreraux*, 422 F.3d 750, 755 (8th Cir. 2005) ("The principal objective of rebuttal is to permit a litigant to counter new, unforeseen facts brought out in the other side's case.").

Similarly, *Midwest Feeders* involved a plaintiff designating a rebuttal expert to opine on issues raised for the first time in the defendants' experts' reports. 2016 WL 4074432, at *2. There the district court noted that rebuttal expert testimony is only allowed "'when the defendant's expert raises new issues in his report that were not raised in the plaintiff's expert report and the plaintiff must call a new expert to rebut that information.'" *Id.* (quoting *Estate of Vaughn v. Kia Motors America, Inc.*, 2006 WL 1806454 (S.D. Miss. June 29, 2006)). The plaintiff had designated an expert in the banking industry who opined that the defendant bank was negligent by not viewing certain fraudulent checks deposited with it as both suspicious and lacking business purpose. *Id.* In the defendant's expert designations, their three banking industry experts relied upon new evidence to formulate their opinions.[5] The plaintiff, in turn, designated a rebuttal expert on the livestock industry to demonstrate that, even with this new information, basic due diligence would have revealed quickly that the purported legitimate business purposes for the checks had no basis whatsoever. *Id.* The Court held that the rebuttal expert's testimony would be allowed because both of the defendant's experts had offered testimony addressing an issue not previously addressed

---

[5] The new evidence in *Midwest Feeders* was a previously undisclosed affidavit from the defendant bank's executive vice president who testified about a conversation he and the writer of the fraudulent checks had in which the fraudster explained the business purpose of the checks. 2014 WL 11514964, at *2. The defendant's experts, considering this new information, opined that the defendant bank did not breach the applicable standard of care in the banking industry. *Id.* Another of the defendant's experts had also opined that the plaintiff was contributorily negligent for the loss because it failed to inspect its cattle inventory adequately "or verify accounts receivable from cattle purchases," which would have detected the fraudulent activity. *Id.*

by the plaintiff's initial expert witness. *Id.* at *3 ("[T]he topic being discussed by experts drifted from banking standards to standards within the livestock industry.").

Unlike the experts at issue in *Hostetler* and *Midwest Feeders*, Dr. McCrary is *not* providing an opinion on a topic addressed for the first time in Defendants' expert Dr. Dwight Steward's report. As discussed in the brief filed in support of Defendants' motion to exclude Dr. McCrary's testimony, Dr. McCrary opines in detail on the soundness of Dr. Ricchetti's methodology, including how his methodology is used to prove racial discrimination or profiling for drivers of motor vehicles and supported by the relevant academic and research literature. [Dkt. #231-1 at 9-10, ¶¶16-19 (footnotes omitted)]. But, Plaintiffs do not dispute that Dr. Ricchetti himself opined at length on whether the methodology he employed is accepted in a multitude of different contexts for proving racial discrimination, including whether it is a sound methodology in providing racial discrimination for drivers of motor vehicles. Plaintiffs spend only a paragraph discussing the scope of Dr. Ricchetti's initial expert report and Dr. McCrary's expert opinion on the same subject matter. They contend that the soundness of Dr. Ricchetti's methodology is a "new issue" raised by Dr. Steward. [Dkt. 331 at 4] (contending that Dr. Steward has raised the issue of "whether analyzing crime and policing data across geographic areas is a reliable and widely accepted methodology for conducting statistical analysis related to racial discrimination and crime."). Plaintiffs ignore the fact that Dr. McCrary is providing an opinion on the exact same subject matter that Dr. Ricchetti did (*i.e.*, whether Dr. Ricchetti's analysis is accepted in the relevant academic and research fields). Plaintiff's hyper-specific characterization of Dr. Steward's testimony is not sufficient to avoid the reality that Dr. Steward is offering opinion on the same subject matter as Dr. Ricchetti.[6]

---

[6] Plaintiffs' position also begs the question: Why does Dr. Ricchetti, a Ph.D. Economist, need another Ph.D. Economist to defend his (Dr. Ricchetti's) methodology?

Although Plaintiffs hope to have the "last word" on this topic by presenting opinions from another expert on the question of whether the pertinent academic and research literature supports Dr. Ricchetti's initial opinion, that practice is not consistent with the fair and orderly exchange of expert witness information under Fed. R. Civ. P. 26.  The fact that Dr. Steward countered Dr. Ricchetti's initial expert opinion that his multivariable regression analysis *was* an accepted methodology in identifying racial profiling does not entitle Plaintiffs to provide another expert's opinion to further bolster Dr. Ricchetti's initial claim that his methodology was sound.

