IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LATOYA BROWN; et al**                                                                 **PLAINTIFFS**

**v.**                                                                       **Civ. No. 3:17cv347-WHB-LRA**

**MADISON COUNTY, MISSISSIPPI; et al**                                        **DEFENDANTS**

**DEFENDANTS' REBUTTAL MEMORANDUM IN FURTHER SUPPORT
OF THEIR MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS'
UNTIMELY DESIGNATION OF NEW EXPERT WITNESS PATRICIA FRONTIERA,
PH.D. [DKT. #302-3; DKT. #304-3; DKT. #307-2]**

The ultimate question for this Court is whether this is one of those "rare" occasions where it is proper for a plaintiff to designate new experts on rebuttal. *See Estate of Vaughn v. KIA Motors Am., Inc.*, Civil Action No. 3:05-CV-38BS, 2006 WL 1806454, at *1, *2 (S.D. Miss. June 29, 2006). Plaintiffs untimely designated Dr. Patricia Frontiera, a geographer, to explain the geographic analysis of Dr. Bryan Ricchetti, an economist, although Dr. Ricchetti himself discussed that geographic analysis in his initial and rebuttal reports, albeit inadequately. All of Dr. Ricchetti's findings are based on his claim that he personally conducted a competent geographic analysis of roadblock locations in Madison County *and* reliably assigned each roadblock location to the correct census tract. We know this because he claims so in ¶ 23 of his initial report. [Dkt. #231-1].

After Defendants demonstrated the extraordinary superficiality and inaccuracy of Dr. Ricchetti's geographic analysis, Plaintiffs designated Dr. Frontiera to rehabilitate and explain Dr. Ricchetti's analysis for him. The most obvious conclusion to reach from Dr. Frontiera's untimely designation is that Dr. Ricchetti was not qualified to conduct the geographic analysis he purportedly conducted. Dr. Frontiera's designation is an attempt to shelter Dr. Ricchetti and

bolster the geographic analysis upon which he based all of his findings.  Plaintiffs' untimely designation of Dr. Frontiera contravenes the fair and orderly exchange of expert witness information mandated by Fed. R. Civ. P. 26 and common practice in the federal courts.  This Court should strike her designation pursuant to Fed. R. Civ. P. 37(c).

**I.     Defendants did not stipulate to allow Plaintiffs to designate a new slate of experts on July 2, 2018.**

Defendants have already explained in Part I of their rebuttal memorandum in support of their motion to exclude Justin McCrary [Dkt. # 336] why the stipulated scheduling order of February 27, 2018 [Dkt. # 202], cannot be construed to authorize the reception of improper rebuttal from a newly-disclosed witness.  There is no need to repeat that analysis here.

There is even less reason to admit the report of Dr. Frontiera than that of Dr. McCrary.  Dr. McCrary is an economist whose opinion is offered in support of the opinion of Dr. Ricchetti, another economist.  In deposing Dr. Ricchetti, defendants at least had some opportunity to explore the economic and statistical theories on which Plaintiffs rely.  Dr. Frontiera is a geographer, and Plaintiffs offered no timely expert geographic opinion in support of their motion for class certification, other than the unqualified opinion offered by their economist, Dr. Ricchetti. Defendants would never have agreed, and did not agree, to allow Plaintiffs to introduce, as purported rebuttal evidence, an entirely new field of expertise with no opportunity for response through a deposition and surrebuttal.  The admission of Dr. Frontiera's opinions cannot be justified by the stipulated scheduling order.

**II.    Dr. Frontiera's expert report is not a proper rebuttal report under Fed. R. Civ. P. 26.**

Plaintiffs contend that Fed. R. Civ. P. 26(a)(2) does not "impose a requirement that a rebuttal expert also have been an initially disclosed expert." [Dkt. #33-1 at 6 (citing *Century*

*Indem. Co. v. Marine Group, LLC*, 2015 WL 5521986, at *2 (D. Ore. Sept 16, 2015))]. They cite two opinions where courts allowed plaintiffs to designate new experts after defendants' designation. *Hostetler v. Dillard*, 2014 WL 11514964, at *1, *2 (S.D. Miss. Aug. 29, 2014) and *Midwest Feeders, Inc. v. Bank of Franklin*, No. 5:14-cv-78-DCB-MTP, 2016 WL 4074432, at *1, *3 (S.D. Miss. July 29, 2016). Those cases, which are thoroughly addressed in Part II of the defendants' rebuttal memorandum concerning Dr. McCrary [Dkt. # 336], illustrate the rare situations where a rebuttal expert may be allowed (*i.e.*, when the rebuttal expert is addressing issues raised for the first time by the other party through a reply expert). The facts here show that Dr. Frontiera is not such a rebuttal witness at all, expert or otherwise.

