UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| LATOYA BROWN; LAWRENCE BLACKMON; HERBERT ANTHONY GREEN; KHADAFY MANNING; QUINNETTA MANNING; MARVIN MCFIELD; NICHOLAS SINGLETON; STEVEN SMITH; BESSIE THOMAS; and BETTY JEAN WILLIAMS TUCKER, individually and on behalf of a class of all others similarly situated,<br><br>  Plaintiffs,<br><br> v.<br><br>MADISON COUNTY, MISSISSIPPI; SHERIFF RANDALL S. TUCKER, in his official capacity; and MADISON COUNTY SHERIFF'S DEPUTIES JOHN DOES #1 through #6, in their individual capacities,<br><br>  Defendants. | Civil Action No.<br>3:17-cv-00347-CWR-LRA |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP<br>425 Lexington Avenue<br>New York, NY 10017<br>(212) 455-2000 | AMERICAN CIVIL LIBERTIES UNION OF MISSISSIPPI FOUNDATION<br>233 East Capitol Street<br>Jackson, MS 39201<br>(601) 354-3408<br><br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>125 Broad Street<br>New York, NY 10004<br>(212) 549-2610<br><br>*Attorneys for Plaintiffs* |

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................1

BACKGROUND ...............................................................................................................................2

PROPOSED AMENDMENTS TO THE COMPLAINT ..................................................................3

ARGUMENT .....................................................................................................................................4

I.      Plaintiffs Have Not Previously Moved for Leave to Amend And There Has Been No "Undue Delay" In Filing This Motion ...........................................................................5

II.     Defendants Will Not Be Prejudiced by Granting The Mannings Leave to Amend ............6

III.    The Proposed Amendments Are Not Futile. ......................................................................8

CONCLUSION .................................................................................................................................8

# **TABLE OF AUTHORITIES**

**Cases**

*Carson v. Polley*,
    689 F.2d 562 (5th Cir. 1982) ..................................................................................... 7

*Dueling v. Devon Energy Corp.*,
    623 F. App'x. 127 (5th Cir. 2015) ............................................................................. 5

*Dussouy v. Gulf Coast Inv. Corp.*,
    660 F.2d 594 (5th Cir. 1981) ..................................................................................... 7

*Ellis v. Liberty Life Assur. Co. of Boston*,
    394 F.3d 262 (5th Cir. 2004) ..................................................................................... 5

*Foster v. Daon Corp.*,
    713 F.2d 148 (5th Cir. 1983) ..................................................................................... 7

*Gartrell v. Gaylor*,
    981 F.2d 254 (5th Cir. 1993) ..................................................................................... 6

*Hunter v. Republic Tobacco, Inc.*,
    No. A-09-753 LY, 2009 WL 10699961 (W.D. Tex. Dec.
    16, 2009) .................................................................................................................... 6

*Lowrey v. Texas A&M University Sys.*,
    117 F.3d 242 (5th Cir. 1997) ..................................................................................... 6

*Lyn-Lea Travel Corp. v. American Airlines, Inc.*,
    283 F.3d 282 (5th Cir. 2002) ..................................................................................... 5

*Pillow v. US Bank Nat'l Ass'n. as Trustee for GSMPS Mortgage
    Loan Trust 2006-RP1*,
    No. 3:17-CV-1952-L, 2018 WL 4233711 (N.D. Tex. Sept.
    5, 2018) ...................................................................................................................... 5

*Seth B. ex rel. Donald B. v. Orleans Parish School Bd.*,
    No. 14-1857, 2015 WL 1726407 (E.D. La. Apr. 15, 2015) ...................................... 7

*SGIC Strategic Global Inv. Capital, Inc. v. Burger King Europe
    GmbH*,
    839 F.3d 422 (5th Cir. 2016) ................................................................................. 4, 6

*Smith v. McMillin*,
    No. 3:07cv691-DPJ-JCS, 2009 WL 692108 (S.D. Miss.
    Jan. 30, 2009) ............................................................................................................ 6

*Stripling v. Jordan Prod. Co., LLC*,
    234 F.3d 863 (5th Cir. 2000) ....................................................................................... 5, 8

