**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**LATOYA BROWN; et al.**                                                                              **PLAINTIFFS**

**v.**                                                                                       **Civ. No. 3:17cv347-CWR-LRA**

**MADISON COUNTY, MISSISSIPPI; et al.**                                              **DEFENDANTS**

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF THEIR MOTION FOR A SETTLEMENT CONFERENCE**

Given that the instant case is at a crossroads, now is an appropriate time for this Court to order a settlement conference before Magistrate Judge Linda Anderson pursuant to Local Rule 16(g).

**ARGUMENT**

**THIS COURT SHOULD CONVENE A SETTLEMENT CONFERENCE TO BE ATTENDED BY ALL PARTIES AND THEIR COUNSEL.**

    **A.    The case is in a procedural posture that naturally fosters fruitful settlement discussions.**

This action was filed on May 8, 2017. [Dkt. #1]. After more than six (6) months of extensive discovery during which defendants produced more than 90,000 pages of documents,[1] and the parties deposed more than thirty (30) individuals,[2] plaintiffs filed their initial motion for

---

[1] This included every arguably relevant documented report covering any interaction between the MCSD and individuals in Madison County since Sheriff Tucker took office in 2012. *See* Affidavit of Charles E. Cowan, Esq. [Dkt. # 157 at 11] (describing in detail the magnitude and complexity of defendants' document review and production in this matter). Defendants' attorneys reviewed more than 85,688 documented incidents of MCSD law enforcement activities and more than 2,114 pages of emails, requiring more than six hundred hours of attorney time. *Id*. at 11-12. In addition, plaintiffs deposed Sherriff Tucker, his Chief Deputy, eighteen (18) other MCSD officers, and two Madison County Supervisors. *See* [Dkt. #290 at 29-30]. Defendants deposed each of the plaintiffs currently a part of this action.

[2] A comprehensive recitation of the full chronology of discovery that has taken place in this case is found in defendants' consolidated rebuttal brief in support of their motions for summary judgment on class claims of all plaintiffs. [Dkt. #290 at 29-32].

class certification on March 14, 2018. [Dkt. #226]. The parties engaged in an extensive motion practice, which included seven (7) separate motions for summary judgment on the individual claims of the remaining plaintiffs in this case, and more than nine (9) other motions, including defendants' motion to deny class certification [Dkt. #237], and various motions to strike certain evidence and expert reports submitted in support of the motion for class certification.

On January 4, 2019, the Court entered an order denying plaintiffs' motion for class certification, holding that the motion had numerous deficiencies. [Dkt. #340]. More specifically, the Court held that the Roadblock Class and Pedestrian Class were too amorphous for the Court to be able to ascertain who might be a member of either class, *id*. at 13-14, and that, with respect to the Targeting Class, plaintiffs had not "shown that all members of the Targeting Class . . . have been harmed by the allegedly discriminatory policy that forms the common question with respect to that class." *Id*. at 16. The Court allowed plaintiffs the opportunity to attempt to fix their class-related problems and gave them thirty (30) days to file an amended complaint and, in doing so, denied all outstanding motions without prejudice as being moot. *Id*. On February 4, 2019, plaintiffs filed an amended complaint [Dkt. #342], as contemplated by the Court's January 4, 2019, order, dropping the Targeting Class and attempting to repair the defects in the Roadblock Claim and the Pedestrian Class. They also filed a motion for class certification based on the amended complaint [Dkt. #343], and a motion for leave to file a second amended complaint.[3] [Dkt. #345].

Now that plaintiffs have attempted to satisfy this Court's order of January 4, 2019, this case is in a position where this Court can: (1) enter a temporary stay of the deadlines for defendants to

---

[3] Plaintiffs' second amended complaint seeks to: (1) substitute Madison County Sheriff Deputy Slade Moore for one of the John Doe defendants; (2) add additional factual details relevant to the claim against Deputy Moore; and (3) clarify the relief sought against Deputy Moore and the County with respect to the Mannings' personal claims. [Dkt. #345 at 4].

respond to the amended complaint and the two pending motions; and (2) enter an order setting a settlement conference to take place with all due haste.[4] Absent a resolution of plaintiffs' claims at this time, the parties will expend tremendous resources in re-filing and re-briefing the various motions the Court dismissed without prejudice, including the various motions for summary judgment defendants filed on the class claims of the individual plaintiffs.[5] The parties have exchanged settlement offers.[6] The Court's involvement at this point would serve to ensure that the settlement discussions would be productive in potentially ending any further expenditure of the parties' or the Court's resources. If convened, this would be the first settlement conference in this case.

