# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| LATOYA BROWN; LAWRENCE BLACKMON; HERBERT ANTHONY GREEN; KHADAFY MANNING; QUINNETTA MANNING; MARVIN MCFIELD; NICHOLAS SINGLETON; STEVEN SMITH; BESSIE THOMAS; and BETTY JEAN WILLIAMS TUCKER, individually and on behalf of a class of all others similarly situated, | Civil Action No. 3:17-cv-00347-CWR-LRA |
|    Plaintiffs, | |
|      v. | |
| MADISON COUNTY, MISSISSIPPI; SHERIFF RANDALL S. TUCKER, in his official capacity; and MADISON COUNTY SHERIFF'S DEPUTIES JOHN DOES #1 through #6, in their individual capacities, | |
|    Defendants. | |

## PLAINTIFFS' MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANTS' MOTIONS FOR A
## TEMPORARY STAY OF DEADLINES AND FOR A SETTLEMENT CONFERENCE

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000

AMERICAN CIVIL LIBERTIES UNION OF
  MISSISSIPPI FOUNDATION
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408

AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION
125 Broad Street
New York, NY 10004
(212) 549-2610

*Attorneys for Plaintiffs*

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................................1

BACKGROUND ....................................................................................................................2

ARGUMENT ........................................................................................................................6

I.      THE COURT SHOULD DENY DEFENDANTS' MOTION FOR A STAY ...................6

II.     THE SUBSTANTIAL EXTENSIONS SOUGHT BY DEFENDANTS IN THE
        ALTERNATIVE ARE UNJUSTIFIED ...........................................................................9

III.    A SETTLEMENT CONFERENCE WOULD NOT BE PRODUCTIVE AT THE
        CURRENT JUNCTURE .................................................................................................13

IV.     THE COURT SHOULD ENTER A SECOND CASE MANAGEMENT ORDER .........17

CONCLUSION ......................................................................................................................18

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abdou v. Davita Inc.*,
    2017 WL 5068517 (D. Nev. Sept. 18, 2017)....................................................14

*Beck v. Am. Honda Fin. Corp.*,
    2014 WL 4099844 (C.D. Ill. Aug. 20, 2014) ..................................................15

*Cathedral of Hope v. FedEx Corp. Servs., Inc.*,
    2008 WL 2242546 (N.D. Tex. May 30, 2008)................................................14

*DeRogatis v. Bd. of Tr. of Cent. Pension Fund of Int'l Union of Operating Engineers*,
    2015 WL 936114 (S.D.N.Y. Mar. 3, 2015).......................................................7

*Gay v. Airtran Airways, Inc.*,
    2009 WL 10669763 (N.D. Ga. Dec. 4, 2009) .................................................14

*Howard v. Skolnik*,
    2010 WL 5102251 (D. Nev. Dec. 8, 2010) .....................................................14

*Johnson v. Citimortgage, Inc.*,
    351 F. Supp. 2d 1368 (N.D. Ga. 2004)............................................................15

*Joyce v. Appleton*,
    2010 WL 3419426 (E.D.N.C. Aug. 30, 2010).................................................15

*Kemp v. Tower Loan of Miss., LLC*,
    2017 WL 3426240 (S.D. Miss. Aug. 8, 2017) .................................................15

*Kennicott v. Sandia Corp.*,
    2018 WL 4510254 (D.N.M. Sept. 20, 2018) ....................................................7

*Keystone Coke Co. v. Pasquale*,
    1999 WL 126917 (E.D. Pa. Mar. 9, 1999) .......................................................7

*La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*,
    2012 WL 5519199 (N.D. Cal. Nov. 14, 2012) ..................................................7

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ..........................................................................................6

*Madden v. Piper*,
    2017 WL 3584216 (W.D. Ky. Aug. 18, 2017).................................................15

*Research in Motion, Ltd. v. Eastman Kodak Co.*,
    2010 WL 10030492 (N.D. Tex. Oct. 8, 2010)...................................................8

*RMH Tech LLC v. PMC Industries, Inc.*,
   No. 16-cv-01762-CMA-KMT (D. Col. Jan. 10, 2018) ..................................................7, 8

*Salinas v. City of San Jose*,
   2012 WL 2906052 (N.D. Cal. July 13, 2012) .................................................................6, 8

*United States v. Lincoln Parish Sch. Bd.*,
   2016 WL 4146148 (W.D. La. Aug. 4, 2016)....................................................................15

*Warnock Eng'g, LLC v. Canton Mun. Utilities*,
   2017 WL 5661643 (S.D. Miss. July 19, 2017)...................................................................6

**Rules**

Fed. R. Civ. P. 15 ...............................................................................................................11

Local Rule 16(c) .................................................................................................................15

Local Rule 16(g)(2) .............................................................................................................17

Local Rule 26(f)(6) .............................................................................................................15

Local Rule 7(b)(5) ...............................................................................................................12

Plaintiffs Latoya Brown, Lawrence Blackmon, Khadafy Manning, Quinnetta Manning, Nicholas Singleton, Steven Smith, Bessie Thomas, and Betty Jean Williams Tucker ("Plaintiffs") respectfully submit this memorandum in opposition to two motions filed by defendants Madison County, Mississippi ("Madison County") and Sheriff Randall Tucker ("Sheriff Tucker," and with Madison County, "Defendants"): (i) Defendants' Motion For A Temporary Stay Of Deadlines (ECF No. 349) and (ii) Defendants' Motion For A Settlement Conference (ECF No. 347).

