UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| LATOYA BROWN; LAWRENCE BLACKMON; HERBERT ANTHONY GREEN; KHADAFY MANNING; QUINNETTA MANNING; MARVIN MCFIELD; NICHOLAS SINGLETON; STEVEN SMITH; BESSIE THOMAS; and BETTY JEAN WILLIAMS TUCKER, individually and on behalf of a class of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>MADISON COUNTY, MISSISSIPPI; SHERIFF RANDALL S. TUCKER, in his official capacity; and MADISON COUNTY SHERIFF'S DEPUTIES JOHN DOES #1 through #6, in their individual capacities,<br><br>                    Defendants. | Civil Action No.<br>3:17-cv-00347-CWR-LRA |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR A SETTLEMENT CONFERENCE**

Plaintiffs Latoya Brown, Lawrence Blackmon, Khadafy Manning, Quinnetta Manning, Nicholas Singleton, Steven Smith, Bessie Thomas, and Betty Jean Williams Tucker ("Plaintiffs") respectfully submit this Response in opposition to Defendants' Motion For a Settlement Conference (ECF No. 349) ("Motion") in this civil rights action brought against defendants Madison County, Mississippi ("Madison County") and Sheriff Randall Tucker, sued herein in his official capacity ("Sheriff Tucker," and with Madison County, "Defendants").

1.      Defendants' request that the Court order a settlement conference over Plaintiffs' objection, and in the absence of any grounds for believing that such a conference would be productive, is unsupported by the facts and the law and should be denied. Plaintiffs' class claims

seek class-wide declaratory and injunctive relief—not individual money damages—against policing practices that violate the Fourth and Fourteenth Amendments. Defendants have not demonstrated any willingness to engage with Plaintiffs regarding the injunctive relief they seek in this action. Each party has unequivocally rejected the other's settlement proposal. Unless Defendants are willing to engage in negotiations around meaningful reforms to the policing practices challenged by Plaintiffs, there is no basis for holding a settlement conference at this time.

2. Courts regularly decline to impose settlement conferences over a party's objection. In the rare cases in which courts have scheduled settlement conferences at the request of just one party, it is where the parties have already demonstrated substantial progress towards settlement. That is not the case here, and Defendants do not argue to the contrary. Rather, the parties, in Defendants' own words, are at best "at the outset of any settlement effort."

3. Defendants' argument that they will have to continue to expend resources litigating the case absent settlement is not proper grounds for ordering a settlement conference. Furthermore, it is Defendants who have vastly proliferated motion practice in this case, having filed sixteen of the eighteen motions that were dismissed or denied as moot in Judge Barbour's January 4 Order (ECF No. 340). Any burdens on Defendants are thus of their own making, and there is no unfairness to Defendants in holding them to the consequences of their own strategic decisions. Moreover, Defendants overstate the burden they face in responding to Plaintiffs' renewed motion for class certification, which raises substantially the same arguments as Plaintiffs' prior motion and relies on the same evidence.

4. Finally, Defendants' argument that the procedural posture of this case makes it ripe for settlement is without merit. In fact, very little has changed in this already two-year-old

case, which remains in its early stages.  Plaintiffs have filed revised papers as required by court order, and the case has been assigned to a new District Judge.  Neither circumstance suggests that a settlement conference is appropriate, particularly in the absence of any indication that Defendants are actually willing to substantively engage in settlement discussions focused on the meaningful reforms Plaintiffs seek.

5. In support of this Response, Plaintiffs also submit the accompanying Memorandum of Law, which is incorporated herein as if set forth in full.  Because Defendants' Motion For a Settlement Conference (ECF No. 347) raises issues that are interrelated with the issues presented by Defendants' Motion For a Temporary Stay (ECF No. 349), and because the two motions seek complementary relief, Plaintiffs respond to both motions via a single, consolidated memorandum of law.

6. In support of this Response, Plaintiffs also submit the exhibits listed below. These same exhibits also support Plaintiffs' Response to Defendants' Motion For a Temporary Stay.

