# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**LATOYA BROWN; et al.**                                                    **PLAINTIFFS**

**v.**                                                    **Civ. No. 3:17cv347-CWR-LRA**

**MADISON COUNTY, MISSISSIPPI; et al.**                                   **DEFENDANTS**

## DEFENDANTS' REBUTTAL BRIEF IN SUPPORT OF MOTION FOR TEMPORARY STAY OF DEADLINES OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME

The 18-page brief [Dkt. # 354] filed late this morning in opposition to defendants' motion for a temporary stay of deadlines, or, in the alternative, for an extension of time [Dkt. # 349] makes plain that the only substantial remaining dispute between the parties is how long defendants should have to respond to the 43-page brief in support of plaintiffs' renewed motion for class certification [Dkt. # 344] filed in violation of this Court's Rule 7(b)(5). Even that issue might have been resolved had plaintiffs asked defendants to agree to extended pages and a briefing schedule instead of asking relief from the District Judge by two letters. [Dkt. # 355-1 & -2].

First, plaintiffs now consent to an extension of up to 30 days within which defendants may respond to the first amended complaint. [Dkt. # 354 at 10]. Defendants will be able to respond within such time as this Court may provide.[1]

Second, plaintiffs want defendants to answer their motion for leave to file a second amended complaint [Dkt. # 345] by February 26, 2019. [Dkt. # 354 at 11]. Defendants appreciate

---

[1] Plaintiffs worry with good cause that the filing of a motion to strike might well be appropriate. [Dkt. # 354 at 10 n.5]. At five different places in their 85-page first amended complaint, plaintiffs follow lengthy allegations of supposed misconduct by Sheriff Tucker's deputies with the statement that a particular plaintiff "does not assert claims arising" from those allegations. [Dkt. # 342 ¶¶ 201, 214, 224, 234, 243]. It is hard to imagine any set of allegations more closely resembling the dictionary definitions of "redundant, immaterial, [or] impertinent," under Fed. R. Civ. P. 12(f). However, because this Court has already indicated that it is not receptive to such a motion, defendants do not plan to file one.

plaintiffs' assurances that they "are not in privity with Deputy Moore" [Dkt. # 354 at 11], but any sheriff does owe any deputy, current or former, the courtesy of a conversation before telling any court that it is just fine to go ahead and sue him.  That conversation has been held, and defendants will be able to respond to the motion.

Finally, although plaintiffs concede that defendants' motion for a settlement conference [Dkt. # 349] is not scheduled for hearing tomorrow [Dkt. # 354 at 9 n.4], they go on to request this Court to schedule a conference to enter a case management order [Dkt. # 354 at 17], a proposal to which defendants already agreed [Dkt. # 349 ¶ 4].  The only dispute is whether that conference should first address the matter of settlement.  Of course, it will be entirely up to this Court, once a conference is set, to determine what the Court and the parties should discuss.

As the Court makes that determination, it should be aware of the actual communications on that subject between the parties.  Attached hereto as Exhibits 1 through 4 are the communications between counsel of March 7, 8, 12, and 13, 2018.  The communications closed with the assurance by defendants' counsel that, "if you have a proposal to make, make it, and we will respond promptly."  Plaintiffs acknowledge that they did not make a proposal until January 3, 2019 [Dkt. # 354 at 8], and they complain that defendants did not send a counter-proposal until January 31, 2019.  [Dkt. # 354 at 13 n.7].  Defendants' counsel promptly advised their clients of the proposal, as the law requires, but the Madison County Board of Supervisors meets only twice a month.  Counsel were not in a position to supply a response or a motion for settlement conference or anything else until after the Board had considered plaintiffs' proposal and issued its instructions.

Because only parties can settle cases, defendants' motion does not merely "appear[] to suggest that the Court should order 'all parties and their counsel' to attend the settlement conference" [Dkt. #354 at 17 n.12]; that is exactly the relief defendants request.  That is a common

practice in this Court, because the Court often finds that the parties can benefit from the education that the Court can provide.  Sheriff Tucker and a delegation from the Board will be fully prepared to meet their accusers and to hear anything the Court may have to say.

Only this Court can decide whether it wants to conduct such a conference and whether such a stay would be beneficial to the process.  In the absence of such a stay, the real dispute remaining between the parties is whether plaintiffs are correct that "any extension beyond March 5 is unjustified."  [Dkt. # 354 at 12].

