UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LATOYA BROWN; LAWRENCE BLACKMON
HERBERT ANTHONY GREEN; KHADAFY MANNING;
QUINETTA MANNING; MARVIN MCFIELD; NICHOLAS
SINGLETON; STEVEN SMITH; BESSIE THOMAS; and
BETTY JEAN WILLIAMS TUCKER, individually and on
behalf of a class of all other similarly situated,                          **PLAINTIFFS**

v.                                                  **CIVIL ACTION NO. 3:17-CV-347-CWR-LRA**

MADISON COUNTY, MISSISSIPPI;
SHERIFF RANDALL S. TUCKER, in his official capacity; and
MADISON COUNTY SHERIFF'S DEPUTIES JOHN
DOES #1 through #6, in their individual capacities,                          **DEFENDANTS**

_____

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS, MADISON COUNTY,
MISSISSIPPI AND SHERIFF RANDALL C. TUCKER,
TO [DKT. # 342] PLAINTIFFS' FIRST AMENDED COMPLAINT**

_____

COME NOW defendants Madison County, Mississippi and Sheriff Randall C. Tucker, in

his official capacity, ("defendants"), by and through the undersigned counsel, and file this Answer

and Affirmative Defenses to the First Amended Class Action Complaint filed in this matter.

**DEFENSES AND AFFIRMATIVE DEFENSES**

Defendants assert the following defenses and affirmative defenses with respect to the

claims alleged in the First Amended Complaint, without assuming the burden of proof where the

burden of proof rests on plaintiffs.  Defendants further deny any and all claims not specifically

admitted in their Answer to Plaintiffs' First Amended Complaint.  Defendants are still

investigating the allegations and are without knowledge or information sufficient to form a belief

as to whether other affirmative defenses are available at this time.  Further, defendants cannot fully

anticipate all affirmative defenses that may be applicable to this action based on the

characterizations used in the First Amended Complaint.  Defendants are without knowledge or

information sufficient to form a belief as to whether other affirmative defenses are available in this

matter.  Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings and reserve the right to assert additional defenses if, and to the extent, such become applicable.

### FIRST DEFENSE

Plaintiffs' claims against defendants fail to state a claim for which relief can be granted and should be dismissed under *Fed. R. Civ. P.* 12(b) (6).

### SECOND DEFENSE

Defendants assert all defenses available to them as set forth in *Fed. R. Civ. P.* 12(b) (1) through 12(b) (7).

### THIRD DEFENSE

Although it does not appear that plaintiffs have brought any state law claims against them, defendants assert all substantive, immunity, and procedural defenses available to them pursuant to *Miss. Code Ann.* §§ 11-46-1 *et seq*., including those found in §§11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13, 11-46-15, and 11-46-17.  To the extent that the First Amended Complaint may seek a jury trial where such is unavailable under state or federal law, defendants move to strike any such demand.

### FOURTH DEFENSE

All claims made by plaintiffs against defendants are barred by absolute immunity.

### FIFTH DEFENSE

Each cause of action in the First Amended Complaint is barred, in whole or in part, by the applicable statute of limitations, including *Miss. Code Ann*. §§ 15-1-35 and 15-1-49, as applied by 42 U.S.C. § 1988 and *Wilson v. Garcia*, 471 U.S. 261 (1985), or 28 U.S.C. § 1658.

### SIXTH DEFENSE

Defendants invoke all remedies and defenses available to them pursuant to the Tort Reform Acts of 2002 and 2004, including, but not limited to, *Miss. Code Ann.* §§ 11-1-60, 11-1-65, 11-1-69, and 85-5-7.

## SEVENTH DEFENSE

Defendants invoke the provisions of *Miss. Code Ann.* § 85-5-7, and assert all defenses, rights, privileges, and immunities they can assert under that Section.

## EIGHTH DEFENSE

Any alleged injuries, constitutional or otherwise, plaintiffs claim they suffered, which defendants specifically deny, were caused solely by the acts or omissions of another or others for whose conduct defendants are not responsible and for whose conduct defendants had no reason to foresee or anticipate.

## NINTH DEFENSE

Acts or omissions of other persons and/or entities who are not parties to this cause were a superseding or intervening cause of any injuries or damages claimed by plaintiffs in this cause.

## TENTH DEFENSE

Some or all of plaintiffs' allegations should be stricken under *Fed. R. Civ. P.* 12(f) as impertinent and/or immaterial to their claims.

## ELEVENTH DEFENSE

Defendants affirmatively assert all the equitable defenses of laches, waiver, estoppel, contributory negligence, unclean hands, and all other defenses available to them under *Fed. R. Civ. P.* 8(c).

## TWELFTH DEFENSE

Without limiting any causes of action that may be subject to dismissal under *Fed. R. Civ. P.* 12(b)(6), defendants state that all claims that they violated any federal right held by plaintiffs or putative class, including the Fourth and Fourteenth Amendments to the United States Constitution, fail to state a claim for which relief can be granted and should be dismissed with prejudice.

## THIRTEENTH DEFENSE

Plaintiffs are not entitled to seek any punitive damages or extra-contractual relief against defendants under federal or state law.  In addition to this denial, defendants affirmatively state:

1.      An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and §14 of the Mississippi Constitution;

2.      No legislation has been enacted waiving immunity from punitive damages or otherwise authorizing punitive damages in a civil action such as this or placing any limit on the amount of punitive damages awardable and/or, in the alternative, the provisions and procedures of Miss. Code Ann. § 11-1-65 are hereby invoked;

3.      An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and of §14 of the Mississippi Constitution;

4.      The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are, therefore, in violation of the due process provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States;

5.      An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the Constitution of the United States of America and of §28 of the Mississippi Constitution.

6.      Punitive damages are not available against defendants under *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

### FOURTEENTH DEFENSE

Plaintiffs are not entitled to equitable relief or actual, compensatory, consequential, or punitive damages because such relief is not available for some or all of the causes of action alleged against some or all defendants.

### FIFTEENTH DEFENSE

Each cause of action in the First Amended Complaint is, in whole or in part, not attributable or otherwise arising from the enforcement of a policy or practice of defendant Madison County, defendant Sheriff Tucker, or the Madison County Sheriff's Department ("MCSD").

### SIXTEENTH DEFENSE

The First Amended Complaint does not appear to seek to make Sheriff Tucker individually liable for alleged deprivations of federal rights.  Should plaintiffs contend that Sheriff Tucker, or any other individual in a supervisory role with defendant Madison County or the MCSD, is personally or individually liable, the First Amended Complaint should be dismissed pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005).

