## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**LATOYA BROWN; LAWRENCE BLACKMON**
**HERBERT ANTHONY GREEN; KHADAFY MANNING;**
**QUINETTA MANNING; MARVIN MCFIELD; NICHOLAS**
**SINGLETON; STEVEN SMITH; BESSIE THOMAS; and**
**BETTY JEAN WILLIAMS TUCKER, individually and on**
behalf of a class of all other similarly situated,                **PLAINTIFFS**

**v.**                                        **CIVIL ACTION NO. 3:17-CV-347-CWR-LGI**

**MADISON COUNTY, MISSISSIPPI;**
**SHERIFF RANDALL S. TUCKER, in his official capacity; and**
**MADISON COUNTY SHERIFF'S DEPUTIES JOHN**
**DOES #1 through #6, in their individual capacities,**                **DEFENDANTS**

---

### DEFENDANTS' UNOPPOSED MOTION FOR AN ORDER
### ADMINISTRATIVELY CLOSING THE CASE

---

Defendants Madison County, Mississippi and Sheriff Randall C. Tucker, in his official capacity (collectively, the "Moving Defendants"), by and through the undersigned counsel, move the Court for an order administratively closing this case in light of the expiration of the consent decree [Dkt. #374] and acknowledging the consent decree's expiration entered here:

1.       On October 11, 2019, this Court entered its Order and Consent Decree, [Dkt. #374] and [Dkt. #374-1] ("Consent Decree"), as part of a settlement of this proposed class action.  By its very terms, the Consent Decree stated it "shall be in effect for four (4) years unless extended by the Court upon a showing that Defendants have not substantially complied with the consent decree." [Dkt. #374-1], at 4.  On October 11, 2023, the Consent Decree's four-year term expired. As of the filing of this Motion, there has been no filing in this Court raising any issue of Defendants' substantial compliance with the Consent Decree.

2. On October 12, 2023, the Madison County Community Advisory Board ("CAB"), which was formed as required under the Consent Decree, conducted its fifteenth and final meeting.[1]  This meeting was conducted so that the CAB could confirm that no complaints were received by the CAB or any of its individual members since the July 13, 2023 meeting, or during the life of the Consent Decree.

3. The CAB regularly held its required meetings and  confirmed during the October 12 meeting that neither it nor its members had ever received any complaints about the Madison County Sheriff's Department ("MCSD") during its existence.  Exhibit A, at 1.  The CAB confirmed it held the meetings per the terms of the Consent Decree and on occasions where it lacked a quorum the subject meeting was promptly rescheduled.  *Id*. at 2.  Sheriff Randall C. Tucker stated on the record that he was unaware of any citizen complaints about the MCSD during the term of the Consent Decree.  A representative of the American Civil Liberties Union (ACLU) spoke at the meeting and thanked the CAB members for their service.  The ACLU representative also confirmed she was unaware of any complaints regarding Moving Defendants' compliance with the terms of the Consent Decree.

4. Each of the CAB members present (Calvin Guyton, Ray Carter, Robert Winn, and Jimmy Houston) spoke and expressed their belief that the CAB had fulfilled its purpose and had done good work.  They also expressed their appreciation for the work of the MCSD and their belief that the MCSD was a model example for law enforcement in the State.  At the end of the meeting, the CAB voted to dissolve after it fulfilled its obligation to Madison County as defined under the Consent Decree.  Ex. A, at 2.

---

[1] Its prior meeting had been on July 13, 2023 and the last meeting covered the time period encompassing July 13, 2023 (its fourteenth meeting) through October 11, 2023 (the date the Consent Decree expired).

5.      There have been no questions raised on the record with this Court regarding Moving Defendants' compliance with the Consent Decree.  Beyond this, consent decrees that expire under their own terms are of no further legal effect and the Fifth Circuit explicitly recognizes that consent decrees that expire by their own terms are no longer enforceable.  *United States v. Texas Ed. Agency*, 834 F.2d 1171, 1173 (5th Cir. 1987).  This law is consistent with that of other Circuit Courts of Appeal that have addressed the expiration of consent decrees.  *See E.E.O.C. v. Local 40*, 76 F.3d 76, 79-81 (2d Cir. 1996).

6.      Consistent with the expiration of the Consent Decree pursuant to its very terms, Moving Defendants request that this Court enter an order that acknowledges the expiration of the Consent Decree and administratively closes the subject case.  Undersigned counsel for Moving Defendants has contacted counsel for Plaintiffs who confirmed that Plaintiffs do not oppose the requested relief herein.

7.      Because of the simplicity of the requested relief, Moving Defendants ask this Court to waive the requirement of the filing of a separate memorandum brief under the Local Rules.

WHEREFORE, Defendants Madison County, Mississippi and Sheriff Randall C. Tucker request this Court enter an order acknowledging expiration of the October 11, 2019 consent decree and administratively closing the subject case.

THIS the 16th day of November, 2023.

Respectfully submitted:

**MADISON COUNTY, MISSISSIPPI and SHERIFF RANDALL C. TUCKER, IN HIS OFFICIAL CAPACITY**

*/s/ Charles E. Cowan*
BY:   Charles E. Cowan (MSB #104478)
        Michael B. Wallace (MSB #6904)
        Charles E. Ross (MSB #5683)

3

WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi  39205-0651
Telephone: 601-968-5534
Facsimile: 601- 944-7738
cec@wisecarter.com
mbw@wisecarter.com
cer@wisecarter.com

**and**

A. Michael Espy
Mike Espy, PLLC
4450 Old Canton Road, Suite 205
Jackson, MS 39211
(601) 842-8834
mike@mikespy.com


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I electronically filed the foregoing on the ECF filing system, which sent a copy of such filing to all counsel of record.

SO CERTIFIED:  November 16, 2023

*/s/ Charles E. Cowan*
CHARLES E. COWAN

4