### III.    The *Hamburger* factors weigh in favor of exclusion of Dr. McCrary's "rebuttal" expert report.

Plaintiffs acknowledge that this Court must determine whether the four factors espoused in *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004), warrant exclusion of Dr. McCrary's expert testimony.  [Dkt. #331 10].  The four factors are: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."  *Id.*

On the first factor, Plaintiffs assert that they should not be faulted for failing to anticipate Dr. Steward's arguments in response to Dr. Ricchetti's report.  Plaintiffs ignore that an expert like Dr. Ricchetti is responsible himself for supporting and defending his methodology.  For experts who must give a report, Rule 26(a)(2) requires the expert prepare and sign a report containing, among other things "a complete statement of all opinions the witness will express and *the basis and reasons for them . . . .*" (emphasis added).  The term "complete" necessarily should require all bases for that opinion, including any academic and research literature supporting it.  *See Harvey v. Caesars Entm't Operating Co., Inc.*, No. 2:11CV194-NBB-SAA, 2014 WL 12653852, at *1 (N.D. Miss. Aug. 15, 2014) (affirming magistrate's order striking purportedly supplemental expert

designation and report which contained new bases for opinions). Plaintiffs also ignore the fact that

they could have, and should have, designated Dr. McCrary, Dr. Ricchetti's colleague, at the outset

of their expert designations if they intended to rely on any pertinent academic and research articles

say on the subject of analyzing policing and policing outcomes across race. [Dkt. #231-1, at 10-

11, ¶¶18-19].

Plaintiffs likewise claim that the second factor, the importance of the testimony, weighs

against exclusion of Dr. McCrary's testimony. As noted in Defendants' initial brief filed in support

of its motion, a side-by-side analysis of Dr. Ricchetti's and Dr. McCrary's rebuttal reports prove

that the experts' "rebuttal" testimony is largely duplicative of each other's and is not vital to

Plaintiffs' motion for class certification.[7] *Compare* [Dkt. #304-1 at 16-19, ¶¶ 28-39 (Dr. Ricchetti

discussing how his methodology is supported in the field and by pertinent academic literature)]

*with* [Dkt. #302-4 at 7-12, ¶¶16-28 (Dr. McCrary discussing Dr. Ricchetti's model and its alleged

consistency with the academic literature)]. *Compare* [Dkt. #304-1 at 26-29, ¶¶51-60 (Dr. Ricchetti

discussing the effect of measurement error on his analysis)] *with* [Dkt. #302-4 at 15-18, ¶¶33-41

(Dr. McCrary discussing effect of measurement error on Dr. Ricchetti's analysis)].

Plaintiffs also contend that Defendants have suffered no prejudice by admission of Dr.

McCrary's "rebuttal" opinion because Defendants never attempted to depose Dr. McCrary during

---

[7] Plaintiffs contend that, even if Dr. McCrary's report is similar "in subject matter to the initial Ricchetti report," it is nonetheless proper rebuttal expert testimony. [Dkt. #331 at 15 (citing *Green v. Kubota Tractor Corp.*, 2012 WL 1416465, at *1, *5 (N.D. Ill. Apr. 24, 2012); *City of Gary v. Shafer*, 2009 WL 1370997, at *1, *5 (N.D. Ind. May 13, 2009)]. Not only are both of the cases relied upon by Plaintiffs not binding on this Court, but they directly contravene the proper scope of expert rebuttal testimony previously established by this Court and followed by Courts in the Southern District of Mississippi. *See Estate of Vaughn*, 2006 WL 4074432, at *2 ("Only when the defendant's expert raises new issues in his report that were not raised in the plaintiff's expert's report and the plaintiff must call a new expert to rebut that information is there a need for a rebuttal expert designation."). *See also Midwest Feeders,*, 2016 WL 40744432, at *2 (citing *Estate of Vaughn*).

the intervening 28-day period between his designation and Defendants' filing of their motion to exclude his testimony. [Dkt. #331 at 16]. Plaintiffs' contend Defendants "sat on their hands" by not seeking to depose him and that they cannot now claim prejudice by his designation even if late. *Id*. But, Plaintiffs do not explain why Defendants should have realized they had the ability to conduct discovery outside the scope of the narrowly defined expert periods defined in the Court's stipulated scheduling order, or why they should be burdened with the cost. [Dkt. #202].