Unlike the experts in *Hostetler* and *Midwest Feeders*, Dr. Frontiera does not opine about new case theories or subject matter not previously addressed in Dr. Ricchetti's initial expert report. Rather, her designation is a transparent attempt to prop up Dr. Ricchetti's superficial and unreliable geographic analysis, which he discussed in his initial report. Specifically, Dr. Ricchetti claimed he "convert[ed] the addresses [of roadblocks] into longitude and latitude coordinates. Only roadblocks for which an accurate set of coordinates can be determined are used in my analysis."[1] [Dkt. #231-1 at ¶ 23]. He added that "[e]ach roadblock [was] assigned to a census tract in Madison County based on its geographic coordinates." *Id.* While Plaintiffs are comfortable contending that someone without any experience or training in geographic analysis converted coarse (*i.e.*, approximate) location information on *thousands* of roadblocks into reliable data, Defendants did not have to go along with this charade, and thus rightly attacked it in the report of William

---

[1] That said, despite the claims in his report, Dr. Ricchetti has testified that he did not conduct the geocoding analysis he explained in his initial report [Dkt. # 272-2, Dr. Ricchetti Tr.: 163:6], and that no members of the team assisting him were geographers. [*Id*. at 196:13]. None of three newly-designated Plaintiffs' experts, including geographer Dr. Patricia Frontiera, claim to have conducted this geographic analysis.

Funderburk. Regardless of the merits of that attack, it was a matter addressed by Dr. Ricchetti in his original expert report. For this reason, "rebuttal" by Dr. Frontiera is not allowed.

In this regard, the Fifth Circuit has made it clear that plaintiffs need to present all necessary evidence in support of their case-in-chief before resting and, where they fail, the evidence will not be allowed as rebuttal. *McVey v. Phillips Petroleum Co.*, 288 F.2d 53, 56 (5th Cir. 1961) (affirming trial court's finding that expert testimony necessary to case in chief was not rebuttal). Here, Plaintiffs and Dr. Ricchetti needed to show that he accurately geocoded roadblock locations and reliably assigned each to a census tract. Now that Defendants have exposed the unreliability of Dr. Ricchetti's geographic analysis, Plaintiffs cannot go back and fix their omission by relying on the untimely designation of Dr. Frontiera.[2] Further, contrary to Plaintiffs' argument, Dr. Frontiera's findings are not merely a response to William Funderburk's criticisms, but rather a more complete explanation than any that Dr. Ricchetti has been able to provide in these proceedings. For example, there are numerous instances in Dr. Frontiera's report where she provides the crucial information about Dr. Ricchetti's geocoding analysis that *should have* been in Dr. Ricchetti's initial report. [Dkt. #302-3 at ¶26 (identifying, for the first time, the geocoding script and service Dr. Ricchetti's team utilized to geocode the roadblock locations with ArcGIS), ¶¶32-42 (explaining the use of match score and position accuracy in geocoding, two topics Dr. Ricchetti presumably is not qualified to discuss)]. In their response, Plaintiffs did not offer a *single* explanation on why these opinions were not included in Dr. Ricchetti's initial report.

---

[2] What Plaintiffs have done here is obvious. They seek to bootstrap Dr. Ricchetti's opinion by untimely designating Dr. Frontiera ostensibly "to respond" to Mr. Funderburk's findings, hoping to salvage Dr. Ricchetti's testimony. Federal courts do not condone efforts to supplement an initial expert's opinion in the face of a *Daubert* challenge, regardless of what they call it.

Plaintiffs cannot validly argue that Defendants' economist's (Dr. Dwight Steward) admission that he is not a geographer supports their untimely designation of Dr. Frontiera. [Dkt. #333 at 13]. They repeat this fallacy, arguing later that "[i]f the Frontiera Rebuttal is a 'supplement' to the Ricchetti report, so too is the Funderburk Report a 'supplement' to [Dr. Steward]." [*Id.* at 17]. The problem with Dr. Frontiera's report is that it is an *untimely* supplement that should have been submitted with Dr. Ricchetti's report as part of Plaintiff's case in chief for certification. Dr. Ricchetti's analysis required expertise in both geographic analysis and statistics. Plaintiffs should have done what Defendants did; Defendants timely and simultaneously designated two separate experts in each separate discipline in support of their case in chief. Dr. Frontiera's report, submitted four months *after* Plaintiffs' expert designation deadline and *after* Plaintiffs knew that Dr. Ricchetti did not have a geographer on his team [Dkt. #270-2 at 196:13], is an untimely effort to provide the geographical expertise that should have been offered as an essential part of Plaintiffs' case in chief, not as rebuttal testimony. Dr. Ricchetti's inadequate effort to explain his geographic analysis in his initial report cannot be salvaged in rebuttal by Dr. Frontiera's untimely effort to explain it for him.