**Statutes**

42 U.S.C. § 1983 ............................................................................................................................ 6, 8

**Rules**

Fed. R. Civ. P. 15(a) ................................................................................................................. passim

Fed. R. Civ. P. 23(b)(2) ..................................................................................................................... 2

## **PRELIMINARY STATEMENT**

Plaintiffs respectfully submit this memorandum in support of their Motion for Leave to File Second Amended Complaint in this civil rights action brought against defendants Madison County, Mississippi ("Madison County") and Sheriff Randall Tucker, sued herein in his official capacity ("Sheriff Tucker" and with Madison County, the "Municipal Defendants"). This motion pertains to the individual claims asserted by Quinnetta and Khadafy Manning ("the Mannings") based upon an incident that occurred on June 26, 2016, when MCSD deputies stormed into the Manning family's home, without a warrant and without consent. The deputies demanded that the Mannings provide statements incriminating a neighbor's boyfriend. When the Mannings declined to make such statements, the deputies dragged Mr. Manning from the home in his underwear, forced him into a patrol car, beat him, and forced him to write a statement. The proposed Second Amended Complaint, which is attached as Exhibit 1, amends the Mannings' individual claims to (1) identify Defendant "John Doe #1" as MCSD Deputy Slade Moore, and (2) supplement the Mannings' factual allegations and legal claims arising out of the events of June 26, 2016 (the "June 26, 2016 Incident").

The proposed amendments are timely and will not prejudice Defendants. Pursuant to the bifurcated discovery schedule that governs this action, merits discovery has not yet begun, and there is no deadline in place for the amendment of the pleadings. This amendment will have no bearing on class certification discovery, which has already been completed. The Motion is also well within the statute of limitations for the Mannings' individual damages claims. The amended allegations will come as no surprise to Defendants, who are well aware of Deputy Moore's involvement in the June 26, 2016 Incident. Bringing Deputy Moore into this litigation will not impact the class claims that have been the focus of prior proceedings in this action. Accordingly, no "substantial reason" warrants the denial of leave to amend pursuant to Rule

15(a)(2), which provides that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

## BACKGROUND

On August 9, 2017, the Court issued a Case Management Order ("CMO") (ECF No. 30) which, at Defendants' request, bifurcated the schedule in this action into class certification and merits phases. As Defendants requested, the CMO provides that all scheduling deadlines, including the deadlines for amending the pleadings and the completion of merits discovery, "will be determined upon the Court's ruling on the Motion for Class Certification . . . ." CMO at ¶ 6(F)(5).  No further case management order has yet been issued, and there is currently no schedule in place for merits discovery or deadline for amendments to the pleadings.

In keeping with the terms of the CMO, Plaintiffs conducted discovery on issues relevant to class certification during the class certification discovery period. Through documents produced by Defendants, Plaintiffs confirmed that MCSD Deputy Slade Moore was the individual described as "Deputy #1" in the Complaint, and that Deputy Moore played the central role in the violation of the Mannings' constitutional rights. Defendants were at all times aware of Deputy Moore's central involvement in the June 26, 2016 Incident, as evidenced by (i) the MCSD's official Incident Report (Defs.' Mot. for Summ. J. on the Class-Based Claims of Plaintiffs Khadafy Manning and Quinnetta Manning (Apr. 13, 2018, ECF No. 256) (the "Apr. 13, 2018 Mot.") Ex. 1 at Ex. A); and (ii) a memorandum prepared by Deputy Moore and submitted to MCSD Chief Deputy Jeremy Williams describing Deputy Moore's account of the June 26, 2016 Incident (Apr. 13, 2018 Mot. Ex. 1 (ECF 256-1) at Ex. B).  Plaintiffs deposed Deputy Moore on November 29, 2017 on issues relevant to class certification.