### B. Defendants' request for the convening of a settlement conference is favored by the law.

This Court's scheduling of a settlement conference would be entirely consistent with controlling law and this Court's Rules. The convening of a settlement conference is consistent with the inherent power federal district courts have to manage their dockets. *Hamilton v. Robertson*, 854 F.2d 740, 741 (5th Cir. 1988). The Local Rules provide that the Court "may schedule an initial settlement conference . . . as the interests of justice may dictate," and counsel

---

[4] Given that no class has been certified in this matter, settlement can take place without the necessity of court approval. *See* WRIGHT & MILLER, Settlement, Voluntary Dismissal, or Compromise of Class Actions—Purpose and Scope of Rule 23(e), 7B Fed. Prac. & Proc. Civ. § 1797 (3d ed.) (noting that the 2003 amendments to Rule 23(e) clearly stated that the rule only applies to "claims, issues, or defenses of a certified class"). The 2003 amendments to Fed. R. Civ. P. 23(e) abrogated prior cases interpreting the pre-2003 amendment language of Rule 23(e) to apply to claims of a class that had not yet been certified. *See Roper v. Consurve, Inc.*, 578 F.2d 1106 (5th Cir. 1978) (applying pre-amendment Rule 23(e); *Caston v. Mr. T's Apparel, Inc.*, 157 F.R.D. 31, 33-34 (S.D. Miss. 1994) (same).

[5] The Court's January 4 order denying Plaintiffs' motion for class certification stated that defendants will be permitted "to again seek summary judgment after the amended complaint is filed or the time period for doing so has expired." [Dkt. #340 at 16].

[6] Although each offer has presently been rejected, that is normal at the outset of any settlement effort.

3

for parties "may request at any time that the judicial officer assigned to the case schedule a settlement conference." Local Rule 16(g)(1)(A). The Local Rules favor any attempt at settlement because "[c]ompromises of disputed claims are favored by the courts." *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 391-92 (5th Cir. 1984) (quotation marks and citation omitted). [7] *See Rampy by and through Rampy v. Austin*, 718 F. Supp. 556, 558 (S.D. Miss. 1989) (noting that a defendant had filed a motion for a settlement conference and that a settlement conference was conducted consistent with the request).[8]

Indeed, the fact that settlement is a favored resolution of a lawsuit is the very reason that the Local Rules require parties to take steps to advance the possibility of settlement without further intervention of the Court. *See* Local Rule 16(c) (requiring that parties provide the court "a candid evaluation of the possibilities for settlement" in the parties' confidential memoranda prior to the Rule 16 pretrial conference); Local Rule 26(f)(6) (requiring that the parties "[d]iscuss the possibilities for prompt settlement or resolution of the action and whether it would be helpful to

---

[7] In this case, as discussed at length in defendants' rebuttal memorandum in support of its various motions for summary judgment on the individual plaintiffs' class claims, the parties have undertaken a massive amount of discovery to-date, encompassing thousands of attorney hours. *See* [Dkt. #290 at 29-32]. There has been sufficient discovery in this matter to warrant this Court setting a settlement conference.

[8] This Court has ordered settlement conferences in class actions prior to any class certification before. *See Kemp v. Tower Loan of Miss., LLC*, No. 3:15CV499-CWR-LRA, 2017 WL 3426240, at *1 (S.D. Miss. Aug. 8, 2017) (noting that the parties had "participated in three court ordered settlement conferences with Magistrate Judge Linda Anderson and had reached a settlement" through arm's-length negotiations following settlement conferences with the Magistrate Judge). Other district courts have granted a party's request for a settlement conference when proper. *See United States v. Lincoln Parish Sch. Board*, Civil Action No. 66-12071, 2016 WL 4146148, at *1, *4 (W.D. La. Aug. 4, 2016); *Joyce v. Anderson*, No. 5:08-cv-286-BO, 2010 WL 3419426, at *1 (E.D.N.C. Aug. 30, 2010) (granting motion for settlement conference and granting defendants leave to file a response to the plaintiff's summary judgment motion twenty-one (21) days after conclusion of the conference if settlement not achieved); *Howard v. Skolnik*, No. 2:08-cv-00728-GMN-GWF, at *1, *2 (D. Nev. Dec. 8, 2010); *Madden v. Piper*, Civ. No. 1:16-cv-P21-GNS, 2017 WL 3584216, at *1, *4 (W.D. Ky. Aug. 18, 2017); *Bank v. Am. Honda Fin. Corp.*, No. 12-cv-3133, 2014 WL 4099844, at *1, *4 (C.D. Ill. Aug. 20, 2014); *Johnson v. Citimortgage, Inc.*, 351 F. Supp. 2d 1368, 1380 (N.D. Ga. 2004).