Because the Motions are interrelated and seek complementary relief, Plaintiffs respond to both motions via this single, consolidated memorandum of law.

## PRELIMINARY STATEMENT

Defendants' request to stay these proceedings should be denied. Even assuming that settlement negotiations would be productive at this juncture, the overwhelming weight of authority holds that stays pending settlement discussions should not be entered unless all parties consent. A stay is all the more improper in this two-year-old civil rights case, which principally seeks an injunction. Despite having been filed in May 2017, the case is still in its early stages and the prospects of settlement are remote. Delaying resolution of Plaintiffs' claims under these circumstances would serve no legitimate purpose and would materially prejudice Plaintiffs, who remain each day at risk of being harmed by the unconstitutional policing practices challenged in this case. Each day this case remains unresolved Plaintiffs, and the class they seek to represent, continue to face the risk of irreparable harm.

Defendants also fail to justify the extensive, six-week briefing schedule they seek in the alternative for filing an amended answer and for responding to Plaintiffs' renewed motion for class certification and motion for leave to file a second amended complaint. Defendants make only *de minimis* attempts to substantiate their need for such extensions. The cursory arguments Defendants do put forth ignore the limited nature of the amendments and revisions in Plaintiffs'

amended complaint and renewed class certification motion, and thus obscure the fact that Defendants need not start anew to respond, but must only revise their prior submissions. Defendants also ignore the straightforward nature of Plaintiffs' motion for leave to amend, which seeks to name an individual defendant in place of a previously-named John Doe defendant for purposes of two Plaintiffs' individual damages claims, and does not impact Plaintiffs' class claims. As set forth below, while Plaintiffs are willing to agree to reasonable briefing schedules that are justified by the facts and circumstances, the lengthy extensions proposed by Defendants are unwarranted and would themselves unduly delay resolution of this action.

Defendants' motion for a settlement conference should also be denied. Defendants have not expressed any willingness to engage with Plaintiffs in settlement negotiations over reforms to the unconstitutional policing practices at issue in this case. At present, there are no settlement offers on the table. Absent some indication that Defendants are willing to engage on those terms, a settlement conference would serve no purpose. Courts regularly deny opposed motions for settlement conferences made in such circumstances. This Court should do the same.

## BACKGROUND

Plaintiffs commenced this class action on May 8, 2017, alleging that the Madison County Sheriff's Department ("MCSD") engages in discriminatory policing of Black persons and Black communities in Madison County, in violation of the Fourth and Fourteenth Amendments. On August 9, 2017, this Court entered a scheduling order setting forth deadlines through class certification. (ECF No. 30.)[1] Class certification discovery concluded on February 16, 2018 and Plaintiffs filed their motion for class certification on March 14, 2018. (ECF. No. 231.)

---

[1] At Defendants' request, and over Plaintiffs' objection, the scheduling order bifurcated discovery into class certification and merits phases. As such, the scheduling order did not set forth any deadlines beyond class certification.

Immediately before and as briefing was proceeding on class certification, beginning on March 7, 2018, Defendants filed numerous motions for summary judgment concerning the class claims brought by each of the eight named plaintiffs.[2]  Plaintiffs opposed these motions both on the merits and on the grounds that the motions were premature, given that merits discovery had not yet commenced.  (ECF No. 260.)

On January 4, 2019, Judge Barbour entered an order that denied without prejudice Plaintiffs' motion for class certification, but which detailed an issue that, if addressed, might lead to certification of a class. (ECF No. 340, the "January 4 Order").  Specifically, the January 4 Order held that the use of the term "majority-Black" in Plaintiffs' proposed class definition to describe the Madison County neighborhoods and communities affected by Defendants' unconstitutional policing rendered those proposed classes insufficiently ascertainable.  *Id.* at 12. The January 4 Order granted Plaintiffs leave to amend their complaint on or before February 4, 2019 to set forth revised class definitions, and to then renew their motion for class certification. Judge Barbour also dismissed Defendants' summary judgment motions and denied as moot the various ancillary motions filed in connection with the motion for class certification.

On January 15, 2019, following the retirement of Judge Barbour, this case was reassigned to Judge Reeves.  On January 22, 2019, Plaintiffs submitted a letter to Judge Reeves requesting a status conference.  *See* Ex. 1.  The letter confirmed that Plaintiffs would file an amended complaint on February 4, 2019, as contemplated by Judge Barbour's order, and file a renewed motion for class certification.  *Id.*  The letter also noted that Plaintiffs would be filing a motion for leave to amend their complaint in order to assert claims against an MCSD deputy previously

---

[2]  *See* ECF Nos. 209, 211, 218, 220, 222, 228, 256.  Two of the eight named plaintiffs—Khadafy and Quinnetta Manning—also assert individual claims arising from one of the incidents described in the complaint.  Defendants did not move for summary judgment on these individual claims.

identified as a John Doe defendant.  *Id.*  Plaintiffs requested the status conference to set a schedule to expeditiously brief and adjudicate the class certification motion, as well as set forth deadlines for the matter going forward.  *Id.*  Defendants did not in any way respond to the letter or contact Plaintiffs to discuss their scheduling proposals.