1. **Exhibit 1:** Letter from Jonathan Youngwood to Judge Reeves (Jan. 22, 2019)
2. **Exhibit 2:** Letter from Jonathan Youngwood to Judge Reeves (Feb. 5, 2019)
3. **Exhibit 3:** Order, *RMH Tech LLC v. PMC Industries, Inc.*, No. 16-cv-01762-CMA-KMT (D. Col. Jan. 10, 2018)

WHEREFORE, for the reasons set forth herein, Defendants' Motion For a Settlement Conference should be denied.

Respectfully submitted on this 19th day of February, 2019.

By: */s/ Joshua Tom*  _____
    Joshua Tom

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
Isaac Rethy (*pro hac vice*)
Kavitha S. Sivashanker (*pro hac vice*)
Nihara K. Choudhri (*pro hac vice*)
Christopher K. Shields (*pro hac vice*)
Brooke Jarrett (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
kavitha.sivashanker@stblaw.com
nchoudhri@stblaw.com
christopher.shields@stblaw.com
bonnie.jarrett@stblaw.com

AMERICAN CIVIL LIBERTIES UNION
OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
233 East Capitol Street
Jackson, MS 39201
(601) 354-3408
JTom@aclu-ms.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Ezekiel Edwards (*pro hac vice*)
Jeffery Robinson (*pro hac vice* forthcoming)
125 Broad Street
New York, NY 10004
(212) 549-2610
eedwards@aclu.org
jrobinson@aclu.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2019, I caused the foregoing **RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR A SETTLEMENT CONFERENCE** to be electronically filed with the Clerk of the Court using the CM/ECF system, through which copies have been served to:

WISE CARTER CHILD & CARAWAY, P.A.
Michael B. Wallace (Miss. Bar No. 6904)
Charles E. Ross (Miss. Bar No. 5683)
James E. Graves (Miss. Bar No. 102252)
Charles E. Cowan (Miss. Bar No. 104478)
T. Russell Nobile (Miss. Bar No. 100682)
Post Office Box 651
Jackson, MS 39205
(601) 968-5534
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com
trn@wisecarter.com

CURRIE JOHNSON & MYERS, P.A.
Rebecca B. Cowan (Miss. Bar No. 7735)
P.O. Box 750
Jackson, MS 39205
(601) 969-1010
bcowan@curriejohnson.com

KATIE BRYANT SNELL, PLLC
Katie Bryant Snell (Miss. Bar No. 103607)
P.O. Box 3007
Madison, Mississippi 39130-3007
(601) 460-9800
Katie@katiebryantsnell.com

PETTIS, BARFIELD & HESTER, P.A.
J. Lawson Hester (Miss. Bar No. 2394)
Jason E. Dare (MSB No. 100973)
4450 Old Canton Road, Suite 210
Jackson, Mississippi 39211
(601) 987-5300
lhester@pbhfirm.com
jdare@pbhfirm.com

*/s/ Joshua Tom*
Joshua Tom

# EXHIBIT 1

# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

---

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-3539

E-mail Address
jyoungwood@stblaw.com

BY E-MAIL

January 22, 2019

Re: <u>Brown v. Madison County</u>, No. 17-cv-347 (CWR/LRA)

The Honorable Carlton W. Reeves
United States District Judge
United States District Court
Southern District of Mississippi
501 East Court Street, Suite 5.500
Jackson, MS 39201

Dear Judge Reeves:

We and co-counsel represent Plaintiffs in the above-referenced civil rights class action, which was recently reassigned from Judge Barbour to Your Honor pursuant to Chief Judge Jordan's January 15, 2019 Order (ECF No. 341). We write to respectfully request that the Court hold a status conference concerning the schedule for renewal of Plaintiffs' motion for class certification, as contemplated by Judge Barbour's January 4, 2019 Order (ECF No. 340, the "January 4 Order"), and further proceedings leading to a trial of this action.