Plaintiffs argue that the brief they filed in violation of Rule 7(b)(5) "relies on the same evidence, and raises largely the same arguments, supported by the same authorities as did Plaintiffs' original motion."  [Dkt. # 354 at 12].  That is precisely the problem.  The first amended complaint does not raise the same claims as the original complaint.  The original complaint designated a single class of people targeted "on the basis of race" [Dkt. # 1 ¶ 300] by "a **coordinated top-down program** of methodically targeting Black individuals" [Dkt. # 1 ¶ 1], and the motion for class certification modified that class and added two subclasses [Dkt. # 231 at 3]. After this Court found "that there has been no showing that [actions taken by deputies against class representatives] were taken based on a wide-spread policy aimed at targeting Black communities and/or engaging in racial profiling" [Dkt. # 340 at 15], plaintiffs abandoned the original class and the two new subclasses.  Instead, they now allege two new and different classes [Dkt. # 342 ¶¶ 245-46], one of which includes the entire City of Ridgeland in response to this Court's determination that they had not defined "majority-Black" neighborhoods.  [Dkt. # 354 at 3, citing Dkt. # 340 at 13].

Not only have plaintiffs offered no new evidence in support of their new complaint and new motion, but they have not explained how their old evidence applies to the new class

3

definitions.  While plaintiffs may not intend to offer more evidence, defendants are consulting their

own expert to determine whether to submit additional evidence in opposition.  The mathematical

opinions offered by the experts are complex, at least to lawyers, so that process takes time.

It is simply not true to suggest that the analysis of new claims, the collection of new

evidence, and the application of law can easily be completed by March 5.  In fact, it is not at all

clear that the process could be completed in the 30 days originally requested.  Of defendants' two

lead counsel, one has just finished a redistricting trial before Judge Reeves, and the other is

preparing for an antitrust trial before Judge Reeves that begins on April 1, 2019.  Particularly

because it is likely that Judge Reeves's schedule will not permit him to address the motion for

class certification in the immediate future, no delay would be caused to plaintiffs if this Court were

to grant an extension to April 1, 2019.

For these reasons, defendants respectfully request that this Court stay their response to the

new class certification motion until after the completion of the settlement conference or, in the

alternative, until April 1, 2019.

Respectfully submitted this 19th day of February, 2019.

**MADISON COUNTY, MISSISSIPPI and
SHERIFF RANDALL C. TUCKER, IN
HIS OFFICIAL CAPACITY**

BY:    */s/ Michael B. Wallace*
Michael B. Wallace (MSB #6904)
Charles E. Ross (MSB #5683)
James E. Graves (MSB #102252)
Charles E. Cowan (MSB #104478)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi  39205-0651
Telephone: 601-968-5534
Facsimile: 601- 944-7738
mbw@wisecarter.com

4

cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com

T. Russell Nobile (MSB #100682)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi  39501
Telephone: 228-867-7141
Facsimile: 228-867-7142
trn@wisecarter.com

OF COUNSEL:

Rebecca B. Cowan (MSB #7735)
CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Dr.
Jackson, Mississippi  39232
P.O. Box 750
Jackson, Mississippi  39205-0750
Telephone: 601-969-1010
Facsimile:  601-969-5120
bcowan@curriejohnson.com

Katie Bryant Snell (MSB# 103607)
KATIE BRYANT SNELL, PLLC
P.O. Box 3007
Madison, Mississippi  39130-3007
Telephone: 601-460-9800
katie@katiebryantsnell.com

J. Lawson Hester
Jason Edward Dare
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210
Jackson, Mississippi  39211
Telephone: 601-987-5300
lhester@pbhfirm.com
jdare@pbhfirm.com

5

## <u>CERTIFICATE OF SERVICE</u>

I, Michael B. Wallace, hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following:

Joshua Tom, Esq.
Paloma Wu, Esq.
Landon P. Thomas, Esq.
American Civil Liberties Union of Mississippi Foundation
233 E. Capitol Street
Jackson, MS 39201
JTom@aclu-ms.org
PWu@aclu-ms.org

Jonathan K. Youngwood, Esq. (*pro hac vice*)
Janet A. Gochman, Esq. (*pro hac vice*)
Isaac Rethy, Esq. (*pro hac vice*)
Nihara K. Choudhri, Esq. (*pro hac vice*)
Kavitha Satya Sivashanker, Esq. (*pro hac vice*)
Brooke Jarrett, Esq. (*pro hac vice*)
Christopher K. Shields, Esq. (*pro hac vice*)
Simpson Thatcher & Bartlett, LLP
425 Lexington Avenue
New York, NY  10017
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
nchoudhri@stblaw.com
kavitha.sivashanker@stblaw.com
bonnie.jarrett@stblaw.com
christopher.shields@stblaw.com

Ezekiel Edwards, Esq. (*pro hac vice*)
Jeffery Robinson, Esq. (*pro hac vice*)
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
eedwards@aclu.org
jrobinson@aclu.org

So, certified this the 19th day of February, 2019.

*/s/ Michael B. Wallace*
MICHAEL B. WALLACE

6