### SEVENTEENTH DEFENSE

Although it does not appear that defendants have been sued in their individual capacities, to the extent there are or will be defendants sued in their individual capacities, these defendants assert they are entitled to qualified immunity.  Likewise, in the event any action of defendants

deprived or caused a deprivation of plaintiffs' federally protected rights, which defendants deny, then all such actions by defendants were taken in good faith and with a reasonable belief that such actions were lawful.

## EIGHTEENTH DEFENSE

Plaintiffs, by their own conduct and/or admissions, are estopped from bringing some or all of the purported causes of action in the First Amended Complaint or recovering any damages or injunctive relief sought therein.

## NINETEENTH DEFENSE

Each cause of action is barred, in whole or in part, because plaintiffs lack standing or have no private right of action to pursue the claims and the particular various relief alleged in the First Amended Complaint.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred because plaintiffs have failed to state facts sufficient to constitute a claim against defendants.

## TWENTY-FIRST DEFENSE

The First Amended Complaint, and each and every claim for relief contained therein, is barred, in whole or in part, to the extent that damages, if any, resulted from the acts and/or omissions of plaintiffs.

## TWENTY-SECOND DEFENSE

Plaintiffs cannot establish that any of their claims are appropriate for class action treatment or representative action treatment. *Fed. R. Civ. P. 23*.

## TWENTY-THIRD DEFENSE

The purported claims made by plaintiffs and the putative class on whose behalf plaintiffs purport to sue are precluded because the alleged conduct would have affected, if anyone, only an insubstantial number of putative class members.

## TWENTY-FOURTH DEFENSE

The claims should be severed under *Fed. R. Civ. P.* 21.

## TWENTY-FIFTH DEFENSE

Neither the Causes of Action alleged in the First Amended Complaint, nor any part of the allegations, may be certified as a class action pursuant to *Fed. R. Civ. P.* 23(b) (2)*. Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

## TWENTY-SIXTH DEFENSE

The purported class cannot be certified under *Fed. R. Civ. P.* 23 because, inter alia, the purported class, class representatives and/or class counsel fail to meet the numerosity, typicality, commonality, adequate representation, superiority, and predominance requirements for class actions. *Fed. R. Civ. P.* 23(a). Plaintiffs cannot establish all the elements necessary for class certification in that, among other things: common issues of fact or law do not predominate; to the contrary, individual issues predominate; plaintiffs' claims are not representative or typical of the claims of the putative class; plaintiffs are not proper class representatives; plaintiffs and alleged putative class counsel are not adequate representatives for the alleged putative class; and there exist no well-defined community of interest as to the questions of law and fact involved. *Id.* The putative class is sufficiently manageable without implementing the class action mechanism, and, therefore, it is not the superior method for adjudicating this dispute. The alleged putative class is not ascertainable, nor are its members identifiable.

## TWENTY-SEVENTH DEFENSE

The purported claims made by plaintiffs and the putative class on whose behalf plaintiffs purport to sue are precluded or limited because plaintiffs and members of the putative class failed to exhaust other available remedies or administrative procedures.

### TWENTY-EIGHTH DEFENSE

This action is not properly maintainable as a class action because plaintiffs' claims are unique to plaintiffs, so they are incapable of adequately representing the putative class.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims, including those of the putative class, are barred or limited, in whole or in part, because defendants committed no violation of law.  Thus, there are no underlying violations of a federal right held by the individual plaintiffs or putative class giving rise to liability under 42 U.S.C. § 1983.

### THIRTIETH DEFENSE

At all times mentioned in the First Amended Complaint, defendants acted in self-defense and in defense of others.

### THIRTY-FIRST DEFENSE

At all times mentioned in the First Amended Complaint, defendants acted with probable cause or had reasonable suspicion supporting their actions.  In all other acts not requiring probable cause or reasonable suspicion, defendants had a legal basis for their actions.

### THIRTY-SECOND DEFENSE

Defendants contend that plaintiffs willingly, voluntarily, and knowingly assumed each and every and all the risks and hazards involved in the activities referred to in the First Amended Complaint.

## THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred by the doctrines of collateral estoppel, judicial estoppel or res judicata.

## THIRTY-FOURTH DEFENSE

Defendants assert that if they are adjudged, decreed or otherwise determined to be liable to plaintiffs, then in that event, defendants will be entitled to apportion the degree of their fault or responsibility for the described incident attributable to plaintiffs or other entities or persons, whether a party to the lawsuit or not. The amount of damages attributable to these answering defendants is to be abated, reduced or eliminated to the extent that plaintiffs' own negligence, or the negligence of any other entities or persons, whether party to the lawsuit or not, contributed to plaintiffs' claimed damages, if any there were. This apportionment of damages is to be administered in accordance with the principles of equity and pursuant to the doctrine of comparative negligence and pursuant to state law.

## THIRTY-FIFTH DEFENSE

Defendants assert that plaintiffs were given, or had available to them, due process for each of the alleged deprivations and have therefore failed to state a claim on which relief can be granted under 42 U.S.C. § 1983.

## THIRTY-SIXTH DEFENSE

Defendants contend that plaintiffs have failed to mitigate their damages, assuming they were damaged at all.

## THIRTY-SEVENTH DEFENSE

There is no causal relationship or connection between defendants' alleged actions and the alleged injuries, including alleged deprivation of plaintiffs' federal rights. *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 39 (1997).

## THIRTY-EIGHTH DEFENSE

Defendants assert that they are immune from liability under the common law, United States statutes, and the opinions of the state and federal courts interpreting these laws.

### THIRTY-NINTH DEFENSE

Defendants contend that they are not vicariously liable for any act or omission of another person by way of *respondeat superior* or otherwise.

### FORTIETH DEFENSE

Plaintiffs do not have standing for prospective or injunctive relief.  *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983).  Likewise, in the event that plaintiffs, including the putative class, are found to be entitled to any remedy, there is an adequate remedy at law.  *Id.*

### FORTY-FIRST DEFENSE

Plaintiffs do not have a private right of action to bring any disparate-impact or effect-based claims.  This includes any such claims under *Title VI of the Civil Rights Act of 1964*, *see Alexander v. Sandoval*, 532 U.S. 275 (2001), or any other federal constitutional provision or statute.  To the extent they are found to have a private right of action for such claims, such right is unconstitutional.

### FORTY-SECOND DEFENSE

The allegations in First Amended Complaint, at best, illustrate episodic deprivation of federal rights and do not give rise to pattern-or-practice violations.  *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324 (1977); *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867 (1984); *Puffer v. Allstate Ins. Co.*, 675 F.3d 709 (7th 2012).

### FORTY-THIRD DEFENSE

Defendants affirmatively plead the defense of assumption of the risk.

### FORTY-FOURTH DEFENSE

Defendants affirmatively plead the defense of contributory negligence.