It would be patently unfair for Defendants to incur the additional time and expense of deposing Plaintiffs' new "rebuttal" experts in an effort to cure the fact that those experts do not offer proper rebuttal testimony.[8]   *See Roberson v. United States*, 2014 WL 7149744, at *1, *2 (S.D. Miss. Dec. 15, 2014) (holding that it was "evidence the third [*Hamburger*] factor supporte[d] [the non-disclosing party] since it would be prejudiced by having to depose the ["rebuttal" expert witness] to identify his testimony, [and] (possibly) designate its own new expert to refute his testimony . . .."); *Ill. Cent. R.R. Co. v. Cryogenic Transp., Inc.*, 2011 WL 13195895, at *1, *2 (S.D. Miss. Aug. 24, 2011) (finding "that prejudice will result in that unnecessary expenses will be incurred by [the non-disclosing party] due to the late designation").

Finally, Plaintiffs agree that a continuance would be inappropriate in this matter and they criticize Defendants' filing of a motion to exclude Dr. McCrary's "rebuttal" expert opinions as violative of Local Rule 37(a) and Paragraph 6(F)(4) of the Case Management Order [Dkt. #30], which require the parties to meet and confer before filing discovery motions. [Dkt. #331 at 14]. Defendants' motions to exclude Plaintiffs' "rebuttal" expert reports are not discovery motions. They raise evidentiary questions related to what evidence should be considered by this Court in its evaluation of the merits of Plaintiffs' motion for class certification. Plaintiffs have caused Dr.

---

[8] Accepting Plaintiffs' rationale in fact would necessitate Defendants depose two additional experts where they may be found and compensate those experts for their time.

McCrary's report to be a substantive question in their class certification motion by submitting it in support of their reply brief on class certification.  [Dkt. #304-2].  Defendants' motion to exclude Dr. McCrary's opinion clearly impacts whether Plaintiffs have provided significant proof that Sheriff Tucker maintains a policy of intentional racial discrimination against Blacks in Madison County.[9]

## CONCLUSION

For the reasons discussed in Defendants' initial brief and this reply brief, Defendants respectfully request an order from this Court excluding Dr. McCrary's report and testimony.

Respectfully submitted this 4th day of September, 2018.

MADISON COUNTY, MISSISSIPPI and
SHERIFF RANDALL C. TUCKER, IN
HIS OFFICIAL CAPACITY

BY:   /s/ Charles E. Cowan
      T. Russell Nobile (MSB #100682)
      WISE CARTER CHILD & CARAWAY, P.A.
      2510 14th Street, Suite 1125
      Gulfport, Mississippi 39501
      Telephone: 228-867-7141
      Facsimile: 228-867-7142
      trn@wisecarter.com

      and

      Michael B. Wallace (MSB #6904)
      Charles E. Ross (MSB #5683)
      James E. Graves (MSB #102252)

---

[9] Even if Defendants' motion to exclude Dr. McCrary's report was a discovery motion, it is obvious that any compliance by Defendants with the local rules would not have resolved the issues addressed in their motion to exclude his report.  That is the case, unless, of course, Plaintiffs take the position that they would have withdrawn Dr. McCrary's report if they had been requested to do so.  Accordingly, this Court should waive any such good faith conference between the parties.  *Reynolds v. Werner Enterprises, Inc.*, 2016 WL 4821651 at *1, *2 (S.D. Miss. Sep. 13, 2016) (holding that courts will waive meet-and-confer requirements when it is obvious the controversy could not have been resolved without judicial intervention).