In short, the untimely designation of Dr. Frontiera is an impermissible attempt to cure fundamental deficiencies in Dr. Ricchetti's testimony. *See Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 250 (6th Cir. 2001) ("[F]airness does not require that a plaintiff, whose expert witness testimony has been found inadmissible under *Daubert*, be afforded a second chance to marshal other expert opinions and shore up his case."). *See Kirola v. City and County of San Fran.*, No. C-07-3685 SBA (EMC), 2010 WL 373817, at *1 (N.D. Cal. Jan. 29, 2010) (holding that plaintiffs were not entitled to "re-do" their initial expert report under the basis that it constitutes proper rebuttal); *Companhia Energetica Potiguar v. Catterpillar, Inc.*, 14-CV-24277-M2016 WL

5

3102225, at *1, *6 (S.D. Fla. June 2, 2016) (stating that the supplementation of an expert report is not allowed to remedy a deficient initial expert report in the face of a *Daubert* challenge); *Akeva LLC v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) (holding that supplementation cannot make up for an expert's inadequate or incomplete preparation). *See also Campbell v. United States*, 470 Fed. App'x 153, 157 (4th Cir. 2012) ("To construe supplementation [under Rule 26] to apply whenever a party wants to bolster or submit additional expert opinions would [wreak] havoc in docket control and amount to unlimited expert opinion preparation."). Plaintiffs cannot repel a *Daubert* challenge by offering new and untimely opinions.

### III.     The *Hamburger* factors weigh in favor of exclusion of Dr. Frontiera's "rebuttal" expert report.

The parties agree that if this Court finds that Dr. Frontiera's designation was untimely, this Court must apply the *Hamburger* factors to determine if the failure to timely designate her warrants her exclusion. [Dkt. #331 at 10 citing *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004)). The four factors are: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id*.

Plaintiffs claim the first factor weighs in their favor and that they should not be faulted for failing to anticipate Mr. Funderburk's arguments. What Plaintiffs hope this Court overlooks is that Mr. Funderburk simply critiqued Dr. Ricchetti's claims that he conducted a reliable geographic analysis. The reliability and accuracy of Dr. Ricchetti's geographic analysis are not "new issues," as Plaintiffs claim, and they certainly do not entitle Plaintiffs to flip designation schedules to designate a new expert to rehabilitate Dr. Ricchetti. It was incumbent upon Plaintiffs to substantiate Dr. Ricchetti's geographic analysis as the foundation of his statistical analysis, *i.e.,* through an expert geographer. *See McVey*, 288 F.2d at 56.

Plaintiffs likewise claim that the second factor, the importance of the testimony, weighs against exclusion of Dr. Frontiera's testimony because it is important to defending the reliability of Dr. Ricchetti's geographic analysis, which they claim they are entitled to defend. However, Dr. Ricchetti's own rebuttal opinion claims that the "data errors" did not affect his analysis, and he performs a new analysis in support of his conclusion that those errors did not have such an effect. [Dkt. #302-2 at ¶¶ 51-67]. Thus, Dr. Frontiera's testimony is duplicative on the reliability of Dr. Ricchetti's analysis and is not important to Plaintiff's motion for class certification.

Plaintiffs' contention that Defendants suffer no prejudice by the admission of Dr. Frontiera's "rebuttal" opinion is incorrect as well. Plaintiffs' argument that Defendants "sat on their hands" by not seeking to depose him presumes it is Defendants' duty to bear the burden and cost of reopening discovery, which at that point has been closed for over five months. [Dkt. #202]. Plaintiffs cannot escape their improper, untimely designation of Dr. Frontiera by foisting the burdens of their delays onto Defendants. Furthermore, there is no basis for claiming that Defendants must incur the additional time and expense of deposing Plaintiffs' new "rebuttal" experts in an effort to cure the improper and untimely "rebuttal" expert testimony.[3] *See Roberson v. United States*, 2014 WL 7149744, at *1, *2 (S.D. Miss. Dec. 15, 2014) (holding that it was "evidence the third [*Hamburger*] factor supporte[d] [the non-disclosing party] since it would be prejudiced by having to depose the ["rebuttal" expert witness] to identify his testimony, [and] (possibly) designate its own new expert to refute his testimony . . . ."); *Ill. Cent. R.R. Co. v. Cryogenic Transp., Inc.*, 2011 WL 13195895, at *1, *2 (S.D. Miss. Aug. 24, 2011) (finding "that

---

[3] Under the Plaintiffs' rationale, Defendants would have been required to reinitiate discovery and reopen the disputed briefing schedule in order to travel to Berkeley, California (Dr. Frontiera); New York City, New York (Dr. McCrary); and Pittsburgh, Pennsylvania (Chief McNeilly).