On March 14, 2018, Plaintiffs moved for class certification pursuant to Rule 23(b)(2) (ECF Nos. 231, 232).  On January 4, 2019, the Court denied Plaintiffs' motion for class

certification without prejudice and granted Plaintiffs "up to and including February 4, 2019, to file an Amended Complaint in this case setting forth the proposed classes they seek to certify, and correcting the pleading deficiencies identified in this Opinion and Order." (ECF No. 340, at 17 (the "January 4 Order")).[1]  In compliance with the January 4 Order, Plaintiffs filed the First Amended Complaint (ECF No. 342) and the Renewed Motion for Class Certification (ECF No. 343).  In light of the January 4 Order, the Mannings are no longer seeking class treatment of their claims against the Municipal Defendants arising from the June 26, 2016 Incident, and instead are pursuing those claims, as well as their claims against Deputy Moore, on an individual basis.  Because the January 4 Order granted leave to amend to address the issues identified by the Court with respect to Plaintiffs' class definitions, Plaintiffs are separately requesting leave to amend to name Deputy Moore as a defendant in place of the John Doe Defendants through this Motion. Amendment at this stage of the proceedings is appropriate because (i) the merits phase of discovery has not yet begun; (ii) the scope of the Mannings' claims has been clarified by the Court's January 4 Order and Plaintiffs' responsive amendments; and (iii) amendment prior to the three-year anniversary of the June 26, 2016 Incident is necessary in light of potential timeliness defenses that could arise in the event of a later amendment.

## PROPOSED AMENDMENTS TO THE COMPLAINT

The proposed amendments to the First Amended Complaint do not expand the Mannings' claims beyond the scope of those claims as alleged in the original Complaint and the First Amended Complaint. The proposed amendments are as follows:

---

[1] The Court also dismissed without prejudice Defendants' motions for summary judgment.  While one of Defendants' motions (ECF No. 256) relates to the Mannings' *class claims*, Defendants' motion explicitly stated that it "does not seek summary judgment of [the Mannings'] personal injury claims." (*See* ECF No. 256, at 2 n.5.)

First, Plaintiffs seek to substitute Deputy Moore for the John Doe defendant identified as "Deputy #1" in the Complaint. The proposed Second Amended Complaint no longer names any other MCSD deputies as defendants.

Second, the proposed Second Amended Complaint provides additional factual details relevant to the claims against Deputy Moore[2] and clarifies the relief sought. In addition to the Mannings' Fourth and Fourteenth Amendment claims against the Municipal Defendants, the Second Amended Complaint specifies that Mr. Manning asserts 42 U.S.C. § 1983 claims against Deputy Moore for violations of the Fourth Amendment based on Deputy Moore's unlawful arrest of Mr. Manning and Deputy Moore's excessive use of force against Mr. Manning. Ms. Manning asserts 42 U.S.C. § 1983 claims against Deputy Moore for violations of the Fourth Amendment based on Deputy Moore's warrantless entry into Ms. Manning's home and Deputy Moore's unlawful detention of Ms. Manning.

A copy of the Proposed Second Amended Complaint is attached to this motion as Exhibit 1. A redline comparison reflecting Plaintiffs' proposed amendments is attached as Exhibit 2.

## ARGUMENT

Pursuant to Rule 15(a)(2), a party may amend its pleading with the Court's permission. The rule provides that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fifth Circuit has recognized that Rule 15(a) "evinces a bias in favor of granting leave to amend." *SGIC Strategic Global Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 428 (5th Cir. 2016) (internal quotation marks and citation omitted). Consequently, "district courts must entertain a presumption in favor of granting parties leave to amend."

---

[2] *See, e.g.* Ex. 1, Proposed Second Am. Compl. ¶¶ 100(a), 258, 306 (alleging that Ms. Manning never consented to permit MCSD deputies to enter her home on June 26, 2016).

4

*Dueling v. Devon Energy Corp.*, 623 F. App'x. 127, 129 (5th Cir. 2015) (internal quotation marks and citation omitted).  A "district court must have a 'substantial reason' to deny a request for leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002); *see also Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.") (internal quotation marks and citation omitted). When determining whether to grant leave to amend, "a district court may consider such factors as (1) undue delay; (2) bad faith; (3) dilatory motive on the part of the movant; (4) repeated failure to cure deficiencies by any previously allowed amendment; (5) undue prejudice to the opposing party; and (6) futility of amendment." *Ellis v. Liberty Life Assur. Co. of Bos.*, 394 F.3d 262, 268 (5th Cir. 2004). Here, there is no "substantial reason" that warrants the denial of Plaintiffs' motion for leave to file the Second Amended Complaint under Rule 15(a)(2). Plaintiffs' motion should therefore be granted.