schedule an early settlement conference" prior to the initial pre-trial conference).  Furthermore, the Local Rules dictate that that parties "undertake discovery necessary for meaningful settlement discussions before a settlement conference or mediation."  Local Rule 16(g)(1)(C).  As already demonstrated, extensive discovery has been conducted in this action.

Plaintiffs have sent two separate letters to Judge Reeves, on January 22 and February 5, 2019, asking him to convene a status conference for scheduling purposes.  Should the settlement conference succeed, it would obviate the need for a scheduling order.  If the case does not settle, the Magistrate Judge can enter a scheduling order at the end of the conference, as defendants suggest in their separate motion for stay.

## CONCLUSION

For the reasons discussed above, defendants respectfully request an order from this Court setting a settlement conference in this matter to take place with all due haste.

Respectfully submitted this 12th day of February, 2019.

        **MADISON COUNTY, MISSISSIPPI and**
        **SHERIFF RANDALL C. TUCKER, IN**
        **HIS OFFICIAL CAPACITY**

        BY:    */s/ Michael B. Wallace*
                  Michael B. Wallace (MSB #6904)
                  Charles E. Ross (MSB #5683)
                  James E. Graves (MSB #102252)
                  Charles E. Cowan (MSB #104478)
                  WISE CARTER CHILD & CARAWAY, P.A.
                  Post Office Box 651
                  Jackson, Mississippi  39205-0651
                  Telephone: 601-968-5534
                  Facsimile: 601- 944-7738
                  mbw@wisecarter.com
                  cer@wisecarter.com
                  jeg@wisecarter.com
                  cec@wisecarter.com

T. Russell Nobile (MSB #100682)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi  39501
Telephone: 228-867-7141
Facsimile: 228-867-7142
trn@wisecarter.com

OF COUNSEL:

Rebecca B. Cowan (MSB #7735)
CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Dr.
Jackson, Mississippi  39232
P.O. Box 750
Jackson, Mississippi  39205-0750
Telephone: 601-969-1010
Facsimile:  601-969-5120
bcowan@curriejohnson.com

Katie Bryant Snell (MSB# 103607)
KATIE BRYANT SNELL, PLLC
P.O. Box 3007
Madison, Mississippi  39130-3007
Telephone: 601-460-9800
katie@katiebryantsnell.com

J. Lawson Hester
Jason Edward Dare
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210
Jackson, Mississippi  39211
Telephone: 601-987-5300
lhester@pbhfirm.com
jdare@pbhfirm.com

## **CERTIFICATE OF SERVICE**

I, Michael B. Wallace, hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following:

Joshua Tom, Esq.
Paloma Wu, Esq.
Landon P. Thomas, Esq.
American Civil Liberties Union of Mississippi Foundation
233 E. Capitol Street
Jackson, MS 39201
JTom@aclu-ms.org
PWu@aclu-ms.org

Jonathan K. Youngwood, Esq. (*pro hac vice*)
Janet A. Gochman, Esq. (*pro hac vice*)
Isaac Rethy, Esq. (*pro hac vice*)
Nihara K. Choudhri, Esq. (*pro hac vice*)
Kavitha Satya Sivashanker, Esq. (*pro hac vice*)
Brooke Jarrett, Esq. (*pro hac vice*)
Christopher K. Shields, Esq. (*pro hac vice*)
Simpson Thatcher & Bartlett, LLP
425 Lexington Avenue
New York, NY  10017
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
nchoudhri@stblaw.com
kavitha.sivashanker@stblaw.com
bonnie.jarrett@stblaw.com
christopher.shields@stblaw.com

Ezekiel Edwards, Esq. (*pro hac vice*)
Jeffery Robinson, Esq. (*pro hac vice)*
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
eedwards@aclu.org
jrobinson@aclu.org

So, certified this the 12th day of February, 2019.

*/s/ Michael B. Wallace*
MICHAEL B. WALLACE