On February 4, 2019, Plaintiffs, timely and without seeking any extension, filed a first amended complaint (as directed by the January 4 Order), renewed motion for class certification (as contemplated by the January 4 Order), and motion for leave to file a second amended complaint asserting individual claims against Deputy Slade Moore, the previously-named John Doe defendant (ECF Nos. 342, 343, and 345, the "February 4 filings").  Consistent with the January 4 Order, the amended complaint and renewed motion for class certification set forth revised class definitions for the two classes Plaintiffs seek to certify.[3]  The motion is supported by the same evidence as Plaintiffs' prior motion, and the supporting memorandum of law is the same length as Plaintiffs' prior brief.  The only additional materials submitted by Plaintiffs in connection with their renewed motion are declarations from proposed class representatives Lawrence Blackmon and Latoya Brown, which update their previously-submitted declarations to reflect their current living situations.  The changes are, therefore, limited and designed to comply with the January 4 Order.  Plaintiffs sent another letter to Judge Reeves on February 5, 2019, explaining their February 4 filings and renewing their request for a scheduling conference.  *See* Ex. 2.

---

[3]  Plaintiffs seek to certify a Roadblock Class and a Pedestrian Stop Class in their renewed motion for class certification.  In their previous class certification motion, Plaintiffs sought to certify an overarching Targeting Class that would encompass all persons affected by Defendants' discriminatory policing, as well as Roadblock and Pedestrian Stop subclasses.  The January 4 Order expressed doubts as to whether sufficient commonality could be shown with respect to the Targeting Class.  While Plaintiffs respectfully disagree with this conclusion, in the interest of simplifying and expediting class certification, Plaintiffs' renewed motion does not seek certification of a Targeting Class.

One week later, on the afternoon of February 11, 2019, more than a month after the January 4 Order and nearly two weeks after Plaintiffs' initial scheduling letter, Defendants sent Plaintiffs a letter that requested that Plaintiffs join in a request that the Court hold a settlement conference.  The letter also stated that Defendants intended to seek a stay of the time to respond to Plaintiffs' February 4 Filings.  Defendants asserted that (i) they needed to "consult with" the deputy named as a defendant in the proposed second amended complaint before responding to that motion; (ii) it did not "make sense" to respond to Plaintiffs' first amended complaint "until we know whether or not the second amended complaint is about to be filed"; and (iii) Defendants were not able to respond to Plaintiffs' motion for class certification because they were "not fully confident" that no further discovery was necessary, "particularly since we are not sure of the final details of the pleadings."

Plaintiffs expeditiously responded to Defendants, stating that Plaintiffs were willing to offer one-week extensions of Defendants' time to respond to the motions for leave to amend and for class certification.  Plaintiffs explained that given the substantial overlap between Plaintiffs' original motion and their renewed motion, three weeks was an appropriate response time. Plaintiffs also explained that Defendants' asserted need for time to consult with proposed defendant Slade Moore did not make sense, given that Mr. Moore is a separate party who would have the opportunity to respond to the claims against him once those claims were filed. Plaintiffs also stated that they were agreeable to adjourning the time for Defendants to respond to the first amended complaint pending resolution of the motion for leave to amend, so long as Defendants agreed that they would respond via amended answer, rather than motion, and would not seek to file motions for summary judgment prior to responding to the operative amended complaint.  Defendants did not respond to these proposals, and instead filed the instant motions.

## ARGUMENT

### I.   THE COURT SHOULD DENY DEFENDANTS' MOTION FOR A STAY

Defendants' motion to stay these proceedings, whether or not there is a settlement conference now or in the future, should be denied.  As an initial matter, for the reasons set forth in Section III below, Defendants' motion for a settlement conference should also be denied, which would render Defendants' request for a stay moot.  *See* Stay Mot. ¶ 4.  But these proceedings should not be stayed even if the Court holds a settlement conference.  The ability to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for the litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Courts exercise their discretion to stay proceedings sparingly, and "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward" where the requested stay will prejudice other parties.  *Id.* at 255.  In keeping with this, courts recognize that "the moving party must cite to something more than the intrinsic inconvenience arising from involvement in litigation" when seeking a stay.  *Salinas v. City of San Jose*, 2012 WL 2906052, at *2 (N.D. Cal. July 13, 2012) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)); *see also Warnock Eng'g, LLC v. Canton Mun. Utilities*, 2017 WL 5661643, at *1 (S.D. Miss. July 19, 2017) (denying stay where "Defendant has not shown the present circumstances to be atypical").  Defendants have not met their burden here.