## I.  **Background**

In this proposed class action, brought pursuant to 42 U.S.C. §§ 1983 and 2000d, Plaintiffs allege that the Madison County Sheriff's Department ("MCSD") engages in discriminatory policing of Black persons and Black communities in Madison County, in violation of the Fourth and Fourteenth Amendments. Plaintiffs allege that the MCSD, as a matter of departmental policy, custom, or longstanding practice, disproportionately establishes roadblocks or vehicular checkpoints in areas of Madison County with above-average Black populations, which constitutes unconstitutional racial discrimination and also violates the Fourth Amendment. Plaintiffs also allege that the MCSD has a policy, custom, or practice of conducting suspicionless stops and searches of Black pedestrians, in violation of the Fourth and Fourteenth Amendments. Lastly, Plaintiffs have alleged that the above is exemplary of a broader MCSD policy, custom or practice of disproportionately targeting Black communities and of racially profiling Black persons throughout the department's performance of its law enforcement functions.

Simpson Thacher & Bartlett LLP

The Honorable Carlton W. Reeves          -2-                    January 22, 2019

     Two of the eight named plaintiffs—Khadafy and Quinnetta Manning—also assert individual claims for damages against the municipal defendants and against certain deputies, sued as John Does in the original complaint, arising from one of the incidents described in the complaint.

     At Defendants' urging, the initial scheduling order bifurcated discovery into class certification and merits phases, and as a result did not set forth any deadlines beyond class certification. (ECF No. 30.) The Court subsequently entered a supplemental scheduling order that set a briefing schedule for class certification and provided that class certification-related expert disclosures and discovery would take place during that briefing period. (ECF No. 202.) Class certification discovery concluded on February 16, 2018.

     Plaintiffs moved for class certification on March 14, 2018. (ECF No. 231.) Plaintiffs' motion relied on documentary and testimonial evidence; an expert report presenting statistical analysis of roadblock placement in Madison County; a summary declaration presenting other data concerning MCSD arrest and citation rates by race; and declarations from twenty-five prospective class members detailing their experiences with the MCSD.

     In opposing class certification, Defendants filed an opposition brief and four rebuttal reports, along with several ancillary motions: (i) a motion to deny class certification based on the "necessity doctrine"; (ii) a motion to strike the class member declarations; (iii) a conditional motion for an evidentiary hearing to take testimony from the class member declarants; (iv) a motion to strike certain newspaper articles cited by Plaintiffs; (v) a *Daubert* motion; and (vi) a motion to strike the summary declaration submitted by Plaintiffs.[1] Plaintiffs, in turn, submitted reply expert reports and filed a *Daubert* motion against one of Defendants' experts. (ECF No. 307.) Defendants moved to strike certain of Plaintiffs' reply reports on procedural grounds.[2] Briefing on all motions was completed in September 2018.

     Defendants also filed seriatim motions for summary judgment concerning the class claims brought by each of the eight named plaintiffs.[3] Defendants did not move for summary judgment against the individual claims of Khadafy or Quinnetta Manning. Plaintiffs opposed summary judgment both on the merits and on the grounds that the motions were premature, given that merits discovery had not yet occurred. (ECF No. 260.)

     In the January 4 Order, Judge Barbour found that the proposed roadblock and pedestrian stop classes were not adequately ascertainable because these classes were defined with reference to "majority Black" areas of Madison County, a criterion Judge Barbour found to be insufficiently determinate. Judge Barbour also found that commonality was lacking as to the targeting and racial profiling class as defined in the original motion,

---

[1]   *See* ECF Nos. 237, 285, 269, 274, 270, 272.

[2]   *See* ECF Nos. 316, 318, 320.

[3]   *See* ECF Nos. 209, 211, 218, 220, 222, 228, 256.

The Honorable Carlton W. Reeves                -3-                         January 22, 2019

focusing specifically on the claims asserted by Khadafy and Quinnetta Manning.  Judge Barbour granted Plaintiffs leave to amend their complaint by February 4, 2019 to address these issues and to then move again for class certification, and dismissed or denied all other pending motions as moot.