### FORTY-FIFTH DEFENSE

To the extent it applies, defendants affirmatively plead the decision in *Heck v. Humphrey,* 512 U.S. 477 (1994).

## FORTY-SIXTH DEFENSE

Defendants adopt any and all defenses that have been or will be claimed or asserted by co-defendants and which are applicable to defendants.

## FORTY-SEVENTH DEFENSE

To the extent applicable, defendants assert all applicable abstention doctrines, including *Younger* abstention set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

## FORTY-EIGHTH DEFENSE

Defendants adopt any and all averments made by them in their Answer to Plaintiffs' Original Complaint, including, but not limited to, their averment that all roadblocks initiated by the Madison County Sheriff's Department are conducted solely for the purpose of vehicle traffic safety and not for crime control.

## ANSWER

Defendants deny the allegations in the first unnumbered paragraph of the First Amended Complaint.  Defendants specifically deny that the plaintiffs are entitled to any of the relief they seek in their First Amended Complaint.

## PRELIMINARY STATEMENT

1.      Defendants deny the allegations in paragraph 1 of the First Amended Complaint.

2.      Defendants deny the allegations in paragraph 2 of the First Amended Complaint.

3.      Defendants deny the allegations in paragraph 3 of the First Amended Complaint.

4.      Defendants deny the allegations in paragraph 4 of the First Amended Complaint.

5.      Defendants deny the allegations in paragraph 5 of the First Amended Complaint.

6.      Defendants deny the allegations in paragraph 6 of the First Amended Complaint.

7.      Defendants deny the allegations in paragraph 7 of the First Amended Complaint.

8.      Defendants deny the allegations in paragraph 8 of the First Amended Complaint.

9.      Defendants deny all allegations in paragraph 9 of the First Amended Complaint, including the allegation that policing practices of the Madison County Sheriff's Department cannot be explained by non-race based factors.

10.      Defendants deny the allegations in paragraph 10 of the First Amended Complaint.

11.      Defendants deny the allegations in paragraph 11 of the First Amended Complaint.

12.      Defendants deny the allegations in paragraph 12 of the First Amended Complaint.

13.      Defendants deny the allegations in paragraph 13 of the First Amended Complaint.

14.      Defendants deny the allegations in paragraph 14 of the First Amended Complaint.

15.      Defendants deny the allegations in paragraph 15 of the First Amended Complaint, including sub-parts (1) through (5).

16.      Defendants deny the allegations in paragraph 16 of the First Amended Complaint.

17.      Defendants deny the allegations in paragraph 17 of the First Amended Complaint, including sub-parts (a) through (d).

18.      Defendants deny the allegations in paragraph 18 of the First Amended Complaint.

19.      Defendants deny the allegations in paragraph 19 of the First Amended Complaint, including sub-parts (i) and (ii).

20.      Defendants deny the allegations in paragraph 20 of the First Amended Complaint.

21.      Defendants deny the allegations in paragraph 21 of the First Amended Complaint.

22.      Other than admitting that Madison County, Mississippi, the Madison County Sheriff's Department and Sheriff Tucker, in his official capacity, have been named defendants to the First Amended Complaint, defendants deny the allegations in paragraph 22 of the First Amended Complaint.

23.     Defendants deny the allegations in paragraph 23 of the First Amended Complaint and specifically deny that any named plaintiff is entitled to any relief from them.

24.     Defendants deny the allegations in paragraph 24 of the First Amended Complaint.

25.     Defendants deny the allegations in paragraph 25 of the First Amended Complaint and specifically deny that Khadafy Manning or Quinnetta Manning are entitled to any award of damages against them.

26.     Defendants deny the allegations in paragraph 26 of the First Amended Complaint.

<u>**JURISDICTION & VENUE**</u>

27.     Defendants admit the allegations in paragraph 27 of the First Amended Complaint only to the extent that this action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000d. Defendants deny any remaining allegations in paragraph 27.

28.     Defendant admit the allegations in paragraph 28 of the First Amended Complaint.

29.     Defendant admit the allegations in paragraph 29 of the First Amended Complaint.

30.     Defendants admit the allegations in paragraph 30 of the First Amended Complaint only to the extent that 42 U.S.C. § 1988(b) grants federal courts discretion to award attorney's fees in certain, qualified instances.  Defendants deny the remaining allegations contained in paragraph 30.

31.     Defendants admit the allegations in paragraph 31 of the First Amended Complaint.

<u>**JURY DEMAND**</u>

32.     Defendants deny the allegations in paragraph 32 of the First Amended Complaint.

## PARTIES

I.   __Plaintiffs__

33.     Defendants lack sufficient knowledge to respond to the allegations in the first three sentences of paragraph 33 of the First Amended Complaint, and, therefore, they deny those allegations.   Defendants deny the remaining allegations in paragraph 33.

34.     Defendants lack sufficient knowledge to respond to the allegations in the first two sentences of paragraph 34 of the First Amended Complaint, and, therefore, they deny those allegations.   Defendants deny the remaining allegations in paragraph 34.

35.     Defendants lack sufficient knowledge to respond to the allegations in the first five sentences of paragraph 35 of the First Amended Complaint, and, therefore, they deny those allegations.   Defendants deny the remaining allegations in paragraph 35.

36.     Defendants lack sufficient knowledge to respond to the allegations in the first three sentences of paragraph 36 of the First Amended Complaint, and, therefore, they deny those allegations.   Defendants deny the remaining allegations in paragraph 36.

37.     Defendants lack sufficient knowledge to respond to the allegations in the first three sentences of paragraph 37 of the First Amended Complaint, and, therefore, they deny those allegations.   Defendants deny the remaining allegations in paragraph 37.

38.     Defendants lack sufficient knowledge to respond to the allegations in the first three sentences of paragraph 38 of the First Amended Complaint, and, therefore, they deny those allegations.   Defendants deny the remaining allegations in paragraph 38.

39.     Defendants lack sufficient knowledge to respond to the allegations in the first three sentences of paragraph 39 of the First Amended Complaint, and, therefore, they deny those allegations.   Defendants deny the remaining allegations in paragraph 39.

40.     Defendants lack sufficient knowledge to respond to the allegations in the first four sentences of paragraph 40 of the First Amended Complaint, and, therefore, they deny those allegations.    Defendants deny the remaining allegations in paragraph 40.

**II.     Defendants**

41.     Other than admitting that Madison County, Mississippi is a political subdivision of the State of Mississippi, that Madison County receives some federal funding, that the Madison County Board of Supervisors is comprised of five members, and each member is elected from a specific district within the County, defendants deny the allegations in paragraph 41 of First Amended Complaint.