Charles E. Cowan (MSB #104478)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi  39205-0651
Telephone: 601-968-5534
Facsimile: 601- 944-7738
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com

OF COUNSEL:

Rebecca B. Cowan (MSB #7735)
CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Dr.
Jackson, Mississippi  39232
P.O. Box 750
Jackson, Mississippi  39205-0750
Telephone: 601-969-1010
Facsimile:  601-969-5120
bcowan@curriejohnson.com

Katie Bryant Snell (MSB# 103607)
KATIE BRYANT SNELL, PLLC
P.O. Box 3007
Madison, Mississippi  39130-3007
Telephone: 601-460-9800
katie@katiebryantsnell.com

J. Lawson Hester
Jason Edward Dare
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210
Jackson, Mississippi  39211
Telephone: 601-987-5300
lhester@pbhfirm.com
jdare@pbhfirm.com

**<u>CERTIFICATE OF SERVICE</u>**

I, T. Russell Nobile, hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following:

Joshua Tom, Esq.
Paloma Wu, Esq.
American Civil Liberties Union of Mississippi Foundation
233 E. Capitol Street
Jackson, MS 39201
JTom@aclu-ms.org
PWu@aclu-ms.org

Jonathan K. Youngwood, Esq. (*pro hac vice*)
Janet A. Gochman, Esq. (*pro hac vice*)
Isaac Rethy, Esq. (*pro hac vice*)
Nihara K. Choudhri, Esq. (*pro hac vice*)
Kavitha Satya Sivashanker, Esq. (*pro hac vice*)
Brooke Jarrett, Esq. (*pro hac vice*)
Christopher K. Shields, Esq. (*pro hac vice*)
Simpson Thatcher & Bartlett, LLP
425 Lexington Avenue
New York, NY 10017
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
nchoudhri@stblaw.com
kavitha.sivashanker@stblaw.com
bonnie.jarrett@stblaw.com
christopher.shields@stblaw.com

Ezekiel Edwards, Esq. (*pro hac vice*)
Jeffery Robinson, Esq. (*pro hac vice*)
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
eedwards@aclu.org
jrobinson@aclu.org

So, certified this the 4th day of September, 2018.

/s/ Charles E. Cowan
CHARLES E. COWAN

| | |
|---|---|
| **Subject:** | Brown, et al. v. Madison County, MS, et al., No. 3:17-cv-347 WHB LRA |
| **Date:** | Friday, January 26, 2018 at 11:07:11 AM Central Standard Time |
| **From:** | Rethy, Isaac |
| **To:** | Mike Wallace, James Graves, Russell Nobile, Charlie Ross, Charles Cowan, Katie Snell, Lawson Hester, Becky Cowan |
| **CC:** | Joshua Tom, Youngwood, Jonathan, Gochman, Janet A., Sivashanker, Kavitha, Choudhri, Nihara K, Jarrett, Bonnie, eedwards@aclu.org, jrobinson@aclu.org |

**Attachments:** 24717789_1.docx

Counsel,

We propose filing a joint motion to implement the parties' agreement regarding the class certification briefing schedule and related expert submissions.  A draft is attached.  Please let us know if you agree with this approach and if you have any comments on the draft.

Best,
Isaac

--------------------------------------------

Isaac Rethy
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017

T: +1-212-455-3869
irethy@stblaw.com



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LATOYA BROWN; LAWRENCE
BLACKMON; HERBERT ANTHONY
GREEN; KHADAFY MANNING;
QUINNETTA MANNING; MARVIN
MCFIELD; NICHOLAS SINGLETON;
STEVEN SMITH; BESSIE THOMAS; and
BETTY JEAN WILLIAMS TUCKER,
individually and on behalf of a class of all
others similarly situated,

       Plaintiffs,

       v.

MADISON COUNTY, MISSISSIPPI;
SHERIFF RANDALL S. TUCKER, in his
official capacity; and MADISON COUNTY
SHERIFF'S DEPUTIES JOHN DOES #1
through #6, in their individual capacities,

       Defendants.

Civil Action No.
3:17-cv-00347-WHB-LRA

**JOINT MOTION FOR
ENTRY OF STIPULATED
SCHEDULING ORDER**

       Plaintiffs and Defendants (collectively, the "Parties") respectfully submit this Joint

Motion for entry of a stipulated scheduling order regarding the briefing schedule for class

certification and for expert disclosures and discovery related to class certification.  In support of

this Joint Motion, the Parties would show as follows:

       1.       On January 18, 2018, the Court entered an Order [Dkt. #169] which established

February 16, 2018 as the deadline for completing class certification-related fact discovery and

March 14, 2018 as the deadline for Plaintiffs to file their class certification motion.

       2.       Prior to entry of the Order, the Parties advised the Court of their agreement that

expert submissions in support of class certification, and related Rule 26 disclosures, would be

filed concurrently with the submission of Plaintiffs' class certification motion, and that the

Parties would then each have 30 days to file their respective opposition and reply briefs and any

related expert submissions and disclosures, as well as to depose the other side's expert.  *See* Dkt.