7

prejudice will result in that unnecessary expenses will be incurred by [the non-disclosing party] due to the late designation").

Finally, Plaintiffs agree that a continuance would be inappropriate in this matter, in which discovery long ago ceased, and they criticize Defendants' filing of a motion to exclude each of their three "rebuttal" expert opinions as violative of Local Rule 37(a) and Paragraph 6(F)(4) of the Case Management Order [Dkt. #30], which both require the parties to meet and confer before filing discovery motions. However, Defendants' motions are not procedurally improper. Defendants' motions to exclude Plaintiffs' "rebuttal" expert reports simply raise evidentiary questions about what evidence this Court should consider in its evaluation of the merits of Plaintiffs' class certification motion, much like a trial objection to an expert's undisclosed opinion.[4]

## CONCLUSION

For the reasons discussed in Defendants' initial brief and this reply brief, Defendants respectfully request an order from this Court excluding Dr. Frontiera's report and testimony.

Respectfully submitted this 7th day of September, 2018.

        **MADISON COUNTY, MISSISSIPPI and
        SHERIFF RANDALL C. TUCKER, IN
        HIS OFFICIAL CAPACITY**

        BY:    */s/ Russ Nobile*
                  T. Russell Nobile (MSB #100682)
                  WISE CARTER CHILD & CARAWAY, P.A.
                  2510 14th Street, Suite 1125
                  Gulfport, Mississippi  39501

---

[4] Even if Defendants' motion to exclude Dr. Frontiera's report was a discovery motion, it is obvious that any compliance by Defendants with the local rules would not have resolved the issues addressed in their motion to exclude his report. That is the case, unless, of course, Plaintiffs take the position that they would have withdrawn Dr. Frontiera's report if they had been requested to do so. Accordingly, this Court should waive any such good faith conference between the parties. *Reynolds v. Werner Enterprises, Inc.*, 2016 WL 4821651 at *1, *2 (S.D. Miss. Sep. 13, 2016) (holding that courts will waive meet-and-confer requirements when it is obvious the controversy could not have been resolved without judicial intervention).

Telephone: 228-867-7141
Facsimile: 228-867-7142
trn@wisecarter.com

and

Michael B. Wallace (MSB #6904)
Charles E. Ross (MSB #5683)
James E. Graves (MSB #102252)
Charles E. Cowan (MSB #104478)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi  39205-0651
Telephone: 601-968-5534
Facsimile: 601- 944-7738
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com

OF COUNSEL:

Rebecca B. Cowan (MSB #7735)
CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Dr.
Jackson, Mississippi  39232
P.O. Box 750
Jackson, Mississippi  39205-0750
Telephone: 601-969-1010
Facsimile:  601-969-5120
bcowan@curriejohnson.com

Katie Bryant Snell (MSB# 103607)
KATIE BRYANT SNELL, PLLC
P.O. Box 3007
Madison, Mississippi  39130-3007
Telephone: 601-460-9800
katie@katiebryantsnell.com

J. Lawson Hester
Jason Edward Dare
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210
Jackson, Mississippi  39211
Telephone: 601-987-5300
lhester@pbhfirm.com

9

jdare@pbhfirm.com

**CERTIFICATE OF SERVICE**

I, T. Russell Nobile, hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following:

Joshua Tom, Esq.
Paloma Wu, Esq.
American Civil Liberties Union of Mississippi Foundation
233 E. Capitol Street
Jackson, MS 39201
JTom@aclu-ms.org
PWu@aclu-ms.org

Jonathan K. Youngwood, Esq. (*pro hac vice*)
Janet A. Gochman, Esq. (*pro hac vice*)
Isaac Rethy, Esq. (*pro hac vice*)
Nihara K. Choudhri, Esq. (*pro hac vice*)
Kavitha Satya Sivashanker, Esq. (*pro hac vice*)
Brooke Jarrett, Esq. (*pro hac vice*)
Christopher K. Shields, Esq. (*pro hac vice*)
Simpson Thatcher & Bartlett, LLP
425 Lexington Avenue
New York, NY  10017
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
nchoudhri@stblaw.com
kavitha.sivashanker@stblaw.com
bonnie.jarrett@stblaw.com
christopher.shields@stblaw.com

Ezekiel Edwards, Esq. (*pro hac vice*)
Jeffery Robinson, Esq. (*pro hac vice*)
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
eedwards@aclu.org
jrobinson@aclu.org

So, certified this the 7th day of September, 2018.

*/s/ Russ Nobile*