**I.      Plaintiffs Have Not Previously Moved for Leave to Amend And There Has Been No "Undue Delay" In Filing This Motion**

This is the first time Plaintiffs have sought leave to amend since the original filing of the Complaint in May 2017. The First Amended Complaint, which is being filed contemporaneously, is being submitted pursuant to the Court's January 4, 2019 order and addresses the wholly distinct issues identified by the Court in that Order. Thus, this is plainly not a situation in which Plaintiffs have repeatedly failed to cure deficiencies pursuant to any previously-allowed amendments. *See, e.g.*, *Pillow v. US Bank Nat'l Ass'n as Tr. for GSMPS Mortg. Loan Trust 2006-RP1*, No. 3:17-CV-1952-L, 2018 WL 4233711, at *2 (N.D. Tex. Sept. 5, 2018) (granting leave to amend where, *inter alia*, the plaintiffs had "not previously amended their pleadings"); *Hunter v. Republic Tobacco, Inc.*, No. A-09-CA-753 LY, 2009 WL 10699961,

5

at *4 (W.D. Tex. Dec. 16, 2009) (recommending that the district court grant the plaintiff's motion to amend because, *inter alia*, the plaintiff had "not previously amended her complaint"), *report and recommendation approved*, 2010 WL 11601102 (W.D. Tex. Feb. 3, 2010).

Plaintiffs' Motion is appropriately timely, particularly given the bifurcated schedule in place pursuant to the CMO. Plaintiffs' Motion is brought within three years of the June 26, 2016 incident and thus well within the statute of limitations for the Mannings' individual damages claims against Deputy Moore.[3] Moreover, Plaintiffs' Motion is presumptively timely, as this case remains in preliminary stages related to class certification and no deadlines have yet been established for the merits phase of the case, including with respect to the amendment of pleadings. *See SGIC Strategic Global Inv. Capital*, 839 F.3d at 428 (finding that a motion to amend "filed well within the . . . scheduling order deadline for the amendment of pleadings" was "on its face . . . timely and evidenced no prejudice to other parties or potential to delay the proceeding; *Walker v. Williamson*, No. 1:14-cv-381-KS-JCG, 2016 WL 3147646, at *5 (S.D. Miss. Mar. 1, 2016) (noting that the filing of a motion to amend within the scheduling order deadline "militates against a finding of undue delay"). The timing of Plaintiffs' Motion is also plainly not the result of any dilatory motive, or bad faith.

## II. Defendants Will Not Be Prejudiced by Granting The Mannings Leave to Amend

"[T]he touchstone of the inquiry under [R]ule 15(a) is whether the proposed amendment would unfairly prejudice the defense by denying the defendants notice of the nature of the complaint." *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997). Here, Plaintiffs'

---

[3] "Because there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983, a federal court borrows the forum state's general personal injury limitations period." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). "[S]ection 1983 claims in Mississippi are governed by Miss. Code Ann. § 15-1-49, the three-year general statute of limitations governing personal injury actions." *Smith v. McMillin*, No. 3:07cv691-DPJ-JCS, 2009 WL 692108, at *1 (S.D. Miss. Jan. 30, 2009).

6

original Complaint provided Defendants with notice of the nature of the allegations against the John Doe defendants. Defendants at all relevant times knew or should have known that the individual described as "Deputy #1" in the Complaint is Deputy Moore. *See* Apr. 13, 2018 Mot. Ex. 1 (ECF 256-1) at Ex. A; Apr. 13, 2018 Mot. Ex. 1 (ECF 256-1) at Ex. B. Under these circumstances, Defendants cannot reasonably contend that they will be in any way prejudiced by substitution of Deputy Moore for the John Doe Defendant identified as "Deputy #1." *See, e.g.*, *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981) (finding no "substantial prejudice" sufficient to warrant denying leave to amend where the pleadings gave the defendant "adequate notice"); *Seth B. ex rel. Donald B. v. Orleans Par. Sch. Bd.*, No. 14-1857, 2015 WL 1726407, at *4 (E.D. La. Apr. 15, 2015) (finding defendants were not prejudiced because "the amendments [did] not vastly broaden the scope of the case and [did] not change the nature of the action").