The sole argument Defendants present in their motion to stay is that Defendants believe "that this case [is] in a natural posture for potential settlement."  Stay Mot. ¶ 3.  As discussed in Section III below, Plaintiffs have seen no indication from Defendants that the parties are anywhere near settlement, nor any indication as to why suddenly nearly two years into this case Defendants seek such relief.  But in any event, the asserted prospects of settlement are

6

insufficient grounds for imposing a stay over an objection. Courts routinely deny opposed motions for stays pending settlement negotiations in such circumstances. For instance, in *RMH Tech LLC v. PMC Industries, Inc.*, No. 16-cv-01762-CMA-KMT (D. Col. Jan. 10, 2018), the court denied defendants' request to "stay the case while they continue settlement negotiations that may or may not come to fruition, the likelihood of which is also in dispute." Ex. 3, slip op. at 3-4. The court reasoned that "[g]ranting a stay under these circumstances would suggest a stay is appropriate nearly any time one party wishes to push settlement negotiations and/or the parties are in settlement discussions." *Id.* at 4. Numerous other rulings are in accord. *Kennicott v. Sandia Corp.*, 2018 WL 4510254, at *4 (D.N.M. Sept. 20, 2018) (rejecting defendant's argument that a stay opposed by plaintiff "may prompt meaningful settlement discussions"); *DeRogatis v. Bd. of Tr. of Cent. Pension Fund of Int'l Union of Operating Engineers*, 2015 WL 936114, at *3 (S.D.N.Y. Mar. 3, 2015) ("There is rarely a need for a stay to facilitate settlement discussions, but there is absolutely no need for a stay when the parties have not themselves initiated such discussions."); *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 2012 WL 5519199, at *4 (N.D. Cal. Nov. 14, 2012) (refusing to enter a stay where settlement was only tentative); *Keystone Coke Co. v. Pasquale*, 1999 WL 126917, at *4-5 (E.D. Pa. Mar. 9, 1999) (denying stay where settlement remained speculative and noting that litigation would be unduly delayed if courts were to impose a stay whenever a defendant was negotiating a possible settlement).

Indeed, courts both in and outside this Circuit have recognized that granting opposed motions to stay pending settlement discussions can actually impair the prospects of a fair settlement because delay can give the moving party additional settlement leverage, while denying a motion to stay merely preserves the status quo. *See, e.g.*, *Research in Motion, Ltd. v.*

*Eastman Kodak Co.*, 2010 WL 10030492, at *1 (N.D. Tex. Oct. 8, 2010) (denying stay because it would "not only delay this case indefinitely, it would seriously impair any settlement prospects"); *RMH Tech*, Ex. 3, slip op. at 4 (authorizing such stays over an objection "could allow a party to unreasonably pressure an opposing party into settlement.").

While Defendants argue in their motion for a settlement conference that they will incur "tremendous resources" in responding to Plaintiffs' class certification motion, they make no such arguments in their motion to stay, perhaps recognizing that the "intrinsic inconvenience arising from involvement in litigation" cannot justify a stay. *Salinas*, 2012 WL 2906052, at *2.  In any event, as discussed in greater detail in Sections II and III below, Defendants' claimed burdens are at best overstated, given the substantial continuities between Plaintiffs' prior and renewed class certification motions.  And, it is notable that Defendants waited until February 11, 2019, a week after Plaintiffs had filed their amended complaint and motion papers, to seek a stay—even though the parties first engaged regarding a potential settlement in March 2018, and then again on January 3, 2019, and the order that Defendants claim now puts this case "in a natural posture for potential settlement" (Stay Mot. ¶ 3) was issued on January 4, 2019.  If Defendants were genuinely concerned with sparing the parties the burden of re-briefing class certification, they could have readily surfaced their request for a stay before Plaintiffs did their share of this work, particularly since Plaintiffs made their proposed course of action entirely transparent in their January 22, 2019 letter to Judge Reeves.  Instead, Defendants only requested a stay after Plaintiffs filed their papers, ensuring that any reduction in purported burdens effected by their proposed stay would be enjoyed by Defendants alone.  This procedural inequity provides additional grounds for denying the motion and allowing this two-year old litigation to proceed.

In sum, Defendants have identified no reason why resubmitting motion papers addressing Plaintiffs' renewed motion for class certification will impose the sorts of substantial and atypical burdens on Defendants that could justify a stay.  And, as discussed further in Section III below, there is no reason, much less a substantial reason, to believe that the parties are near settlement. On the other hand, Plaintiffs would clearly be prejudiced by a stay; Plaintiffs, and the class they seek to represent, are suffering ongoing harm from Defendants' constitutional violations, which will not be remedied until this nearly two-year-old case is resolved.  Indeed, unlike cases that seek monetary relief—in which the availability of prejudgment interest can compensate a plaintiff for delay—Plaintiffs and the prospective class members incur additional, non-remediable harms each day this litigation continues.  The balance of harms thus tilts decidedly in Plaintiffs' favor, and Defendants' motion to stay should be denied.