## II.  Plaintiffs Request That This Court Should Hold A Status Conference To Address Scheduling Issues Presented By The January 4 Order

Plaintiffs intend to amend their complaint on February 4, 2019 to address the issues identified in the January 4 Order.  Plaintiffs will also file a renewed motion for certification of the classes to be defined in that amended complaint.  Plaintiffs respectfully request that the Court hold a status conference to address appropriate procedures for renewal of Plaintiffs' class certification motion, as well as the schedule for this case going[4] forward, so that Plaintiffs' renewed motion can be briefed and adjudicated in a fair, efficient, and accelerated manner given the nearly two-year history of this case and the many previously filed motions.

The January 4 Order is narrow and the revisions to the class definitions contemplated by that Order do not impact much of the extensive motion practice, briefing, and expert analysis submitted by the parties in connection with Plaintiffs' prior class certification motion.  Nor will such revisions require reopening fact or expert discovery.[5]  Because of this, Plaintiffs respectfully submit that the Court should set a schedule in which the parties (i) re-brief Plaintiffs' motion for class certification on the existing record, without additional discovery or supplementation of expert submissions, and (ii) where appropriate, reinstate the ancillary *Daubert* and other evidentiary motions that have been dismissed or denied as moot.[6]  These ancillary motions present issues and arguments that are not impacted by the January 4 Order or Plaintiffs' revised class definitions, and can therefore be fairly and appropriately resolved by reinstatement and adjudication of the existing motions.  Such an

---

[4]  Fed. R. Civ. P. 16 explicitly contemplates what Plaintiffs request in the present letter, *see* Fed. R. Civ. P. 16(a) and (c)(2), and as explained herein, another scheduling order will facilitate the efficient resolution of this case.

[5]  Plaintiffs also presently intend to amend the complaint in order to assert claims on behalf of Khadafy and Quinnetta Manning against a MCSD deputy in his individual capacity.  That individual was previously identified as a John Doe defendant.  Plaintiffs will file a separate motion seeking leave to amend to assert those individual claims.  Because those claims will be asserted by Khadafy and Quinnetta Manning solely on behalf of those individual plaintiffs, and not on behalf of a class, amendment of the complaint to assert such claims will not impact the renewal of Plaintiffs' motion for class certification.

[6]  It is well within this Court's authority to reinstate motions that were dismissed or denied as moot in the January 4 Order.  Because the January 4 Order is interlocutory in nature, Fed. R. Civ. P. 54(b) provides that it "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Similarly, Fed. R. Civ. P. 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment."

Simpson Thacher & Bartlett LLP

The Honorable Carlton W. Reeves  -4-  January 22, 2019

approach will enable the parties and the Court to reach a prompt resolution of class certification issues without the substantial and unnecessary expense and delay that would be occasioned by reopening fact or expert discovery or re-briefing motions not impacted by the January 4 Order.

The proposed status conference will also provide an opportunity for the parties and the Court to address the schedule for merits discovery, properly-briefed summary judgment motions, and trial. As noted above, Defendants filed motions for summary judgment on the individual named plaintiffs' class claims in March 2018, which Plaintiffs contend are premature because merits discovery has not yet taken place. Judge Barbour previously permitted Defendants to file these motions because the initial case management order was silent as to summary judgment and did not expressly prohibit such filings. Given the current procedural posture of the case, however, Plaintiffs respectfully submit that the Court should now enter a case management order that explicitly addresses such motions, including by (i) specifying a date on which the parties may move for summary judgment after the close of discovery and (ii) limiting the parties' ability to file successive summary judgment motions on the same claims or issues.

Plaintiffs look forward to further discussing these important issues at a status conference or in any other form the Court may prefer. For the Court's convenience, an Appendix is attached to this letter identifying the motions discussed in this letter and Plaintiffs' proposed treatment thereof. Plaintiffs thank the Court for its consideration of this letter, and are available at the Court's convenience to answer any questions the Court may have.