42.     Other than admitting that Randall Tucker has been the Sheriff of Madison County, Mississippi since January 2012, and that he is responsible for hiring the personnel of the Madison County Sheriff's Department, defendants deny the allegations in paragraph 42 of the First Amended Complaint.

43.     Defendants deny the allegations in paragraph 43 of the First Amended Complaint.

44.     Defendants deny the allegations in paragraph 44 of the First Amended Complaint.

45.     Defendants deny the allegations in paragraph 45 of the First Amended Complaint.

## GENERAL ALLEGATIONS

**I.     A Brief Overview of Madison County, Mississippi**

46.     Defendants deny the allegations in paragraph 46 of the First Amended Complaint.

47.     Defendants deny the allegations in paragraph 47 of the First Amended Complaint.

48.     Defendants deny the allegations in paragraph 48 of the First Amended Complaint.

49.     Defendants deny the allegations in paragraph 49 of the First Amended Complaint.

50.     Defendants deny the allegations in paragraph 50 of the First Amended Complaint.

## II.    The MCSD's Policing Program

51.     Defendants deny the allegations in paragraph 51 of the First Amended Complaint.

52.     Defendants deny the allegations in paragraph 52 of the First Amended Complaint.

53.     Defendants deny the allegations in paragraph 53 of the First Amended Complaint.

54.     Defendants deny the allegations in paragraph 54 of the First Amended Complaint.

55.     Defendants deny the allegations in paragraph 55 of the First Amended Complaint.

56.     Defendants deny the allegations in paragraph 56 of the First Amended Complaint.

### A.    Pretextual and Highly Intrusive Vehicular Roadblocks

57.     Defendants deny the allegations in paragraph 57 of the First Amended Complaint.

58.     Defendants deny the allegations in paragraph 58 of the First Amended Complaint.

59.     Defendants deny the allegations in paragraph 59 of the First Amended Complaint.

60.     Defendants deny the allegations in paragraph 60 of the First Amended Complaint.

61.     Defendants deny the allegations in paragraph 61 of the First Amended Complaint.

62.     Defendants deny the allegations in paragraph 62 of the First Amended Complaint.

63.     Defendants lack sufficient information to respond to the allegations in paragraph 63 of the First Amended Complaint and, therefore, they deny those allegations.

64.     Defendants deny the allegations in paragraph 64 of the First Amended Complaint.

65.     Defendants deny the allegations in paragraph 65 of the First Amended Complaint.

66.     Defendants deny the allegations in paragraph 66 of the First Amended Complaint.

67.     Defendants deny the allegations in paragraph 67 of the First Amended Complaint.

68.     Defendants deny the allegations in paragraph 68 of the First Amended Complaint.

69.     Defendants deny the allegations in paragraph 69 of the First Amended Complaint and would show that the Roadblock Notice referenced in this paragraph was taken down the same day it was posted once the Sheriff's Department was alerted to its content.

16

70.     Defendants deny the allegations in paragraph 70 of the First Amended Complaint.

71.     Defendants deny the allegations in paragraph 71 of the First Amended Complaint.

72.     Defendants deny the allegations in paragraph 72 of the First Amended Complaint.

73.     Defendants lack sufficient information as to the existence or content of the private Facebook page referenced in paragraph 73 of the First Amended Complaint and, therefore, deny the allegations in the first three sentences of this paragraph.  Defendants deny the remaining allegations in paragraph.

74.     Defendants deny the allegations in paragraph 74 of the First Amended Complaint.

       1.     The Primary Purpose of the MCSD's System of Roadblocks Is to Target Black Motorists for Unreasonable Searches and Seizures

75.     To the extent that the first sentence of paragraph 75 of the First Amended Complaint seeks to interpret the decision found in *Edmond*, defendants deny any allegation that is inconsistent with that decision.  Defendants deny the remaining allegations in paragraph 75.

77.     Defendants deny the allegations in paragraph 77 of the First Amended Complaint.

78.     Defendants deny the allegations in paragraph 78 of the First Amended Complaint.

79.     Defendants deny the allegations in paragraph 79 of the First Amended Complaint.

**B.**     **Suspicionless Searches and Seizures of Black Pedestrians**

80.     Defendants deny the allegations in paragraph 80 of the First Amended Complaint.

81.     Defendants deny the allegations in paragraph 81 of the First Amended Complaint.

82.     Defendants deny the allegations in paragraph 82 of the First Amended Complaint.

83.     Defendants deny the allegations in paragraph 83 of the First Amended Complaint.

84.     Defendants deny the allegations in paragraph 84 of the First Amended Complaint.

85.     Defendants deny the allegations in paragraph 85 of the First Amended Complaint.

86.     Defendants deny the allegations in paragraph 86 of the First Amended Complaint.

87.     Defendants deny the allegations in paragraph 87 of the First Amended Complaint.

88.    Other than admitting that the plaintiff, Steven Smith, was arrested at the Canton Estates Apartments in January 2017 on outstanding warrants by deputies with the Madison County Sheriff's Department performing a foot patrol of the apartment common areas at the request of the apartment manager, defendants deny the allegations in paragraph 88 of the First Amended Complaint.

89.    Defendants deny the allegations in paragraph 89 of the First Amended Complaint. Defendants specifically deny that they conduct pedestrian checkpoints.

90.    Defendants deny the allegations in paragraph 90 of the First Amended Complaint.

91.    Defendants deny the allegations in paragraph 91 of the First Amended Complaint.

92.    Defendants deny the allegations in paragraph 92 of the First Amended Complaint.

93.    Defendants deny the allegations in paragraph 93 of the First Amended Complaint.

94.    Defendants deny the allegations in paragraph 94 of the First Amended Complaint.

95.    Defendants deny the allegations in paragraph 95 of the First Amended Complaint.

96.    Defendants deny the allegations in paragraph 96 of the First Amended Complaint.

97.    Defendants deny the allegations in paragraph 97 of the First Amended Complaint.

**C.    Warrantless and Consentless Searches of the Homes of Black Residents**

98.    Defendants deny the allegations in paragraph 98 of the First Amended Complaint.

99.    Defendants deny the allegations in paragraph 99 of the First Amended Complaint.

100.    Defendants deny the allegations in paragraph 100 of the First Amended Complaint, including sub-paragraphs a) through d).