#143 at 3 n.1; Dkt. #157 at 1-2.

      3.     The Parties now jointly submit that good cause exists for entry of the Stipulated

Scheduling Order, reflecting the foregoing agreement of the Parties, in the form attached hereto

as **Exhibit A,** and therefore respectfully request that the Court approve and adopt this Stipulated

Scheduling Order as an Order of the Court.


Dated: January __, 2018

By: */s/ Draft* _____
    Joshua Tom

AMERICAN CIVIL LIBERTIES UNION
OF MISSISSIPPI FOUNDATION
Joshua Tom (MSB #105392)
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408
JTom@aclu-ms.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Ezekiel Edwards (*pro hac vice*)
Jeffery Robinson (*pro hac vice* forthcoming)
125 Broad Street
New York, NY 10004
(212) 549-2610
eedwards@aclu.org
jrobinson@aclu.org

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
Isaac Rethy (*pro hac vice*)
Kavitha S. Sivashanker (*pro hac vice*)
Nihara K. Choudhri (*pro hac vice*)

By: */s/ Draft* _____
    Michael B. Wallace

WISE CARTER CHILD & CARAWAY, P.A.
Michael B. Wallace (MSB #6904)
Charles E. Ross (MSB #5683)
James E. Graves (MSB #102252)
Charles E. Cowan (MSB #104478)
Post Office Box 651
Jackson, Mississippi 39205-0651
Telephone: 601-968-5534
Facsimile: 601- 944-7738
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com

and

WISE CARTER CHILD & CARAWAY, P.A.
T. Russell Nobile (MSB #100682)
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: 228-867-7141
Facsimile: 228-867-7142
trn@wisecarter.com

Christopher Shields (*pro hac vice*)
Brooke Jarrett (*pro hac vice*)
Jumin Lee (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
kavitha.sivashanker@stblaw.com
nchoudhri@stblaw.com
christopher.shields@stblaw.com
bonnie.jarrett@stblaw.com
christopherjumin.lee@stblaw.com


*Attorneys for Plaintiffs*

OF COUNSEL:

CURRIE JOHNSON & MYERS, P.A.
Rebecca B. Cowan (MSB #7735)
1044 River Oaks Dr.
Jackson, MS 39232
P.O. Box 750
Jackson, Mississippi 39205-0750
Telephone: 601-969-1010
Facsimile: 601-969-5120
bcowan@curriejohnson.com

KATIE BRYANT SNELL, PLLC
Katie Bryant Snell (MSB #103607)
P.O. Box 3007
Madison, Mississippi 39130-3007
Telephone: 601-460-9800
katie@katiebryantsnell.com

PETTIS, BARFIELD & HESTER, P.A.
J. Lawson Hester (MSB #2394)
4450 Old Canton Road, Suite 210
Jackson, Mississippi 39211
Telephone: (601) 987-5300
Facsimile: (601) 987-5353
lhester@pbhfirm.com


*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January __, 2018, I caused the foregoing **JOINT MOTION FOR ENTRY OF STIPULATED SCHEDULING ORDER** to be electronically filed with the Clerk of the Court using the CM/ECF system, which has generated and delivered electronic notice of filing to all counsel of record who have consented to electronic service.:


*/s/ Draft* _____

# **EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| LATOYA BROWN; LAWRENCE BLACKMON; HERBERT ANTHONY GREEN; KHADAFY MANNING; QUINNETTA MANNING; MARVIN MCFIELD; NICHOLAS SINGLETON; STEVEN SMITH; BESSIE THOMAS; and BETTY JEAN WILLIAMS TUCKER, individually and on behalf of a class of all others similarly situated,<br><br>        Plaintiffs,<br><br>              v.<br><br>MADISON COUNTY, MISSISSIPPI; SHERIFF RANDALL S. TUCKER, in his official capacity; and MADISON COUNTY SHERIFF'S DEPUTIES JOHN DOES #1 through #6, in their individual capacities,<br><br>        Defendants. | Civil Action No.<br>3:17-cv-00347-WHB-LRA |

## <u>STIPULATED SCHEDULING ORDER</u>

Plaintiffs and Defendants hereby stipulate and agree that, subject to the approval of the Court, the following schedule shall apply in this case:

1.     The deadline for submission of any expert reports and/or declarations in support of Plaintiffs' motion for class certification, and related disclosures, is **March 14, 2018**.