Moreover, the proposed amendments do not impact Plaintiffs' Renewed Motion for Class Certification, as that motion concerns Plaintiffs' class claims and, as discussed above, does not seek class treatment of the Mannings' claims arising from the June 26, 2016 Incident. Furthermore, the proposed amendments will not unduly delay the resolution of this litigation, as Plaintiffs' Renewed Motion for Class Certification has just been filed and merits discovery has not yet commenced. *See, e.g.*, *Foster v. Daon Corp.*, 713 F.2d 148, 152 (5th Cir. 1983) (reversing denial of leave to amend where, *inter alia*, "the case was still in the pretrial stage" and thus "there was no indication that amendment would cause delay or prejudice to" the defendant); *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (reversing denial of leave to amend to assert a new claim where, *inter alia,* "[n]o pretrial order had been entered in the case, nor had a pretrial conference been held"); *Walker*, 2016 WL 3147646, at *5  (granting leave to amend where the

7

case was "in the early stages of discovery" and finding "that the proposed amendments [did] not so dramatically alter the factual basis of the case that leave to amend should be denied").

### III. The Proposed Amendments Are Not Futile

A motion to amend a complaint may be denied on the basis of futility only if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling*, 234 F.3d at 873. The Second Amended Complaint contains specific and well-pled facts that are more than sufficient to state a claim for relief under 42 U.S.C. § 1983. Indeed, Judge Barbour recognized in the January 4 Order that "the alleged actions taken by the MCSD deputies [with respect to the Mannings] are constitutionally suspect." January 4 Order, at 15. Accordingly, Plaintiffs' proposed amendment is not futile.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Plaintiffs' Motion for Leave to File Second Amended Complaint Pursuant to Rule 15(a)(2).

Dated: February 4, 2019

By:   */s/ Joshua Tom*
Joshua Tom

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
Isaac Rethy (*pro hac vice*)
Kavitha S. Sivashanker (*pro hac vice*)
Nihara K. Choudhri (*pro hac vice*)
Christopher K. Shields (*pro hac vice*)
Brooke Jarrett (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
kavitha.sivashanker@stblaw.com
nchoudhri@stblaw.com
christopher.shields@stblaw.com
bonnie.jarrett@stblaw.com
christopherjumin.lee@stblaw.com

AMERICAN CIVIL LIBERTIES UNION
OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408
JTom@aclu-Ms.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Ezekiel Edwards (*pro hac vice*)
Jeffery Robinson (*pro hac vice* forthcoming)
125 Broad Street
New York, NY 10004
(212) 549-2610
eedwards@aclu.org
jrobinson@aclu.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2019, I caused the foregoing **PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION** to be electronically filed with the Clerk of the Court using the CM/ECF system, through which copies have been served to:

WISE CARTER CHILD & CARAWAY, P.A.
Michael B. Wallace (Miss. Bar No. 6904)
Charles E. Ross (Miss. Bar No. 5683)
James E. Graves (Miss. Bar No. 102252)
Charles E. Cowan (Miss. Bar No. 104478)
T. Russell Nobile (Miss. Bar No. 100682)
Post Office Box 651
Jackson, MS 39205
(601) 968-5534
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com
trn@wisecarter.com

CURRIE JOHNSON & MYERS, P.A.
Rebecca B. Cowan (Miss. Bar No. 7735)
P.O. Box 750
Jackson, MS 39205
(601) 969-1010
bcowan@curriejohnson.com

KATIE BRYANT SNELL, PLLC
Katie Bryant Snell (Miss. Bar No. 103607)
P.O. Box 3007
Madison, Mississippi  39130-3007
(601) 460-9800
Katie@katiebryantsnell.com

PETTIS, BARFIELD & HESTER, P.A.
J. Lawson Hester (Miss. Bar No. 2394)
4450 Old Canton Road, Suite 210
Jackson, Mississippi  39211
(601) 987-5300
lhester@pbhfirm.com

*/s/ Joshua Tom*
Joshua Tom