## II.   THE SUBSTANTIAL EXTENSIONS SOUGHT BY DEFENDANTS IN THE ALTERNATIVE ARE UNJUSTIFIED

Defendants seek, in the alternative, "a 30-day extension from the date of [an order resolving their motion for a settlement conference] for all responses."  Stay Mot. ¶ 4.  Assuming that motion is resolved at the Court's upcoming February 20, 2019 conference,[4] this would amount to granting Defendants approximately six weeks in total to (i) file an amended answer in response to Plaintiffs' First Amended Complaint; (ii) respond to Plaintiffs' motion for leave to file a second amended complaint; and (iii) respond to Plaintiffs' renewed motion for class certification.  Plaintiffs have already agreed to, and the Court has already granted, a one week extension, giving Defendants until February 26, 2019.  (ECF No. 352.)  These additional

---

[4]   As a formal matter, only the motion for a stay is set for a telephonic hearing on February 20, 2019. However, because Defendants only seek a stay to the extent a settlement conference is granted, it would be impracticable for the Court not to resolve both motions at the February 20 hearing.

proposed extensions are excessive and Defendants' cursory motion papers do not demonstrate good cause for the relief requested.

First, Defendants' motion papers do not explain why a lengthy extension is necessary for Defendants to respond to Plaintiffs' First Amended Complaint.  The First Amended Complaint, consistent with the January 4 Order, modifies the original complaint by revising the class definitions.  It also makes necessary conforming changes, for example, to the portion of the complaint setting forth the specific relief requested by the re-defined classes.  It does not add new claims or factual allegations.  Thus, filing an amended answer to the First Amended Complaint should not require further factual investigation on the part of Defendants; rather, it should be a straightforward task involving drafting responses to Plaintiffs' new class definitions and conforming Defendants' previously-filed answer to the revised allegations where applicable. That said, Plaintiffs' primary concern is expeditiously completing any required motion practice so that this case can proceed past the class certification stage and to the merits.  An answer does not require adjudication, and the precise timing of the filing of Defendants' amended answer will not impact the Court's ability to resolve other pending motions.  Therefore, while Plaintiffs do not understand why a lengthy extension is necessary, Plaintiffs are amenable to whatever answer deadline the Court deems reasonable, up to the 30 days requested by Defendants.[5]

Second, Defendants provide no explanation as to why a lengthy extension is necessary to file their response to Plaintiffs' motion for leave to file a second amended complaint.  Plaintiffs

---

[5]   Along with their original answer, Defendants filed a motion to strike certain allegations from Plaintiffs' original complaint, which was denied.  *See* March 16, 2018 Order (ECF No. 242).  Given the limited nature of Plaintiffs' amendments, Plaintiffs see no grounds for similar motion practice with respect to the First Amended Complaint.  However, if Defendants have an intention to engage in any motion practice with respect to the First Amended Complaint, such motions should be briefed and resolved expeditiously.  Defendants should therefore disclose any such intentions so that the parties and the Court can determine an appropriate schedule for any such motions.

seek leave of the court to assert individual damages claims on behalf of Plaintiffs Khadafy

Manning and Quinnetta Manning against MCSD Sheriff's Deputy Slade Moore in his individual

capacity.  Deputy Moore was identified as a John Doe defendant in the original complaint.  The

incident giving rise to liability is not at issue in Plaintiffs' class claims, as set forth in the First

Amended Complaint and renewed motion for class certification, so resolution of this motion will

not impact the progress of Plaintiffs' class claims.  The motion is therefore simple and

straightforward, raising only the question of whether Plaintiffs have satisfied the liberal standard

for amendment of pleadings under Fed. R. Civ. P. 15.  The brief filed in support is only nine

pages long.  Defendants' motion papers provide no explanation for why an extension of their

response deadline is required.  In their February 11 letter to Plaintiffs, Defendants cryptically

stated that they needed to "consult with" Deputy Moore before responding.  Defendants are not

in privity with Deputy Moore for purposes of Plaintiffs' proposed claims, and Deputy Moore

will have a full and fair opportunity to respond to the complaint filed against him in due course.

By contrast, extensive and unjustified extensions of the briefing schedule for this motion are

prejudicial to Plaintiffs, who need to assert their claims against Deputy Moore on or before June

26, 2019 to avoid potential statute of limitations defenses, and will thus be constrained to

commence separate litigation against Deputy Moore in the event this motion is not resolved by

such date.  Because of this, and because the motion is not complex, Plaintiffs believe that the

current extension to February 26, 2019 is appropriate.

       Third, Defendants similarly fail to justify their request for an extension of the deadline to

respond to Plaintiffs' renewed motion for class certification.  Defendants argue that Plaintiffs'

brief is 43 pages long, and that lawyers from the Wise Carter firm, one of the four firms

representing Defendants in this matter, were busy with a trial in another matter during the week

of February 4, 2019.  Defendants' complaint about the length of Plaintiffs' brief is meritless.