Respectfully submitted,

/s/ Jonathan K. Youngwood

Jonathan K. Youngwood

cc:    Counsel of record (*via e-mail*)

## **APPENDIX**

| Motion | Filer | ECF | Proposed Treatment |
|---|---|---|---|
| To Certify Class | Pltfs. | 231 | Re-brief motion |
| To Deny Class Certification | Defs. | 237 | Reinstate prior briefing |
| To Exclude Report of Dr. Bryan Ricchetti | Defs. | 270 | Reinstate prior briefing |
| To Exclude Declaration of Dr. Rahul Guha | Defs. | 272 | Reinstate prior briefing |
| To Strike Declarations | Defs. | 285 | Reinstate prior briefing |
| To Strike Newspaper Articles | Defs. | 274 | Reinstate prior briefing |
| For Conditional Evidentiary Hearing | Defs. | 269 | Reinstate prior briefing |
| To Exclude Report and Testimony of William Funderburk | Pltfs. | 307 | Reinstate prior briefing |
| To Exclude Plaintiffs' Untimely Designation of New Expert Witness Dr. Justin McCrary | Defs. | 316 | Reinstate prior briefing |
| To Exclude Plaintiffs' Untimely Designation of New Expert Witness Dr. Patricia Frontiera | Defs. | 318 | Reinstate prior briefing |
| To Exclude Plaintiffs' Untimely Designation of Robert McNeilly as New Expert Witness | Defs. | 320 | Reinstate prior briefing |
| For Summary Judgment (Smith) | Defs. | 211 | File after merits discovery |
| For Summary Judgment (Brown) | Defs. | 209 | File after merits discovery |
| For Summary Judgment (Tucker) | Defs. | 218 | File after merits discovery |
| For Summary Judgment (Thomas) | Defs. | 220 | File after merits discovery |
| For Summary Judgment (Blackmon) | Defs. | 228 | File after merits discovery |
| For Summary Judgment (Singleton) | Defs. | 222 | File after merits discovery |
| For Summary Judgment (K. & Q. Manning) | Defs. | 256 | File after merits discovery |

# EXHIBIT 2

# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

---

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-3539

E-mail Address
jyoungwood@stblaw.com

**VIA EMAIL**

February 5, 2019

Re:   *Brown, et al. v. Madison County, Mississippi, et al.*, No. 3:17-cv-347 (CWR/LRA)

The Honorable Carlton W. Reeves
United States District Judge
United States District Court
Southern District of Mississippi
501 East Court Street, Suite 5.500
Jackson, MS 39201

Dear Judge Reeves:

We represent Plaintiffs in the above-referenced action. Yesterday, Plaintiffs filed their First Amended Complaint (ECF no. 342), as contemplated by Judge Barbour's January 4, 2019 Order (ECF no. 340), and renewed their motion for class certification (ECF no. 343). Plaintiffs also filed a motion for leave to file a second amended complaint (ECF no. 345), which, among other things, names as a defendant one of the Madison County Sheriff's Deputies previously identified as a John Doe defendant. Plaintiffs have not traditionally provided courtesy copies of electronic filings to Judge Barbour, but should Your Honor prefer to receive paper copies of any of the materials filed yesterday, Plaintiffs are available as needed.

The overwhelming majority of materials submitted in connection with Plaintiffs' renewed motion for class certification were previously submitted as exhibits to Plaintiffs' prior motion for class certification on March 14, 2018.[1] Three of these previously-submitted exhibits (namely, exhibits 3, 10, and 89) were filed publicly in redacted form based on the Court's March 15, 2018 order granting Plaintiffs' motion to file these exhibits under seal. (ECF no. 239.) For the Court's convenience, unredacted electronic copies of these exhibits are enclosed with this letter.