101.    Defendants deny the allegations in paragraph 101 of the First Amended Complaint.

102.    Defendants deny the allegations in paragraph 102 of the First Amended Complaint.

103.    Defendants deny the allegations in paragraph 103 of the First Amended Complaint.

**III.    Race-Based Statistical Disparities in Policing Outcomes Provide Compelling Evidence of the MCSD's Policing Program**

104.    Defendants deny the allegations in paragraph 104 of the First Amended Complaint.

105.    Defendants deny the allegations in paragraph 105 of the First Amended Complaint.

106.    Defendants deny the allegations in paragraph 106 of the First Amended Complaint.

107.    Defendants deny the allegations in paragraph 107 of the First Amended Complaint.

108.    Defendants deny the allegations in paragraph 108 of the First Amended Complaint.

109.    Defendants deny the allegations in paragraph 109 of the First Amended Complaint.

110.    Defendants deny the allegations in paragraph 110 of the First Amended Complaint.

IV.        **The MCSD's Policing Program Is Longstanding and Deeply-Entrenched**

111.    Defendants deny the allegations in paragraph 111 of the First Amended Complaint.

112.    Defendants deny the allegations in paragraph 112 of the First Amended Complaint.

113.    Defendants deny the allegations in paragraph 113 of the First Amended Complaint.

114.    Defendants deny the allegations in paragraph 114 of the First Amended Complaint.

115.    Defendants deny the allegations in paragraph 115 of the First Amended Complaint.
Defendants submit that any actions taken by former Sheriff Trowbridge are irrelevant to the issues
in this matter and are time-barred by the applicable statute of limitations.

116.    Defendants deny the allegations in paragraph 116 of the First Amended Complaint.
Defendants submit that any actions taken by former Sheriff Trowbridge are irrelevant to the issues
in this matter and are time barred by the applicable statute of limitations.

117.    Defendants deny the allegations in paragraph 117 of the First Amended Complaint.
Defendants submit that any actions taken by former Sheriff Trowbridge are irrelevant to the issues
in this matter and are time-barred by the applicable statute of limitations.

118.    Defendants deny the allegations in paragraph 118 of the First Amended Complaint.
Defendants submit that any actions taken by former Sheriff Trowbridge are irrelevant to the issues
in this matter and are time-barred by the applicable statute of limitations.

119.    Defendants deny the allegations in paragraph 119 of the First Amended Complaint.

120.     Defendants deny the allegations in paragraph 120 of the First Amended Complaint. Defendants submit that any actions taken by former Sheriff Trowbridge are irrelevant to the issues in this matter and are time-barred by the applicable statute of limitations.

121.     Defendants deny the allegations in paragraph 121 of the First Amended Complaint. Defendants submit that any actions taken by former Sheriff Trowbridge are irrelevant to the issues in this matter and are time-barred by the applicable statute of limitations.

122.     Defendants deny the allegations in paragraph 122 of the First Amended Complaint. Defendants submit that any actions taken by former Sheriff Trowbridge are irrelevant to the issues in this matter and are time-barred by the applicable statute of limitations.

123.      Defendants deny the allegations in paragraph 123 of the First Amended Complaint. Defendants submit that any actions taken by former Sheriff Trowbridge are irrelevant to the issues in this matter and are time-barred by the applicable statute of limitations.

124.     Other than admitting that the Madison County Board of Supervisors authorized the Madison County Sheriff's Department to use State of Mississippi Grant money for roadblocks, defendants deny the allegations in paragraph 124 of the First Amended Complaint.

125.     Defendants deny the allegations in paragraph 125 of the First Amended Complaint.

126.      Defendants lack sufficient information to respond to the allegations in the first sentence of paragraph 126 of the First Amended Complaint, and, therefore they deny those allegations.  Defendants deny the remaining allegations in paragraph 126 of the First Amended Complaint.  Defendants submit that any actions taken by former Sheriff Trowbridge are irrelevant to the issues in this matter and are time-barred by the applicable statute of limitations.

127.     Defendants deny the allegations in paragraph 127 of the First Amended Complaint.

128.     Defendants lack sufficient information to respond to the allegations in the first sentence of paragraph 128 of the First Amended Complaint, and, therefore they deny those

allegations.  Defendants deny the remaining allegations in paragraph 128 of the First Amended
Complaint.  Defendants submit that any actions taken by former Sheriff Trowbridge are irrelevant
to the issues in this matter and are time-barred by the applicable statute of limitations.

129.    Defendants deny the allegations in paragraph 129 of the First Amended Complaint.

130.    Defendants deny the allegations in paragraph 130 of the First Amended Complaint.

131.    Defendants deny the allegations in paragraph 131 of the First Amended Complaint.

132.    Defendants admit the allegations in paragraph 132 of the First Amended
Complaint.

## V.    Sheriff Tucker Has Adopted, Implemented, and Expanded the Policing Program

133.    Defendants deny the allegations in paragraph 133 of the First Amended Complaint.

134.    Defendants deny the allegations in paragraph 134 of the First Amended Complaint.

135.    Defendants deny the allegations in paragraph 135 of the First Amended Complaint.

136.    Defendants deny the allegations in paragraph 136 of the First Amended Complaint.

### A.    Sheriff Tucker Has Enacted a Written Roadblock Policy That Sanctions Unconstitutional Racially Discriminatory Roadblocks

137.    Defendants deny the allegations in paragraph 137 of the First Amended Complaint.

138.    Defendants deny the allegations in paragraph 138 of the First Amended Complaint.

139.    Other than admitting that the language found in sub-parts a. through c. of paragraph
139 of the First Amended Complaint can be found in the "General Roadblocks" subsection of the
existing policies for conducting roadblocks for the Madison County Sheriff's Department,
defendants deny the remaining allegations in paragraph 139 of the First Amended Complaint.

140.    Defendants deny the allegations in paragraph 140 of the First Amended Complaint
and refer plaintiffs to their response to paragraph 139 above.

141.    Defendants deny the allegations in paragraph 141 of the First Amended Complaint.

142.    Defendants deny the allegations in paragraph 142 of the First Amended Complaint.

143.    Defendants deny the allegations in paragraph 143 of the First Amended Complaint.

144.    Defendants deny the allegations in paragraph 144 of the First Amended Complaint.

**VI.    Sheriff Tucker Has Been Deliberately Indifferent to the Constitutional Violations Caused by the Policing Program**

145.    Defendants deny the allegations in paragraph 145 of the First Amended Complaint.

146.    Defendants deny the allegations in paragraph 146 of the First Amended Complaint, including the allegations in sub-parts (1) through (5) of paragraph 146.

**A.    On Information and Belief, Sheriff Tucker Failed to Investigate an MCSD Deputy's Claim of Unconstitutional Racially Discriminatory Policing Practices**

147.    Defendants deny the allegations in paragraph 147 of the First Amended Complaint.

148.    Defendants deny the allegations in paragraph 148 of the First Amended Complaint.

149.     Defendants deny the allegations in paragraph 149 of the First Amended Complaint and would show that the claims asserted by Mr. Gibson in his lawsuit are best determined by a review of his complaint filed in that action.