2.     Discovery of any expert who submits a report and/or declaration in support of Plaintiffs shall commence on **March 14, 2018** and conclude on **April 13, 2018**.

3.     The deadline for submission of (i) Defendants' brief in opposition to Plaintiffs'

motion for class certification and (ii) any expert reports and/or declarations in opposition to

Plaintiffs' motion for class certification, and related disclosures, is **April 13, 2018**.

4.     Discovery of any expert who submits a report and/or declaration in support of

Defendants shall commence on **April 13, 2018** and conclude on **May 14, 2018**.

5.     The deadline for submission of (i) Plaintiffs' reply brief in further support of

Plaintiffs' motion for class certification and (ii) any rebuttal expert reports and/or declarations on

behalf of Plaintiffs, and related disclosures, is **May 14, 2018**.


Dated: January ___, 2018


By: */s/ Draft*_____          By: */s/ Draft*_____
      Joshua Tom                                  Michael B. Wallace

AMERICAN CIVIL LIBERTIES UNION          WISE CARTER CHILD & CARAWAY, P.A.
OF MISSISSIPPI FOUNDATION               Michael B. Wallace (MSB #6904)
Joshua Tom (MSB #105392)                Charles E. Ross (MSB #5683)
233 East Capitol Street                 James E. Graves (MSB #102252)
Jackson, MS 39201                       Charles E. Cowan (MSB #104478)
(601) 354-3408                          Post Office Box 651
JTom@aclu-ms.org                        Jackson, Mississippi 39205-0651
                                        Telephone: 601-968-5534
AMERICAN CIVIL LIBERTIES UNION          Facsimile: 601- 944-7738
FOUNDATION                              mbw@wisecarter.com
Ezekiel Edwards (*pro hac vice*)        cer@wisecarter.com
Jeffery Robinson (*pro hac vice* forthcoming)  jeg@wisecarter.com
125 Broad Street                        cec@wisecarter.com
New York, NY 10004
(212) 549-2610                          and
eedwards@aclu.org
jrobinson@aclu.org                      WISE CARTER CHILD & CARAWAY, P.A.
                                        T. Russell Nobile (MSB #100682)
SIMPSON THACHER & BARTLETT LLP          2510 14th Street, Suite 1125
Jonathan K. Youngwood (*pro hac vice*)  Gulfport, Mississippi 39501
Janet A. Gochman (*pro hac vice*)       Telephone: 228-867-7141
Isaac Rethy (*pro hac vice*)            Facsimile: 228-867-7142
Kavitha S. Sivashanker (*pro hac vice*) trn@wisecarter.com

Nihara K. Choudhri (*pro hac vice*)
Christopher Shields (*pro hac vice*)
Brooke Jarrett (*pro hac vice*)
Jumin Lee (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
kavitha.sivashanker@stblaw.com
nchoudhri@stblaw.com
christopher.shields@stblaw.com
bonnie.jarrett@stblaw.com
christopherjumin.lee@stblaw.com


*Attorneys for Plaintiffs*

OF COUNSEL:

CURRIE JOHNSON & MYERS, P.A.
Rebecca B. Cowan (MSB #7735)
1044 River Oaks Dr.
Jackson, MS 39232
P.O. Box 750
Jackson, Mississippi 39205-0750
Telephone: 601-969-1010
Facsimile: 601-969-5120
bcowan@curriejohnson.com

KATIE BRYANT SNELL, PLLC
Katie Bryant Snell (MSB #103607)
P.O. Box 3007
Madison, Mississippi 39130-3007
Telephone: 601-460-9800
katie@katiebryantsnell.com

PETTIS, BARFIELD & HESTER, P.A.
J. Lawson Hester (MSB #2394)
4450 Old Canton Road, Suite 210
Jackson, Mississippi 39211
Telephone: (601) 987-5300
Facsimile: (601) 987-5353
lhester@pbhfirm.com

*Attorneys for Defendants*

    The foregoing Stipulated Scheduling Order is approved and adopted as an Order of the

Court in the United States District Court for the Southern District of Mississippi, Northern

Division, this _____ day of _____, 2018.


_____
LINDA R. ANDERSON
UNITED STATES MAGISTRATE JUDGE

3