While Defendants suggest that the brief exceeds the length allowed by Local Rule 7(b)(5),

Defendants ignore that the parties agreed, and the Court entered, an order authorizing the parties

to file class certification briefs of a total length of 70 pages.  *See* Renewed Class Cert. Mot. at 4

n.3; *see also* Text Only Order (Mar. 6, 2018).  Plaintiffs' opening brief on their prior class

certification motion was 43 pages; the opening brief in support of their renewed motion is

precisely the same length.  To the extent Defendants are implicitly arguing that the length and

complexity of Plaintiffs' renewed motion for class certification justifies the six-week briefing

schedule they seek, Defendants fail to mention that the renewed motion relies on the same

evidence, and raises largely the same arguments, supported by the same authorities, as did

Plaintiffs' original motion.  The only new substantive argument is a two-page explanation of

how Plaintiffs' revised class definitions cure the ascertainability issues identified in the January 4

Order.  *See* Renewed Class Cert. Mem. at 28-30.  This does not justify the six-week opposition

briefing schedule Defendants request for opposing a motion that they have, in material respects,

already briefed.  While Plaintiffs believe that the week-long extension Defendants already have

obtained on consent is sufficient, Plaintiffs do not oppose an additional week-long extension, up

to and including March 5, 2019—*i.e.*, a total of one month—should the Court conclude that

Defendants have demonstrated good cause for such an additional extension, so long as Plaintiffs

are afforded a corresponding two-week extension of their reply deadline.  Plaintiffs respectfully

submit, however, that any extension beyond March 5 is unjustified.[6]

---

[6]   In their February 11 letter, Defendants stated that they were "not fully confident" that no further class
certification discovery would be necessary.  As discussed above, Plaintiffs' renewed motion for class
certification does not put any new facts at issue and relies on the same evidence as its prior motion,
save for two Plaintiff declarations that have been updated to reflect those Plaintiffs' current living
situations.  Under these circumstances, there is no good cause for reopening discovery.  Because
Defendants did not request additional discovery in their motion, Defendants appear to have conceded

Finally, Defendants have repeatedly opposed Plaintiffs' prior requests for extensions of time, despite Plaintiffs' substantial demonstrations of good cause for granting such extensions. *See* Opp. to Pls.' Mot. for Coordination of Briefing and for Extension of Time (ECF No. 254); *see also* Opp. To Pls.' Motion to Extend Class Certification Discovery (ECF No. 157). Defendants previously opposed affording Plaintiffs additional time to respond to Defendants' premature motions for summary judgment because Defendants believed that it would be strategically advantageous for their summary judgment motions to leapfrog Plaintiffs' motion for class certification.  Defendants should not be permitted to first ignore Plaintiffs' January 22, 2019 correspondence regarding scheduling issues, next move for extra time to respond to Plaintiffs' February 4 filings, and then use this extra time to instead re-file their summary judgment motions.  To the extent Defendants intend to pursue such a course of action, their requested extensions should be denied.

## III.   A SETTLEMENT CONFERENCE WOULD NOT BE PRODUCTIVE AT THE CURRENT JUNCTURE

Plaintiffs' class claims seek class-wide declaratory and injunctive relief—not individual money damages—against policing practices that violate the Fourth and Fourteenth Amendments. The injunctive relief sought by Plaintiffs would require Defendants to implement meaningful reforms to their policing practices to prevent future constitutional violations.  Thus far, while the parties have exchanged settlement proposals, Plaintiffs have seen no indication that Defendants are willing to consider changes to their policies and practices.[7]  Any settlement that does not

---

the issue.  But in all events, Defendants should not be permitted to now move for extensions only to later seek to adjourn those extended deadlines so as to take additional discovery.

[7]   Plaintiffs first contacted Defendants last year to request a meeting to discuss settlement focused on the reforms identified in Plaintiffs' prayer for relief.  Defendants declined to meet, and the parties proceeded with briefing on class certification and other motions.  Plaintiffs sent Defendants a detailed written proposal on January 3, 2019.  Defendants waited nearly a month—until January 31, 2019—to

involve meaningful reforms to Defendants' policies and practices is by definition unacceptable to Plaintiffs and would provide zero benefit to the classes Plaintiffs seek to represent.  Because of this, unless Defendants demonstrate that they are willing to engage in negotiations regarding such reforms, there is no basis for holding a settlement conference at this time.[8]

Defendants' request that the Court order a settlement conference over Plaintiffs' objection, in the absence of any grounds for believing that such a conference would be productive, is unsupported by the law.  Courts regularly decline to impose settlement conferences over a party's objection.  *See, e.g.*, *Abdou v. Davita Inc.*, 2017 WL 5068517 (D. Nev. Sept. 18, 2017) (declining to schedule a settlement conference due to party's opposition); *Gay v. Airtran Airways, Inc.*, 2009 WL 10669763, at *2 (N.D. Ga. Dec. 4, 2009) (denying request for a settlement conference where other the party did not consent because "[i]t is not this Court's practice to order a settlement conference unless all parties agree to such a conference"); *Cathedral of Hope v. FedEx Corp. Servs., Inc.*, 2008 WL 2242546, at *2 n.2, *9 (N.D. Tex. May 30, 2008) (denying unilateral request for an additional settlement conference when parties "have already attempted unsuccessfully to settle the case through prior negotiations").  Courts have scheduled settlement conferences where the parties have demonstrated substantial progress towards settlement, in order to facilitate closing the narrow gap that remains.  *See Howard v. Skolnik*, 2010 WL 5102251, at *1 (D. Nev. Dec. 8, 2010) ("By transferring Plaintiff to

---

advance a wholly unacceptable counterproposal that rejected every term of Plaintiffs' proposal. Plaintiffs rejected this counterproposal by letter on February 12, 2019.  This course of conduct provides Plaintiffs no basis to believe that Defendants are willing to engage in meaningful or productive settlement negotiations.