Plaintiffs also respectfully renew their request that the Court schedule a status conference to address procedures for re-briefing the issues raised in motions mooted by Judge Barbour's January 4

---

[1] New or updated exhibits attached to the Renewed Class Certification motion are Exhibit 13 (including additional excerpted testimony), Exhibit 24 (including additional excerpted testimony), Exhibit 29 (updating Plaintiff Mr. Blackmon's residence and employment information), and Exhibit 30 (updating Plaintiff Ms. Brown's residence information).

Simpson Thacher & Bartlett LLP

February 5, 2019                                                                          Hon. Carlton W. Reeves

Order, as well as other case management matters as this case proceeds forward. For the Court's convenience, a copy of Plaintiffs' January 22, 2019 letter, which discusses these issues in greater detail, is enclosed herewith.

      Plaintiffs thank the Court for its consideration of these matters and are available to answer any questions the Court might have.

      Respectfully submitted,

      <u>/s/ Jonathan K. Youngwood</u>

      Jonathan K. Youngwood

Enclosures

cc:     Counsel of record (*via e-mail*)

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 16–cv–01762–CMA–KMT

RMH TECH LLC, a Colorado limited liability company, and
METAL ROOF INNOVATIONS, LTD., a Colorado corporation,

    Plaintiff,

v.

PMC INDUSTRIES, INC., a Connecticut corporation,

    Defendant.

## ORDER

    This matter is before the court on Defendant's "Motion to Stay." (Doc. No. 78 ["Mot."].) Plaintiff filed a Response (Doc. No. 83 ["Resp."]), to which Defendant replied. (Doc. No. 82 ["Reply"].)

    The parties participated in mediation on November 28, 2017. (Mot. at 1.) The mediation was unsuccessful and Defendant now seeks a 90 day stay while the parties purportedly continue to engage in settlement discussions. (*Id.*) Defendant contends the parties previously agreed to a 90 day stay request. (*Id.* at 2.) However, Plaintiffs deny such an agreement and nevertheless, object to Defendant's request contending the parties are not close enough to a settlement to justify a stay in this case. (Resp. at 1, 3.)

    The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02–CV–01934–LTB–PA, 2006 WL

894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c)(1).

A motion to stay discovery is thus an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

The underlying principle in determination of whether to grant or deny a stay clearly is that "'[t]he right to proceed in court should not be denied except under the most extreme circumstances.'" *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir.1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

Nevertheless, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright,

2

Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2040, at 198 (3d ed. 2010). Courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231–32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation).

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

With regard to the first factor, Plaintiffs adamantly oppose Defendant's request for a stay. Although the parties dispute whether there was an initial joint agreement for such a request, Plaintiffs do not agree to such a request now and made that opposition clear prior to Defendant's Motion. Moreover, Plaintiffs argue their interests will be hindered by a stay because the term of the patent at issue in this matter has only one and a half years remaining. (Resp. at 3.)

Further, the court is not convinced Defendant would face a significant burden by proceeding with discovery. Defendants seek to stay the case while they continue settlement

3

negotiations that may or may not come to fruition, the likelihood of which is also in dispute. Granting a stay under these circumstances would suggest a stay is appropriate nearly any time one party wishes to push settlement negotiations and/or the parties are in settlement discussions. Such a circumstance could allow a party to unreasonably pressure an opposing party into settlement. Moreover, it would be contrary to the disfavored status of stays in this District, *see Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009), and make the court's docket thoroughly unpredictable and, hence, unmanageable. *Sanaah v. Howell*, 08–cv–02117–REB–KLM, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009).

Finally, neither the interests of nonparties nor the public interest in general prompts the court to reach a different result. Indeed, the public interest favors the prompt and efficient handling of all litigation. *Id*. Accordingly, on balance, the court finds that a stay of discovery in this case is not warranted.

Therefore, it is

**ORDERED** that Defendant's "Motion to Stay" (Doc. No. 78) is **DENIED**.

Dated this 10th day of January, 2018.

BY THE COURT:

*/s/ Kathleen M. Tafoya*

Kathleen M. Tafoya
United States Magistrate Judge