150.    Defendants deny the allegations in paragraph 150 of the First Amended Complaint.

**B.    Sheriff Tucker Hired a Deputy with a Documented History of Misconduct Involving Excessive Use of Force**

151.    Defendants deny the allegations in paragraph 151 of the First Amended Complaint.

152.    Defendants deny the allegations in paragraph 152 of the First Amended Complaint.

153.     Defendants deny the allegations in paragraph 153 of the First Amended Complaint.

154.     Defendants deny the allegations in paragraph 154 of the First Amended Complaint.

155.    Other than admitting that Deputy Moore was hired as a deputy for the Madison County Sheriff's Department, defendants deny the allegations in paragraph 155 of the First Amended Complaint.

156.    Defendants deny the allegations in paragraph 156 of the First Amended Complaint.

**C.     Sheriff Tucker Has Not Established any Rules or Regulations Prohibiting Racial Bias in Policing**

157.    Defendants deny the allegations in paragraph 157 of the First Amended Complaint.

158.    Defendants deny the allegations in paragraph 158 of the First Amended Complaint.

159.    Defendants deny the allegations in paragraph 159 of the First Amended Complaint.

**D.     The MCSD Maintains Minimal Data And Does Not Track Racial Disparities In Policing**

160.    Defendants deny the allegations in paragraph 160 of the First Amended Complaint.

161.    Defendants deny the allegations in paragraph 161 of the First Amended Complaint.

162.    Defendants deny the allegations in paragraph 162 of the First Amended Complaint.

163.    Defendants deny the allegations in paragraph 163 of the First Amended Complaint.

**VII.    The Board of Supervisors Has Been Deliberately Indifferent to the Constitutional Violations Caused by the Policing Program**

164.    Defendants deny the allegations in paragraph 164 of the First Amended Complaint.

165.    Other than admitting that the Madison County Board of Supervisors is comprised of five members, who are elected from their respective districts within the County, defendants deny the allegations in paragraph 165 of the First Amended Complaint.

166.    Defendants deny the allegations in paragraph 166 of the First Amended Complaint, including sub-parts a) through c) of that paragraph.

167.    Defendants deny the allegations in paragraph 167 of the First Amended Complaint.

168.    Defendants deny the allegations in paragraph 168 of the First Amended Complaint, including sub-parts (a) through (d) of that paragraph.

169.    Defendants deny the allegations in paragraph 169 of the First Amended Complaint.

**VIII.   The Policing Program Has Caused Thousands of Constitutional Violations**

170.    Defendants deny the allegations in paragraph 170 of the First Amended Complaint.

171.    Defendants deny the allegations in paragraph 171 of the First Amended Complaint.

172.     Defendants deny the allegations in paragraph 172 of the First Amended Complaint.

## ALLEGATIONS OF CLASS REPRESENTATIVE PLAINTIFFS

173.     Defendants deny the allegations in paragraph 173 of the First Amended Complaint.

174.     Defendants deny the allegations in paragraph 174 of the First Amended Complaint.

175.     Defendants deny the allegations in paragraph 175 of the First Amended Complaint.

**I.       Latoya Brown**

176.     Defendants lack sufficient knowledge to respond to the allegations in paragraph 176 of the First Amended Complaint, and, therefore, they deny those allegations.

177.     Defendants deny the allegations in paragraph 177 of the First Amended Complaint. Defendants specifically deny that the Madison County Sheriff's Department conducts pedestrian checkpoints.

### A.    Pedestrian Stop Class Claims Of Latoya Brown

178.    Defendants deny the allegations in paragraph 178 of the First Amended Complaint.

179.    Defendants deny the allegations in paragraph 179 of the First Amended Complaint.

180.    Defendants lack sufficient knowledge to respond to the allegations in paragraph 180 of the First Amended Complaint and, therefore, deny those allegations

181.    Defendants deny the allegations in paragraph 181 of the First Amended Complaint.

182.    Defendants deny the allegations in paragraph 182 of the First Amended Complaint.

183.    Defendants deny the allegations in paragraph 183 of the First Amended Complaint.

### B.    Roadblock Class Claims Of Latoya Brown

184.    Defendants deny the allegations in paragraph 184 of the First Amended Complaint.

185.    Defendants deny the allegations in paragraph 185 of the First Amended Complaint.

186.    Defendants deny the allegations in paragraph 186 of the First Amended Complaint.

## II.    Lawrence Blackmon

187.    Defendants lack sufficient information to respond to the allegations in paragraph 187 of the First Amended Complaint, and, therefore, deny them.

188.    Defendants deny the allegations in paragraph 188 of the First Amended Complaint.

### A.    Roadblock Class Claims Of Lawrence Blackmon

189.    Defendants lack sufficient information to respond to the allegations in paragraph 189 of the First Amended Complaint, and, therefore, they deny those allegations.

190.    Defendants deny the allegations in paragraph 190 of the First Amended Complaint.

191.    Defendants deny the allegations in paragraph 191 of the First Amended Complaint.

192.    Defendants deny the allegations in paragraph 192 of the First Amended Complaint.

### B.    Additional Allegations Of MCSD Misconduct

193.    Defendants deny the allegations in paragraph 193 of the First Amended Complaint.

194.    Defendants deny the allegations in paragraph 194 of the First Amended Complaint.

195.     Defendants deny the allegations in paragraph 195 of the First Amended Complaint.

196.     Defendants deny the allegations in paragraph 196 of the First Amended Complaint.

197.     Defendants deny the allegations in paragraph 197 of the First Amended Complaint.

198.     Defendants deny the allegations in paragraph 198 of the First Amended Complaint.

199.     Other than admitting that the deputies who had initially handcuffed Mr. Blackmon while executing their arrest warrant could not unlock the handcuffs, and that they had to call another deputy to bring a different key, defendants deny the allegations in paragraph 199 of the First Amended Complaint.

200.     Defendants admit the allegations in paragraph 200 of the First Amended Complaint.

201.     Defendants deny the allegations in paragraph 201 of the First Amended Complaint.

**III.     Khadafy Manning**

202.      Defendants lack sufficient knowledge to respond to the allegations in paragraph 202 of the First Amended Complaint and, therefore, they deny those allegations.

203.      Defendants deny the allegations in paragraph 203 of the First Amended Complaint.

**A.     Pedestrian Stop Class Claims Of Khadafy Manning**

204.     Defendants deny the allegations in paragraph 204 of the First Amended Complaint.

205.     Defendants deny the allegations in paragraph 205 of the First Amended Complaint.

**IV.     Nick Singleton**

206.     Defendants lack sufficient information to respond to the allegations in paragraph 206 of the First Amended Complaint and, therefore, they deny those allegations.