[8]   Plaintiffs Khadafy Manning and Quinnetta Manning also assert individual damages claims against Defendants, as well as proposed defendant Slade Moore.  Defendants have not indicated a willingness to engage in negotiations specific to these damages claims either.

accommodate Plaintiff's prayer service request, Defendants have demonstrated that they are willing to negotiate the case and are not requesting the stay or settlement conference for purposes of delay."); *Joyce v. Appleton*, 2010 WL 3419426, at *1 (E.D.N.C. Aug. 30, 2010) (citing defendant's demonstrated "willingness to settle this matter").[9]  That, however, is not the case here.  The parties, in Defendants' own words, are at best "at the outset of any settlement effort." (Settlement Conf. Mem. at 3 n.6).[10]

Rather than demonstrating any likelihood of settlement, Defendants argue that a settlement conference is appropriate because "[a]bsent a resolution of plaintiffs' claims at this time, the parties will expend tremendous resources in re-filing and re-briefing the various motions the Court dismissed without prejudice, including the various motions for summary judgment defendants filed on the class claims of the individual plaintiffs."  Settlement Conf. Mem. at 3.  This argument is unpersuasive, and does not demonstrate good cause for granting Defendants' motion.  First, the fact that, absent settlement, the parties will be required to continue to litigate the case is a truism.  Second, it is Defendants who have vastly proliferated

---

[9]   Other cases cited by defendants (*see* Settlement Conf. Mem. at 3 n.8) involve unopposed motions for settlement conferences, and as such provide Defendants no support.  *See United States v. Lincoln Parish Sch. Bd.*, 2016 WL 4146148, at *4 (W.D. La. Aug. 4, 2016) (nonmoving party "advised that they did not oppose a settlement conference"); *Beck v. Am. Honda Fin. Corp.*, 2014 WL 4099844, at *1 (C.D. Ill. Aug. 20, 2014) (nonmoving party had "no objection to the Settlement Motion"); *Johnson v. Citimortgage, Inc.*, 351 F. Supp. 2d 1368, 1382 (N.D. Ga. 2004) (noting that "[p]laintiff's Motion for Settlement Conference is unopposed" and granting motion "on condition that [d]efendant also seeks a settlement conference with this [c]ourt"); *Madden v. Piper*, 2017 WL 3584216 (W.D. Ky. Aug. 18, 2017) (docket reflects no opposition); *Kemp v. Tower Loan of Miss., LLC*, 2017 WL 3426240 (S.D. Miss. Aug. 8, 2017) (settlement conference held in accordance with case management order established with participation of all parties).

[10]   Defendants' citations to the Local Rules are also unavailing.  *See* Settlement Mem. at 4-5.  The parties complied with the provisions of Local Rules 16(c) and 26(f)(6) at the outset of this case.  And the initial Case Management Order did not set a date for a settlement conference, but rather provided that "[i]f the parties desire judicial assistance to settle the case after initial discovery, they will contact the Court to request a date for a settlement conference …."  Case Mgmt. Order at 5 (ECF No. 30). Plaintiffs first contacted Defendants in March 2018, after initial class certification discovery, and Defendants declined to engage.

motion practice in this case, having filed *sixteen* of the eighteen motions that were dismissed or denied as moot in the January 4 Order.  This aggressive litigation strategy included, among other things, moving for summary judgment on each individual plaintiff's class claims even though merits discovery had not yet begun and the existing scheduling orders did not provide for such motions.  The burdens on Defendants are thus of their own making, and there is no unfairness to Defendants in holding them to the consequences of their own strategic decisions.[11]

In any event, as discussed above in Section I, Defendants' contention that the parties will expend "tremendous resources" in re-briefing the previously-submitted motions is incorrect. Plaintiffs' renewed motion for class certification is supported by the same fact and expert evidence as its original motion.  Plaintiffs have not asserted any new claims, and no additional discovery has been taken since the original motions were briefed.  As Plaintiffs explained in their January 22, 2019 letter, Plaintiffs believe that most, if not all, of the ancillary motions filed alongside Plaintiffs' motion for class certification can be simply reinstated on the existing briefing.  To state a few examples, nothing about Plaintiffs' revised class definitions impacts the admissibility of the statistical analysis submitted by Plaintiffs' expert Dr. Bryan Ricchetti; the admissibility of the analysis of Defendants' geocoding expert William Funderburk; or whether class member declarations submitted by Plaintiffs should be stricken on procedural grounds.