207.     Defendants deny the allegations in paragraph 207 of the First Amended Complaint.

### A.   Roadblock Class Claims of Nick Singleton

208.   Defendants deny the allegations in paragraph 208 of the First Amended Complaint.

209.   Defendants deny the allegations in paragraph 209 of the First Amended Complaint.

210.   Defendants deny the allegations in paragraph 210 of the First Amended Complaint.

211.   Defendants deny the allegations in paragraph 211 of the First Amended Complaint.

212.   Defendants deny the allegations in paragraph 212 of the First Amended Complaint.

### B.   Additional Allegations Of MCSD Misconduct

213.   Defendants deny the allegations in paragraph 213 of the First Amended Complaint.

214.   Defendants deny the allegations in paragraph 214 of the First Amended Complaint.

## V.   Steven Smith

215.   Defendants lack sufficient information to respond to the allegations in paragraph 215 of the First Amended Complaint and, therefore, they deny those allegations.

216.   Defendants deny the allegations in paragraph 216 of the First Amended Complaint.

### A.   Pedestrian Stop Class Claims Of Steven Smith

217.   Defendants deny the allegations in paragraph 217 of the First Amended Complaint and specifically deny that the Madison County Sheriff's Department conducts pedestrian checkpoints.

218.   Defendants deny the allegations in paragraph 218 of the First Amended Complaint.

219.   Defendants deny the allegations in paragraph 219 of the First Amended Complaint.

220.   Defendants deny the allegations in paragraph 220 of the First Amended Complaint.

221.   Defendants deny the allegations in paragraph 221 of the First Amended Complaint.

### B.   Additional Allegations Of MCSD Misconduct

222.   Defendants deny the allegations in paragraph 222 of the First Amended Complaint.

223.   Defendants deny the allegations in paragraph 223 of the First Amended Complaint.

224.   Defendants deny the allegations in paragraph 224 of the First Amended Complaint.

VI.   **Bessie Thomas**

225.   Defendants lack sufficient information to respond to the allegations in paragraph 225 of the First Amended Complaint and, therefore, they deny those allegations.

226.   Defendants deny the allegations in paragraph 226 of the First Amended Complaint.

A.   **Roadblock Class Claims of Bessie Thomas**

227.   Defendants deny the allegations in paragraph 227 of the First Amended Complaint.

228.   Defendants deny the allegations in paragraph 228 of the First Amended Complaint.

229.   Defendants deny the allegations in paragraph 229 of the First Amended Complaint.

230.   Defendants deny the allegations in paragraph 230 of the First Amended Complaint.

B.   **Additional Allegations Of MCSD Misconduct**

231.   Defendants deny the allegations in paragraph 231 of the First Amended Complaint.

232.   Defendants deny the allegations in paragraph 232 of the First Amended Complaint.

233.   Defendants deny the allegations in paragraph 233 of the First Amended Complaint.

234.   Defendants deny the allegations in paragraph 234 of the First Amended Complaint.

VII.   **Betty Jean Williams Tucker**

235.   Defendants lack sufficient information to respond to the allegations in paragraph 235 of the First Amended Complaint and, therefore, they deny those allegations.

236.   Defendants lack sufficient information to respond to the allegations in paragraph 236 of the First Amended Complaint and, therefore, they deny those allegations.

A.   **Roadblock Class Claims Of Betty Jean Williams Tucker**

237.   Defendants deny the allegations in paragraph 237 of the First Amended Complaint.

238.   Defendants lack sufficient information to respond to the allegations in the first sentence of paragraph 238 of the First Amended Complaint.  Defendants deny the remaining allegations in paragraph 238.

28

239.    Defendants deny the allegations in paragraph 239 of the First Amended Complaint.

240.    Defendants deny the allegations in paragraph 240 of the First Amended Complaint.

**B.    Additional Allegations Of MCSD Misconduct**

241.    Defendants deny the allegations in paragraph 241 of the First Amended Complaint.

242.    Defendants deny the allegations in paragraph 242 of the First Amended Complaint.

243.    Defendants deny the allegations in paragraph 243 of the First Amended Complaint.

## CLASS ACTION ALLEGATIONS

244.    Defendants deny the allegations in paragraph 244 of the First Amended Complaint and specifically deny that the plaintiffs are entitled to bring any class action against them.

245.    Defendants deny the allegations in paragraph 245 of the First Amended Complaint.

246.    Defendants deny the allegations in paragraph 246 of the First Amended Complaint.

247.    Defendants deny the allegations in paragraph 247 of the First Amended Complaint.

248.    Defendants deny the allegations in paragraph 248 of the First Amended Complaint.

249.    Defendants deny the allegations in paragraph 249 of the First Amended Complaint.

250.    Defendants deny the allegations in paragraph 250 of the First Amended Complaint, including the allegations in sub-parts (a) through (c) of this paragraph.

251.    Defendants deny the allegations in paragraph 251 of the First Amended Complaint, including the allegations in sub-parts (a) through (c) of this paragraph.

252.    Defendants deny the allegations in paragraph 252 of the First Amended Complaint.

253.    Defendants deny the allegations in paragraph 253 of the First Amended Complaint.

254.    Defendants deny the allegations in paragraph 254 of the First Amended Complaint.

255.    Defendants deny the allegations in paragraph 255 of the First Amended Complaint.

## INDIVIDUAL ALLEGATIONS OF KHADAFY AND QUINETTA MANNING

256.    Defendants deny the allegations in paragraph 256 of the First Amended Complaint.

257.     Defendants deny the allegations in paragraph 257 of the First Amended Complaint.

258.     Defendants deny the allegations in paragraph 258 of the First Amended Complaint.

259.     Defendants admit the allegations in paragraph 259 of the First Amended Complaint.

260.     Defendants lack sufficient information to respond to the allegations in paragraph 260 of the First Amended Complaint and, therefore, they deny those allegations.