In sum, very little has changed in this already two-year-old case.  Plaintiffs have filed revised papers as required by court order, and the case has been assigned to a new District Judge.

---

[11]  For example, there is nothing forcing Defendants to renew their motions for summary judgment at this juncture.  Indeed, seeking summary judgment based on the limited class certification discovery record and in advance of merits discovery is premature and improper, and it would be far fairer and more efficient to first resolve Plaintiffs' motion for class certification, then proceed to merits discovery, and then move for summary judgment—as contemplated by the bifurcated case management order that Defendants themselves proposed.  Defendants have no basis to complain about the extra work that their own decision to seek early summary judgment might entail.

Neither circumstance suggests that a settlement conference is appropriate, particularly in the absence of any indication that Defendants are actually willing to substantively engage in settlement discussions focused on the meaningful reforms Plaintiffs seek.  Under these circumstances, the best path towards a resolution of this case, whether by settlement or adjudication, is to set a schedule for prompt briefing and determination of Plaintiffs' motion for class certification.  Defendants' motion for a settlement conference should therefore be denied.[12]

## IV.   THE COURT SHOULD ENTER A SECOND CASE MANAGEMENT ORDER

In their January 22, 2019 and February 5, 2019 letters to Judge Reeves, Plaintiffs requested that the Court hold a scheduling conference to establish a schedule for this action going forward, since the existing scheduling orders only set deadlines up through the briefing of Plaintiffs' prior class certification motion.  Defendants agree that a further scheduling order is appropriate absent imminent settlement (the prospects of which, as discussed above, are remote).  Plaintiffs respectfully submit that good cause exists for the Court to enter such an order, and that at the February 20 telephonic hearing, this Court should schedule a further telephonic hearing as soon as is reasonably practicable to address the entry of a second case management order.

---

[12]  Defendants' motion appears to suggest that the Court should order "all parties and their counsel" to attend the settlement conference.  Settlement Conf. Mot. ¶ 4.  This request that the Court compel the individual Plaintiffs to appear in person lacks a basis in the Local Rules and would impose needless burdens on Plaintiffs.  Local Rule 16(g)(2) provides that "Lead counsel for each party, individual parties not represented by legal counsel, and representatives of each corporate party, organization, or similar entity must appear at the conference."  Plaintiffs here are individual parties who are represented by counsel, and therefore Local Rule 16(g)(2) specifically exempts them from the list of parties whose attendance is required.  Therefore, even if the Court determines that holding a settlement conference is appropriate, Defendants' motion should be denied to the extent it seeks to compel in-person attendance by the individual Plaintiffs.

## CONCLUSION

For all of these reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion For A Temporary Stay of Deadlines or, in the Alternative, For an Extension of Time and Defendants' Motion For a Settlement Conference.

Dated: February 19, 2019

By: */s/ Joshua Tom*  _____
    Joshua Tom

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
Isaac Rethy (*pro hac vice*)
Kavitha S. Sivashanker (*pro hac vice*)
Nihara K. Choudhri (*pro hac vice*)
Christopher K. Shields (*pro hac vice*)
Brooke Jarrett (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
kavitha.sivashanker@stblaw.com
nchoudhri@stblaw.com
christopher.shields@stblaw.com
bonnie.jarrett@stblaw.com

AMERICAN CIVIL LIBERTIES UNION
OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408
JTom@aclu-ms.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Ezekiel Edwards (*pro hac vice*)
Jeffery Robinson (*pro hac vice* forthcoming)
125 Broad Street
New York, NY 10004
(212) 549-2610
eedwards@aclu.org
jrobinson@aclu.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2019, I caused the foregoing **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS FOR A TEMPORARY STAY OF DEADLINES AND FOR A SETTLEMENT CONFERENCE** to be electronically filed with the Clerk of the Court using the CM/ECF system, through which copies have been served to:

WISE CARTER CHILD & CARAWAY, P.A.
Michael B. Wallace (Miss. Bar No. 6904)
Charles E. Ross (Miss. Bar No. 5683)
James E. Graves (Miss. Bar No. 102252)
Charles E. Cowan (Miss. Bar No. 104478)
T. Russell Nobile (Miss. Bar No. 100682)
Post Office Box 651
Jackson, MS 39205
(601) 968-5534
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com
trn@wisecarter.com

CURRIE JOHNSON & MYERS, P.A.
Rebecca B. Cowan (Miss. Bar No. 7735)
P.O. Box 750
Jackson, MS 39205
(601) 969-1010
bcowan@curriejohnson.com

KATIE BRYANT SNELL, PLLC
Katie Bryant Snell (Miss. Bar No. 103607)
P.O. Box 3007
Madison, Mississippi 39130-3007
(601) 460-9800
Katie@katiebryantsnell.com

PETTIS, BARFIELD & HESTER, P.A.
J. Lawson Hester (Miss. Bar No. 2394)
Jason E. Dare (MSB No. 100973)
4450 Old Canton Road, Suite 210
Jackson, Mississippi 39211
(601) 987-5300
lhester@pbhfirm.com
jdare@pbhfirm.com


/s/ Joshua Tom
Joshua Tom