261.     Defendants deny the allegations in paragraph 261 of the First Amended Complaint.

262.     Defendants deny the allegations in paragraph 262 of the First Amended Complaint.

263.     Defendants deny the allegations in paragraph 263 of the First Amended Complaint.

264.     Defendants deny the allegations in paragraph 264 of the First Amended Complaint.

265.     Defendants deny the allegations in paragraph 265 of the First Amended Complaint.

266.     Defendants deny the allegations in paragraph 266 of the First Amended Complaint.

267.      Defendants deny the allegations in paragraph 267 of the First Amended Complaint.

268.     Defendants deny the allegations in paragraph 268 of the First Amended Complaint.

269.     Defendants deny the allegations in paragraph 269 of the First Amended Complaint.

270.     Defendants deny the allegations in paragraph 270 of the First Amended Complaint.

271.     Defendants deny the allegations in paragraph 271 of the First Amended Complaint.

272.     Defendants deny the allegations in paragraph 272 of the First Amended Complaint.

273.     Defendants deny the allegations in paragraph 273 of the First Amended Complaint.

274.     Defendants deny the allegations in paragraph 274 of the First Amended Complaint.

275.     Defendants deny the allegations in paragraph 275 of the First Amended Complaint.

276.     Defendants deny the allegations in paragraph 276 of the First Amended Complaint.

277.     Defendants deny the allegations in paragraph 277 of the First Amended Complaint.

278.     Defendants deny the allegations in paragraph 278 of the First Amended Complaint.

279.     Defendants deny the allegations in paragraph 279 of the First Amended Complaint.

280.    Defendants deny the allegations in paragraph 280 of the First Amended Complaint.

## CAUSES OF ACTION

### I.    FIRST CAUSE OF ACTION

**(Claims of Class Representative Plaintiffs and Class Members Pursuant to 42 U.S.C. § 1983 Against Defendants for Violations of the Fourth Amendment)**

281.    Defendants incorporate and adopt by reference each and every response they have made to paragraphs 1 through 280 above in response to paragraph 281 of the First Amended Complaint.

282.    Defendants deny the allegations in paragraph 282 of the First Amended Complaint.

283.    Defendants deny the allegations in paragraph 283 of the First Amended Complaint, including sub-parts (a) through (c) of this paragraph.

284.    Defendants deny the allegations in paragraph 284 of the First Amended Complaint.

285.    Defendants deny the allegations in paragraph 285 of the First Amended Complaint.

286.    Defendants deny the allegations in paragraph 286 of the First Amended Complaint.

### II.    SECOND CAUSE OF ACTION

**(Claims of Class Representatives Plaintiffs and Class Members Pursuant to 42 U.S.C. § 1983 Against Defendants for Violations of the Equal Protection Clause)**

287.    Defendants incorporate and adopt by reference each and every response they have made to paragraphs 1 through 286 above in response to paragraph 287 of the First Amended Complaint.

288.    Defendants deny the allegations in paragraph 288 of the First Amended Complaint.

289.    Defendants deny the allegations in paragraph 289 of the First Amended Complaint.

290.    Defendants deny the allegations in paragraph 290 of the First Amended Complaint.

291.    Defendants deny the allegations in paragraph 291 of the First Amended Complaint.

### III.    THIRD CAUSE OF ACTION

**(Claims of Class Representatives Plaintiffs and Class Members Pursuant to Title
VI of the Civil Rights of 1964, 42 U.S.C. §  2000d, *et seq.,* Against the County)**

292.    Defendants incorporate and adopt by reference each and every response they have made to paragraphs 1 through 291 above in response to paragraph 292 of the First Amended Complaint.

293.    Defendants deny the allegations in paragraph 293 of the First Amended Complaint.

294.    Defendants deny the allegations in paragraph 294 of the First Amended Complaint.

295.     Defendants deny the allegations in paragraph 295 of the First Amended Complaint.

## IV.    FOURTH CAUSE OF ACTION

**(Individual Claims of Khadafy Manning Pursuant to
42 U.S.C. § 1983 Against John Does #1 through #6)**

296.    Defendants incorporate and adopt by reference each and every response they have made to paragraphs 1 through 295 above in response to paragraph 296 of the First Amended Complaint.

297.    Defendants deny the allegations in paragraph 297 of the First Amended Complaint.

298.    Defendants deny the allegations in paragraph 298 of the First Amended Complaint.

299.    Defendants deny the allegations in paragraph 299 of the First Amended Complaint.

300.    Defendants deny the allegations in paragraph 300 of the First Amended Complaint.

## V.    FIFTH CAUSE OF ACTION

**(Individual Claims of Quinnetta Manning Pursuant to
42 U.S.C. § 1983 Against John Does #1 through #6)**

301.    Defendants incorporate and adopt by reference each and every response they have made to paragraphs 1 through 300 above in response to paragraph 301 of the First Amended Complaint.

302.    Defendants deny the allegations in paragraph 302 of the First Amended Complaint.

303.    Defendants deny the allegations in paragraph 303 of the First Amended Complaint.

304.    Defendants deny the allegations in paragraph 304 of the First Amended Complaint.

305.    Defendants deny the allegations in paragraph 305 of the First Amended Complaint.

VI.    **SIXTH CAUSE OF ACTION**

**(Individual Claims of Khadafy Manning and Quinnetta Manning
Pursuant to 42 U.S.C. § 1983 Against the County)**

306.    Defendants incorporate and adopt by reference each and every response they have made to paragraphs 1 through 305 above in response to paragraph 306 of the First Amended Complaint.

307.    Defendants deny the allegations in paragraph 307 of the First Amended Complaint.

308.    Defendants deny the allegations in paragraph 308 of the First Amended Complaint.

**PRAYER FOR RELIEF**

Defendants deny the allegations in the last unnumbered paragraph of the First Amended Complaint, entitled "PRAYER FOR RELIEF," including sub-paragraphs A. through H. and their sub-parts.

AND NOW having fully answered the allegations of the First Amended Complaint, Defendants demand to be dismissed with their costs.

THIS the 26th day of February, 2019.

Respectfully submitted:

**MADISON COUNTY, MISSISSIPPI and
SHERIFF RANDALL C. TUCKER, IN
HIS OFFICIAL CAPACITY**

BY:    Michael B. Wallace (MSB #6904)

Charles E. Ross (MSB #5683)
James E. Graves (MSB #102252)
Charles E. Cowan (MSB #104478)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi  39205-0651
Telephone: 601-968-5534

33

Facsimile: 601- 944-7738
mbw@wisecarter.com
cer@wisecarter.com
jeg@wisecarter.com
cec@wisecarter.com

and

T. Russell Nobile (MSB #100682)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: 228-867-7141
Facsimile: 228-867-7142
trn@wisecarter.com


OF COUNSEL:

Rebecca B. Cowan (MSB #7735)
CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Dr.
Jackson, MS   39232
P.O. Box 750
Jackson, Mississippi  39205-0750
Telephone: 601-969-1010
Facsimile:  601-969-5120
bcowan@curriejohnson.com

Katie Bryant Snell (MSB# 103607)
KATIE BRYANT SNELL, PLLC
P.O. Box 3007
Madison, Mississippi  39130-3007
Telephone: 601-460-9800
katie@katiebryantsnell.com


J. Lawson Hester (MSB #2394)
Jason Edward Dare (MSB #100973)
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210
Jackson, Mississippi  39211
Telephone: 601-987-5300
lhester@pbhfirm.com
jdare@pbhfirm.com